ORDERED in the Southern District of Florida on_____AUG 1 9 2009___



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                Chapter 11

FONTAINEBLEAU LAS VEGAS
HOLDINGS, LLC, ET AL.,[1]                             Case No. 09-21481-BKC-AJC

         Debtors.                                     (Jointly Administered)
_____/

### FOURTH INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MOELIS & COMPANY LLC AS FINANCIAL ADVISORS AND INVESTMENT BANKERS TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE AND SCHEDULING FINAL HEARING

THIS MATTER came before the Court for hearing upon the Application by Debtors for Entry of an Interim Order Authorizing the Employment and Retention of Moelis & Company LLC ("Moelis") as Financial Advisors and Investment Bankers to the Debtors *Nunc Pro Tunc* to the Petition Date and for Entry of a Final Order [D.E. 37] (the "Application") and the Verified Statement of Thane W. Carlston on Behalf of Moelis & Company LLC in Support of Application

MIAMI 1921640.1 7650831854

(the "Carlston Verified Statement"), pursuant to §§ 327(a), 328 and 1107 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Florida ("Local Rules"). On June 18, 2009, the Court entered its *Interim Order Authorizing the Employment of Moelis & Company LLC as Financial Advisors and Investment Bankers to the Debtors Nunc Pro Tunc to the Petition Date and Scheduling Final Hearing* [D.E. 107], on July 7, 2009, the Court entered its *Second Interim Order Authorizing the Employment of Moelis & Company LLC as Financial Advisors and Investment Bankers to the Debtors Nunc Pro Tunc to the Petition Date and Scheduling Final Hearing* [D.E. 247] and on August 4, 2009, the Court entered its *Third Interim Order Authorizing the Employment of Moelis & Company LLC as Financial Advisors and Investment Bankers to the Debtors Nunc Pro Tunc to the Petition Date and Scheduling Final Hearing* [D.E. 377]. On June 26, 2009, the Term Lender Steering Group filed a timely objection to the Application [D.E. 197] (the "Objection"). On July 29, 2009, Aurelius Capital Management, LP filed its joinder to the Objection [D.E. 342]. No other objections were filed, but counsel to the Official Committee of Unsecured Creditors (the "Committee") raised informal objections with counsel to the Debtors and the parties are attempting to resolve such informal objections. The Debtors have advised the Court of their desire to continue the hearing on the application for entry of a final order, previously scheduled for August 19, 2009 at 2:00 p.m., and to continue the retention of Moelis on an interim basis, as provided herein; it appearing that the relief granted by this Order is in the best interest of the Debtors and their estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested

---

[1] The last four digits of each Debtor's tax identification number are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp.

therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application, the Carlston Verified Statement; the Court being satisfied based upon the representations made in the Application and the Carlston Verified Statement that (a) Moelis does not hold or represent an interest adverse to the Debtors' estates and (b) Moelis is a "disinterested person" as defined in § 101(14) of the Bankruptcy Code and as required by § 327(a) of the Bankruptcy Code; due and proper notice of the Application having been provided and no objections to the Application having been filed, it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is **ORDERED** that:

1. The Application is **GRANTED** on an interim basis, *nunc pro tunc* to the Petition Date, on the limited basis specified herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain Moelis as their financial advisor and investment banker and to pay the "Monthly Fee" under Paragraph 3(i) of the Engagement Letter plus expenses incurred, until the conclusion of the Final Application Hearing (as defined herein), *nunc pro tunc* to the Petition Date. No other fees described in the Application are approved on an interim basis.

3. Moelis shall file interim and final fee applications for allowance of its compensation and expenses with respect to its services with this Court pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines established by the Office of the United States Trustee for the Southern District of Florida and such other procedures as may be fixed by order of this Court; provided, however, that a limited

---

[7822]. The Debtors' current mailing address is 19950 West Country Club Drive, Aventura, Florida 33180.

MIAMI 1921640.1 7650831854

waiver of the information requirements of the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases is granted such that Moelis may submit post-petition time records for its restructuring professionals in one-hour increments and shall not be required to provide or conform to any schedule of hourly rates and shall not be required to maintain their time records on a "project category" or similar basis. Moelis' non-restructuring professionals shall not be required to maintain any time records.

4. The Court reserves ruling on (i) all other fees described in the Application, including the Restructuring Fee, Capital Transaction Fee, and Sale Transaction Fee, and (ii) the Indemnity Provisions set forth in the Engagement Letter, until the Final Application Hearing.

5. A final hearing on the Application (the "Final Application Hearing") is scheduled for **September 9, 2009 at 2:00 p.m., prevailing Eastern Time, in Courtroom 1410 of the U.S. Bankruptcy Court for the Southern District of Florida, Claude Pepper Federal Building, 51 S.W. 1st Avenue, Miami, FL 33130.**

6. In the event the Application is not granted on a final basis, Moelis shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Application Hearing, including, without limitation, the right to seek payment of a Restructuring Fee, Capital Transaction Fee and/or Sale Transaction Fee, as applicable. Any party in interest may object to the fee application; *provided, however*, that such party shall file such objection with this Court and serve a copy of the objection upon (a) the Debtors, c/o Fontainebleau Las Vegas LLC, 19950 West Country Club Drive, Aventura, Florida 33180, Attn: Howard C. Karawan; (b) Bilzin Sumberg Baena Price & Axelrod LLP, 200 S. Biscayne Blvd., Suite 2500, Miami, FL 33131, Attn: Jay M. Sakalo, Esq.; (c) the Office of the United States Trustee for the Southern District of Florida, 51 SW First Ave.,

Room 1204, Miami, FL 33130; (d) Fox Rothschild, LLP, 1301 Atlantic Avenue, Midtown Building, Suite 400, Atlantic City, NJ 08401-7212, Attn: Michael Viscount, Esq.(co-counsel to the Committee), and Genovese, Joblove & Battista, P.A., 100 Southeast 2nd Street , 44th Floor, Miami, FL 33131, Attn: Paul Battista, Esq. (co-counsel to the Committee), and (e) Hennigan, Bennett & Dorman LLP, 865 South Figueroa Street, Suite 2900, Los Angeles, CA 90017, Attn: Sidney P. Levinson, Esq., and Akerman Senterfitt, Las Olas Centre II, 350 East Las Olas Boulevard Ste 1600, Ft. Lauderdale, FL 33301-2229, Attn: Michael Goldberg, Esq.

7. The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Application.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

10. Entry of this Interim Order is without prejudice to the rights of any party-in-interest who has interposed (or shall interpose) a timely objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Application Hearing. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

###

Submitted by:
Jay M. Sakalo, Esq. (Florida Bar No. 0156310)
Bilzin Sumberg Baena Price & Axelrod LLP

MIAMI 1921640.1 7650831854

200 S. Biscayne Blvd., Suite. 2500
Miami, FL 33131
Tel: (305) 374-7580
Fax: (305) 375-7593
E-mail: jsakalo@bilzin.com

Copies to:
Jay M. Sakalo
*(Attorney Sakalo shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

MIAMI 1921640.1 7650831854