## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
#### www.flsb.uscourts.gov

In Re:                                                    Case No.: 09-21481-AJC

**FONTAINEBLEAU LAS VEGAS**                   **CHAPTER 11**
**HOLDINGS, LLC, ET AL.,**

                                                          **(Jointly Administered)**

    **Debtors.**
_____/

### NOTICE OF TAKING RULE 7030 EXAMINATION *DUCES TECUM* OF REPRESENTATIVE OF JEFFERIES & CO.

    **PLEASE TAKE NOTICE** that Desert Fire Protection, a Nevada Limited Partnership, Bombard Mechanical, LLC, Bombard Electric, LLC, Warner Enterprises, Inc. d/b/a Sun Valley Electric Supply Co., Absocold Corporation, Austin General Contracting, and Powell Cabinet and Fixture Co., Safe Electronics, Inc, who collectively comprise the Contractor Claimants (the "Contractor Claimants"), by and through the undersigned attorney, give notice that pursuant to Rule 7030 of the Federal Rules of Bankruptcy Procedure and Local Rule 7030-2, they shall examine the following person(s) under oath at the following date, time, and location:

**DEPONENT/EXAMINEE:**

**The representative of Jefferies & Company (as identified in D.E. 12 and subsequent pleadings) with the most knowledge and information concerning any and all reports, projections, appraisals, and/or valuations concerning the Fontainebleau "Project" and the Debtors' property generally, all post-petition loans, extensions of credit, and agreements concerning the Debtor's use of cash collateral, including the proposed priming liens being extended to the Term Lenders and any adequate protection that the Term Lenders will provide to the senior lien holders on the Fontainebleau "Project." The Contractor Claimants request that the examinee produce all documents identified on Exhibit "A" attached hereto on or before the date and time of the examination, Tuesday, September 8, 2009 at 10:00 a.m.**

**DATE:**        **Tuesday, September 8, 2009 at 12:00 P.M. (est)**

**LOCATION:**           **Genovese, Joblove& Battista**
                            **100 SE 2nd St., 44th Floor**
                            **Miami, Florida 33131-2158**

The examination is being conducted pursuant to FRBP 7030 and Local Rule 7030-2, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in Rule 7030 of the Federal Rules of Bankruptcy Procedure. Pursuant to Local Rule 7030-2, no order shall be necessary. The examination may continue from day to day until completed. If the examinee requires an interpreter, it is the examinee's responsibility to engage the employment of such interpreter to be present at the examination.

The examination is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure and other applicable law.

### *Duces Tecum*

The Examinee shall produce those documents, records, projections, valuations, reports, appraisals, emails, and ESI (collectively, the "Documents" listed on the attached **Exhibit "A"** at the location specified above **on or before September 8, 2009 at 12:00 p.m.**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that on this 4th day of September 2009, a copy of the foregoing was served by first class mail on those parties listed below unless said party is a participant registered with CM/ECF who has consented to electronic notice and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

2

EHRENSTEIN CHARBONNEAU CALDERIN
Attorneys for Construction Claimants
800 Brickell Avenue, Suite 902
Miami, FL 33131
T. 305.722.2002
F. 305.722.2001

By: ___/s/ Robert P. Charbonneau_
ROBERT P. CHARBONNEAU, Esquire
Florida Bar No.: 968234
DANIEL L. GOLD, Esquire
Florida Bar No.: 0761281

3

## DEFINITIONS OF TERMS

For purposes of the Notice of Rule 7030 Examination *Duces Tecum*, attached hereto, the following words shall have the meanings indicated below.

A. "**Copies**" of documents includes, but is not limited to, duplicates or counterparts of any original produced from the same impression or process as the original by carbon or other chemical or substance or process; negative and positive film and prints of an original or copy of reproductions and facsimiles of an original or copy, whether or not the same size, produced by photographic, micro-photographic, photostatic, xerographic, electronic, computerized, or mechanized process, or by any other process, and enlargement and reductions thereof; and the data or other information comprising a record stored or transmitted as provided in the preceding definition of "Record," and the visible data or other information generated or regenerated or transmitted by such information storage or retrieval or transmission system or device, if it is legible or can be made legible by enlargement or other process.

