UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| **In Re:** | **Case No.: 09-21481-AJC** |
| **FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC, ET AL.,** | **CHAPTER 11** |
| | **(Jointly Administered)** |
| Debtors. | |
| _____/ | |

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE TERM LENDERS STEERING GROUP AND JEFFERIES & CO.

### [EXPEDITED HEARING REQUESTED ON OR BEFORE SEPTEMBER 11, 2009]

Desert Fire Protection, a Nevada Limited Partnership, Bombard Mechanical, LLC, Bombard Electric, LLC, Warner Enterprises, Inc. d/b/a Sun Valley Electric Supply Co., Absocold Corporation, Austin General Contracting, and Powell Cabinet and Fixture Co., Safe Electronics, Inc, who collectively comprise the Contractor Claimants (the "Contractor Claimants"), move to compel the production of documents from the Term Lenders Steering Group[1] and Jefferies & Company (the "Motion"), pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by virtue of Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Motion, the Contractor Claimants state as follows:

### BACKGROUND

1. On June 9, 2009 ("Petition Date"), the Debtors commenced their chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

---

[1] The Term Lenders Steering Group is identified in D.E. 12 and subsequent pleadings.

2.      On September 4, 2009, the Contractor Claimants filed their *Notice of Taking Rule 7030 Examination Duces Tecum of Representative of the Terms Lenders Steering Group* (the "Term Lender Notice") (D.E. 479), and a similar *Notice of Taking Rule 7030 Examination Duces Tecum of Representative of Jefferies & Co.* (the "Jefferies Notice" and together with the Term Lender Notice, the "Notices") (D.E. 481). In addition to the examination of the persons with the most knowledge regarding the subjects identified by the Contractor Claimants, the Notices seek the production of various kinds and categories of documents and communications in connection with the Debtors' current use of cash collateral and future use of cash collateral.

3.      The Contractor Claimants initially set Tuesday, September 8, 2009 at 10:00 a.m., for the date of the examination for the Term Lender Steering Group representative and September 8, 2009 at 12:00 p.m. for the examination of the Jefferies & Co. representative in anticipation of the Notice of a final hearing on the Debtors' use of cash collateral for September 10, 2009 at 3:00 p.m. (the "Final Hearing") (D.E. 478). By agreement among the Debtors, the Term Lender Steering Group, and others, including the Committee and the Contractor Claimants, the Final Hearing has been continued until September 16, 2009 at 3:00 p.m. (the "Continued Hearing") (D.E. 491). In recognition of the Continued Hearing, the Contractor Claimants agreed to continue the Notices and reschedule the examinations subject to further conversations with the Term Lenders.

4.      This morning, counsel for the Contractor Claimants, the Term Lenders Steering Group, and the Official Committee of Unsecured Creditors had a productive discussion regarding the Notices. In that discussion, counsel narrowed and better defined the scope of the various document requests and subjects of examination. The Term Lenders Steering Group is working to identify the proper person or persons to testify at the examination, and suggested that

Monday, September 14, 2009 could be a date on which a testifying witness will be available. Counsel also discussed issues concerning the production of responsive documents and possible dates by which such documents might be produced.

5. During this morning's call, counsel for the Term Lenders raised the issue of possible privilege, among other issues, especially with regard to certain documents, namely projections, valuations, or appraisals, that may be in the possession of Jefferies & Co. Counsel for the Contractor Claimants requested that to whatever extent Jefferies asserts that a certain document is privileged, that the same be accounted for in the form of a privilege log.

6. The Contractor Claimants are mindful that they seek the production of documents in a short time-frame. The time-frame, however, is not of the Contractor Claimants' making, and they seek to compel production to make sure that they get responsive documents in advance of the continued examinations of the Term Lenders and Jefferies' testifying personnel. As the Court is aware, the Term Lenders have demanded, among other protections, priming liens in conjunction with the last two iterations of the Interim Order Authorizing the Use of Cash Collateral. (D.E. 454 and 359). The Contractor Claimants fully expect the Term Lenders to demand further priming liens as part of any order for the Debtors' use of cash collateral on a final basis. Accordingly, through the Notices, the Contractor Claimants have requested the production of documents and related communications regarding the Debtors' use of cash collateral, priming liens demanded by the Term Lenders, and any adequate protection that senior lienholders, including the Contractor Claimants, might be offered in conjunction with a final order approving the use of cash collateral on a final basis. The Contractor Claimants need this production in preparation for the foregoing examinations, and as an evidentiary basis to

formulate their objection to a possible grant of further priming liens as a term of a final order authorizing the use of cash collateral.

## **LEGAL ARGUMENT**

7.     Rule 37(a)(3)(B) of the Federal Rules, made applicable to this proceeding by virtue of Rule 7037 of the Bankruptcy Rules empowers a party to move to compel any other party to produce documents. The Contractor Claimants lawfully propounded the Notices and agreed to continue the examinations in recognition of the Continued Hearing. The Continued Hearing is fast-approaching, however, and the Contractor Claimants need the requested documents in advance of the continued examinations. Accordingly, the Contractor Claimants respectfully request that the Court compel the Term Lenders and Jefferies & Co. to produce documents responsive to the *duces tecum* requests in the Term Lender Notice and the Jefferies Notice on or before Monday, September 14, 2009 at 9:30 a.m. The Contractor Claimants further request that, to the extent that either the Term Lenders or Jefferies & Co. asserts that any document is privileged, the Court should compel the Term Lenders and/or Jefferies to produce a privilege log for each document subject to the asserted privilege.[2]

8.     If the Term Lenders and Jefferies are not compelled to produce the requested documents, then the Contractor Claimants will be prejudiced by not having the documents on which the respective Term Lender and Jefferies representatives will testify at the examinations. Moreover, if the Court does not compel the production of the requested documents, then the Contractor Claimants, and other parties in interest, will be short-handed in preparation for the Continued Hearing, which purports to authorize the Debtors' use of cash collateral on a final basis. The Contractor Claimants, and other parties in interest, may need to object at the

---

[2] To the extent that a requested document does not exist, then the Court should compel the Term Lenders and/or Jefferies to certify in writing that no such document(s) exist.

Continued Hearing, and unless the evidence that the Term Lenders and the Debtors will rely on at the Hearing is produced ahead of time, the Contractor Claimants will be at a disadvantage regarding the contents and import of such evidence.

9. Undersigned counsel certifies that he sent a draft of this Motion to counsel for the Term Lenders Steering Group in an attempt to resolve these issues without filing this Motion. Moreover, counsel is optimistic that at least some of these issues may be resolved without a hearing, but that a global resolution of the issues raised in connection with the Notices is not likely.

**WHEREFORE**, the Contractor Claimants, respectfully request that the Court GRANT this Motion and enter an order compelling the production of the documents requested in the Notices from the Term Lenders Steering Group and Jefferies & Co. and compelling production of a privilege log for any documents over which either the Term Lenders or Jefferies & Co. asserts a privilege, and for such other and further relief as the Court deems appropriate.

> I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

EHRENSTEIN CHARBONNEAU CALDERIN
Attorneys for Construction Claimants
800 Brickell Avenue, Suite 902
Miami, FL 33131
T. 305.722.2002
F. 305.722.2001

By: ___/s/ Robert P. Charbonneau_
ROBERT P. CHARBONNEAU, Esquire
Florida Bar No.: 968234
DANIEL L. GOLD, Esquire
Florida Bar No.: 0761281