**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

------------------------------------------------------x   Chapter 11
In re:                                              :
                                                    :   Case No. 09-21481-BKC-AJC
FONTAINEBLEAU LAS VEGAS                             :
HOLDINGS, LLC, ET AL.,[1]                           :   Jointly Administered
                                                    :
    Debtors-in-Possession.                      :
                                                    :
------------------------------------------------------ x

**OBJECTION OF AURELIUS CAPITAL MANAGEMENT, LP TO DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING USE OF PREVIOUSLY AUTHORIZED CASH COLLATERAL; (II) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO SECTIONS 361, 363, AND 364 OF THE BANKRUPTCY CODE; AND (III) SCHEDULING FINAL HEARING**

       Aurelius Capital Management, LP, on behalf of its managed fund entities which are Prepetition Lenders. ("Aurelius"), by and through its undersigned counsel, submits this objection (this "Objection") to the entry of a final order granting the "EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING USE OF PREVIOUSLY AUTHORIZED CASH COLLATERAL; (II) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO SECTIONS 361, 363, AND 364 OF THE BANKRUPTCY CODE; AND (III) SCHEDULING FINAL HEARING" (the "New Cash Collateral Motion") and in support thereof respectfully states as follows:

---

[1] The last four digits of each Debtor's tax identification number are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp. [7822]. The Debtors' current mailing address is 19950 West Country Club Drive, Aventura, Florida 33180.

## **OBJECTION**

Aurelius timely filed and served on September 14, 2009 its "OBJECTION OF AURELIUS CAPITAL MANAGEMENT, LP TO DEBTORS' MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL." The objections Aurelius raised therein are incorporated herein by reference.

Aurelius submits this separate Objection to address the Debtors' new request to use purportedly "previously authorized" cash collateral. The Debtors' premise that they may use nearly $4 million in cash, which is undisputedly cash collateral of the Term Lenders, for the next three weeks simply because this Court previously authorized a budget (which terminates on September 17, 2009) is entirely without merit.

The interim cash collateral orders, including the fourth interim cash collateral order entered on August 27, 2009, have consistently limited the Debtors to using cash collateral as provided in the applicable budget and <u>only</u> for the time period governed by such cash collateral orders. For example, the fourth interim cash collateral order provides at paragraph 2:

> Subject to all of the terms and conditions set forth in this Order, the Debtors are authorized, pursuant to section 363(c)(2)(A) (as to those Term Lenders that consent to entry of this Order) and (B) of the Bankruptcy Code, to use the Cash Collateral solely and exclusively for the disbursements set forth in the Budget for the period of time from the date hereof until the earliest to occur of (a) the date that this Order or the Final Order (when applicable) ceases to be in full force and effect or (b) the occurrence and continuation of a "Termination Event." A Termination Event shall constitute any of the following:
> (i) September 17, 2009 (the "Outside Date") . . . .;

Thus, the cash collateral orders expressly provide that the use of cash collateral authorized under such orders terminates on the Outside Date. Nothing in the cash collateral orders permits the sort of "carry-over" benefit the Debtors appear to be claiming they have. Indeed, the "use it or lose it" nature of the cash collateral orders was confirmed by Debtors' counsel at the July 27, 2009, hearing on the third interim use of cash collateral:

2

>MR. BAENA: I just want to dispel what I think may be a misapprehension in one of your comments, when you said we still have the $5 million that we saved.
>
>THE COURT: I thought you said ---
>
>MR. BAENA: It's a use it or lose it deal, Judge. We don't have the benefit of that 5 million for another period of time. It's use it or lose it.
>
>THE COURT: Oh, so you haven't used it, you lost it.
>
>MR. BAENA: We're going to lose it, and our cash collateral runs out on Monday. That's when we're out.

July 27, 2009 Tr. at 54, lns. 11-23.

Aurelius does <u>not</u> consent to the use of cash collateral as set forth in the New Cash Collateral Motion. Aurelius is prepared to engage in discussions with the Debtors over the further use of cash collateral subject to the Debtors providing a detailed proposal to market the Project (including addressing the issues relating to "Retail") and cause the release to the Term Lenders of the cash in the Debtors' bank accounts, all of which undisputedly constitutes the Term Lenders' cash collateral.

*[signature page follows]*

WHEREFORE, Aurelius respectfully requests that the Court enter an Order denying the New Cash Collateral Motion, and granting such other and further relief as is just and proper.

Dated: Miami, Florida
September 15, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART,
OLIVER & HEDGES, LLP
Susheel Kirpalani
Scott C. Shelley
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7199
Facsimile: (212) 849-7100

Eric Winston
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3602
Fax: (213) 443-3100


BAST AMRON LLP
SunTrust International Center
One Southeast Third Avenue
Suite 1440
Miami, FL 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
Email: bamron@bastamron.com

By: */s/ Brett M. Amron*
Brett M. Amron, Esq.
Florida Bar No. 148342

*Counsel To Aurelius Capital Management, LP*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via the Court's CM/ECF system where available on this the 15th day of September, 2009.

By: /s/ Brett M. Amron
Brett M. Amron