Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Richard J. Bernard
direct dial: 212.589.4215
rbernard@bakerlaw.com

September 16, 2009

**VIA ECF**

Honorable A. Jay Cristol, U.S.B.J.
Claude Pepper Federal Building
51 S.W. 1st Avenue
Room 1410
Miami, Florida 33130

Re:   In re Fontainebleau Las Vegas Holdings, LLC et al.
       Case No. 09-21481-BKC-AJC

Dear Judge Cristol:

     We represent QTS Logistics, Inc. and Quality Transportation Services of Nevada Inc. (together, "QTS") in the above-referenced bankruptcy case.  QTS is writing to request clarification as to (a) the amount of cash collateral actually spent under the third and fourth interim cash collateral orders and for which priming liens have attached and (b) the prospective aggregate amount to be spent under the *Proposed Fifth Interim Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363 of Bankruptcy Code, (II) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 363, and 364, of the Bankruptcy Code, and (III) Scheduling Final Hearing* (the "Proposed Order") for which additional priming liens will attach; and alert the Court to the below error in the Proposed Order.

     Paragraph F of the findings portion of the Proposed Order states in part that "[p]ursuant to the Second Interim Order and the Third Interim Order, the Cash Collateral presently in the DIP Account was deemed to have been repaid to the Prepetition Secured Parties in satisfaction of payment Obligations under the Prepetition Loan Documents…".  However, the Second Interim Order does not contain the "deemed repaid" language.  Instead, only the Third Interim Order [Docket No. 359], as amended by Docket No. 389, and Fourth Interim Order [Docket No. 454] contain this language.  This error should be corrected.

     QTS does not waive its objection to the entry of the Proposed Order for the reasons set forth in its *Objection to Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral; (II) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code; and (III) Scheduling Final Hearing as Supplemented on June 23,*

Honorable A. Jay Cristol, U.S.B.J.
September 16, 2009
Page 2

*2009, July 23, 2009 and August 20, 2009* [Docket No. 490]. To the extent that the Court overrules QTS' objection, the Court should deem QTS adequately protected (to the extent it is entitled to adequate protection) for its warehouse and shipper liens by and through the value of the items in the QTS warehouse.

QTS also respectfully requests clarification on the amount of cash collateral actually spent pursuant to the Third Interim Order, Amended Third Interim Order, and Forth Interim Order that is subject to priming liens. Although the Debtors have provided budgets and approximations of expenditures, they have not provided exact amounts of what they have spent. As a result, QTS is not fully able to evaluate the value of its liens. Finally, QTS respectfully seeks clarification regarding the aggregate amount that will be subject to priming liens in the event the Court enters the Proposed Order.

We thank the Court for its courtesies in this matter.

Respectfully,

*/s/ Richard J. Bernard*

Richard J. Bernard


cc:     All parties receiving electronic notification

102907889