**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC, *et al*,[1] | : | Case No. 09-21481-BKC-ALC |
| Debtors. | : | |

**NOTICE OF FILING SUPPLEMENT TO OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' EMERGENCY MOTION FOR FINAL ORDER (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL; AND (II) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND 364 OF THE BANKRUPTCY CODE (CP #529)**

The Official Committee of Unsecured Creditors hereby gives notice of filing of the attached supplement to its Objection to the Emergency Motion of Fontainebleau Las Vegas Holdings, LLC, Fontainebleau Las Vegas, LLC and Fontainebleau Las Vegas Capital Corp. for final order (i) authorizing the Debtors to use cash collateral; and (ii) providing adequate protection to prepetition secured parties pursuant to 11 U.S.C. §§ 361, 362, 363 364 (CP #529).

Dated: September 17, 2009

Respectfully submitted,

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Proposed Co-Counsel for the Official Committee of Unsecured Creditors*
100 Southeast 2nd Street, 44th Floor
Miami, Florida 33131
Telephone: 1.305.349.2300
Facsimile: 1.305.349.2310

*/s/ Glenn D. Moses*
Paul J. Battista, Esq.
Fla. Bar No. 884162

[1] The last four digits of each Debtor's tax identification number are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp., [7822]. The Debtors' current mailing address is: 19950 West County Club Drive, Aventura, Florida 33180.

pbattista@gjb-law.com
Glenn D. Moses, Esq.
gmoses@gjb-law.com
Fla. Bar No. 174556

and

**FOX ROTHSCHILD, LLP**
*Proposed Co-Counsel for the Official Committee of Unsecured Creditors*
Midtown Building, Suite 400
1301 Atlantic Avenue
Atlantic City, NJ 08401
Telephone: 1.609.348.4515
Facsimile: 1.609.348.6834
Michael Viscount, Esq. (*Pro Hac Vice*)
mviscount@foxrothschild.com
Joshua T. Klein, Esq. (*Pro Hac Vice*)
jklein@foxrothschild.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile, CM/ECF, and/or first-class postage-prepaid U.S. Mail to all parties as indicated on the attached service list on this 17th day of September, 2009.

/s/ Glenn D. Moses
Glenn D. Moses, Esq.

