UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                             Chapter 11

FONTAINEBLEAU LAS VEGAS
HOLDINGS, LLC, ET AL.,[1]                          Case No.  09-21481-BKC-AJC

            Debtors.                               (Jointly Administered)
_____/

**MOTION BY DEBTORS PURSUANT TO SECTION 365(D)(4) OF THE BANKRUPTCY CODE FOR AN ORDER EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

**(Hearing Requested on October 5, 2009 at 2:00 pm)**

Fontainebleau Las Vegas Holdings, LLC ("Resort Holdings"), Fontainebleau Las Vegas, LLC ("Resort") and Fontainebleau Las Vegas Capital Corp. ("Capital"; and, together with Resort Holdings and Resort, the "Debtors"), debtors and debtors-in-possession in the above-captioned chapter 11 cases, by and through undersigned counsel, hereby file this motion (the "Motion") for entry of an order pursuant to section 365(d)(4) of the Bankruptcy Code granting a ninety (90) day extension of the period in which to assume or reject the Unexpired Leases (as defined below).  In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.     The Court has jurisdiction to consider this Motion and to grant the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. § 1408.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] The last four digits of each Debtor's tax identification number are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp. [7822].  The Debtors' current mailing address is 19950 West Country Club Drive, Aventura, Florida  33180.

2.      The statutory predicate for the relief requested herein is section 365(d)(4) of the Bankruptcy Code.

## RELIEF REQUESTED

3.      By this Motion, the Debtors seek the entry of an order substantially in the form attached hereto as Exhibit A granting a ninety (90) day extension of the deadline for the Debtors to assume or reject unexpired nonresidential real property leases in which the Debtors are the lessee[2] (collectively, the "Unexpired Leases") through and including January 5, 2010. The current deadline for the Debtors to assume or reject the Unexpired Leases is October 7, 2009. The relief requested is not intended to apply to any Unexpired Lease that the Court has previously authorized the Debtors to reject or that the Debtors have sought to reject via separate motion. The extension sought is without prejudice to the rights of the Debtors to seek the assumption or rejection of any Unexpired Leases or further extensions of the time to assume or reject the Unexpired Leases. As evidenced below, the Debtors submit that sufficient cause exists to warrant the requested extension.

## BACKGROUND

4.      On June 9, 2009 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The chapter 11 cases are being administered jointly pursuant to the *Order Jointly Administering Debtors' Chapter 11 Cases* [D.E. 10] pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1(B).

5.      Each of the Debtors continues to operate its business and manage its financial affairs and possessions as a debtor in possession pursuant to §§ 1107(a) and 1108 of the

---

[2] The Debtors' believe that the requested extension implicates three Unexpired Leases.

2

Bankruptcy Code. No trustee or examiner has been appointed in these cases. An Official Committee of Unsecured Creditors (the "Committee") was appointed on June 17, 2009 [D.E. 97].

6. Until recently, the Debtors were actively engaged in ongoing construction and development of "Fontainebleau Las Vegas," conceived as a signature "Tier A" casino hotel resort with gaming, lodging, convention and entertainment amenities (the "Project"). Upon completion of construction, the Debtors anticipate that the Project will support 6,000 full-time jobs at the Project and 2,000 additional jobs elsewhere in Las Vegas.

7. The Project is situated on approximately 24.4 acres at the sites of the former El Rancho Hotel and Algiers Hotel on the north end of the Las Vegas Strip. The current plans for the Project include a 63-story glass skyscraper, featuring, among other things: (a) approximately 3,815 stylishly furnished guest rooms;[3] (b) an approximately 100,000 square-foot casino with an approximately 40-foot tall ceiling, featuring 1,700 slot machines, 125 table games, a 14-table poker room and a race and sports book; (c) approximately 394,000 square feet of class "A" convention, meeting and pre-function space; (d) an approximately 60,000 square-foot state-of-the-art spa; (e) a rooftop pool; and (f) a state-of-the-art theater featuring live entertainment and shows. At the time that construction of the Project was reduced to a stabilization effort as a result of the unjustified failure of certain of the Debtors' lenders to fulfill their loan commitments, the Project was approximately 70% complete.

---

[3] Original plans for the Project included 933 luxury hotel-condominium suites. The Debtors have determined that market conditions are so highly unfavorable at the present time that the sale of hotel-condominium suites is not desirable. The Debtors may reincorporate hotel-condominiums in the Project if market conditions become more favorable in the future.