B. "**Debtors**" is intended to and shall mean Fontainebleau Las Vegas Holdings, LLC and its related debtor affiliates in Case No. 09-21481-AJC, jointly administered, and currently pending in the United States Bankruptcy Court for the Southern District of Florida, and each of their respective affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors or members, officers, employees, agents, representatives and all persons acting or purporting to act on its behalf.

C. "**Document**"  means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to each and every original and identical or non-identical copy or draft or revision of any written, recorded, or graphic matters, however produced or reproduced and regardless of where located, including but not limited to any summary,

4

schedule, memorandum, note, statement, letter, telegraph, inter or intra-office communication, report, diary, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, work sheet, list, graph, chart, index, tape, record, drawing, partial or complete report of telephone or oral conversation, compilation, tabulation, computer-stored memory component or device, study, analysis, transcript, minutes, data sheet, data processing card or tape, phono-records, and all memorials of any conversations, meetings or conferences, by telephone or otherwise (including, but not limited to, reports of electronic mail or telephone conversations or conferences), and any other writing or recording in the possession, custody or control of **Jefferies & Company**, no matter how stored, and in any format (including computer hard drives, discs, diskettes, compact disk, DVD, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages, and all other communications) and specifically including Electronically Stored Information ("ESI"). The term "document" shall also include the files in which any documents are maintained, including file folders or file jackets, and adjacent or related exhibit folders in which any documents are filed or maintained as well as all manner of electronic storage or electronic files, tapes, compressed files, and other electronic formats.

D. "**ESI**" means electronically stored information including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and

34 of the Federal Rules of Civil Procedure and Rule 1001 of the Rules of Evidence.

E. "**Materials**" means all documents, letters, memoranda, notes and any other written communication and written notes of all oral communications, whether in person or by telephone, and every record of every type, including but not limited to, information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored, in the possession, custody or control of **Jefferies & Company** all drafts, notes, or preparatory material concerned with said document, and every additional copy of such record or document where such copy contains any commentary, notations, or other change whatsoever that does not appear on the original or other copy of the document produced. Also included in this definition is any summary of a document or documents called for hereafter. It is requested that all documents be produced in the manner they are kept in the ordinary course of business.

F. "**Record**" includes but is not limited to each and every book of account and other books of every kind, journals, ledgers, statements, instruments, files, messages, writings of every kind, and other internal or other data and other information of every description made or received by you in the regular course of business or otherwise, regardless of the mode in which it is recorded; the original of any such record includes the data or other information comprising a record stored or transmitted in or by means of any electronic, computerized, mechanized, or other information storage or retrieval or transmission system or device which can upon request generate, regenerate, or transmit the precise data or other information comprising the record, and an original also includes the visible data or other information so generated, regenerated, or transmitted if it is legible or can be made legible by enlargement or other process.

G. "**You**" or "**Your**" means Jefferies & Company.

H.   "**Refer**" or "**relate to**" or "**reflecting**" means to make statement about, discuss, describe, reflect, constitute, identify, deal with, consist of, establish, comprise, list, evidence, substantiate or in any way pertain in whole or in part, to the subject.

I.   "**Petition Date**" means the date of June 9, 2009, upon which the Debtors filed their petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida.

J.   "**Person**" includes, without limitation, any natural person, proprietorship, corporation, partnership, limited partnership, limited liability corporation, limited liability partnership, joint venture, trust, association, organization, business entity or governmental agency or unit.

K.   "**Communication"** or "**communications**" means any verbal, written, or electronic means of conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting, telephone conversation, or electronic conversation whether by instant message or electronic mail.

L.   "**Project**" shall mean the "Fontainebleau Las Vegas" casino hotel resort, as defined in Docket Entry 12 and subsequent pleadings in the above-captioned bankruptcy case.

M.  "**Term Lender Steering Group**" shall mean that group of financial institutions as defined in Docket Entry 12 and subsequent pleadings in the above-captioned bankruptcy case.