**Master Service List**
**Served via**

| PARTY / FUNCTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | DOCKET # | LIST | SERVICE METHOD | DATE ADDED/MODIFIED | SERVICE NOTES | No Hard Copy Service |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Swap Creditors | Barclays Capital | | 5 The North Colonnade | Canary Wharf | London | UK | E14 4BB | GREAT BRITAIN | | | | | MSL | | | | |
| Swap Creditors | RBS The Royal Bank of Scotland | Global Banking & Markets | 280 Bishopsgate | | London | UK | EC2M 4RB | GREAT BRITAIN | | | | | MSL | | June 26, 2009 | Removed from Email service | |
| Swap Creditors | The Royal Bank of Scotland PLC | | 36 St Andrew Sq | | Edinburgh | UK | EH2 2YB | GREAT BRITAIN | | | | | MSL | | | | |
| Counsel to Johnson Controls Inc | Adorno & Yoss LLP | Charles M Tatelbaum | 350 E Las Olas Blvd Ste 1700 | | Ft Lauderdale | FL | 33301 | | 954-766-7820 | 866-621-4195 | ctatelbaum@adorno.com | DN 276 | Core/2002 | | July 15, 2009 | | |
| Counsel to Term Lender Steering Group | Akerman Senterfitt | James Fierberg | One SE Third Ave 25th Fl | | Miami | FL | 33131-1714 | | 305-374-5600 | 305-374-5095 | james.fierberg@akerman.com | DN 46 | Core/2002 | | | ECF | x |
| Counsel for the Steering Committee of the Term Loan Facility | Akerman Senterfitt | Michael Goldberg | Las Olas Centre II | 350 East Las Olas Boulevard Ste 1600 | Ft Lauderdale | FL | 33301-2229 | | 954.468.2444 | 954.463.2224 | michael.goldberg@akerman.com | DN 47 | MSL | | | ECF | x |
| Counsel to Apollo Investment Fund VII, LP | Akin Gump Strauss Hauer & Feld LLP | Steven M Pesner | One Bryant St | | New York | NY | 10036 | | 212-872-1070 | 212-872-1002 | spesner@akingump.com | DN 178 | Core/2002 | | June 26, 2009 | | |
| Swap Creditors | Bank of America NA | Swaps Operations | 233 S Wacker Dr Ste 2800 | | Chicago | IL | 60606 | | 312-234-2732 | 866-255-1444 | adrienne.l.nead@bankofamerica.com | | MSL | | | | |
| Swap Creditors | Barclays Capital | General Counsel | 200 Park Avenue | | New York | NY | 10166 | | 212-412-4000 | 212-412-7519 | rachel.simons@barclayscapital.com | | | | | | |
| Counsel to Aurelius Capital Management LP | Bast Amron LLP | Brett M Amron | SunTrust International Ctr | One SE Third Ave Ste 1440 | Miami | FL | 33131 | | 305-379-7904 | 305-379-7905 | bamron@bastamron.com | DN 332 | Core/2002 | | July 25, 2009 | | |
| Counsel to Thyssenkrupp Safway Inc | Behar Gutt & Glazer PA | Brian S Behar | 2999 NE 191st St Fifth Fl | | Aventura | FL | 33180 | | 305-931-3771 | 305-931-3774 | bsb@bgglaw.com | DN 341 | Core/2002 | | July 29, 2009 | | |
| Counsel for Turnberry West Construction, Inc. | Berger Singerman | Paul Singerman | 200 South Biscayne Boulevard Suite 1000 | | Miami | FL | 33131 | | 305-755-9500 | 305-714-4340 | singerman@bergersingerman.com | DN 39 | MSL | | | ECF | x |
| Counsel for Turnberry West Construction, Inc. | Berger Singerman | James D Gassenheimer | 200 South Biscayne Boulevard Suite 1000 | | Miami | FL | 33131 | | 305-755-9500 | 305-714-4340 | jgassenheimer@bergersingerman.com | DN 201 | Core/2002 | | June 29, 2009 | | |
| Counsel to the Debtors | Bilzin Sumberg Baena Price & Axelrod LLP | Jason Jones & Jay M Sakalo | 200 South Biscayne Boulevard Suite 2500 | | Miami | FL | 33131-5340 | | 305-375-6160 | 305-351-2227 | jjones@bilzin.com; jsakalo@bilzin.com | | MSL | | | | x |
| Member of Creditors Committee | Decca Hospitality | c o Nick Hart President & CEO | 3525 Piedmont Rd | Building 7 Ste 205 | Atlanta | GA | 30305 | | 404-262-4330 | 404-262-4399 | nhart@deccahospitality.com | 97 | MSL | | | | |
| Swap Creditors | Deutsche Bank AG New York | | 60 Wall St | | New York | NY | 10005 | | | | david.greenberg@db.com<br>rodney.chong@db.com | | MSL | | | | |
| Counsel to Safe Electronics Inc, Warner Enterprises Inc, dba Sun Valley Electric supply Company, Bombard Electric LLC, Bombard Mechanical LLC, Desert Fire Protection Company, a Nevada Limited Partnership, Powell Cabinet and Fixture co, Austin General Contracting Inc, and Absocold Corporation, dba Econ Appliance | Ehrenstein Charbonneau Calderin | Robert P Charbonneau | 800 Brickell Ave Ste 902 | | Miami | FL | 33131 | | 305-722-2002 | 305-722-2001 | rpc@ecclegal.com | DN 64 | Core/2002 | | June 15, 2009 | ECF | x |
| Debtor | Fontainebleau Las Vegas Holdings LLC et al | c o Howard Karawan | 19950 W Country Club Drive | | Aventura | FL | 33180 | | | | | | MSL | | | | x |
| Counsel to the Creditors Committee | Fox Rothschild LLP | Michael J Viscount Jr | Midtown Bldg Ste 400 | 1301 Atlantic Ave | Atlantic City | NJ | 08401-7212 | | 609-572-2227 | 609-348-6834 | mviscount@foxrothschild.com | DN 185 | Core/2002 | | June 26, 2009 | | |
| Counsel to the Creditors Committee | Fox Rothschild LLP | Josefina Fernandez McEvoy | 1800 Century Park E Ste 300 | | Los Angeles | CA | 90067-1506 | | 310-598-4185 | 310-556-9828 | jfmcevoy@foxrothschild.com | DN 185 | Core/2002 | | June 26, 2009 | | |
| Counsel to the Creditors Committee | Fox Rothschild LLP | Joshua T Klein | 2000 Market St 10th Fl | | Philadelphia | PA | 19103-3291 | | 215-299-2723 | 215-299-2150 | jklein@foxrothschild.com | DN 185 | Core/2002 | | June 26, 2009 | | |
| Counsel to MB Financial Bank NA | Furr and Cohen PA | Alvin S Goldstein and Robert C Furr | 2255 Glades Rd Ste 337W | | Boca Raton | FL | 33431 | | 561-395-0500 | 561-338-7532 | agoldstein@furrcohen.com | DN 193 | Core/2002 | | June 26, 2009 | notice name added June 30, 2009 | |
| Counsel to the Creditors Committee | Genovese Joblove & Battista PA | Attn Paul J Battista | Bank of America Tower at Int Pl | 100 SE Second St 44th Fl | Miami | FL | 33131 | | 305-349-2300 | 305-349-2310 | pbattista@gjb-law.com<br>gmoses@gjb-law.com | DN 185 | Core/2002 | | June 26, 2009 | | |
| Counsel to D'Alessio Contracting Inc and Waco Scaffolding & Equipment | Gibbs Giden Locher Turner & Senet LLP | Becky A Pintar Esq | 3993 Howard Hughes Pkwy Ste 530 | | Las Vegas | NV | 89169 | | 702-836-9800 | | | DN 363 | Core/2002 | | 7/31/2009 | | |
| Swap Creditors | GMI Counsel | Swaps Legal | Merrill Lynch World Headquarters | 4 World Financial Center 18th Fl | New York | NY | 10080 | | | 212-449-6993 | | | | | | | |
| Counsel to Mechanics' and Materialsmens' lienholders incorporated, the "M&M Lienholders" | Gordon Silver | Thomas H Fell Gregory E Garman | 3960 Howard Hughes Pkwy 9th Fl | | Las Vegas | NV | 89169 | | 702-796-5555 | 702-369-2666 | | DN 152 | Core/2002 | | June 23, 2009 | | |
| Counsel to Barclays Bank PLC, Deutsche Bank Trust Company Americas, JPMorgan Chase Bank NA, and Royal Bank of Scotland PLC | Greenberg Traurig PA | Mark Bloom | 1221 Brickell Ave | | Miami | FL | 33131 | | 305-579-0500 | 305-579-0717 | bloomm@gtlaw.com | DN 59 | Core/2002 | | June 15, 2009 | ECF | x |
| Counsel for the Steering Committee of the Term Loan Facility | Hennigan Bennett & Dorman LLP | Bruce Bennett | 865 South Figueroa Street | Ste 2900 | Los Angeles | CA | 90017 | | 213-694-1012 | 213-694-1234 | BennettB@hbdlawyers.com<br>levinsons@hbdlawyers.com | | MSL | | June 30, 2009 | updated email via DN 52 | |
| Counsel to Johnson Controls Inc | Holland & Hart LLP | Phil Dabney & Lars K Evensen | 3800 Howard Hughes Pkwy 10th Fl | | Las Vegas | NV | 89169 | | 702-669-4600 | 702-669-4650 | PJDabney@hollandhart.com<br>LKEvensen@hollandhart.com | DN 276 | Core/2002 | | July 15, 2009 | | |
| Counsel to the Administrative Agent to the Debtors' prepetition term loan facility | Hunton & Williams | Craig Rasile | 1111 Brickell Avenue Suite 2500 | | Miami | FL | 33131 | | 305-810-2579 | 305-810-2460 | crasile@hunton.com | | MSL | | | ECF | x |
| Counsel to Bank of America NA | Hunton & Williams LLP | Craig V Rasile & Kevin M Eckhardt | 1111 Brickell Avenue Suite 2500 | | Miami | FL | 33131 | | 305-810-2500 | 305-810-1669 | crasile@hunton.com<br>keckhardt@hunton.com | DN 38 | Core/2002 | | | | |
| Counsel for IKON Financial Services | IKON Financial Services | Bankruptcy Administration | 1738 Bass Road | PO Box 13708 | Macon | GA | 31208-3708 | | 800-480-6513 | | | DN 241 | Core/2002 | | July 7, 2009 | | |
| IKON Office Solutions | IKON Office Solutions | Recovery & Bankruptcy Group | 3920 Arkwright Rd Ste 400 | | Macon | GA | 31210 | | | | | POC 80 | Core/2002 | | 7/31/2009 | added to MSL per kwc | |
| IRS | Internal Revenue Service | Centralized Insolvency Operation | 11601 Roosevelt Blvd Mail Drop N781 | | Philadelphia | PA | 19255 | | 800-913-9358 | 215-516-2015 | | | MSL | | | | |
| Counsel to the Indenture Trustee to the Debtors' 10.25% Second Mortgage Notes | Jones Day | Stacey N Lefont | 222 East 41st Street | | New York | NY | 10017-6702 | | 212.326.3745 | 212.755.7306 | slefont@jonesday.com | | MSL | | | | |
| Counsel to the Bank of Scotland plc | Katten Muchin Rosenman LLP | Kenneth E Noble & Camille G Fesche | 575 Madison Ave | | New York | NY | 10022-2585 | | 212-940-6419 | 212-894-5653 | Kenneth.Noble@kattenlaw.com<br>Camille.Fesche@kattenlaw.com | DN 58 | Core/2002 | | June 15, 2009 | | |
| Member of Creditors Committee | Kelley II LLC d b a Kelley Technologies | c o Brooks Pickering President & CEO | 5625 Arville Street Unit D | | Las Vegas | NV | 89118 | | 702-889-8777 | 702-889-8237 | Mroberts@kelleytechnologies.com | 97 | MSL | | | | |
| Counsel to Apollo Investment Fund VII, LP | Kozyak Tropin & Throckmorton PA | John W Kozyak David L Rosendorf | 2525 Ponce de Leon 9th Fl | | Coral Gables | FL | 33134 | | 305-372-1800 | 305-372-3508 | jk@kttlaw.com<br>dlr@kttlaw.com | DN 178 | Core/2002 | | June 26, 2009 | | |