**The Debtors' Continuing Efforts to Reorganize**

8. The Debtors and their professionals have been engaged in a marketing process of the Project.

9. As the Court is aware, the litigation involving the revolver lenders (the "<u>Revolver Litigation</u>") and parallel court-ordered meditation have been a principal focus of these bankruptcy cases since the Petition Date.

10. As a result of the District Court's August 25, 2009 order that denied the Debtors' request for summary judgment against the defendants in the Revolver Litigation, it seems less likely that the mediation process will result in a global resolution. Thus, both the Debtors have been intensely focused on forging a transaction to facilitate completion of the Project independent of resolution of the Revolver Litigation.

11. These discussions are encouraging. The Debtors have been negotiating draft term sheets for debtor-in-possession financing and for a sale transaction.

12. While the Debtors and their professionals continue to work toward a transaction with all deliberate speed, the sale of the Project represents an exceedingly complex transaction which is further complicated by the condition of the credit markets.

<u>**BASIS FOR RELIEF**</u>

13. Section 365(d)(4)(A) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor may assume or reject unexpired leases of nonresidential real property under which the debtor is the lessee. *See* 11 U.S.C. § 365(d)(4)(A). Section 365(d)(4)(B) of the Bankruptcy Code further provides that:

> (B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

4

        (ii)    If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4)(B).

14. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Unexpired Leases will be deemed rejected on October 7, 2009, unless (i) the Unexpired Leases are assumed on or prior to October 7, 2009, (ii) the Unexpired Leases are rejected on or prior to October 7, 2009, or (iii) the time within which the Debtors may decide to assume or reject the Unexpired Leases is extended pursuant to section 365(d)(4) of the Bankruptcy Code.

15. The term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code, nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the initial 120 day period. However, courts generally consider the following non-exclusive factors to determine "cause" for purposes of section 365(d)(4):

    (a)    whether the debtor is paying for the use of the property;
    (b)    whether the debtor's continued occupation … could damage the lessor beyond the compensation available under the Bankruptcy Code;
    (c)    whether the debtor has had time to intelligently appraise its financial situation and the potential value of its assets in terms of the formulation of a plan;
    (d)    whether the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization; or
    (e)    whether the case is complex and involves large numbers of leases.

*See In re Burger Boys*, 94 F.3d 755,761 (2d Cir. 1996); *see also In re Mercedes Homes Inc.*, Case No. 09-11191 (PGH) (Bankr. S.D. Fla. June 1, 2009) (order granting debtor's motion to extend time to assume or reject unexpired leases of nonresidential real property); *In re TOUSA, Inc.*, Case No. 08-10928 (JKO) (Bankr. S.D. Fla. May 12, 2008) (same); *In re Keith Eickert Power Prods., LLC*, No. 03-05234 (Bankr. M.D. Fla. Aug. 28, 2003) (same).

5

16. Where the initial period to assume or reject unexpired leases has proven to be inadequate, bankruptcy courts in this district have routinely extended such periods. *See e.g. In re Mercedes Homes Inc.*, Case No. 09-11191 (PGH) (Bankr. S.D. Fla. June 1, 2009); *see also In re TOUSA, Inc.*, Case No. 08-10928 (JKO) (Bankr. S.D. Fla. May 12, 2008) (same)

**CAUSE EXISTS TO GRANT THE RELIEF REQUESTED**

17. Based on application of the aforementioned factors, the Debtors submit that cause exists to grant them a ninety (90) day extension under section 365(d)(4).

18. The Debtors have timely paid postpetition rent for the use of the property leased pursuant to the Unexpired Leases at the applicable lease rates set forth in such Unexpired Leases, or in such other amount consented to by the applicable landlord. Pending the Debtors' election to assume or reject the Unexpired Leases, the Debtors intend on performing all of their undisputed obligations arising after the Petition Date, including the payment of postpetition rent, in a timely fashion to the extent required by section 365(d)(3) of the Bankruptcy Code. Accordingly, the Debtors' proposed extension of the time to assume or reject the Unexpired Leases should not prejudice the lessors that are party to the Unexpired Leases.

19. In light of the myriad complex and time consuming issues the Debtors have been faced with since the Petition Date, it would not be prudent for the Debtors to make any determinations concerning the assumption or rejection of the Unexpired Leases on or before October 7, 2009. Since the Petition Date, the Debtors have focused on an exit strategy from chapter 11, including significant efforts to secure funding to continue construction of the Project and to secure a buyer for the Project.