N.  Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 is incorporated herein by reference.

# I N S T R U C T I O N S

In responding to the Notice of Rule 7030 Examination *Duces Tecum*, you are required to produce those materials within your custody or control, and in addition, those in the possession of or obtainable by your attorneys, investigators, adjusters, insurance carriers, representatives, agents, or anyone acting on your behalf or on their behalf.

If, in responding to the Subpoena *Duces Tecum*, you withhold production of any document on the ground of a privilege not to disclose the document, please state with respect to each such document: (a) The type of document involved and a general description of the content of the document; (b) The name, business and residence addresses and telephone numbers, and any position of the individual from whom the document emanated; (c) The name, business, and residence address and telephone numbers and positions of each individual to whom the document or copy of the document was sent; (d) The privilege upon which **Jefferies & Company** rely in withholding the document; (e) The facts upon which **Jefferies & Company** rely in support of its claim that it is privileged to withhold the document or documents; and (f) the names, business and residence address and telephone numbers, and positions or occupations of individuals known or believed by **Jefferies & Company** to have knowledge concerning the factual basis for **Jefferies & Company's** assertion of privilege with regard to the document.

When producing documents, you shall produce documents in full without abridgement, abbreviation, or editing of any sort. All documents shall be segregated in accordance with lettered paragraphs and subparagraphs herein.

**EXHIBIT A**

**TIME LIMITATION**

The relevant time period for the documents requested herein is from January 1, 2009 until the present. This request, in the form of a Subpoena *Duces Tecum*, is a continuing one and if, after producing documents, should **Jefferies & Company** obtain or become aware of any further documents responsive to this request, it is requested that the undersigned attorney be contacted immediately and that **Jefferies & Company** produce such further documents at the law offices of Ehrenstein Charbonneau Calderin, 800 Brickell Avenue, Suite 902, Miami, Florida 33131.

**SUBJECTS OF EXAMINATION**

1.      The terms and conditions of the Debtors' proposed use of cash collateral, including any accommodations to the Term Lenders for such use.

2.      If there is no agreement for the Debtors' use of cash collateral, why no agreement for such use has been reached.

3.      All the facts, circumstances, agreements, documents, and communications regarding Docket Entry 478 in the above-captioned bankruptcy case, the *Notice of Final Hearing* concerning the Debtors' further use of Cash Collateral.

4.      All post-petition loans, extensions of credit, or other financial accommodations, if any, that the Term Lenders have provided to the Debtors, including all of the foregoing related to any "deemed" "reborrowed" funds that comprise the cash collateral so far expended by the Debtors.

5.      What, if any, adequate protection the Term Lenders will provide to the senior lienholders on the Project, including the Construction Claimants.

6.      Any and all projections, reports, valuations, and/or appraisals that Jefferies possesses or has produced related to the Project.

7.      Any and all communications whether written or verbal, by electronic mail or other means regarding any and all projections, reports, valuations, and/or appraisals that Jefferies possesses or has produced related to the Project.


**<u>DOCUMENTS TO BE PRODUCED</u>**

1.      Copies of all documents related to the terms and conditions of the Debtors' proposed use of cash collateral, including any accommodations to the Term Lenders for such use.

2.      Copies of all communications, supporting documents, or other agreements regarding Docket Entry 478 in the above-captioned bankruptcy case, the *Notice of Final Hearing* concerning the Debtors' further use of Cash Collateral.

4.      Copies of all documents concerning post-petition loans, extensions of credit, or other financial accommodations, if any, that the Term Lenders have provided to the Debtors, including all of the foregoing related to any "deemed" "reborrowed" funds that comprise the cash collateral so far expended by the Debtors.

5.      Copies of any documents regarding the adequate protection, if any, that the Term Lenders will provide to the senior lienholders on the Project, including the Construction Claimants.

6.    Copies any and all projections, reports, valuations, appraisals, or other documents that Jefferies possesses or has produced related to the Project.

7.    Copies of any and all communications whether written or verbal, by electronic mail or other means, regarding any and all projections, reports, valuations, appraisals, or other documents that Jefferies possesses or has produced related to the Project.