| Counsel to US Bank National Association | Malson Edelman Borman & Brand LLP | c o Clark T Whitmore | 3300 Wells Fargo Center | 90 S Seventh St | Minneapolis | MN | 55402 | | 612-672-8335 | 612-642-8335 | clark.whitmore@malson.com | DN 198 | MSL | | June 26, 2009 | | |
| Counsel to Aderholt Specialty Company Inc | Markowitz Davis Ringel & Trusty PA | Ross R Hartog | 9130 So Dadeland Blvd Ste 1225 | | Miami | FL | 33156-7849 | | 305-670-5000 | 305-670-5011 | rhartog@mdrtkaw.com | DN 176 | Core/2002 | | June 24, 2009 | | |
| Counsel to JPRA Architects; Tracy & Ryder Landscape, Inc.; Quality Cabinet & Fixture Company; Zetian Systems, Inc.; Z Glass, Inc.; Derr and Gruenwald Construction Co.; Graybar Electric Company, Inc.; and Water FX LLC | May Meacham & Davell PA | Robert C Meacham | One Financial Plz Ste 2602 | | Ft Lauderdale | FL | 33394 | | 954-763-6006 | | | DN 158 | Core/2002 | | June 23, 2009/ Modified Jul | ECF | x |
| Counsel to Sumitomo Mitsui Banking Corporation | Mayer Brown LLP | Jean Marie L Atamian & Jason I Kirschner | 1675 Broadway | | New York | NY | 10019 | | 212-506-2500 | 212-262-1910 | jatamian@mayerbrown.com | DN 74 | Core/2002 | | June 16, 2009 | | |
| Counsel for Southwest Gas Corporation | McDonald Carano Wilson LLP | Kaaran E Thomas | PO Box 2670 | | Reno | NV | 89505 | | 775-788-2000 | 775-788-2020 | kthomas@mcdonaldcarano.com | DN 244 | Core/2002 | | July 7, 2009 | | |
| Swap Creditors | Merrill Lynch World Headquarters | Swap Group | 4 World Financial Center 18th Fl | | New York | NY | 10080 | | 212-449-2467 | 917-778-0836 | stanley_boralsky@ml.com | | | | | | |
| Member of Creditors Committee | Mini Bar North America Inc | c o Anthony Joseph Torano President & CEO | 7430 Westmore Rd | | Rockville | MD | 20850 | | 301-354-5051 | 301-309-1115 | tony.torano@minibarna.com | 97 | MSL | | | | |
| Counsel to Colasanti Specialty Services Inc | Paul Joseph McMahon PA | Paul J McMahon | The Wiseheart Bldg | 2840 SW Third Ave | Miami | FL | 33129 | | 305-285-1222 | 305-858-4864 | pjm@pjmlawmiami.com | DN 315 | Core/2002 | | July 23, 2009 | | |
| Member of Creditors Committee | Paul Steelman Design Group | c o Matt Mahaney General Counsel | 3330 West Desert Inn Rd | | Las Vegas | NV | 89102 | | 702-873-0221 | 702-367-0724 | matt.mahaney@steelmanpartners.com | 97 | MSL | | | | |
| Counsel for Colasanti Specialty Services Inc | Peckar & Abramson | | 401 E Las Olas Blvd Ste 1600 | | Ft Lauderdale | FL | 33131 | | 954-764-5222 | 954-764-5228 | rrodriguez@pecklaw.com | DN 311 | Core/2002 | | July 23, 2009 | | |
| Counsel to HSH Nordbank AG, New York Branch | Rice Pugatch Robinson & Schiller PA | Arthur Halsey Rice | 101 Northeast Third Ave Ste 1800 | | Ft Lauderdale | FL | 33301 | | 305-379-3121 | 954-462-4300 | | DN 131 | Core/2002 | | June 23, 2009 | ECF | x |
| Counsel for Moody's Investors Service | Satterlee Stephens Burke & Burke LLP | Christopher R Belmonte & Pamela A Bosswick | 230 Park Ave | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | cbelmonte@ssbb.com<br>pbosswick@ssbb.com | DN 379 | Core/2002 | | August 5, 2009 | | |
| SEC | Securities & Exchange Commission | David Nelson Regional Director | Miami Regional Office | 801 Brickell Ave Suite 1800 | Miami | FL | 33131 | | | | | | MSL | | | | |
| Counsel to Bank of America NA | Sheppard Mullin Richter & Hampton LLP | Alan H Martin | 650 Town Ctr Dr 4th Fl | | Costa Mesa | CA | 92626 | | 714-513-5100 | 714-513-5130 | Amartin@sheppardmullin.com<br>eric.t.seike@bankofamerica.com | DN 53 | Core/2002 | | updated June 24, 2009 | | x |
| Counsel to Bank of America NA | Sheppard Mullin Richter & Hampton LLP | Kyle Mathews | 333 South Hope Street | 48th Fl | Los Angeles | CA | 90071-1448 | | 213-620-1780 | 213-620-1398 | KMathews@sheppardmullin.com | DN 53 | Core/2002 | | updated June 24, 2009 | | x |
| Counsel to the Administrative Agent to the Debtors' prepetition term loan facility | Sheppard Mullin Richter & Hampton LLP | William M Scott IV | 333 South Hope Street | 48th Fl | Los Angeles | CA | 90071 | | 213-617-4276 | 213-620-1398 | bscott@sheppardmullin.com | | MSL | | updated June 24, 2009 | | x |
| Counsel to Mechanics' and Materialsmens' lienholders incorporated, the "M&M Lienholders" | Shraiberg Ferrara & Landau PA | Philip J Landau | 2385 NW Executive Ctr Dr No 300 | | Boca Raton | FL | 33431 | | 561-443-0802 | 561-998-0047 | plandau@sfl-pa.com | DN 132 | Core/2002 | | June 23, 2009 | ECF | x |
| Counsel to Sumitomo Mitsui Banking Corporation | Shutts & Bowen LLP | Robert Fracasso | 201 S Biscayne Blvd | 1500 Miami Center | Miami | FL | 33131 | | 305-379-9102 | 305-347-7802 | rfracasso@schutts.com | DN 74 | Core/2002 | | June 16, 2009 | ECF | x |
| Counsel to Barclays Bank PLC, Deutsche Bank Trust Company Americas, JPMorgan Chase Bank NA, and Royal Bank of Scotland PLC | Simpson Thacher & Bartlett LLP | Thomas C Rice David J Woll Sandeep Qusba | 425 Lexington Ave | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | trice@stblaw.com<br>dwoll@stblaw.com<br>squsba@stblaw.com<br>jstern@stblaw.com<br>tsanders@stblaw.com | DN 60 | Core/2002 | | June 15, 2009 | | |
| Counsel for US Bank NA | Squire Sanders & Dempsey LLP | Tina M Talarchyk | 1900 Phillips Point W | 777 S Flagler Dr | West Palm Beach | FL | 33401-6198 | | 561-650-7261 | 561-655-1509 | ttalarchyk@ssd.com | DN 262 | Core/2002 | | July 13, 2009 | | |
| Florida Department of Revenue | State of Florida Dept of Revenue | Bankruptcy Section | Joel S Knee Assistant General Counsel | 6565 Taft Street Ste 400 | Hollywood | FL | 33024-4044 | | 954-967-1080 | 954-967-1084 | kneej@dor.state.fl.us | | MSL | | | | |
| Florida Department of Revenue | State of Florida Dept of Revenue | Bankruptcy Section | PO Box 6668 | | Tallahassee | FL | 32314-6668 | | | | | | MSL | | | | |
| Counsel to Bank of Scotland plc | Stearns Weaver Miller Weissler Alhadeff & Sitterson PA | Harold D Moorefield Jr | Museum Tower Ste 2200 | 150 W Flagler St | Miami | FL | 33130 | | 305-789-3467 | 305-789-2624 | hmoorefield@swmwas.com | DN 65 | Core/2002 | | June 16, 2009 | ECF | x |
| Counsel to Garces Restaurant Group LLC | Taylor Colicchio & Silverman LLP | c o Robert W Keddie III | 502 Carnegie Ctr Ste 103 | | Princeton | NJ | 08540 | | | 609-987-0070 | | DN 350 | Core/2002 | | July 30, 2009 | | |
| United States Trustee | United States Trustee | Donald F Walton | 51 SW First Ave Rm 1204 | | Miami | FL | 33130 | | 305-536-7285 | 305-536-7360 | | | MSL | | | | |
| Counsel for Fisk Electric Company | Weiss Serota Helfman Pastoriza Cole & Boniske PL | | 2525 Ponce de Leon Blvd Ste 700 | | Coral Gables | FL | 33134 | | 305-854-0800 | 305-854-2323 | | DN 307 | Core/2002 | | July 23, 2009 | | |
| Indenture Trustee to the Debtors' 10.25% Second Mortgage Notes / Member of Creditors Committee | Wells Fargo Bank as Indenture Trustee | c o Thomas Korsman Vice President | MAC 9311-110 | 625 Marquette Avenue | Minneapolis | MN | 55479 | | 612-446-5890 | 612-667-9825 | thomas.m.korsman@wellsfargo.com | | MSL | | | | |
| Counsel to Minibar Systems and Minibar NA Inc | Whiteford Taylor Preston LLP | Thomas J Francella Jr | 1220 N Market St Ste 608 | | Wilmington | DE | 19801-2535 | | 302-353-4144 | 302-661-7950 | tfrancella@wtplaw.com | DN 177 | Core/2002 | | June 24, 2009 | | |
| Counsel for Cemex Construction Materials Florida LLC | WinderWeedle Haines Ward & Woodman PA | 390 N Orange Ave Ste 1500 | PO Box 1391 | | Orlando | FL | 32802-1391 | | 407-423-4246 | 407-423-7014 | | DN 291 | Core/2002 | | July 23, 2009 | | |
| Counsel to Fidelity National Title Insurance Company, Lawyers Title Insurance Corporation, Commonwealth Land Title Insurance Company, Transnation Tilte Insurance Company, and First American Title Company | Tew Cardenas LLP | David M Levine | Four Seasons Tower | 1441 Brickell Ave 15th Fl | Miami | FL | 33131 | | 305-536-1112 | 305-536-1116 | dml@tewlaw.com | DN 405 | Core/2002 | | August 17, 2009 | | |
| Counsel for Southern Nevada Painters Trust Funds and Southern Nevada Glaziers Trust Funds | Christensen James & Martin | Kevin B Christensen Sara D Cope | 7440 W Sahara Ave | | Las Vegas | NV | 89117 | | 702-255-1718 | 702-255-0871 | Kbchrislaw@aol.com<br>Saradcope@gmail.com | DN 446 and 447 | Core/2002 | | August 26, 2009 | | |
| Counsel for Young Electric Sign Company (YESCO) | Shea & Carlyon Ltd | Candace C Carlyon Shlomo S Sherman | 701 Bridger Ave Ste 850 | | Las Vegas | NV | 89101 | | 702-471-7432 | 702-471-7435 | ccarlyon@sheacarlyon.com<br>ssherman@sheacarlyon.com | DN 351 | Core/2002 | | August 27, 2009 | | |
| Attorneys for Insulpro Projects, Inc. | Dobberstein & Associates | Eric Dobberstein | 8965 S Eastern Ave Ste 280 | | Las Vegas | NV | 89123 | | 702-382-4002 | | eric@edautolaw.com<br>lancew@edautolaw.com | DN 455 | Core/2002 | | August 31, 2009 | | |
| Counsel to Ahern rentals Inc; QED Inc and superior Tile & Marble, Inc | Ahern QED and STMI | c o Dixon Truman Fisher & Clifford | Attn Robin E Perkins | 221 N Buffalo Dr Ste A | Las Vegas | NV | 89145 | | | | rperkins@dixontruman.com | DN 466 | Core/2002 | | September 3, 2009 | | |
| Counsel for Mechanical Systems West Inc | Gamberg & Abrams | Jay M Gamberg | 4000 Hollywood Blvd Ste 350 N | | Hollywood | FL | 33021 | | 954-981-4411 | 954-966-6259 | | DN 463 | Core/2002 | | September 1, 2009 | | |
| Counsel for Republic Tower & Hoist LLC; Republic Crane Service LLC and American Crane & Hoist LLC | Slatkin & Reynolds PA | Robert F Reynolds | One E Broward Blvd Ste 609 | | Ft Lauderdale | FL | 33301 | | 954-745-5880 | 954-745-5890 | jslatkin@slatkinreynolds.com<br>rreynolds@slatkinreynolds.com | DN 505 | Core/2002 | | | | |