20. The Unexpired Leases include properties that serve various functions in the Debtors' day-to-day operations including offices for the Debtors' employees, warehousing of

6

materials, and models and markups of the Project.  The Debtors submit that they are still in the process of determining what role, if any, each of the Unexpired Leases will play in the Debtors' bankruptcy cases on a going-forward basis.  The Debtors believe the consummation of a transaction is more likely if the Debtors' assets include the Unexpired Leases.  Indeed, a prospective purchaser has specifically requested that the Debtors' maintain one of its Unexpired Leases.

21.     If the 90-day extension requested by the Debtors is not granted, the Debtors would have to decide which Unexpired Leases to assume and reject before the contours of a transaction have been better defined.  Such a decision is likely to be improvident under those circumstances, since the Debtors would not be certain which Unexpired Leases are essential to a successful transaction.  The Debtors would then be faced with a Hobson's choice of rejecting the Unexpired Leases that were later deemed to be critical to a transaction, or assuming the Unexpired Leases that are subsequently determined to be non-essential to their going forward business, which could create unnecessarily large administrative claims.

22.     Simply stated, the Debtors need additional time to make informed decisions concerning the assumption or rejection of the Unexpired Leases in order to facilitate the process that is underway.  The Debtors should not be forced to incur administrative claims or reject what may prove to be valuable and/or necessary assets before the Debtors have had a full opportunity to explore their options with respect to the Unexpired Leases in the context of an overall plan or sale process.  The Debtors submit that this extension is necessary to preserve the value of the Debtors' interest in the Unexpired Leases, and to facilitate their reorganization efforts.

23.     Consequently, the Debtors submit that cause exists for the Court to extend the time within which the Debtors may assume or reject any of the Unexpired Leases for ninety (90)

days through and including January 5, 2010, without prejudice to the Debtors' right to seek further extensions of such deadline, as provided in section 365 of the Bankruptcy Code.

## NOTICE

24.     Notice of this Motion has been given to (a) the Office of the United States Trustee, (b) counsel to the Committee, (c) all counterparties to known Unexpired Leases, (d) counsel to the Prepetition Agent; (e) counsel to Term Lenders who have made an appearance in this bankruptcy case; (f) counsel to Bank of America, N.A. in all of its capacities under the Debtors' loan documents and as an individual Revolving Lender; (g) counsel to the Trustee for the Second Mortgage Notes; and (h) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

25.     In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

26.     No previous motion for the relief sought herein has been made to this or to any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion in all respects, and grant such other and further relief as is just and proper.

Dated:  September 25, 2009.

Respectfully submitted,

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

8

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
*Counsel for the Debtors*
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

By: /s/  Scott L. Baena
    Scott L. Baena
    Fla. Bar No. 186445
    sbaena@bilzin.com
    Jay M. Sakalo
    Fla. Bar No. 0156310
    Jason Z. Jones
    Fla. Bar No. 186554
    jjones@bilzin.com

**EXHIBIT A**

Case 09-21481-AJC    Doc 603    Filed 09/25/09    Page 10 of 13

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC, ET AL.,[1] | Case No.  09-21481-BKC-AJC |
| Debtors. _____/ | (Jointly Administered) |

**[PROPOSED] ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 365(D)(4) OF THE BANKRUPTCY CODE FOR AN ORDER EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL <u>REAL PROPERTY</u>**

Upon consideration of the motion [D.E. # ___] (the "<u>Motion</u>") of Fontainebleau Las Vegas Holdings, LLC ("<u>Resort Holdings</u>"), Fontainebleau Las Vegas, LLC ("<u>Resort</u>") and Fontainebleau Las Vegas Capital Corp. ("<u>Capital</u>"; and, together with Resort Holdings and Resort, the "<u>Debtors</u>"), for entry of an order pursuant to section 365(d)(4) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") for an extension of the period within which the

---

[1] The last four digits of each Debtor's tax identification number are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp. [7822].  The Debtors' current mailing address is 19950 West Country Club Drive, Aventura, Florida  33180.

2

Debtors may assume or reject their unexpired leases of nonresidential real property in which the Debtors are the lessee (collectively, the "<u>Unexpired Leases</u>"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion will benefit the Debtors' estates, their creditors and all other parties in interest; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is ORDERED that:

1. The Motion is GRANTED.

2. The time within which the Debtors must assume or reject the Unexpired Leases pursuant to section 365(d)(4) of the Bankruptcy Code is hereby extended an additional 90 days, through and including January 5, 2010.

3. The extension granted herein is without prejudice to the Debtors' right to seek further extension(s).

4. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

# # #

Submitted by:

Jason Z. Jones (Florida Bar No. 186554)
Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

Copies to:

Jason Z. Jones, Esq.
(Attorney Jones shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)