Glenn D. Moses
Telephone: 305-372-2522
email: gmoses@gjb-law.com

September 17, 2009

**Via Hand-Delivery**

The Honorable A. Jay Cristol
United States Bankruptcy Court
Southern District of Florida
51 SW First Ave
Miami, Florida 33130

***Re: In re: Fontainebleau Las Vegas Holdings, LLC, et al.***
***Case No. 09-21481-BKC-AJC***
***Objection to entry of Final Order on use of cash collateral***

Dear Judge Cristol:

Our firm represents the Official Committee of Unsecured Creditors in this case (the "Committee"). As you requested at the close of argument yesterday afternoon, we are hand delivering to your chambers a copy of the Committee's Objection to the entry of a Final Order concerning the Debtors' use of cash collateral which was filed on September 14, 2009 (D.E. 529) (the "Objection").

In order to streamline the process for you, we thought it important to highlight certain of the most important provisions of our Objection to you. As Your Honor is well aware, the Committee has consistently objected to the discrimination concerning the lack of a carve out for the Committee and its professionals in open and blatant violation of this Court's Local rules and general practice in this Court and other bankruptcy courts around the country. No Final Order should be entered without a carve out for Committee professionals that is proportionate to the funding that has been provided in this case for the Debtors' professionals.

To the extent that Your Honor is inclined to enter a Final Order without a carve out, then there should be no deadline for the Committee to assert any Claims and Defenses, including to file a complaint to seek a determination of the extent, validity or priority of the Term Lenders' liens and claims (or any other cause of action available under the Bankruptcy Code or otherwise). The current deadline in the most recent order is November 15, 2009. However, the Committee has no funding to conduct any investigation of the liens and other rights of the parties under the Debtors' prepetition credit facilities. Imposing such a deadline when the Committee is financially handicapped is completely inappropriate.

Further, given the Term Lenders' refusal to fund basic Committee expenses, they should not have the benefit of a section 506(c) waiver - and certainly under no circumstances be given such a waiver for the entire bankruptcy case as they now request (but has not been provided for in any of the interim orders entered by Your Honor).

Lastly, to the extent Your Honor is inclined to enter a Final Order, such Order should reserve the right of the Committee (or a Trustee if one is appointed) to (a) seek disgorgement of any professional fees that have or will be paid in these cases in violation of section 726(b) of the Bankruptcy Code and (b) seek disgorgement or reallocation of any interest, fees and expenses paid to the Term Lenders (i) to the extent that the Term Lenders are deemed undersecured or (ii) to the extent that such fees were improperly paid under the applicable loan documents or orders of this Court.

Very truly yours,

for Glenn D. Moses

GDM/cmt

Enclosure

Cc: Scott Baena, Esq.
Sidney Levinson, Esq.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC, *et al*,[1] | Case No. 09-21481-BKC-ALC |
| Debtors. | |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' EMERGENCY MOTION FOR FINAL ORDER (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL; AND (II) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND 364 OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "Committee") hereby objects (the "Objection") to the Emergency Motion of Fontainebleau Las Vegas Holdings, LLC, Fontainebleau Las Vegas, LLC and Fontainebleau Las Vegas Capital Corp. (collectively, the "Debtors"), for final order (i) authorizing the Debtors to use cash collateral; and (ii) providing adequate protection to prepetition secured parties pursuant to 11 U.S.C. §§ 361, 362, 363 364 (C.P. #302)(the "Motion").[2] In support of this Objection, the Committee respectfully states as follows:

[1] The last four digits of each Debtor's tax identification number are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp., [7822]. The Debtors' current mailing address is: 19950 West County Club Drive, Aventura, Florida 33180.

[2] The *Emergency Motion of Fontainebleau Las Vegas Holdings, LLC, Fontainebleau Las Vegas, LLC and Fontainebleau Las Vegas Capital Corp. for Interim and Final Orders (i) Authorizing the Debtors to Use Cash Collateral; (ii) Providing Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363 364 and (iii) Scheduling Final Hearing* was filed at the beginning of these cases and has been supplemented three (3) times since such filing. On September 3, 2009, the Debtors filed a *Notice of Final Hearing* with respect to the Motion, setting a final hearing on the Motion and, *inter alia,* indicating the Term Lender Steering Group would

## Preliminary Statement

1. This is the objection of the Committee to the continuing effort of the Term Lender Steering Group (the "Steering Committee") to hijack this bankruptcy case for the sole benefit of the Term Lenders. The matter is now before Court on the Debtors' Notice of Final Hearing wherein the Debtors state that the Term Lenders seek the entry of a final order on the Debtors' motion for authority to use cash collateral. The Steering Committee, which purports to represent a majority of the Debtors' Term Lenders, has asserted for the Term Lenders an interest in cash collateral which is the only cash available in this case as the Debtors do not yet conduct operations that generate any cash flow. The Steering Committee has refused to permit the use of cash collateral, except on terms which the Steering Committee dictates and then only to fund those efforts of the Debtors to pursue litigation claims and other actions against the Revolver Banks and contractor lien claimants, which interestingly serve to advance positions that inure solely to the direct benefit the of the Term Lenders, whose interests in the assets of the Debtors have become increasing perilous as the case has progressed.

2. These bankruptcy cases were filed principally to allow the Debtors to pursue litigation claims against the Revolver Banks which terminated $800 million of funding before completion of the Debtors' hotel casino resort project in Las Vegas (the "Project"). The Term Lenders had already fully funded their commitments of $1.050 billion under the same senior secured credit facility that provided for future funding by the Revolver Banks. The refusal to fund by Revolver Banks left the Debtors without the cash needed to complete the Project and the Debtors were thus forced to shut down construction. Needless to say, the Term Lenders were not happy about the action of the Revolver Banks or their own position with a lien on a not yet

be requesting entry of a final order in connection with the Motion. At the time of this filing, the position of the Debtors on the entry of a final order is not clear.

completed mega resort. As a result, the Term Lenders have filed their own law suit against the Revolver Banks to force reinstatement of the revolver loan funding commitment or damages for, among other things, breach of contract and bad faith.

3. The Term Lenders provided funding for the Debtors to file these bankruptcy cases, including large prepetition retainers for Debtors' bankruptcy counsel, special litigation counsel, ordinary course counsel, financial advisors and investment bankers. The Term Lenders also handsomely funded their own anticipated needs in this case through prepetition retainers for legal and financial advisory professionals to represent the Steering Committee. The prepetition retainers collectively exceeded $13 million and all came out of the same cash collateral of the Debtors which the Steering Committee now so jealously seeks to control and protect for its further exclusive use.[3]

4. After the Debtors filed bankruptcy, in the roughly 3 months that have passed, the Steering Committee has permitted the Debtors to use approximately $15 million more of the cash collateral, through the supplements to the Motions filed by the Debtors containing budgets for approval. The budgets for this period can be scrubbed for detail, but suffice to say that the money has been used solely for two things: (1) to fund the completion of critical work on or to purchase critical supplies for the projection and security of the partially completed building, which is also collateral for the debt owed to the Term Lenders, and (2) to fund the cost of the fees and expenses incurred by the Debtors' personnel and professionals (a) to prosecute and seek to settle the Debtors' adversary proceeding with the Revolver Banks and (b) to address

[3] The Committee has recently discovered that the Term Lenders and the Steering Committee are drawing on the pre-petition retainer paid out of the Debtors' cash collateral to pay the fees of legal professionals involved in pursuing litigation claims of the Term Lenders against the Revolver Banks and the contractor lien claimants, and the Committee intends to not only stop this misuse of the Debtors funds, but also seek to disgorge the sums previously paid to counsel for the Steering Committee and the Term Lenders for such efforts that are not subject to reimbursement or indemnity under the Credit Agreement.

contractor claims that include construction liens that ***prime*** the mortgage that secures the obligations owed to the Term Lenders under the senior credit facility.

5. The Debtors have been funding their activities in this case during the first 3 months under four successive interim cash collateral orders (the "Interim Orders"), which have been entered by the Court with the consent of the Steering Committee. The Steering Committee has made it clear at each of the four prior hearings on the Debtors' Motion that it would not consent to use of cash collateral for any purpose except under the terms of the Interim Orders, which the Steering Committee has dictated. The Committee and others have objected to entry of each of the Interim Orders. The objections of the Committee have centered on provisions dictated by the Steering Committee that provide for:

a. a blanket release of the estates' claims and causes of action against the Term Lenders;

b. the Debtors' waiver on behalf of the estates of all rights under section 506(c) of the Bankruptcy Code;

c. the imposition of deadlines for the Committee and other stakeholders to challenge liens and/or bring other causes of action against the Term Lenders; and

d. no access to cash collateral for the estates to fund activities of the Committee and it professionals to fulfill their statutory duties in these cases, including to investigate claims against the Term Lenders.

6. Now that the Term Lenders seek to have these benefits conferred to them under a final order relating to the Debtors' use of cash collateral, the Steering Committee has not agreed to allow for the use of cash collateral beyond the September 17, 2009 end of the budget period under the Fourth Interim Order entered on August 27, 2009 [D.E. 454]. Such a request by the

Steering Committee is taking the absurd to new levels, and should not be countenanced by the Court. The Committee respectfully requests that the Court refuse to enter the final order proposed by the Steering Committee and, further, that any final order entered in connection with the Motion not include any of the provisions of the Interim Orders previously entered which provide for releases, waivers, challenge deadlines, or permission for payment of fees and expenses of the professionals working for the Steering Committee and/or other Term Lenders in matters involving Term Lender litigation with non-debtor parties.

**Objection**

**I. The Motion and the Relief Sought in a Final Order Impermissibly Impairs the Committee's Ability to Perform its Duties Pursuant to Section 1103(c) of the Bankruptcy Code and Specifically Discriminates Against the Committee's Professionals by Providing Solely for the Payment of the Fees and Expenses of the Debtors' Professionals.**

7. The Committee once again raises its continuing objection to the terms and conditions of the Debtors' request to use of cash collateral without a carve out for Committee professionals, as proposed in the Motion and in the First, Second and Third Supplements. The previous requests from the Debtors and the Term Lenders, and now a proposed final order approving the Motion, has blatantly and impermissibly denied the Committee even the most basic protections in respect of the estate's use of the Term Lenders' cash collateral. Notwithstanding this, the Term Lender Steering Group has enjoyed the full panoply of benefits occasioned by the Bankruptcy Court and the chapter 11 process, as well as the full measure of protections that it previously obtained and now seeks on a final basis in connection with the use of its cash collateral, which has not only allowed the Term Lenders to preserve their collateral, but also has allowed them to use the Bankruptcy Court to prosecute claims against the Revolving

Lenders,[4] that are for their own benefit. Now that the Debtors (and indirectly the Term Lenders) have received an unfavorable ruling in the adversary proceeding against the Revolving Lenders, the Term Lenders want to "pull the plug" by terminating authority for cash collateral use yet obtaining enormous benefits in the form of a final order, including numerous waivers and releases in the Term Lenders' favor.

8. The fact remains that the Term Lenders have taken full advantage of these chapter 11 proceedings and the good graces of this Court and the United States District Court for the Southern District of Florida while at the same time refusing to "pay to play." The discriminatory payments provided to the Debtors' professionals are the clearest evidence of the Term Lenders' desire to use the system without paying the price. Moreover, there is and can be no question that the Term Lender Steering Group has in fact discriminated against the professionals for the Committee without any legal basis or justification - in direct and open violation of the Local Rules of this Court, namely this Court's *Guidelines for Motions Seeking Authority to Use Cash Collateral and Motions Seeking Approval of Postpetition Financing* (the "Guidelines"). This Court should not condone such conduct and permit the Term Lenders to now obtain, on a final basis, the full panoply of protections that are normally afforded to secured creditors who play by the rules.

9. Given the continued refusal to provide even minimal protections to the Committee throughout this process, combined with the overwhelmingly disparate and discriminatory treatment of the Committee in the Interim Orders, the Term Lender Steering Group now clearly intends to prevent the Committee from ever discharging its fiduciary duties pursuant to section 1103(c) of the Bankruptcy Code. This Court has recognized the dangers of

[4] The Term Lenders even filed an *amicus curiae* brief in connection with the Debtors' motion for summary judgment against the Revolving Lenders in the adversary proceeding brought by the Debtors against the Revolving

PH1 2385637v1 09/11/09

treating a Committee's professionals differently from professionals retained by the Debtor. As a result, the Court's Guidelines require, *inter alia,* that any motion that provides disparate treatment provide the justification for the inclusion of such provision. *See Guidelines* at II (B)(6).

10. There has been and continues to be no legitimate justification for the Term Lender Steering Group to consent to the use of their cash collateral to pay the professional fees for Debtors' counsel without any similar protection for the Committee, and the Term Lender Steering Group has not seen fit to offer any such justification, which they now want approved on a final basis. The only suggestion of a justification from the Term Lender Steering Group is that the unsecured creditors are "out of the money" and anything they get will be a "gift." However, such statements are not a justification at all. If it were, then the concept of "pay to play" would not exist in chapter 11 cases. The truth is that the Term Lender Steering Group has used and treated this Court as a state court in order to further, directly or indirectly, lender liability claims against other non-debtor parties, namely the Revolver Banks, and to otherwise foreclose its state law liens and dispose of its collateral through the bankruptcy process. Doing so without paying the price is wholly improper and unreasonable.[5]

11. As the Committee has repeatedly argued, conditioning the use of cash collateral on funding the basic activities of the Committee's professionals is required in order to preserve the adversary system set up by Congress under the 1978 bankruptcy legislation that is now the Bankruptcy Code. The underlying rationale in such position is appropriate even in cases where

---

Lender, Case No. 09-21879-CIV-Gold.

[5] As other bankruptcy judges have noted, bankruptcy is a toll road and to use the federal highway to achieve a result that benefits the secured creditors, a toll must be paid which includes adequate representation for creditors through a statutory committee. *See Letter of the Honorable Peter J. Walsh to Delaware Bankruptcy Counsel, dated April 2, 1998*, attached hereto as Exhibit "A" ("Carve outs for professional fees should not be limited to the debtor's professionals, but should include the professionals employed by any official committee . . . In my view, it is the

as here it appears at the outset that unsecured creditors may be out of the money, because "[a]bsent such protection, the collective rights and expectations of all parties-in-interest are sorely prejudiced." *In re Ames Department Stores,* 115 B.R. 34, (Bankr. S.D. NY 1990). In *Ames*, 115 B.R. at 40, when commenting on objections that a DIP financing arrangement would leverage the chapter 11 process in favor of the secured DIP lender, the Court persuaded the parties to agree to fund the professional fees for a creditors' committee when it observed as follows:

> A failure to provide a reasonable sum for professionals has, in other cases before this Court, left estates, creditors' committees and trustees without the assistance of counsel and the Court without the adversary system contemplated by Congress in 1978 when it, in enacting the Bankruptcy Code, recast the role of bankruptcy judges principally to one of resolving disputes.

12. The Court in *Ames* went on to discuss the delicate balance of power that exists in chapter 11 cases among the various constituencies and how courts need to insure that such balance of power is not tilted in favor of one constituency at the prejudice of another. Specifically, the Court in *Ames* recognized that "courts have focused their attention on proposed terms that would tilt the conduct of the bankruptcy case; prejudice ... the powers and rights that the Bankruptcy Code confers for the benefit of all creditors...." *Id.* at 37.

13. In *Channel Master Holdings, Inc.*, 309 B.R. 855, 858 (Bankr. D. DE 2004), the Court approved DIP financing to facilitate a 363 sale that would benefit only the dramatically under-secured senior lender. The budget proposed in connection with such financing contained "extremely disproportionate" allocations of $990,000 debtor's professionals and $75,000 for committee professionals. In response to the committee's objection, Judge Walrath stated that she

price of admission to the bankruptcy court to obtain the benefits of preserving the assets of the estate, which preservation typically first benefits secured parties").

had the authority to reallocate budgeted fess among professionals on a pro rata basis. *Id.* at 858. The section 363 sale caused the secured lender to receive only a portion of its secured debt. The case was ultimately converted to chapter 7 when the parties were unable to agree on funding for a liquidating plan. When the chapter 11 professionals filed final fee applications, the secured lender attempted to hold the committee's professionals to the $75,000 carve-out under the DIP budget. In agreeing with the committee that the DIP budget cap did not limit the fees that could be paid to the committee's professionals, Judge Walrath held that the bankruptcy court has inherent powers to direct disgorgement and redistribution of fees. *Id.* at 860. This Objection will expand more on Judge Walrath's final point below in section V.

14. Having obtained the Interim Orders that deny the Committee the ability to carry out its statutory duties, the Term Lenders now seek to have such denial approved on a final basis so as to permanently and maliciously hamstring the Committee from performing its statutory duties to the Debtors' estates. This conduct and approval of such violates the Bankruptcy Code and should not be approved by this Court.

15. No final order on the Motion should be entered without a carve out for Committee professionals that is proportionate to the funding that has been provided in this case for the Debtors' professionals and for the professionals representing the Steering Committee and certain other Term Lenders.

## II. Certain of the Interim Orders Radically and Impermissibly Changed the Relief Sought by the Debtors and the Term Lender Steering Group from the Use of Cash Collateral to a Fictional DIP Loan With Priming Liens and Should not be Approved on a Final Basis.

16. Contrary to the relief sought in the Debtors' original Motion to use cash collateral, certain Interim Orders contained significantly different and broader relief. In fact, the Debtors and the Term Lender Steering Group now seek the final approval of a so called "deemed" debtor

in possession loan (the "Priming DIP Loan") from the Term Lenders to the Debtor, which DIP Loan does not propose to advance new money to the Debtors as one would expect in a typical loan situation, but instead seeks to create a fiction.

17. Pursuant to this fiction, the Term Lender Steering Group proposes that the Debtors will pay to the Term Lenders all of the Debtors' cash on hand, plus all of the cash that the Debtors have already spent in this case to date to be applied to reduce the Obligations owed to the Term Lenders, and then simultaneously the Term Lenders will be deemed to have re-advanced such cash collateral to the Debtors on a priming DIP Loan basis under section 364(d) of the Bankruptcy Code. Not only are these DIP Loan provisions a tortured attempt by the Term Lender Steering Group to bootstrap and improve their lien positions at the expense of other creditors in the estate (including contractors who have asserted priming construction liens in excess of $300 million), but such provisions violate established 11th Circuit authority prohibiting cross-collateralization of pre-petition debt and post petition debt. *See In re Saybrook Manufacturing Co., Inc.*, 963 F.2d 1490 (11 Cir.1992). Moreover, there is simply no way that the Debtors and the Term Lender Steering Group can satisfy the requirements of section 364(d) of the Bankruptcy Code in respect providing adequate protection to those creditors in this case who are adversely affected by the attempted "deemed" priming DIP Loan.

18. Therefore, final approval of the Motion and a final cash collateral order should be clear that there is no Priming DIP Loan and the Term Lenders are not entitled to any rights of a true debtor in possession financer, including, but not limited to, priming lien rights under section 364(d) of the Bankruptcy Code.

**III. The Debtors' Waiver of their Surcharge Rights Under Section 506(c) of the Bankruptcy Code, Granting of Releases, the Grant of a Superpriority Claim and the Other Benefits Conferred Upon the Term Lenders in a Final Order are Inappropriate and Should not be Approved on a Final Basis In Light of the Terms that Have Been Imposed by the Term Lenders.**

19. The Term Lender Steering Group seeks final approval of an enforceable full waiver of the estate's rights under section 506(c) of the Bankruptcy Code. The requirement for a Section 506(c) waiver without a concurrent reasonable carve out for the fees and expenses of the Committee's professionals is wholly unreasonable, overreaching and improper. The same argument applies to the panoply of releases that the Term Lenders are seeking be approved in a final cash collateral order. If the Term Lenders have not and do not want "pay to play", that is their prerogative. However, they should not receive any waivers of any rights or releases in a final order that would prohibit any claims for carve outs or otherwise against them or any challenges to their debt and liens. To do so would surely waste potentially significant assets of the Debtors' estates in return for minimal, if any, value. The fact that the Term Lenders have demanded such broad releases and waivers certainly raises suspicion as to their motives, particularly in light of the fact that the Term Lenders have not put any new debtor in possession money into these cases.

20. The same applies to the Term Lenders' appalling demand that they are entitled to continue to collect interest (or any post petition legal fees and expenses for that matter), when they have also demanded that a final order provide that they are not adequately protected and are undersecured. Surely, an undersecured lender is not entitled to collect interest or other post petition benefits under the credit documents. This, as with all of the other Term Lender "benefits" under the Interim Orders should not be approved by this Court as part of any final

order on the Motion. The Term Lenders' "cake and eat it too" position that they have taken throughout the case should not continue to be sanctioned, particularly in light of the fact that the Term Lenders are terminating access to cash collateral.

## IV. There should be No Deadline for the Committee to Challenge the Extent, Validity or Priority of the Term Lenders' Liens and Claims.

21. The deadline for the Committee to file a complaint seeking a determination of the extent, validity or priority of the Term Lender Steering Group's liens and claim remains the same date as was provided in the Third and Fourth Interim Orders: November 15, 2009. However, the fact remains that the Committee has had no funding to conduct any investigation of the liens and other rights of the parties under the Debtors' prepetition credit facilities. The Term Lender Steering Group has continued in its efforts to hamstring the Committee, and now seeks to have this challenge deadline approved on a final basis. Accordingly, for the same reasons that no waivers or releases should be approved, the Committee submits that there should be ***no*** deadline for the Committee to challenge the liens and claims of the Term Lenders or to bring any other claims against the Term Lenders.

## V. Any and All Rights of the Committee, its Professionals or Any Other Party in Interest to Seek Disgorgement of Any Professional Fees Paid in These Cases Should be Specifically Reserved in Any Final Cash Collateral Order.

22. The professionals for the Debtors, the Steering Committee and other Term Lenders have been paid handsomely to date on account of fees and expenses incurred in these cases. In fact, in some instances, it appears that professionals for the Steering Committee and other Term Lenders have been improperly paid out of cash collateral for fees and expenses incurred pursuing claims against the Revolver Banks and other non-debtor parties. To permit some professionals to be paid fees and expenses incurred in a chapter 11 while not providing for

payment to committee professionals is a violation of section 726(b) of the Bankruptcy Code. Specifically, courts have found

> 'One overarching object of the Bankruptcy Code is equality of distribution to like situated creditors. An expression of this policy is found at 11 U.S.C. § 726(b), which provides in essence that all claimants, including administrative claimants, whose claims are accrued in the same chapter 11 shall be reimbursed pro rata. Consistent with this policy, all administrative expenses are on parity as to payment.' In other words, to allow [d]ebtor's counsel to collect more than the other administrative claimants is a violation of the equality of distribution required under 11 U.S.C. § 726(b). There is no priority among administrative claimants.

*In re Specker Motor Sales Company,* 289 B.R. 870, 827 (Bankr. D.N.J. 2003) (quoting *Central States, Southeast and Southwest Areas Pension Fund v. Robbins (In re Interstate Motor Freight System IMFS, Inc.),* 71 B.R. 741, 744 (Bankr. W.D. Mich. 1987)).

23. The remedy for a failure to comply with section 726(b) is disgorgement by professionals and other parties that receive payment of postpetition claims, while other similar claims were not paid. *See Id.* at 872-873; *see also In re Channel Master Holdings, Inc.,* 309 B.R. 855, 860 (Bankr. D. Del. 2004). In *Channel Master,* the court held that the existence of a cap in a postpetition financing order on committee professional fees did not limit the allowance of payment of fees to such professionals. *Channel Master,* 309 B.R. at 860. "A court has the inherent power to direct disgorgement of fees by any professional and to redistribute those disgorged fees among all professionals in order to assure that none receives more than its pro rata share." *Id.*; *see also In re Lockwood Corp.,* 216 B.R. 628, 636 (Bankr. D. Neb. 1997) (explaining that interim compensation is subject to disgorgement when estate is administratively insolvent).

24. Accordingly, for the avoidance of doubt at any point in the future, the Committee submits that if the Court is inclined to enter a final cash collateral order, such order should

Case 09-21481-AJC Doc 529 Filed 09/14/09 Page 14 of 19

contain a provisions specifically reserving the rights of the Committee, its professionals, and any other party interest to seek disgorgement of any professionals fees that have or will be paid in these cases in order fulfill the mandate of section 726(b) of the Bankruptcy Code.

## VI. Any Final Cash Collateral Order Entered Should Explicitly Provide that the Permitted Fees for Counsel to the Term Lender Steering Group Shall Only Include Those Fees Related to the Bankruptcy and Subject to Section 506(b) of the Bankruptcy Code.

25. Paragraph 6(c) of the Fourth Interim Order provides as follows:

> Payments. The Debtors shall pay on an ongoing basis … (ii) from time to time after the Petition Date, the current cash payment of documented fees and expenses incurred after the Petition Date of …. (2) Hennigan Bennett & Dorman LLP ["HBD"] … as counsel to the members of the Term Lender Steering Group (and to other Prepetition Term Lenders) … all of the amounts to be paid without further motion, fee application, or order of the Court, provided, that any such payments authorized under this Paragraph 6(c) shall only be made from any retainers or other funds transferred to such professionals prior to the Petition Date, whether or not included in the Budget) [sic], further provided, that … HBD shall provide such documentation to the Debtors, the OUST, and the Committee, each of whom shall be entitled to file, within twenty (20) days of receipt of such documentation, an objection to any payments that such party contends were not reasonable in amount, with any such timely objection to be determined by this Court … .

Fourth Interim Order, ¶ 6(c) at 17-18.

26. The Term Loan provides the following with respect to reimbursement of Term Lender legal fees:

> (a) Borrowers shall pay … (iii) all out-of-packet expenses incurred by … any Lender (including the fees, charges and disbursements of any counsel for … any Lender) … in connection with the enforcement or protection of its rights (A) in connection with this Agreement and the other Loan Documents, including its rights under this Section, or (B) in connection with Loans or Letters of Credit Issued hereunder, including all such out-of-pocket expenses incurred during any workout, restructuring or negotiations in respect of such Loans or Letters of Credit.

Prepetition Term Loan Credit Agreement, Section 10.5(a) at 129.

27. However, the Committee has discovered that certain of the fees that HBD has provided notice of payment include matters that are not reimburseable under the terms of the Term Loan. Specifically, HBD has submitted fees that relate to their pursuit of claims against the prepetition Revolver Lenders, which are solely for the benefit of the Term Lenders and does not involve enforcement of the Term Loan against the Debtors nor do such claims involve the "workout, restructuring or negotiations" in respect of the Term Loan. Furthermore, further fees have been submitted that were incurred by HBD in litigation against certain construction lien holders over the priority of their respective liens. Once again, that litigation does not involve enforcement of the Term Loan nor does it involve the Debtors at all.

28. Furthermore, HBD is only entitled to reimbursement of their fees if the Term Lenders are over secured. *See* 11 U.S.C. § 506(b). There are indications, some of which have been from the Steering Committee, that the Term Lenders may believe that they are actually undersecured – hence the decision to terminate authority to use cash collateral on September 17, 2009. Accordingly, HBD should not have near unlimited approval (subject only to a reasonableness standard) to receive payment of fees and reimbursement of expenses in these cases.

29. Therefore, the Committee submits that, in accordance with the Term Loan, any final cash collateral order approved by the Court should provide that (i) any HBD fees incurred in litigation with the Revolver Lenders and/or construction lien holders are excluded from the fee reimbursement provisions of such order, and (ii) that HBD's right to receive payment of fees and expenses is subject to section 506(b) of the Bankruptcy Code and the right of any party to object based thereon.

## Conclusion

30. For the foregoing reasons, the Committee contends that the Court should not approve the Motion on a final basis through the entry of a final cash collateral order on the Terms dictated by the Term Lender Steering Committee.

## Reservation of Rights

31. To the extent that a final order is entered without such the disgorgement provisions discussed above in section V., the Committee and its professionals hereby reserve any and all rights with respect to disgorgement of any professional fees paid in these cases.

Dated: September 13, 2009

Respectfully submitted,

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Proposed Co-Counsel for the Official Committee of Unsecured Creditors*
100 Southeast 2nd Street, 44th Floor
Miami, Florida 33131
Telephone: 1.305.349.2300
Facsimile: 1.305.349.2310

*/s/ Paul J. Battista*
Paul J. Battista, Esq.
Fla. Bar No. 884162
pbattista@gjb-law.com
Glenn D. Moses, Esq.
gmoses@gjb-law.com
Fla. Bar No. 174556

and

**FOX ROTHSCHILD, LLP**
*Proposed Co-Counsel for the Official Committee of Unsecured Creditors*
Midtown Building, Suite 400
1301 Atlantic Avenue
Atlantic City, NJ 08401
Telephone: 1.609.348.4515
Facsimile: 1.609.348.6834

Michael Viscount, Esq. (*Pro Hac Vice*)
mviscount@foxrothschild.com
Josefina Fernandez McEvoy, Esq. (*Pro Hac Vice*)
jfmcevoy@foxrothschild.com
Joshua T. Klein, Esq. (*Pro Hac Vice*)
jklein@foxrothschild.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile, CM/ECF, and/or first-class postage-prepaid U.S. Mail to all parties as indicated on the attached service list on this 14th day of September, 2009.

/s/ Glenn D. Moses
Glenn D. Moses, Esq.

Master Service List
Served via

| PARTY / FUNCTION | NAME | NOTICE NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | DOCKET # | LIST | SERVICE METHOD | DATE ADDED/MODIFIED | SERVICE NOTES | [illegible header] |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Swap Creditors | Barclays Capital | | 5 The North Colonnade | Canary Wharf | London | UK | E14 4BB | GREAT BRITAIN | | | | | MSL | | | | |
| Swap Creditors | RBS The Royal Bank of Scotland | Global Banking & Markets | 250 Bishopsgate | | London | UK | EC2M 4RB | GREAT BRITAIN | | | | | MSL | | June 26, 2009 | Removed from Email service | |
| Swap Creditors | The Royal Bank of Scotland PLC | | 36 St Andrew Sq | | Edinburgh | UK | EH2 2YB | GREAT BRITAIN | | | | | MSL | | | | |
| Counsel to Johnson Controls Inc | Adorno & Yoss LLP | Charles M Tatelbaum | 350 E Las Olas Blvd Ste 1700 | | Ft Lauderdale | FL | 33301 | | 954-766-7820 | 866-621-4195 | [illegible] | DN 276 | Core/2002 | | July 15, 2009 | | |
| Counsel to Term Lender Steering Group | Akerman Senterfitt | James Fierberg | One SE Third Ave 25th Fl | | Miami | FL | 33131-1714 | | 305-374-5600 | 305-374-5095 | [illegible] | DN 46 | Core/2002 | | | ECF | x |
| Counsel for the Steering Committee of the Term Loan Facility | Akerman Senterfitt | Michael Goldberg | Las Olas Centre II | 350 East Las Olas Boulevard Ste 1600 | Ft Lauderdale | FL | 33301-2229 | | 954.468.2444 | 954.463.2224 | [illegible] | DN 47 | MSL | | | ECF | x |
| Counsel to Apollo Investment Fund VII, LP | Akin Gump Strauss Hauer & Feld LLP | Steven M Pesner | One Bryant St | | New York | NY | 10036 | | 212-872-1070 | 212-872-1002 | [illegible] | DN 178 | Core/2002 | | June 26, 2009 | | |
| Swap Creditors | Bank of America NA | Swaps Operations | 233 S Wacker Dr Ste 2800 | | Chicago | IL | 60606 | | 312-234-2732 | 866-255-1444 | [illegible] | | MSL | | | | |
| Swap Creditors | Barclays Capital | General Counsel | 200 Park Avenue | | New York | NY | 10166 | | 212-412-4000 | 212-412-7519 | [illegible] | | | | | | |
| Counsel to Aurelius Capital Management LP | Bast Amron LLP | Brett M Amron | SunTrust International Ctr | One SE Third Ave Ste 1440 | Miami | FL | 33131 | | 305-379-7904 | 305-379-7905 | [illegible] | DN 332 | Core/2002 | | July 25, 2009 | | |
| Counsel to Thyssenkrupp Safway Inc | Behar Gutt & Glazer PA | Brian S Behar | 2999 NE 191st St Fifth Fl | | Aventura | FL | 33180 | | 305-931-3771 | 305-931-3774 | [illegible] | DN 341 | Core/2002 | | July 29, 2009 | | |
| Counsel for Turnberry West Construction, Inc. | Berger Singerman | Paul Singerman | 200 South Biscayne Boulevard Suite 1000 | | Miami | FL | 33131 | | 305-755-9500 | 305-714-4340 | [illegible] | DN 39 | MSL | | | ECF | x |
| Counsel for Turnberry West Construction, Inc. | Berger Singerman | James D Gassenheimer | 200 South Biscayne Boulevard Suite 1000 | | Miami | FL | 33131 | | 305-755-9500 | 305-714-4340 | [illegible] | DN 201 | Core/2002 | | June 29, 2009 | | |
| Counsel to the Debtors | Bilzin Sumberg Baena Price & Axelrod LLP | Jason Jones & Jay M Sakalo | 200 South Biscayne Boulevard Suite 2500 | | Miami | FL | 33131-5340 | | 305-375-6160 | 305-351-2227 | [illegible] | | MSL | | | | x |
| Member of Creditors Committee | Decca Hospitality | c o Nick Hart President & CEO | 3525 Piedmont Rd | Building 7 Ste 205 | Atlanta | GA | 30305 | | 404-262-4330 | 404-262-4399 | [illegible] | 97 | MSL | | | | |
| Swap Creditors | Deutsche Bank AG New York | | 60 Wall St | | New York | NY | 10005 | | | | david.greenberg@db.com; [illegible] | | MSL | | | | |
| Counsel to Sale Electronics Inc, Warner Enterprises Inc. dba Sun Valley Electric supply Company, Bombard Electric LLC, Bombard Mechanical LLC, Desert Fire Protection Company, a Nevada Limited Partnership, Powell Cabinet and Fixture co, Austin General Contracting Inc. and Absocold Corporation, dba Econ Appliance | Ehrenstein Charbonneau Calderin | Robert P Charbonneau | 800 Brickell Ave Ste 902 | | Miami | FL | 33131 | | 305-722-2002 | 305-722-2001 | [illegible] | DN 64 | Core/2002 | | June 15, 2009 | ECF | x |
| Debtor | Fontainebleau Las Vegas Holdings LLC et al | c o Howard Karawan | 19950 W Country Club Drive | | Aventura | FL | 33180 | | | | | | MSL | | | | x |
| Counsel to the Creditors Committee | Fox Rothschild LLP | Michael J Viscount Jr | Midtown Bldg Ste 400 | 1301 Atlantic Ave | Atlantic City | NJ | 08401-7212 | | 609-572-2227 | 609-348-6834 | [illegible] | DN 185 | Core/2002 | | June 26, 2009 | | |
| Counsel to the Creditors Committee | Fox Rothschild LLP | Josefina Fernandez McEvoy | 1800 Century Park E Ste 300 | | Los Angeles | CA | 90067-1506 | | 310-598-4185 | 310-556-9828 | [illegible] | DN 185 | Core/2002 | | June 26, 2009 | | |
| Counsel to the Creditors Committee | Fox Rothschild LLP | Joshua T Klein | 2000 Market St 10th Fl | | Philadelphia | PA | 19103-3291 | | 215-299-2723 | 215-299-2150 | [illegible] | DN 185 | Core/2002 | | June 26, 2009 | | |
| Counsel to MB Financial Bank NA | Furr and Cohen PA | Alvin S Goldstein and Robert C Furr | 2255 Glades Rd Ste 337W | | Boca Raton | FL | 33431 | | 561-395-0500 | 561-338-7532 | [illegible] | DN 183 | Core/2002 | | June 26, 2009 | notice name added June 30, 2009 | |
| Counsel to the Creditors Committee | Genovese Joblove & Battista PA | Attn Paul J Battista | Bank of America Tower at Intl Pl | 100 SE Second St 44th Fl | Miami | FL | 33131 | | 305-349-2300 | 305-349-2310 | [illegible] | DN 185 | Core/2002 | | June 26, 2009 | | |
| Counsel to D'Alessio Contracting Inc and Waco Scaffolding & Equipment | Gibbs Giden Locher Turner & Senet LLP | Becky A Pintar Esq | 3993 Howard Hughes Pkwy Ste 530 | | Las Vegas | NV | 89169 | | 702-836-9800 | | | DN 363 | Core/2002 | | 7/31/2009 | | |
| Swap Creditors | GM Counsel | Swaps Legal | Merrill Lynch World Headquarters | 4 World Financial Center 18th Fl | New York | NY | 10080 | | | 212-449-6993 | | | | | | | |
| Counsel to Mechanics' and Materialsmens' lienholders incorporated, the "M&M Lienholders" | Gordon Silver | Thomas H Fell Gregory E Garman | 3960 Howard Hughes Pkwy 9th Fl | | Las Vegas | NV | 89169 | | 702-796-5555 | 702-369-2666 | | DN 152 | Core/2002 | | June 23, 2009 | | |
| Counsel to Barclays Bank PLC, Deutsche Bank Trust Company Americas, JPMorgan Chase Bank NA, and Royal Bank of Scotland PLC | Greenberg Traurig PA | Mark Bloom | 1221 Brickell Ave | | Miami | FL | 33131 | | 305-579-0500 | 305-579-0717 | [illegible] | DN 59 | Core/2002 | | June 15, 2009 | ECF | x |
| Counsel for the Steering Committee of the Term Loan Facility | Hennigan Bennett & Dorman LLP | Bruce Bennett | 865 South Figueroa Street | Ste 2900 | Los Angeles | CA | 90017 | | 213-694-1012 | 213-694-1234 | [illegible] | | MSL | | June 30, 2009 | updated email via DN 52 | |
| Counsel to Johnson Controls Inc | Holland & Hart LLP | Phil Dabney & Lars K Evensen | 3800 Howard Hughes Pkwy 10th Fl | | Las Vegas | NV | 89169 | | 702-669-4600 | 702-669-4650 | [illegible] | DN 276 | Core/2002 | | July 15, 2009 | | |
| Counsel to the Administrative Agent to the Debtors' prepetition term loan facility | Hunton & Williams | Craig Rasile | 1111 Brickell Avenue Suite 2500 | | Miami | FL | 33131 | | 305-810-2579 | 305-810-2460 | [illegible] | | MSL | | | ECF | x |
| Counsel to Bank of America NA | Hunton & Williams LLP | Craig V Rasile & Kevin M Eckhardt | 1111 Brickell Avenue Suite 2500 | | Miami | FL | 33131 | | 305-810-2500 | 305-810-1689 | [illegible] | DN 36 | Core/2002 | | | | |
| Counsel for IKON Financial Services | IKON Financial Services | Bankruptcy Administration | 1738 Bass Road | PO Box 13708 | Macon | GA | 31208-3708 | | 800-480-6513 | | | DN 241 | Core/2002 | | July 7, 2009 | | |
| IKON Office Solutions | IKON Office Solutions | Recovery & Bankruptcy Group | 3920 Arkwright Rd Ste 400 | | Macon | GA | 31210 | | | | | POC 80 | Core/2002 | | 7/31/2009 | added to MSL per lwc | |
| IRS | Internal Revenue Service | Centralized Insolvency Operation | 11601 Roosevelt Blvd Mail Drop N781 | | Philadelphia | PA | 19255 | | 800-913-9358 | 215-516-2015 | | | MSL | | | | |
| Counsel to the Indenture Trustee to the Debtors' 10.25% Second Mortgage Notes | Jones Day | Stacey N Lefont | 222 East 41st Street | | New York | NY | 10017-6702 | | 212.326.3745 | 212.755.7306 | [illegible] | | MSL | | | | |
| Counsel to the Bank of Scotland plc | Katten Muchin Rosenman LLP | Kenneth E Noble & Camille G Fesche | 575 Madison Ave | | New York | NY | 10022-2585 | | 212-940-8419 | 212-894-5653 | [illegible] | DN 58 | Core/2002 | | June 15, 2009 | | |
| Member of Creditors Committee | Kelley II LLC d b a Kelley Technologies | c o Brooks Pickering President & CEO | 5625 Arville Street Unit D | | Las Vegas | NV | 89118 | | 702-889-8777 | 702-889-8237 | [illegible] | 97 | MSL | | | | |
| Counsel to Apollo Investment Fund VII, LP | Kozyak Tropin & Throckmorton PA | John W Kozyak David L Rosendorf | 2525 Ponce de Leon 9th Fl | | Coral Gables | FL | 33134 | | 305-372-1800 | 305-372-3508 | [illegible] | DN 178 | Core/2002 | | June 26, 2009 | | |
| Counsel to US Bank National Association | Maslon Edelman Borman & Brand LLP | c o Clark T Whitmore | 3300 Wells Fargo Center | 90 S Seventh St | Minneapolis | MN | 55402 | | 612-672-8335 | 612-642-8335 | [illegible] | DN 198 | MSL | | June 26, 2009 | | |
| Counsel to Adamolt Specialty Company Inc | Markowitz Davis Ringel & Trusty PA | Ross R Hartog | 9130 So Dadeland Blvd Ste 1225 | | Miami | FL | 33156-7849 | | 305-670-5000 | 305-670-5011 | [illegible] | DN 176 | Core/2002 | | June 24, 2009 | | |
| Counsel to JPRA Architects; Tracy & Ryder Landscape, Inc.; Quality Cabinet & Fixture Company; Zetlen Systems, Inc.; Z Glass, Inc.; Darr and Gruenwald Construction Co.; Graybar Electric Company, Inc.; and Water FX LLC | May Meacham & Davell PA | Robert C Meacham | One Financial Plz Ste 2602 | | Ft Lauderdale | FL | 33394 | | 954-763-6006 | | | DN 168 | Core/2002 | | June 23, 2009/ Modified Jul | ECF | x |
| Counsel to Sumitomo Mitsui Banking Corporation | Mayer Brown LLP | Jean Marie L Atamian & Jason I Kirschner | 1675 Broadway | | New York | NY | 10019 | | 212-506-2500 | 212-262-1910 | [illegible] | DN 74 | Core/2002 | | June 16, 2009 | | |
| Counsel for Southwest Gas Corporation | McDonald Carano Wilson LLP | Kaaran E Thomas | PO Box 2670 | | Reno | NV | 89505 | | 775-788-2000 | 775-788-2020 | [illegible] | DN 244 | Core/2002 | | July 7, 2009 | | |
| Swap Creditors | Merrill Lynch World Headquarters | Swaps Group | 4 World Financial Center 18th Fl | | New York | NY | 10080 | | 212-449-2467 | 917-778-0836 | [illegible] | | MSL | | | | |
| Member of Creditors Committee | Mid Bar North America Inc | c o Anthony Joseph Yorano President & CEO | 7430 Westmore Rd | | Rockville | MD | 20850 | | 301-354-5061 | 301-309-1115 | [illegible] | 97 | MSL | | | | |
| Counsel to Colossal Specialty Services Inc | Paul Joseph McMahon PA | Paul J McMahon | The Weatherall Bldg | 2840 SW Third Ave | Miami | FL | 33129 | | 305-285-1222 | 305-858-4864 | [illegible] | DN 315 | Core/2002 | | July 23, 2009 | | |
| Member of Creditors Committee | Paul Steelman Design Group | c o Matt Mahaney General Counsel | 3330 West Desert Inn Rd | | Las Vegas | NV | 89102 | | 702-873-0221 | 702-367-0724 | [illegible] | 97 | MSL | | | | |
| Counsel for Colossal Specialty Services Inc | Packar & Abramson | | 401 E Las Olas Blvd Ste 1800 | | Ft Lauderdale | FL | 33131 | | 954-764-5222 | 954-764-5228 | [illegible] | DN 311 | Core/2002 | | June 23, 2009 | | |
| Counsel to H&H Nordbank AG, New York Branch | Rice Pugatch Robinson & Schiller PA | Arthur Halsey Rice | 101 Northeast Third Ave Ste 1800 | | Ft Lauderdale | FL | 33301 | | 305-379-3121 | 954-462-4300 | [illegible] | DN 131 | Core/2002 | | June 23, 2009 | ECF | x |
| Counsel for Moody's Investors Service | Satterlee Stephens Burke & Burke LLP | Christopher R Belmonte & Pamela A Bosswick | 230 Park Ave | | New York | NY | 10169 | | 212-818-9200 | 212-818-9606 | [illegible] | DN 379 | Core/2002 | | August 5, 2009 | | |
| SEC | Securities & Exchange Commission | David Nelson Regional Director | Miami Regional Office | 801 Brickell Ave Suite 1800 | Miami | FL | 33131 | | | | | | MSL | | | | |
| Counsel to Bank of America NA | Sheppard Mullin Richter & Hampton LLP | Alan H Martin | 650 Town Ctr Dr 4th Fl | | Costa Mesa | CA | 92626 | | 714-513-5100 | 714-513-5130 | [illegible] | DN 53 | Core/2002 | | updated June 24, 2009 | | x |
| Counsel to Bank of America NA | Sheppard Mullin Richter & Hampton LLP | Kyle Mathews | 333 South Hope Street | 48th Fl | Los Angeles | CA | 90071-1448 | | 213-620-1780 | 213-620-1398 | [illegible] | DN 53 | Core/2002 | | updated June 24, 2009 | | x |
| Counsel to the Administrative Agent to the Debtors' prepetition term loan facility | Sheppard Mullin Richter & Hampton LLP | William M Scott IV | 333 South Hope Street | 48th Fl | Los Angeles | CA | 90071 | | 213-617-4276 | 213-620-1398 | [illegible] | | MSL | | updated June 24, 2009 | | x |
| Counsel to Mechanics' and Materialsmens' lienholders incorporated, the "M&M Lienholders" | Shraiberg Ferrara & Landau PA | Philip J Landau | 2385 NW Executive Ctr Dr No 300 | | Boca Raton | FL | 33431 | | 561-443-0802 | 561-998-0047 | [illegible] | DN 132 | Core/2002 | | June 23, 2009 | ECF | x |
| Counsel to Sumitomo Mitsui Banking Corporation | Shutts & Bowen LLP | Robert Fracasso | 201 S Biscayne Blvd | 1500 Miami Center | Miami | FL | 33131 | | 305-379-9102 | 305-347-7802 | [illegible] | DN 74 | Core/2002 | | June 16, 2009 | ECF | x |
| Counsel to Barclays Bank PLC, Deutsche Bank Trust Company Americas, JPMorgan Chase Bank NA, and Royal Bank of Scotland PLC | Simpson Thacher & Bartlett LLP | Thomas C Rice David J Woll Sandeep Qusba | 425 Lexington Ave | | New York | NY | 10017 | | 212-455-2000 | 212-455-2502 | [illegible] | DN 60 | Core/2002 | | June 15, 2009 | | |
| Counsel for US Bank NA | Squire Sanders & Dempsey LLP | Tina M Talarchyk | 1900 Phillips Point W | 777 S Flagler Dr | West Palm Beach | FL | 33401-6198 | | 561-650-7261 | 561-655-1509 | [illegible] | DN 262 | Core/2002 | | July 13, 2009 | | |
| Florida Department of Revenue | State of Florida Dept of Revenue | Bankruptcy Section | Joel S Knee Assistant General Counsel | 6565 Taft Street Ste 400 | Hollywood | FL | 33024-4044 | | 954-967-1060 | 954-967-1064 | [illegible] | | MSL | | | | |
| Florida Department of Revenue | State of Florida Dept of Revenue | Bankruptcy Section | PO Box 6668 | | Tallahassee | FL | 32314-6668 | | | | | | MSL | | | | |
| Counsel to Bank of Scotland plc | Stearns Weaver Miller Weissler Alhadeff & Sitterson PA | Harold D Moorefield Jr | Museum Tower Ste 2200 | 150 W Flagler St | Miami | FL | 33130 | | 305-789-3467 | 305-789-2624 | [illegible] | DN 65 | Core/2002 | | June 16, 2009 | ECF | x |
| Counsel to Garces Restaurant Group LLC | Taylor Colicchio & Silverman LLP | c o Robert W Keddie III | 502 Carnegie Ctr Ste 103 | | Princeton | NJ | 08540 | | | 609-987-0070 | | DN 350 | Core/2002 | | July 30, 2009 | | |
| United States Trustee | United States Trustee | Donald F Walton | 51 SW First Ave Rm 1204 | | Miami | FL | 33130 | | 305-536-7285 | 305-536-7360 | | | MSL | | | | |
| Counsel for Fisk Electric Company | Weiss Serota Helfman Pastoriza Cole & Boniske PL | 2525 Ponce de Leon Blvd Ste 700 | | | Coral Gables | FL | 33134 | | 305-854-0800 | 305-854-2323 | | DN 307 | Core/2002 | | July 23, 2009 | | |
| Indenture Trustee to the Debtors' 10.25% Second Mortgage Notes / Member of Creditors Committee | Wells Fargo Bank as Indenture Trustee | c o Thomas Korsman Vice President | MAC 9311-110 | 625 Marquette Avenue | Minneapolis | MN | 55479 | | 612-446-5890 | 612-667-9825 | [illegible] | | MSL | | | | |
| Counsel to Minibar Systems and Minibar NA Inc | Whiteford Taylor Preston LLP | Thomas J Francella Jr | 1220 N Market St Ste 608 | | Wilmington | DE | 19801-2535 | | 302-353-4144 | 302-661-7950 | [illegible] | DN 177 | Core/2002 | | June 24, 2009 | | |
| Counsel for Cemex Construction Materials Florida LLC | WinderWeedle Haines Ward & Woodman PA | 390 N Orange Ave Ste 1500 | PO Box 1391 | | Orlando | FL | 32802-1391 | | 407-423-4246 | 407-423-7014 | | DN 291 | Core/2002 | | July 23, 2009 | | |
| Counsel to Fidelity National Title Insurance Company, Lawyers Title Insurance Corporation, Commonwealth Land Title Insurance Company, Transnation Title Insurance Company, and First American Title Company | Tew Cardenas LLP | David M Levine | Four Seasons Tower | 1441 Brickell Ave 15th Fl | Miami | FL | 33131 | | 305-536-1112 | 305-536-1116 | [illegible] | DN 405 | Core/2002 | | August 17, 2009 | | |
| Counsel for Southern Nevada Painters Trust Funds and Southern Nevada Glaziers Trust Funds | Christensen James & Martin | Kevin B Christensen Sara D Cope | 7440 W Sahara Ave | | Las Vegas | NV | 89117 | | 702-255-1718 | 702-255-0871 | [illegible] | DN 446 and 447 | Core/2002 | | August 26, 2009 | | |
| Counsel for Young Electric Sign Company (YESCO) | Shea & Carlyon Ltd | Candace C Carlyon Shlomo S Sherman | 701 Bridger Ave Ste 850 | | Las Vegas | NV | 89101 | | 702-471-7432 | 702-471-7435 | [illegible] | DN 351 | Core/2002 | | August 27, 2009 | | |
| Attorneys for Insulpro Projects, Inc. | Dobberstein & Associates | Eric Dobberstein | 8965 S Eastern Ave Ste 280 | | Las Vegas | NV | 89123 | | 702-382-4002 | | [illegible] | DN 455 | Core/2002 | | August 31, 2009 | | |
| Counsel to Ahern rentals Inc; OED Inc and superior Tile & Marble, Inc | Ahern OED and STM | c o Dixon Truman Fisher & Clifford | Attn Robin E Perkins | 221 N Buffalo Dr Ste A | Las Vegas | NV | 89145 | | | | [illegible] | DN 466 | Core/2002 | | September 3, 2009 | | |
| Counsel for Mechanical Systems West Inc | Gamberg & Abrams | Jay M Gamberg | 4000 Hollywood Blvd Ste 350 N | | Hollywood | FL | 33021 | | 954-981-4411 | 954-966-6259 | | DN 463 | Core/2002 | | September 1, 2009 | | |
| Counsel for Republic Tower & Hoist LLC; Republic Crane Service LLC and American Crane & Hoist LLC | Slatkin & Reynolds PA | Robert F Reynolds | One E Broward Blvd Ste 609 | | Ft Lauderdale | FL | 33301 | | 954-745-5880 | 954-745-5890 | [illegible] | DN 505 | Core/2002 | | | | |