CGFA1 (9/19/08)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

Case Number: 09–21481–AJC

Chapter: 11

**In re:**  *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Fontainebleau Las Vegas Holdings, LLC
fka Turnberry/Las Vegas Boulevard, LP, fka Turnverry/Las
Vegas Boulevard, Inc.
c/o Howard C. Karawan, CRO
19950 West Country Club Drive
Aventura, FL 33180

EIN: 52–2239337

# Clerk's Certificate of Mailing of Notice of Appeal

To:

Office of the U.S. Trustee, Room 1204 Claude Pepper Federal Bldg 51 SW 1st Ave Miami FL 33130

Robert P Charbonneau
800 Brickell Ave #902
Miami, FL 33131

Daniel Gold
800 Brickell Ave #902
Miami, FL 33131

Philip J Landau
2385 NW Executive Center Dr #300
Boca Raton, FL 33431

Gregory E. Garman
3960 Howard Hughes Pkwy 9th Fl
Las Vegas, NV 89169

Thomas H Fell
3960 Howard Hughes Pkwy 9th Fl
Las Vegas, NV 89169

Scott Baena
200 S Biscayne Blvd #2500
Miami, Fl 33131

Jay Sakalow
200 S Biscayne Blvd #2500

Miami, Fl 33131

Mindy Mora
200 S Biscayne Blvd #2500
Miami, Fl 33131

Michael Goldberg
1 SE 3 Ave 25th Fl
Miami, FL 33131

James H Fierberg
1 SE 3 Ave 25th Fl
Miami, FL 33131

Bruce Bennett
865 Figueroa St #2900
Los Angeles, CA 90017

Susheel Kirpalani
51 Madison Ave 22nd Fl
New York, NY 10010

Scott C Shelley
51 Madison Ave 22nd Fl
New York, NY 10010

Eric Winston
865 S Figueroa St 10th Fl
Los Angeles, CA 90017

Bast Amron
1 SE 3rd Ave #1440
Miami, FL 33131

Paul Battista
100 SE 2 St 44th Fl
Miami, FL 33131

Glenn D Moses
100 SE 2 St 44th Fl
Miami, FL 33131

Michael Viscount
1301 Atlantic Ave #400
Atlantic City, NJ 08401

Joshua T Klein
1301 Atlantic Ave #400
Atlantic City, NJ 08401

Robert C. Meacham
1 Financial Plaza #2602
Ft Lauderdale, FL 33394

Ross R Hartog
2 Datran Ctr #1225
9130 S Dadeland Blvd
Miami, FL 33156

Richard J Bernard
45 Rockefeller Plaza
New York, NY 10111

Eric S Golden
200 S Orange Ave

Sun Trust Ctr #2300
Orlando, FL 32801

Andrew A Kress
425 Park Ave
New York, NY

Arthur H Rice
101 NE 3rd Avd #1800
Ft Lauderdale, FL 33301

Harold D Morrefield Jr
150 W Flagler St #2200
Miami, FL 33130

Kenneth E Noble
575 Madison Ave
New York, NY 10022–2585

Kevin B. Christensen
7440 W Sahara Ave
Las Vegas, NV 89117

Sara D Cope
7440 W Sahara Ave
Las Vegas, NV 89117

Robin E. Perkins
221 N Buffalo Dr #A
Las Vegas, NV 89145

Thomas D Lumpkin II
6258 SW 99 Terr
Pinecrest, Fl 33146–3345

Michael R Mushkin
4475 S Pecos Rd
Las Vegas, NV 89121

Eric Dobberstein
8965 S Eastern Ave #280
Las Vegas, NV 89123

Carla M Barrow
2525 Ponce De Leon Blvd #700
Coral Gables, FL 33134

Mitchell A Bierman
2525 Ponce De Leon Blvd #700
Coral Gables, FL 33134

Brian Behar
2999 NE 191 St 5th Fl
Aventura, FL 33180

Becky A Pintar
3993 Howard Hughes Parkway #530
Las Vegas, NV 89169


        I hereby certify, that pursuant to Bankruptcy Rule 8004, a copy of the attached
Notice of Appeal filed on 9/24/09 was mailed on **10/1/09** to the above named parties.

Dated:<u>9/29/09</u>

**CLERK OF COURT**
By: Susan Gutierrez
Deputy Clerk (305) 714–1800


*Enclosures:*  *Clerk's Instructions for Appeals*
*Appeal Information Sheet*
*Copy of Appeal*


*Page 1 of 10*


# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov


## CLERK'S INSTRUCTIONS FOR APPEALS


Within 10 days after filing the notice of appeal or entry of an order disposing of the last timely motion of a type specified in Bankruptcy Rule 8002(b) (whichever is later), or entry of an order by the District Court granting leave to appeal, the appellant shall file with the clerk of the bankruptcy court a designation of the items to be included in the record on appeal and a statement of issues to be presented (Bankruptcy Rule 8006). **Failure to timely file this designation may result in dismissal of the appeal pursuant to this court's Local Rule 8006–1(A) and Local Rule 87.4(B), United States District Court, Southern District of Florida.** The designation shall include the title and docket number of each paper designated.


1. Within 10 days after the service of the designation and the statement of issues the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal, and if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of issues to be presented on the cross appeal, and a designation of additional items to be included in the record. The appellee's designation shall include the title and docket number of each additional item designated.


2. If any transcripts of untranscribed proceedings are designated by a party, that party shall immediately, upon the filing of the designation, order the transcript(s) from the court reporter and make satisfactory arrangements for payment of its costs. <u>All transcript orders must be made on the local form "Appeal Information Sheet" enclosed for this purpose, and a copy filed with the clerk at the time of filing the designation (Bankruptcy Rule 8006)</u> . On receipt of a request for a transcript, the reporter shall complete the Reporter's Acknowledgment and file a copy with the clerk (Bankruptcy Rule 8007). [See also Administrative Order 07–05.]


3. When the record is complete for purposes of the appeal, the bankruptcy clerk will electronically transmit the record to the clerk of the district court. Once the record has been transmitted to the district court, any subsequently filed document relating to the appeal must be filed in the district court.

4.    Motions For Leave To Appeal (Bankruptcy Rule 8003). The clerk will electronically transmit the motion, notice of appeal and any answer to the clerk of the district court as soon as all parties have filed answers or the time for filing an answer has expired. The designation and statement of the issues should not be filed with the clerk of the bankruptcy court as required under Bankruptcy Rule 8006, until entry of an order by the district court granting leave to appeal (Local Rule 8003–1(B)).

*Page 2 of 10*

**The following U.S. Bankruptcy Court, SDFL Local Rules pertaining to appeals have been reproduced to assist you in preparing your appeal.**

**Rule 8001–1. Notice of Appeal. Required Content and Fee.** A notice of appeal shall contain the title and date of the order being appealed and shall be accompanied by a copy of the order being appealed and the prescribed fee. A separate notice of appeal and filing fee is required for each order being appealed other than appeals of an order and subsequent orders entered relating to the underlying order or judgment. If the prescribed fee does not accompany the notice of appeal, upon service by the clerk of a fee due notice, the appeal shall be dismissed by this court as authorized by District Court Local Rule 87.4(B).

> 2008 Amendment: Amended to clarify that clerk serves a fee due notice.

**Rule 8002–1. Time for Filing Notice of Appeal.**

**(A)    Dismissal of Untimely Appeal.** A notice of appeal filed after the time period specified in Bankruptcy Rule 8002 will be dismissed by this court as authorized by District Court Local Rule 87.4(B).

**(B)    Premature Appeal.** If a notice of appeal is filed after the announcement of a ruling by the court but before entry on the docket of the written judgment, order, or decree, the notice will be docketed but not served in accordance with Bankruptcy Rule 8004. Once the judgment is entered on the docket, the notice of appeal will be served by the clerk, noting the date the judgment was entered on the docket as the filing date of the notice of appeal.

**Rule 8003–1. Motions for Leave to Appeal.**

**(A)    Fee Required.** A motion for leave to appeal shall be accompanied by the prescribed filing fee. A motion for leave to appeal not accompanied by the fee shall be dismissed by this court after service of notice by the clerk of the fee requirement, as authorized by District Court Local Rule 87.4(B).

**(B)    No Designation Required Until Leave to Appeal Docketed.** The filing deadlines set forth in Bankruptcy Rule 8006 shall not begin until the district court order granting the motion is docketed in the bankruptcy court. Within five business days from the entry of the district court order granting a motion for leave to appeal, the appellant shall pay the prescribed appellate docketing fee to the clerk of the bankruptcy court.

*[Comment: See "Clerk's Instructions for Appeals".]*

**Rule 8005–1. Motions for Stay.** Motions for stay which request relief from the District Court must be filed directly with the district court in accordance with District Court Local Rule 87.4(C). If a stay has been granted by the district court it shall be incumbent upon the movant to immediately file a copy of the district court ruling with the clerk of the bankruptcy court.

*[Comment: See Local Rule 7069–1(F). (Writs shall issue absent entry of an order granting stay of execution).]*

## Page 3 of 10

**Rule 8006–1. Record and Issues on Appeal.**

(A)   **Dismissal for Failure to File Designation of Record or Statement of Issues.** If the appellant fails to file a designation of record or statement of the issues as required by Bankruptcy Rule 8006, this court shall dismiss the appeal as authorized by District Court Local Rule 87.4(B).

(B)   **Ordering Transcripts.** The Local Form "Appeal Information Sheet" provided by the clerk shall be used to order any untranscribed portion of the record. Charges for transcripts shall be in accordance with the rates adopted by administrative order of this court.

*[Comment: See "Clerk's Instructions for Appeals".]*

> 2008 Amendment: Amended to abrogate local rule requiring copies of the designated items to be submitted within 15 calendar days and dismissing appeal for failure to submit official court copies of designated items, and to reference revised "Clerk's Instructions for Appeals" establishing new procedures for electronic transmittal of record on appeal to the district court; amended to also reference Administrative Order adopting Judicial Conference transcript rates.

**Rule 8011–3. Determination of Motion – Appeal.** A motion to dismiss or other request for intermediate relief as contemplated under Bankruptcy Rule 8007(C), shall be filed directly with the district court in accordance with District Court Local Rule 87.4(C).

**Rule 8011–4. Emergency Motion – Appeal; Request to Expedite Appeal.** Bankruptcy appeals requiring expeditious treatment by the district court shall be brought to the attention of the clerk of the bankruptcy court by filing the Local Form "Request to Expedite Appeal" at any time prior to transmittal of the record. This request shall be brought to the attention of the clerk of the district court by the clerk of the bankruptcy court upon transmittal of the record on appeal.

**Rule 8014–1. Taxation of Appellate Costs by Clerk; Motion for Fees and Costs.**

(A)   **Authority to Tax Costs.** The clerk shall only tax those costs as permitted by Bankruptcy Rule 8014 and the court's "Guidelines for Taxation of Costs".

**(B)**    **Bill of Costs.** A party eligible for costs shall submit a bill substantially conforming to the Local Form "Bill of Costs". The bill of costs shall be served by the requesting party on all interested parties. The clerk may require the submission of supporting documentation prior to determination of the bill of costs.

**(C)**    **Deadline for Filing.** The bill of costs shall be filed not later than 30 calendar days after entry of the judgment or order of the district court.

*Page 4 of 10*

**(D)**    **Notice to Parties of Costs Taxed by Clerk.** The clerk shall review the bill of costs and enter the amount of costs allowed on the bill. A copy of the bill of costs with the clerk's determination shall be served by the clerk on all interested parties.

**(E)**    **Objection to Taxation of Costs by Clerk.** On an objection served within five business days after entry of the bill of costs, the action of the clerk shall be reviewed by the court.

**(F)**    **Motion for Fees and Costs Not Taxable by Clerk.** Fees and costs which the clerk is not authorized to tax pursuant to subdivision (A), shall be considered only upon motion to the court filed within 30 calendar days after entry of the judgment or order.

*[Comment: See also Bankruptcy Rule 7054 and Local Rule 7054–1 (taxation of costs in adversary proceeding) and 28 U.S.C. §§1920 – 1924.]*

*Page 5 of 10*

**Local Rule 87.4, U.S. District Court, pertaining to bankruptcy appeals has been reproduced to assist you in preparing your appeal.**

**RULE 87.4 BANKRUPTCY APPEALS**

Bankruptcy appeals to the District Court are governed by the Federal Rules of Bankruptcy Procedure, particularly Rules 8001 through 8020, and the Local Rules of the Bankruptcy Court. As is authorized by Federal Rule of Bankruptcy Procedure 8018, those rules are supplemented as follows:

(A)   **Assignment.** *Appeals from orders or judgments entered by the Bankruptcy Court shall generally be assigned in accordance with Local Rule 3.4. Appeals from orders in a bankruptcy case or proceeding in which appeals have been taken from prior orders in the same case or proceeding shall be regarded as similar actions and proceedings under Local Rule 3.8 and it will be the continuing obligation of the Clerk of the District Court and the attorneys of record to comply with Local Rule 3.8.*

(B)   **Limited Authority of Bankruptcy Court to Dismiss Appeals Prior to Transmittal of Record to District Court.** *The Bankruptcy Court is authorized and directed to dismiss an appeal for (1) appellant's failure to pay the prescribed filing fees; (2) failure to comply with the time limitations specified in Federal Rule of Bankruptcy Procedure 8002,; and (3) appellant's failure to file a designation of the items for the record or copies thereof or a statement of the issues as required by Federal Rule of Bankruptcy Procedure 8006, and Local Bankruptcy Rule 8006–1. The Bankruptcy Court is further authorized and directed to hear, under Federal Rule of Bankruptcy Procedure 9006(b), motions to extend the foregoing deadlines and to consolidate appeals which present similar issues from a common record. Bankruptcy Court orders entered under this subsection may be reviewed by the District Court on motion filed in the District Court within ten days after entry of the order sought to be reviewed pursuant to subsection C of this Local Rule.*

(C)   **Motions for Stay and Other Intermediate Requests for Relief.** *Motions for stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005, motions to review Bankruptcy Court orders entered under Federal Rule of Bankruptcy Procedure 9006(b), and other motions requesting intermediate relief as set forth in Federal Rule of Bankruptcy Procedure 8007(c), shall be accepted for filing in the District Court and shall be assigned a miscellaneous memo case number which will apply only to the motion. No filing fee shall be charged in the District Court. The Clerk of the District Court shall immediately notify the Clerk of the Bankruptcy Court of the assigned case number and Judge. When the record on appeal is transmitted it will be assigned a new case number but will be assigned to the same Judge who considered the motion. The movant shall provide copies of any relevant portions of the Bankruptcy Court record necessary for the District Court to rule on the motion. It shall be the duty of the Clerk of the District Court to immediately transmit a copy of the order ruling on said motion to the Clerk of the Bankruptcy Court.*

*Local Rule 7.1 shall apply to motions for stay and other motions seeking intermediate appellate relief from the District Court.*

**(D)** **Motions for Leave to Appeal.** *A motion for leave to appeal shall be filed in the Bankruptcy Court pursuant to Local Bankruptcy Rule 8003–1. Upon transmittal of the motion and related documents to the District Court the matter shall be assigned in the same manner as other miscellaneous motions described in subsection C above.*

*Upon disposition of the motion, the Clerk of the District Court shall immediately transmit a copy of the the District Court order to the Clerk of the Bankruptcy Court. If the motion is granted the Clerk of the Bankruptcy Court will proceed to prepare and transmit the record on appeal. A new District Court case number will be assigned to the appeal but it will be assigned to the same Judge who granted the motion for leave to appeal.*

### Page 6 of 10

**(E)** **Briefs.**

    **(1.)** **Briefing Schedule.** *The briefing schedule specified by Federal Rule of Bankruptcy Procedure 8009, may be altered only by order of the District Court. If the Clerk of the District Court does not receive appellant's brief within the time specified by Federal Rule of Bankruptcy Procedure 8009, and there is no motion for extension of time pending, the Clerk of the District Court shall furnish to the Judge to whom the appeal is assigned a proposed order for dismissal of the appeal.*

    **(2.)** **Length of Briefs.** *Absent prior permission from the District Court, the appellant's initial or principal briefs and the appellee's response or principal brief shall not exceed twenty–five pages in length, and appellant's reply briefs, if any, shall not exceed fifteen pages.*

**(F.)** **Oral Argument.** *Any party requesting oral argument shall make the request within the body of the principal or reply brief, not by separate motion. The setting of oral argument is within the discretion of the District Court.*

**(G.)** **Judgment.** *Upon receipt of the District Court's opinion, the Clerk of the District Court shall enter judgment in accordance with Federal Rule of Bankruptcy Procedure 8016(a), and in accordance with Federal Rule of Bankruptcy Procedure 8016(b), shall immediately transmit to each party and to the Clerk of the Bankruptcy Court a notice of entry together with a copy of the District Court's opinion.*

**(H.)** **Appeal.** *If an appeal remains pending three months after its entry on the District Court docket, the Clerk of the District Court shall advise the Judge of the status of the appeal.*

**(I.)** **Notice.** *The Clerk of the Bankruptcy Court is directed to enclose a copy of this Local Rule with the notice of appeal provided to each party in accordance with Federal Rule of Bankruptcy Procedure 8004. Failure to receive such a copy will not excuse compliance with all provisions of this Local Rule.*

**(J.)** **Court Discretion.** *This Local Rule is not intended to exhaust or restrict the District Court's discretion as to any aspect of any appeal.*

*Former Local Rule 87.2 amended and renumbered as new Local Rule 87.4, effective April 15, 1996; amended effective April 15, 1999; April 15, 2007.*

### Authority

*Former Local Rule 27; (1996) renumbered from Local Rule 87.2 (1993).*

*Comments*

*(1996)A.  This revision clarifies the procedure for assignment of appeals from subsequent orders in a bankruptcy case or proceeding in which there have been appeals of prior orders. The appeals of subsequent orders will be randomly assigned but treated as "similar actions" under Local Rule.*

*B.  This Local Rule has been amended to expand the Bankruptcy Court's authority to dismiss an appeal for the appellant's failure to pay the filing fee required for a notice of appeal and failure to provide copies of every item designated as required by Federal Rule of Bankruptcy Procedure 8006. It also clarifies the means for review of orders entered under Federal Rule of Bankruptcy Procedure 9006(b), by referencing new subsection C below.*

## Page 7 of 10

*C.  This procedure provides a means for litigants to request intermediate relief from the District Court after the notice of appeal has been filed but before the record on appeal is transmitted to the District Court. It also clarifies that no fee will be charged in the District Court for these intermediate requests for relief.*

*This rule further provides for the subsequent assignment of the appeal to the same District Judge. This should conserve judicial resources since, for example, the disposition of a motion for stay pending appeal will usually require the District Judge to become familiar with the issues on appeal.*

*D.  Adds reference to the local bankruptcy rule for filing motions for leave to appeal, provides for assignment in the District Court and clarifies that a new case number will be assigned for the appeal.*

*This rule further provides for the subsequent assignment of the appeal to the same District Judge. This should conserve judicial resources since the disposition of a motion for leave to appeal will usually require the District Judge to become familiar with the issues on appeal.*

*E.  Replaces old Local Rule 87.2.C. Federal Rule of Bankruptcy Procedure 8010(c) provides authority to the District Court to specify different page limits for briefs. This rule supersedes the page limit specified in Federal Rule of Bankruptcy Procedure 8010. This Local Rule also distinguishes the page limitations for bankruptcy appellate briefs from memoranda of law as provided in Local Rule 7.1.C.2.*

*Also, minor stylistic revisions to entire Local Rule.*

*(1999) Amended to reflect renumbered Local Bankruptcy Rules effective December 1, 1998.*

*Page 8 of 10*

**United States Bankruptcy Court**
**Southern District of Florida**
**www.flsb.uscourts.gov**

## APPEAL INFORMATION SHEET

**PART I:**   Appellant's Purchase Order for Transcript:

1.  Debtor's Name:_____

        Case No.:_____

        Judge:_____

        Date Notice of Appeal Filed:_____

        Plaintiff (if applicable):_____

        Defendant (if applicable):_____

        Adversary Case No.:_____

2.  Complete One:

   ☐  No transcript is required for this appeal.

   ☐  All necessary transcripts are already on file with the Bankruptcy Court.

   ☐  Request is hereby made for transcription of the following proceedings:

Hearing Date:_____

Proceeding_____

_____

_____

_____

*Page 9 of 10*

3.   I certify that I have personally contacted the court reporter and that satisfactory financial arrangements have been made for the preparation and filing of the transcript(s).

Ordering Counsel
(or party if not
represented by
Counsel.)

_____
Name of Attorney

_____
Name of Firm (or Individual)

_____
Street Address or P.O. Box

_____
City    State   Telephone No.

Date:_____          Signed:_____

Attorney for:_____

NOTE:   PART I MUST BE COMPLETED AND RETURNED TO THE COURT REPORTER NOT LATER THAN 10 DAYS FROM THE FILING OF THE NOTICE OF APPEAL IN ALL CASES, INCLUDING THOSE FOR WHICH A TRANSCRIPT IS NOT ORDERED.

**PART II:   REPORTER'S ACKNOWLEDGMENT**

1.          The foregoing transcript order received on_____

2.          Satisfactory arrangements ( ) have ( ) have not been made for payment of the transcript cost. These financial arrangements were completed on_____

3.          Estimated completion date_____

Date:_____          Signed:_____

**Court Reporter Name and Address**

**NOTE:** **This form will be provided to parties to an appeal by the clerk's office.**

*Page 10 of 10*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                  Chapter 11

FONTAINEBLEAU LAS VEGAS                                 Case No. 09-21481-BKC-AJC
HOLDINGS, LLC, ET AL.,[1]

        Debtors.                                (Jointly Administered)
_____/

## CONTRACTOR CLAIMANTS CROSS-NOTICE OF APPEAL

Desert Fire Protection, a Nevada Limited Partnership, Bombard Mechanical, LLC,

Bombard Electric, LLC, Warner Enterprises, Inc. d/b/a Sun Valley Electric Supply Co.,

Absocold Corporation d/b/a Econ Appliance, Austin General Contracting, Powell Cabinet and

Fixture Co., Safe Electronics, Inc, and Union Erectors, LLC, who collectively comprise the

Contractor Claimants (the "Contractor Claimants" or "Cross-Appellants"), by and through their

undersigned counsel, and pursuant to 28 U.S.C. § 158(a), Rules 8001 and 8002 of the Federal

Rules of Bankruptcy Procedure, and Rule 8001-1 of the Local Rules for the United States

Bankruptcy Court of the Southern District of Florida, cross-appeal to the United States District

Court for the Southern District of Florida, Architectural Materials, Inc., d/b/a AMI Hospitality,

Inc., and its subsidiary Peregrine Installation Co., Collings Interiors, LLC, Commercial Roofers,

Inc., Door-Ko, Inc., Door & Hardware Management, Inc., Eberhard Southwest Roofing, Inc.,

EIDS Steel Company, LLC, Gallagher-Kaiser Corp., L.A. Nevada, Inc., d/b/a G&G Systems,

JS&S, Inc., LVI Environmental of Nevada, Inc., Marnell Masonry, Inc., Midwest Drywall Co.,

---

[1] *In re Fontainebleau Las Vegas Holdings, LLC*, Case No. 09-21481-BKC-AJC, *In re Fontainebleau Las Vegas, LLC*, Case No. 09-21482-BKC-AJC, and *In re Fontainebleau Las Vegas Capital Corp.*, Case No. 09-21483-BKC-AJC.

Inc., Midwest Pro Painting, Inc., Mechanical Insulation Specialists, Modernfold of Nevada, LLC, Southern Nevada Paving, Inc., Universal Piping, Inc., West Edna & Associates, d/b/a Mojave Electric, W&W Steel LLC of Nevada (the "M&M Lienholders" or "Appellants") *Notice of Appeal* [D.E. # 584] from the ***First Interim Order (1) Authorizing the Nonconsensual Use of Cash Collateral and to (II) Provide Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 363, and 364 of the Bankruptcy Code and (III) Scheduling Final Hearing*** [D.E. # 565] (the "Order"), entered on September 18, 2009 by the Honorable A. Jay Cristol, United States Bankruptcy Judge for the Southern District of Florida.

The names of all parties to the Order appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

| CROSS-APPELLANTS: | COUNSEL: |
|---|---|
| Desert Fire Protection | EHRENSTEIN CHARBONNEAU CALDERIN |
| | Robert P. Charbonneau, Esq. |
| Bombard Mechanical LLC | Fl. Bar No.: 968234 |
| | rpc@ecclegal.com |
| Bombard Electric, LLC | Daniel L. Gold, Esq. |
| | Fl. Bar No.: 761281 |
| Warner Enterprises | dg@ecclegal.com |
| | 800 Brickell Avenue, Suite 902 |
| Absocold Corporation | Miami, Florida 33131 |
| | T. 305.722.2002      F. 305.722.2001 |
| Austin General Contracting | |
| Powell Cabinet and Fixture Co. | |
| Safe Electronics, Inc. | |
| Union Erectors, LLC. | |

EHRENSTEIN CHARBONNEAU CALDERIN
800 Brickell Avenue · Suite 902 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

**APPELLANTS:**

Architectural Materials, Inc., d/b/a AMI
Hospitality, Inc. and its subsidiary Peregrine
Installation Co.

Collings Interiors, LLC

Commercial Roofers, Inc.

Door-Ko, Inc.

Door & Hardware Management, Inc.

Eberhard Southwest Roofing, Inc.

EIDS Steel Company, LLC

Gallagher-Kaiser Corporation

L.A. Nevada, Inc., d/b/a G&G Systems

J.S. & S., Inc.

LVI Environmental of Nevada, Inc.

Marnell Masonry, Inc.

Midwest Drywall Co., Inc.

Midwest Pro Painting, Inc.

Mechanical Insulation Specialists (MIS)

Modernfold of Nevada, LLC

Southern Nevada Paving, Inc.

Universal Piping, Inc.

West Edna & Associates, d/b/a Mojave
Electric

W&W Steel, LLC of Nevada

**COUNSEL:**

Philip. J. Landau, Esq.
Fl Bar No.: 504017
Plandau@sfl-pa.com
SHRAIBERG, FERRARA & LANDAU P.A.
2385 N.W. Executive Center Dr.,
Suite 300
Boca Raton, FL 33431
T. 561.443.0800        F. 561.998.0047

Gregory E. Garman, Esq.
Nevada Bar No. 6654
Thomas H. Fell, Esq.
Nevada Bar No. 3717
GORDON SILVER
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
T. 702.796.5555        F. 702.369.2666
*Admitted Pro Hac Vice*

3

**APPELLEES**

Fontainebleau Las Vegas Holdings, LLC,
Fontainebleau Las Vegas, LLC,
Fontainebleau Las Vegas Capital Corp.

**COUNSEL:**

BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
Scott L. Baena, Esq.
Jay Sakalow, Esq.
Mindy Mora, Esq.
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131-5340
T. 305.350.2403        F. 305.351.2203

**INTERESTED PARTY:**

1888 Fund, Ltd.

Aberdeen Loan Funding, Ltd.

Armstrong Loan Funding Ltd.

Battlion CLO 2007-1 Ltd.

Brentwood CLO, Ltd.

Brigade Leveraged Capital Structures Fund, Ltd.

Canpartners Investments IV, LLC

Canyon Special Opportunities Master Fund (Cayman), Ltd.

Carlyle High Yield Partners 2008-1, Ltd.

Carlyle High Yield Partners IX, Ltd.

Carlyle High Yield Partners VI, Ltd.

Carlyle High Yield Partners VII, Ltd.

Carlyle High Yield Partners VIII, Ltd.

Carlyle High Yield Partners X, Ltd.

Carlyle Loan Investment, Ltd.

**COUNSEL:**

AKERMAN SENTERFITT
Michael I. Goldberg, Esq.
James H. Fierberg, Esq.
Las Olas Centre II
One Southeast Third Avenue, 25th Floor
Miami, Florida 33131-1714
T. 305.374.5600        F. 305.374-5095

-and-

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett, Esq.
Sidney P. Levinson, Esq.
865 Figueroa Street, Suite 2900
Los Angeles, California 90017
T. 213.694.1200        F. 213.694.1234

**EHRENSTEIN CHARBONNEAU CALDERIN**
800 Brickell Avenue · Suite 902 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

Copper River CLO Ltd.

Eastland CLO, Ltd.

Emerald Orchard Limited

Gleneagles CLO, Ltd.

Grayson CLO, Ltd.

Green Lane CLO Ltd.

Greenbriar CLO, Ltd.

Highland Credit Opportunities CDO, Ltd.

Highland Loan Funding V, Ltd.

Jasper CLO, Ltd.

Kennecott Funding Ltd.

LFC2 Loan Funding LLC

Liberty CLO, Ltd.

Loan Funding IV LLC

Loan Funding VII LLC

Loan Star State Trust

Longhorn Credit Funding, LLC

NZC Opportunities (Funding) II Limited

Orpheus Funding LLC

Orpheus Holdings LLC
Red River CLO, Ltd.

Rockwall CDO II, Ltd.

Rockwall CDO, Ltd.

Sands Point Funding Ltd.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**800 Brickell Avenue · Suite 902 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

Southfork CLO, Ltd.

Stratford CLO, Ltd.

Westchester CLO, Ltd.

**INTERESTED PARTY:**                    **COUNSEL:**

Aurelius Capital Management, L.P.       QUINN  EMANUEL  URQUHART,  OLIVER  &
                                        HEDGES, LLP
                                        Susheel Kirpalani
                                        Scott C. Shelley
                                        51 Madison Avenue, 22nd Floor
                                        New York, New York 10010
                                        Telephone: (212) 849-7199
                                        Facsimile: (212) 849-7100

                                        -and-

                                        Eric Winston
                                        865 South Figueroa Street, 10th Floor
                                        Los Angeles, California 90017
                                        Telephone: (213) 443-3602
                                        Facsimile: (213) 443-3100

                                        BAST AMRON LLP
                                        SunTrust International Center
                                        One Southeast Third  Avenue, Suite 1440
                                        Miami, Florida 33131
                                        Telephone: (305) 379-7904
                                        Facsimile: (305) 379-7905

| | |
|---|---|
| **INTERESTED PARTY:** | **COUNSEL:** |
| The Official Committee of Unsecured Creditors | GENOVESE JOBLOVE & BATTISTA, P.A.<br>Paul J. Battista<br>Glenn D. Moses<br>100 Southeast  2nd Street, 44th Floor<br>Miami, Florida 33131<br>Telephone: (305) 349-2300<br>Facsimile: (305) 349-2310<br><br>-and-<br><br>FOX ROTHSCHILD, LLP<br>Michael Viscount<br>Joshua T. Klein<br>Midtown Building, Suite 400<br>1301 Atlantic Avenue<br>Atlantic City, New Jersey 08401<br>Telephone: (609) 348-4515<br>Facsimile: (609) 348-6834 |

**EHRENSTEIN CHARBONNEAU CALDERIN**
800 Brickell Avenue · Suite 902 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

**INTERESTED PARTY:**                          **COUNSEL:**

Derr & Gruenewald Construction Co.             MAY, MEACHAM & DAVELL, P.A.
                                               Robert C. Meacham
Graybar Electric Company, Inc.                 One Financial Plaza
                                               Suite 2602
Quality Cabinet and Fixture Company            Ft. Lauderdale, Florida 33394
                                               Telephone: (954) 763-6006
Tracy & Ryder Landscape, Inc.

Z-Glass, Inc.

Zetian Systems, Inc.

Water FX, Inc.

**INTERESTED PARTY:**                          **COUNSEL:**

Aderholt Specialty Company, Inc.               MARKOWITZ, DAVIS, RINGEL, &
                                               TRUSTY, P.A.
CECO Concrete Construction, LLC                Ross R. Hartog
                                               Two Datran Center, Suite 1225
                                               9130 South Dadeland Boulevard
                                               Miami, Florida 33156
                                               Telephone: (305) 670-5000


**INTERESTED PARTY:**                          **COUNSEL:**

QTS Logistics, Inc.                            BAKER & HOSTETTLER LLP
                                               Richard J. Bernard
Quality Transportation Services of Nevada,     45 Rockefeller Plaza
Inc.                                           New York, New York 10111
                                               Telephone: (212) 589-4200
Keenan Hopkins Suder & Stowell Contractors,    Facsimile: (212) 589-4201
Inc.
                                               -and-
Coreslab Structures (L.A.), Inc.
                                               BAKER & HOSTETTLER LLP
                                               Eric S. Golden
                                               200 S. Orange Avenue
                                               SunTrust Center, Suite 2300
                                               Orlando, Florida 32801
                                               Telephone: (407) 649-4000
                                               Facsimile: (407) 841-0168

8

**INTERESTED PARTY:**                     **COUNSEL:**

HSH Nordbank, AG, New York Branch         KAY SCHOLER, LLP
                                          Andrew A. Kress
                                          425 Park Avenue
                                          New York, New York 10022
                                          Telephone: (212) 836-8781
                                          Facsimile: (212) 836-6728

                                          -and-

                                          RICE PUGATCH ROBINSON & SCHILLER,
                                          P.A.
                                          Arthur Halsey Rice
                                          101 Northeast Third Avenue, Suite 1800
                                          Ft. Lauderdale, Florida 33301
                                          Telephone: (305) 379-3121
                                          Facsimile: (954) 462-4300

**INTERESTED PARTY:**                     **COUNSEL:**

Bank of Scotland                          STEARNS WEAVER MILLER WEISSLER
                                          ALHADEFF  & SITTERSON, P.A.
                                          Harold D. Moorefield, Jr.
                                          Museum Tower, 2200, Suite 2200
                                          150 West Flagler Street
                                          Miami, Florida 33130
                                          Telephone: (305) 789-3467
                                          Facsimile: (305) 789-2643

                                          -and-

                                          KATTEN MUCHIN ROSENMAN LLP
                                          Kenneth E. Noble
                                          575 Madison Avenue
                                          New York, New York 10022-2585
                                          Telephone: (212) 940-6419
                                          Facsimile: (212) 894-5653

**EHRENSTEIN CHARBONNEAU CALDERIN**
**800 Brickell Avenue · Suite 902 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Southern Nevada Painters Trust Funds and | CHRISTENSEN JAMES & MARTIN |
| | Kevin B. Christensen |
| Southern Nevada Glaziers' Trust Funds | Sara D. Cope |
| | 7440 W. Sahara Avenue |
| | Las Vegas, Nevada 89117 |
| | Telephone: (702) 255-1718 |
| | Facsimile: (702) 255-0871 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Ahern Rentals, Inc. | DIXON TRUMAN FISHER & CLIFFORD |
| | Robin E. Perkins |
| QED, Inc. | 221 N. Buffalo Drive, Suite A |
| | Las Vegas, Nevada 89145 |
| Superior Tile & Marble, Inc. | Telephone: (702) 821-1821 |
| | Facsimile: (702) 259-9759 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Illuminating Concepts, Ltd. | Thomas D. Lumpkin, II |
| | 6258 SW 99th Ter |
| | Pinecrest, Florida 33146-3345 |
| | Telephone: (305) 444-0005 |
| | Facsimile: (305) 444-5366 |
| | |
| | -and- |
| | |
| | MICHAEL R. MUSHKIN & ASSOCIATES |
| | Michael R. Mushkin |
| | 4475 S. Pecos Road |
| | Las Vegas, Nevada 89121 |
| | Telephone: (702) 386-3999 |
| | Facsimile: (702) 454-3333 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Insulpro Projects, Inc. | DOBBERSTEIN & ASSOCIATES |
| | Eric Dobberstein |
| | 8965 S. Eastern Avenue, Suite 280 |
| | Las Vegas, Nevada 89123 |
| | Telephone: (702) 382-4002 |
| | Facsimile: (702) 382-1661 |

10

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Fisk Electric Company | WEISS SEROTA HELFMAN PASTORIZA COLE & BONISKE, P.L.<br>Carla M. Barrow<br>Mitchell A. Bierman<br>2525 Ponce De Leon Boulevard<br>Suite 700<br>Coral Gables, Florida 33134<br>Telephone: (305) 854-0800<br>Facsimile: (305) 854-2323 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| ThyssenKrupp Safway, Inc. | BEHAR GUTT & GLAZER, P.A.<br>Brian S. Behar<br>Robert J. Edwards<br>2999 N.E. 191st Street, Fifth Floor<br>Aventura, Florida 33180<br>Telephone: (305) 931-3771<br>Facsimile: (305) 931-3774 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| D'Alessio Contracting, Inc.<br><br>Waco Scaffolding & Equipment | GIBBS, GIDEN, LOCHER, TURNER & SENET, LLP<br>Becky A. Pintar<br>3993 Howard Hughes Parkway<br>Suite 530<br>Las Vegas, Nevada 89169<br>Telephone: (702) 836-9800<br>Facsimile: (702) 836-9802 |

11

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing or U.S. Mail this 24th day of September, 2009 to all persons on the attached Service List.

Respectfully Submitted,

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2090-1(A).*

**EHRENSTEIN CHARBONNEAU CALDERIN**
Attorneys for Contractor Claimants, Cross-Appellants
800 Brickell Avenue, Suite 902
Miami, Florida 33131
www.ecclegal.com
T 305.722.2002     F 305.722.2001

By: */s/ Robert P. Charbonneau, Esq.*
        Robert P. Charbonneau
        Florida Bar Number 968234
        rpc@ecclegal.com
        Daniel L. Gold
        Florida Bar Number 0761281
        dg@ecclegal.com

## SERVICE LIST

**09-21481-AJC Notice will be electronically mailed to:**

Brett M Amron on behalf of Creditor Aurelius Capital Management, LP
bamron@bastamron.com, jrivera@bastamron.com,jeder@bastamron.com

Scott L Baena on behalf of Debtor Fontainebleau Las Vegas Capital Corp.
sbaena@bilzin.com, lflores@bilzin.com;eservice@bilzin.com

Carla M Barrow on behalf of Creditor Fisk Electric Company
cbarrow@wsh-law.com, mmartinez@wsh-law.com

Paul J. Battista on behalf of Creditor Committee Creditors Committee
pbattista@gjb-law.com, ctarrant@gjb-law.com;gjbecf@gjb-law.com

Brian S Behar on behalf of Creditor ThyssenKrupp Safway Inc.
bsb@bgglaw.net

Richard J Bernard on behalf of Creditor QTS Lotigistics, Inc.
rbernard@bakerlaw.com

Mark D Bloom on behalf of Creditor Barclays Bank PLC
bloomm@gtlaw.com, phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Jacqueline Calderin on behalf of Creditor Absocold Corporation, d/b/a Econ Appliance
jc@ecccounsel.com, phornia@ecccounsel.com;nsocorro@ecccounsel.com

Candace C Carlyon on behalf of Creditor Young Electric Sign Company
ccarlyon@sheacarlyon.com,
ltreadway@sheacarlyon.com;ggianoulakis@sheacarlyon.com;ssherman@sheacarlyon.com;mant
hony@sheacarlyon.com;rmsmith@sheacarlyon.com

Robert P Charbonneau on behalf of Creditor Absocold Corporation, d/b/a Econ Appliance
rpc@ECCcounsel.com,
nsgm0024@aol.com;dgold@ECCcounsel.com;scunningham@ECCcounsel.com;phornia@eccco
unsel.com;nsocorro@ecccounsel.com;msardinas@ecccounsel.com

David A Colvin on behalf of Creditor DANA KEPNER COMPANY
dcolvin@marquisaurbach.com

Sara D Cope on behalf of Creditor Southern Nevada Glaziers Trust Funds
saradcope@gmail.com, kbchrislaw@aol.com

Ryan E Davis on behalf of Creditor Cemex Construction Materials Florida, LLC
rdavis@whww.com, rwilliams@whww.com

**EHRENSTEIN CHARBONNEAU CALDERIN**
**800 Brickell Avenue · Suite 902 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

Thomas H. Fell on behalf of Creditor M&M Lienholders
bknotices@gordonsilver.com, bankruptcynotices@gordonsilver.com

James H. Fierberg on behalf of Creditor Term Lender Steering Group
james.fierberg@akerman.com

Robert G Fracasso Jr on behalf of Defendant Sumitomo Mitsui Banking Corporation
rfracasso@shutts.com

Thomas Joseph Francella on behalf of Interested Party Minibar Systems and Minibar N.A., Inc
tfrancella@wtplaw.com

Robert C Furr on behalf of Creditor MB Financial Bank NA
bnasralla@furrcohen.com

Jay M Gamberg on behalf of Creditor Mechanical Systems West Inc.
Lbernstein@gamberglaw.com

James D Gassenheimer on behalf of Interested Party Turnberry Residential Limited Partner, L.P.
jgassenheimer@bergersingerman.com,
efile@bergersingerman.com;lmerida@bergersingerman.com;cweisz@bergersingerman.com;ebrown@bergersingerman.com

Daniel L. Gold on behalf of Creditor Absocold Corporation, d/b/a Econ Appliance
dgold@ecccounsel.com, scunningham@ecclegal.com

Michael I Goldberg on behalf of Creditor Term Lender Steering Group
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Eric S Golden on behalf of Creditor Coreslab Structures (L.A.), Inc.
egolden@bakerlaw.com, smccoy@bakerlaw.com

Alvin S. Goldstein on behalf of Creditor MB Financial Bank NA
mmitchell@furrcohen.com

Ross R Hartog on behalf of Creditor Aderholt Specialty Company, Inc.
rhartog@mdrtlaw.com,
gguenechea@mdrtlaw.com;ecfnotices@mdrtlaw.com;mdrtlaw@yahoo.com

Thomas E Kaaran on behalf of Creditor Southwest Gas Corporation
kthomas@mcdonaldcarano.com, dsmith-power@mcdonaldcarano.com;mmorton@mcdonaldcarano.com

John W. Kozyak on behalf of Creditor Apollo Investment Fund, VII, LP
jk@kttlaw.com, ycc@kttlaw.com;la@kttlaw.com

**EHRENSTEIN CHARBONNEAU CALDERIN**
**800 Brickell Avenue · Suite 902 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

Philip J Landau on behalf of Creditor M&M Lienholders
plandau@sfl-pa.com, lmelton@sfl-pa.com;lrosetto@sfl-pa.com

David M Levine on behalf of Interested Party Commonwealth Land Title Insurance Company
dml@tewlaw.com, msanchez@tewlaw.com;rjr@tewlaw.com;amj@tewlaw.com

Paul J McMahon on behalf of Creditor Colasanti Specialty Services, Inc.
pjm@pjmlawmiami.com

Robert C Meacham on behalf of Creditor Derr and Gruenewald Construction Co.
rmeacham@mmdpa.com, lraymond@mmdpa.com;mdieguez@mmdpa.com

Lawrence H Meuers on behalf of Interested Party CCCS International
lmeuers@meuerslawfirm.com,
lcastle@meuerslawfirm.com;snurenberg@meuerslawfirm.com;sdefalco@meuerslawfirm.com

Harold D Moorefield Jr. on behalf of Defendant Bank of Scotland
hmoorefield@swmwas.com,
cgraver@swmwas.com;larrazola@swmwas.com;rross@swmwas.com

Mindy A. Mora on behalf of Debtor Fontainebleau Las Vegas Holdings, LLC
mmora@bilzin.com, eservice@bilzin.com;lflores@bilzin.com;laparicio@bilzin.com

Glenn D Moses on behalf of Creditor Committee Creditors Committee
gmoses@gjb-law.com, ctarrant@gjb-law.com;gjbecf@gjb-law.com

Kenneth E Noble on behalf of Defendant Bank of Scotland
kenneth.noble@kattenlaw.com, NYC.BKNotices@kattenlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Becky Pintar on behalf of Creditor D'Alessio Contracting, Inc.
bpintar@gglts.com

Craig V Rasile on behalf of Creditor Bank of America, N.A.
crasile@hunton.com,
mtucker@hunton.com,mmannering@hunton.com,keckhardt@hunton.com,adeboer@hunton.com

Robert F. Reynolds on behalf of Creditor American Crane & Hoist, LLC
rreynolds@slatkinreynolds.com, imalcolm@slatkinreynolds.com

Arthur H Rice on behalf of Defendant HSH Nordbank AG, New York Branch
arice.ecf@rprslaw.com

Peter J Roberts on behalf of Creditor MB Financial Bank NA

**EHRENSTEIN CHARBONNEAU CALDERIN**
**800 Brickell Avenue · Suite 902 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

proberts@shawgussis.com

Ralf R Rodriguez on behalf of Creditor Colasanti Specialty Services, Inc.
rrodriguez@pecklaw.com, sdumbar@pecklaw.com;jfried@pecklaw.com

Rex E Russo on behalf of Creditor Bradford Products, LLc
rexlawyer@prodigy.net

Michael L Schuster on behalf of Creditor Committee Creditors Committee
mschuster@gjb-law.com, ctarrant@gjb-law.com;gjbecf@gjb-law.com;mpacheco@gjb-law.com

Shlomo S. Sherman on behalf of Creditor Young Electric Sign Company
ssherman@sheacarlyon.com

Paul Steven Singerman on behalf of Interested Party Turnberry Residential Limited Partner, L.P.
singerman@bergersingerman.com, efile@bergersingerman.com

Tina M. Talarchyk on behalf of Creditor U.S. Bank National Association
TTalarchyk@ssd.com, amazzini@ssd.com;dfoley@ssd.com

Charles M Tatelbaum on behalf of Creditor Johnson Controls, Inc.
ctatelbaum@adorno.com, smerrill@adorno.com

Diane Noller Wells on behalf of Creditor Young Electric Sign Company
dwells@devinegoodman.com, efiling@devinegoodman.com

**09-21481-AJC Notice will not be electronically mailed to:**

Bruce Bennett
On behalf of Creditor Term Lender
Steering Group
865 S. Figueroa Ave.
Los Angeles, CA 90017

Alan H. Martin
On behalf of Creditor Bank of America
650 Town Center Dr., 4th Floor
Costa Mesa, CA 92626

Candace Carlyon
701 Bridger #850
Las Vegas, NV 89101

Kyle Mathews
On behalf of Creditor Bank of America
333 S. Hope St., 48th Floor
Los Angeles, CA 90071

Jeff J. Friedman
On behalf of Interested Party Bank of
Scotland plc
575 Madison Avenue
New York, NY 1022-2585

Joshua M. Mester
On behalf of Creditor Term Lender
Steering Group
865 S. Figueroa Avenue
Los Angeles, CA 90017

16

Phillip A. Geraci
On behalf of Interested Party HSH
425 Park Avenue
New York, NY

HSH Nordbank AG, New York Branch
c/o Aaron Rubenstein, Esq.
425 Park Avenue
New York, NY 10022

HSH Nordbank AG, New York Branch
c/o Andrew W. Kress, Esq.
425 Park Avenue
New York, NY 10022

Todd Kaplan
Citadel Derivatives Group, LLC
131 Dearborn St
Chicago, IL 60603

Andrew A. Cress
On behalf of Interested Party HSH
425 Park Avenue
New York, NY 10022

Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

Arthur S. Linker
On behalf of Interested Party Bank of
Scotland PLC
575 Madison Avenue
New York, NY 1022-2585

Kenneth E. Noble
On Behalf of Interested Party Bank of
Scotland, plc
575 Madison Avenue
New York, NY 10022

Anthony L. Paccione
On behalf of Interested party Bank of
Scotland, plc
575 Madison Avenue
New York, NY 10022

Matthew D. Parrot
On behalf of Interested party Bank of
Scotland, plc
575 Madison Avenue
New York, NY 10022

Thomas C. Rice
On behalf of Creditor Barclays Bank
PLC
425 Lexington Avenue
New York, NY 10017

Aaron Rubinstein
On behalf of Interested Party HSH
Nordbank AG
425 Park Avenue
New York, NY 10017

Justin S. Stern
On behalf of Creditor Barclays Bank
PLC
425 Lexington Avenue
New York, NY 10017

David J. Woll
On behalf of Creditor Barclays Bank
PLC
425 Lexington Avenue
New York, NY 10017

17

ORDERED in the Southern District of Florida on_____ **SEP 18 2009**



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Chapter 11

FONTAINEBLEAU LAS VEGAS
HOLDINGS, LLC, ET AL.,[1]                        Case No.  09-21481-BKC-AJC


            Debtors.                             (Jointly Administered)
_____/

## FIRST INTERIM ORDER (I) AUTHORIZING THE NONCONSENSUAL USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF BANKRUPTCY CODE, (II) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO SECTIONS 361, 363, AND 364, OF THE BANKRUPTCY CODE, AND (III) SCHEDULING FINAL HEARING

Upon the motion, dated September 14, 2009, of Fontainebleau Las Vegas

Holdings, LLC (the "Company"), Fontainebleau Las Vegas, LLC, and Fontainebleau

---

[1] The last four digits of each Debtor's tax identification number are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp. [7822].  The Debtors' current mailing address is 19950 West Country Club Drive, Aventura, Florida 33180.

Las Vegas Capital Corp. (collectively, the "Debtors"), as debtors and debtors in possession (each, individually a "Debtor" and, collectively, the "Debtors") [Dkt. No. 528] (the "Motion") for entry of (1) this interim order (the "Order") (a) authorizing the Debtors to use Cash Collateral (as hereinafter defined) pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") on an interim basis and in limited amounts pending a final hearing (the "Final Hearing") on the Motion, (b) granting the Prepetition Agent[2] and the Prepetition Lenders certain liens and other rights pursuant to sections 361, 362, 363, and 364 of the Bankruptcy Code with respect to, inter alia, such use of Cash Collateral granted under the Prepetition Credit Agreement (as hereinafter defined), and (c) in accordance with Rule 4001(b)(2), (c)(2) and (d)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting that this Court schedule a Final Hearing and approve notice with respect thereto and (2) an order granting the relief requested in the Motion on a final basis (the "Final Order"); and the Court having considered the Motion and the exhibits attached thereto, including, without limitation, the Budget (as hereinafter defined); and a hearing to consider approval of the Motion on an interim basis having been held and concluded on September 16, 2009, (the "Interim Hearing"); and the Court having received and considered on September 18, 2009 1) an email containing suggested edits to the proposed order from Brett Amron, counsel for Aurelius Capital Management, LP; 2) an email containing suggested provision to be included in proposed order by Paul J. McMahon, counsel for Colasanti Specialty Services, Inc.; 3) an email from Elyssa Kates, Counsel for QTS Logistics, Inc. regarding objections and responses to the cash collateral motion [C.P. 434, C.P. 490 and C.P. 549] consisting of 19 pages; 4) email from James Harris Fierberg, counsel for the Term Lenders Steering Group with proposed orders and attachments consisting of 60 pages; 5) hand-delivery and email from Glenn Moses, counsel for the Official Committee

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

2

of Unsecured Creditors containing correspondence and an 19-page objection; 6) hand-delivery from Brett Amron, counsel for Aurelius Capital Management containing correspondence and an 8-page response; 7) email from Philip Landau, counsel for the M&M Lienholders with attachments consisting of responses, objections and supporting pleadings consisting of 77 pages, and upon all of the pleadings filed with the Court and all of the proceedings held before the Court; and after due deliberation and consideration and good and sufficient cause appearing therefore,

THE COURT FINDS:

A.      On June 9, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. (the "Chapter 11 Cases").

B.      Jurisdiction. Consideration of this Motion constitutes a "core proceeding" as defined in 28 U.S.C. §157(b)(2)(M). This Court has jurisdiction over the Chapter 11 Cases, this proceeding, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue appears proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, subject to determination of one venue issue set for evidentiary hearing on Tuesday, September 22, 2009 at 3:00 p.m.

C.      Notice. Notice of the relief sought by the Motion and the hearing with respect thereto was delivered on September 15, 2009 via electronic mail, facsimile transmission and/or overnight delivery, as the case may be, to the following parties in interest: (a) the Office of the United States Trustee for the Southern District of Florida (the "OUST"); (b) those parties listed on the List of Creditors Holding the 20 Largest Unsecured Claims Against the Debtors, as identified in the Debtors' chapter 11 petitions; (c) counsel to the Prepetition Agent; (d) counsel to those Term Lenders who have made an appearances in the Chapter 11 Cases; (e) counsel to Bank of America, N.A. in all of its capacities under the Prepetition Loan Documents (as defined below) and as an individual Revolving Lender; (f) counsel to the Trustee for the Second Mortgage Notes; (g) counsel

3

for the Official Committee for Unsecured Creditors (the "Committee"); and (h) any party asserting a Lien (as hereafter defined) against any of the Debtors' assets (collectively, the "Interim Notice Parties"). Given the nature of the relief sought in the Motion, such notice constitutes sufficient and adequate notice of the Motion, the relief requested therein and this Order pursuant to Bankruptcy Rules 2002, 4001(b), (c) and (d), and 9014 and section 102(1) of the Bankruptcy Code, as required by section 363(b) and 364(c) of the Bankruptcy Code, and no further notice of the Motion or this Order is necessary or required.

D.    Cash Collateral.    For purposes of this Order, the following constitute "Cash Collateral" of the Prepetition Secured Parties within the meaning of section 363(a) of the Bankruptcy Code: (a) all funds of the Debtors (including any funds subject to a right of setoff in favor of any Prepetition Lender, any funds on deposit or maintained in any account subject to a control agreement with the Prepetition Agent, and any proceeds of the Prepetition Collateral) as of the Petition Date, including the contents of all of the Accounts identified in Section 2.2 of the Master Disbursement Agreement as to which the Prepetition Agent is listed as pledgee (but excluding funds in Accounts identified in Section 2.2 of the Master Disbursement Agreement as to which only the Retail Agent is pledgee and the Completion Guaranty Proceeds Account (which is the encumbered property of Turnberry Residential Limited Partner, LP)); (b) all cash proceeds of Prepetition Collateral received after the Petition Date.

E.    Prior Cash Collateral Orders.

(a)    On June 11, 2009, this Court entered the Interim Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (II) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, and Scheduling Final Hearing [Dkt. No. 49] (the "First Interim Order").

4

(b)     On July 7, 2009, this Court entered the Second Interim Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (II) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, and Scheduling Final Hearing [Dkt. No. 242] (the "Second Interim Order").

(c)     On July 31, 2009, this Court entered the *Third Interim Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (II) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, and Scheduling Final Hearing* [Dkt No. 359], which order was subsequently amended by the *Amended Third Interim Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (II) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code, and (III) Scheduling Final Hearing* [Dkt. No. 389] (as amended, the "Third Interim Order").

(d)     On August 27, 2009, this Court entered the *Fourth Interim Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (II) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, 363, and 364 of the Bankruptcy Code, and (III) Scheduling Final Hearing* [Dkt No. 454] (the "Fourth Interim Order" and, together with the First Interim Order and the Second Interim Order, and the Third Interim Order, the "Prior Cash Collateral Orders").

(e)     The Prior Cash Collateral Orders remain in full force and effect and shall not be restated herein.

**F.     Prepetition Debt and Adequate Protection Obligations Deemed to Be Postpetition Debt Secured by Senior Lien Under Section 364(d) of the Bankruptcy Code. Under the Prior Cash Collateral Orders, the Prepetition Secured Parties were granted Adequate Protection Obligations, including Adequate Protection Liens and Superpriority Claims, as protection for the use of Cash Collateral**

5

thereunder. While no creditor has asserted a lien in the Cash Collateral senior to the Prepetition Secured Parties, certain creditors (the "Statutory Lienholders") have asserted the existence of statutory liens with priority over the real property subject to the Prepetition Liens (the "Statutory Liens"). Pursuant to the Third Interim Order and the Fourth Interim Order, the Cash Collateral authorized to be used thereunder was deemed to have been repaid to the Prepetition Secured Parties in satisfaction of payment Obligations under the Prepetition Loan Documents, and further deemed to have been reborrowed by the Debtors as postpetition debt, pursuant to section 364(d) of the Bankruptcy Code, secured by the Adequate Protection Liens granted under the Third Interim Order and/or the Fourth Interim Order, as applicable. Based on the record before this Court, the continued application of such provisions to the Cash Collateral utilized under this Order is likewise appropriate, necessary, and authorized by the Bankruptcy Code.

G.    Findings Regarding the Use of Cash Collateral.

(a)    By the Motion, the Debtors seek the use of Cash Collateral in accordance with the budget (the "Budget") attached thereto as Exhibit "A". However, at the Interim Hearing, the Debtors presented an amended budget, which is attached to this Order (the "Amended Budget"), which supersedes the Budget and whereby the Debtors reduced the amount of Cash Collateral they seek to use.

(b)    Good cause has been shown for the entry of this Order. The Debtors have an immediate and critical need to use the Cash Collateral in order to continue to attempt to effectuate a reorganization of their financial affairs.

(c)    Based on the record presented to the Court at the Interim Hearing, good, adequate and sufficient cause has been shown to justify the immediate grant of the relief requested in the Motion to avoid irreparable harm to the Debtors' estates. The terms of the Debtors' use of the Cash Collateral, as more fully set forth herein, are fair

6

and reasonable.  Entry of this Order is in the best interests of the Debtors' estates and all parties in interest in these Chapter 11 Cases.

(d)    The Adequate Protection Obligations provided for hereunder including, without limitation, the Priming Lien in the Collateral granted herein, constitute adequate protection pursuant to section 361 of the Bankruptcy Code of the interests of any of the Prepetition Lenders and Statutory Lienholders who have objected to the Motion or did not consent to the use of Cash Collateral as authorized herein.

IT IS ORDERED:

1.    This Order shall constitute findings of fact and conclusions of law, and shall become effective immediately upon its entry.

2.    The Motion is granted to the extent and as expressly set forth herein. Any objections to the relief sought in the Motion that have not been previously resolved or withdrawn are overruled on their merits.

3.    Subject to all of the terms and conditions set forth in this Order, the Debtors are authorized, pursuant to section 363(c)(2)(A) (as to those parties who have an interest in the Cash Collateral and who have consented to entry of this Order) and section 363(c)(2)(B) of the Bankruptcy Code, to use the Cash Collateral solely and exclusively in the following amounts (subject to paragraph 5(iv) of this Order) and for the following purposes, from the date hereof until the earliest to occur of (a) the date that this Order or the Final Order (when applicable) ceases to be in full force and effect, or (b) the occurrence and continuation of a "Termination Event" (as hereinafter defined) (the "Interim Cash Collateral Period"):

(a)    ***Payroll and Payroll Taxes*** requested in the aggregate amount of $380,500, to compensate the Debtors' employees are allowed in the amount of $130,000.00 and a hearing is set for Wednesday, September 23, 2009 at 3:00 p.m. at which time the Court will review each individual payroll item to determine how much of the requested amounts should be allowed;

7

(b) **Benefits** in the amount of $90,500 for employment benefits - principally health insurance - provided to the Debtors' present employees, as well as COBRA benefits in respect of the Debtors' former employees;

(c) **Employee Expense Reimbursement** in the aggregate amount of $37,500 to reimburse the Debtors' employees for ordinary and necessary expenses incurred by them on behalf of their employer, including travel on company business;

(d) **Office & Operating Supplies** in the aggregate amount of $7,500 for the purchase of office supplies used in the ordinary course of the Debtors' business operations;

(e) **Maintenance Contracts** in the aggregate amount of $57,125 for vendors providing service and maintenance of power generation equipment, electrical equipment, water systems, generators, and elevators, as well as for pest control, copier machines, and offsite storage of records relating to the Project;

(f) **Estate Professional Services**, Kurzman Carson Consultants, the Court Approved Noticing Agent, in the amount of $75,000, as well as the following estate professionals all of whom the Debtors argue are necessary to in reaching agreement for the disposition of the Project, whether under a sale or under a plan, as follows:

(1) Bilzin Sumberg in the amount of $320,000. The Court deems it necessary for Debtor to have counsel during this critical three week period as appointment of a trustee with no free funds to pay trustee's counsel would likely be a fatal blow to this reorganization but further use of cash collateral for this purpose may require consent.

(2) Investment Bankers in the requested aggregate amount of $192,500. The Court was not of the impression that this item is required at this time. The Court will further consider this item at the hearing set on September 23, 2009.

(3) Gaming Counsel in the amount of $15,000;

8

(4) Nevada Mechanic Lien Counsel in the amount of $50,000;

(5) Auditors in the amount of $90,000;

(6) LEED Counsel in the amount of $50,000; and

(7) Zoning Counsel in the amount of $5,000.

(g)     ***Security Expense*** in the aggregate amount of $60,000 to safeguard the Project and the property stored thereon;

(h)     ***Professional Services*** in the aggregate amount of $44,625 for certain ordinary course consultants to assist the Debtors with various recurring issues, including those regarding permitting and safety issues with the Clark County Building Department and other County agencies;

(i)     ***Postage and Freight*** in the aggregate amount of $2,250 for postage and freight costs incurred in the ordinary course of the Debtors' business;

(j)     ***Telephone Expense*** in the aggregate amount of $12,600 for telephone expenses incurred in the ordinary course of the Debtors' business;

(k)     ***Warehouse/Office Rent*** in the aggregate amount of $44,125 for postpetition monthly rent under an unexpired lease of seven acres of real property inclusive of a 50,000 square foot warehouse (in which the Debtors store materials, furniture, and equipment that is Collateral for the Obligations owed to the Prepetition Secured Parties) and 10,000 square feet of office space (which is occupied by the Debtors' employees);

(l)     ***Warehousing Costs*** in the aggregate amount of $150,000 for estimated costs of postpetition warehousing costs (a) due to landlords of vendors or vendors who are storing Collateral, and/or (b) costs associated with the delivery of such Collateral to the Debtors' premises;

(m)     ***Relocation Expenses*** requested in the aggregate amount of $200,000 to relocate Collateral consisting of equipment and other property from the "staging area" to the Project site to avert monthly rental charges in the amount of

$350,000. The relocation expenses consist of, among other things, a temporary water pump for fire control purposes, security fencing, rental of trucks and forklifts, and associated labor. Debtors shall submit a plan for relocation and contracts for estimates of coasts of items in this request and the Court will consider approval of amounts requested within 2 business days of submission.

(n)    ***Storage Expenses*** in the aggregate amount of $32,330 for the monthly rental expense for the warehouse where the Debtors' store Collateral consisting of furniture, fixtures, and equipment to be installed at the Project;

(o)    ***Sales Center Rent Expense*** in the aggregate amount of $90,000 for post-petition rent in respect of the Debtors' sales center which the Debtors advise that a prospective purchaser with whom it is currently in negotiations has specifically requested it will wish to have assumed and assigned to it. This item is approved on Debtor's representation that it increases the value of Debtor's property. It is not likely that further funds will be approved for this purpose in the absence of proof of this representation.

(p)    ***TWC Related Costs*** in the aggregate amount of $262,200 relating to payments to Turnberry West Construction, Inc. ("TWC") the Debtors' general contractor, to maintain and preserve the Project, including:

(1)    ***Salary Expense*** requested in the amount of $113,000 for eleven remaining employees who maintain the Project and/or provide critical services. Five of the employees provide fire watch, electrical monitoring, elevator, security, and water leak monitoring at the Project. The others are responsible for maintaining permitting records, liaising with Clark County officials, subcontractors and prospective investors/lenders regarding completion issues and analyses, as well as construction accounting and recordkeeping is allowed in the amount of $40,000.00 and a hearing is set for Wednesday, September 23, 2009 at 3:00 p.m. at which time the Court will review

10

each individual payroll item to determine how much of the requested amounts should be allowed;

(2)    ***Central Plant/Leak Monitoring Expenses*** in the aggregate amount of $12,000 for costs of operation of the Project power plant and leak monitoring of the water well as required by Clark County;

(3)    ***Fire Watch Expenses*** in the aggregate amount of $17,800 for costs associated with fire safety and prevention at the Project;

(4)    ***Union Benefits Expenses*** in the aggregate amount of $11,400 for costs associated with remaining employees who are union members;

(5)    ***Utilities Expenses*** in the aggregate amount of $90,000 to for utilities at the Project;

(6)    ***Dewatering Pump Expenses*** in the aggregate amount of $15,000 for the removal of excess ground water at the Project to protect the Project and the underground water supply as required by Clark County and the Nevada Department of Environmental Protection; and,

(7)    ***Leasing & Operating Supplies Expenses*** in the aggregate amount of $3,000 relating to supply expenses at the Project site.

(q)    ***Utilities Expenses*** in the aggregate amount of $22,500 for the Debtors' ordinary course utility expenses, including electricity, water, and gas, at locations other than the Project site;

(r)    ***Fees and Permit Expenses*** in the aggregate amount of $3,000 for the maintenance of Clark County fees and permits;

(s)    ***Critical Vendor Payments*** in the aggregate amount of $263,500 for payments (i) to ***Microsoft*** in the amount of $71,000 for the Debtors' accounting and recordkeeping software, as was previously approved by this Court, (ii) for postpetition services to be provided by ***West Chemicals*** in the aggregate amount of $12,500 for chemicals used to maintain the coolers at the Project, (iii) ***Quality Transportation***

11

*Services* in the aggregate amount of $150,000 for monthly warehouse rental charges, (iv) *Petroleum Supplies* in the aggregate amount of $10,000 for fuel necessary to operate the Project generator, and (v) *Z Glass* in the aggregate estimated amount of $20,000 for the replacement of glass windows located at the Project; and

(t)     *Repairs and Maintenance Expenses* in the aggregate amount of $90,000 for both recurring and non-recurring maintenance expenses at the Project relating to electrical work, pumps, elevators, forklifts, and scaffolding, as well as inspections, site clean up and waste removal.

4.     In the event any of the foregoing approved expenditures are inconsistent with the Amended Budget, the foregoing shall govern and limit the Debtors' authority to use Cash Collateral.

5.     As used herein, "Termination Event" shall constitute any of the following:[3]

(i)     October 5, 2009 (the "Outside Date");

(ii)     any Debtor shall fail to comply with any of the terms or conditions of this Order;

(iii)     the occurrence of a Termination Event under the Prior Cash Collateral Orders (other than by virtue of the occurrence of the Outside Date provided therein);

(iv)     the cumulative aggregate cash disbursements exceed 105% of cumulative aggregate amount of cash disbursements authorized by this Order during the Interim Cash Collateral Period;

provided, however, that neither the filing of the Motion, the entry of this Order, nor any of the provisions hereof shall constitute a Termination Event under any of the Prior Cash Collateral Orders.

---

[3] Unless otherwise defined herein, terms used in this Paragraph 5 shall have the same meaning(s) ascribed to them under the Prepetition Loan Documents.

12

6.      The Debtors' authority to use Cash Collateral hereunder shall be terminated upon the occurrence of a Termination Event.  Notice of a Termination Event shall be set for hearing and heard by the Court on 24-hours notice and upon establishment thereof the Court will enter an order of termination.  Notwithstanding anything herein or the occurrence of a Termination Event, all of the rights, remedies, benefits, and protections provided to the Prepetition Secured Parties under this Order shall survive such Termination Event.

7.      (a)      From and after the Petition Date, all proceeds of Collateral, including, without limitation, all of the Debtors' existing or future cash and Cash Collateral (collectively, "Lender Funds"), shall not, directly or indirectly, be used to pay expenses of the Debtors or to make debt payments (except as set forth in this Order) or be otherwise disbursed except for those debt payments, expenses and/or disbursements that are expressly permitted under this Order and are consistent with the Budget.

**(b)      No administrative expense claims, including fees and expenses of professionals, that are incurred during the Interim Cash Collateral Period shall be charged or assessed against or recovered from the Collateral or attributed to the Prepetition Secured Parties with respect to their interest in the Collateral pursuant to the provisions of section 506(c) of the Bankruptcy Code or otherwise, by, through, or on behalf of the Debtors.**

(c)      All disbursements to be made under the Budget shall be made solely from the DIP Account.

(d)      Notwithstanding anything herein to the contrary, no Cash Collateral may be used directly or indirectly by any of the Debtors, any Committee, or any other person or entity to (A) object, contest, or raise any defense to the validity, perfection, priority, extent, or enforceability of the Prepetition Term Obligations or the Prepetition Liens, (B) assert or prosecute any Claims and Defenses (as defined below) against any Prepetition Term Lender on account of their Prepetition Term Obligations, or

13

their respective predecessors-in-interest, agents, affiliates, representatives, attorneys, or advisors, (C) prevent, hinder, or otherwise delay the Prepetition Agent's or any Prepetition Lender's assertion, enforcement, or realization on the Cash Collateral, the Adequate Protection Obligations, or the Adequate Protection Liens in accordance with this Order, (D) seek to modify any of the rights granted to the Prepetition Agent or the Prepetition Lenders hereunder, in each of the foregoing cases without such parties' prior written consent (provided, however, that neither the filing of the Motion nor the entry of this Order shall implicate this provision), (E) obtain Liens that are senior to, or on parity with the Liens or Adequate Protection Liens of the Prepetition Secured Parties in the Collateral or any portion thereof, and (F) seek or obtain Liens on any Avoidance Actions (as hereafter defined).

8.     The Debtors shall not sell, transfer, lease, encumber, or otherwise dispose of any portion of the Collateral (as hereinafter defined) without an order of this Court.

9.     The Prepetition Secured Parties are entitled, under sections 363(e) and/or 364(d)(1)(B) of the Bankruptcy Code, to adequate protection of their interest in the Cash Collateral, for and equal in amount to the amount of Cash Collateral utilized pursuant to this Order, and the aggregate diminution in the value of the Prepetition Secured Parties' interests in the Cash Collateral during the Interim Cash Collateral Period (the "Adequate Protection Obligations") for which each of the Debtors shall be jointly and severally obligated). The following protections constitute adequate protection pursuant to section 361 of the Bankruptcy Code of the interests of the Prepetition Secured Parties in the Cash Collateral.

**(a)     Adequate Protection Liens.  To secure the Adequate Protection Obligations, the Prepetition Secured Parties are granted, effective and perfected as of the Petition Date and without the necessity of the execution by the Debtors of mortgages, security agreements, pledge agreements, financing statements, or other agreements, a valid and perfected replacement security interest in, and lien on the**

14

Collateral (the "Adequate Protection Liens"), which Adequate Protection Liens shall, pursuant to section 364(d)(1) of the Bankruptcy Code, be senior to any liens (as that term is defined in section 101(37) of the Bankruptcy Code) ("Liens") on the Collateral including, without limitation, any Statutory Liens, provided, that any Adequate Protection Liens resulting from use of Cash Collateral under the First Interim Order and Second Interim Order shall not have priority under section 364(d) and shall instead have the priority set forth in those respective orders. In addition, U. S. Bank National Association, in its capacity as successor indenture trustee under the Second Mortgage Indenture (the "Trustee") is hereby granted, effective and perfected as of the Petition Date, and without the necessity of the execution by Debtors of mortgages, security agreements, pledge agreements, financing statements, or other agreements, a valid and perfected replacement security interest in and lien on the Collateral (other than the Bank Proceeds Account and any DIP Account as such term is defined in the Final Cash Management Order) that is subordinated in all respects to the Liens securing the Prepetition Term Obligations and the Adequate Protection Obligations and which is subject in all respects to the rights of the Prepetition Agent and Term Lenders (including the subordination by the Trustee and the Second Mortgage Holders) under the Intercreditor Agreement (Project Lenders), dated June 6, 2007 between the Trustee and the Prepetition Agent. For purposes of this Order, the term "Collateral" shall include, without limitation, all prepetition and postpetition assets and properties (tangible, intangible, real, personal, and mixed) of each of the Debtors of any kind or nature, whether now existing or newly acquired or arising, and wherever located, including, without limitation, all Collateral (as such term is defined in the Prepetition Loan Documents), all accounts, accounts receivable, inventory, goods, contract rights, instruments, documents, chattel paper, patents, trademarks, copyrights and licenses therefor, intellectual property, general

15

intangibles, payment intangibles, letters of credit, letter-of-credit rights, supporting obligations, machinery and equipment, vehicles, real property (including all facilities), fixtures, leases, all of the issued and outstanding Capital Stock entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and all of the issued and outstanding Capital Stock not entitled to vote (within the meaning of Treas. Reg. Section 1.956¬2(c)(2)) of each Subsidiary of the Company, all of the Capital Stock of all other Persons that are not Subsidiaries directly owned by the Company, money, investment property, deposit accounts, securities accounts, books and records, all commercial tort claims and all other causes of action (including any judgment and recovery upon such judgment obtained by the Debtors on account of such commercial tort claims and other causes of action) excluding the proceeds of all Avoidance Actions (as hereafter defined), all Cash Collateral (as defined in this Interim Order), and all cash and non-cash proceeds, rents, products, substitutions, accessions and profits of all of the foregoing.

(b)    Superpriority Claim.   The Prepetition Secured Parties are granted, in each of the Debtors' Chapter 11 Cases, an allowed superpriority administrative expense claim (the "Superpriority Claim") under section 507(b) of the Bankruptcy Code with respect to the Adequate Protection Obligations under subparagraphs (a) and (c) of this Paragraph 6. The Superpriority Claim shall have priority over all administrative expenses of the kind specified in, or ordered pursuant to, any provision of the Bankruptcy Code, including, without limitation, those specified in, or ordered pursuant to, sections 326, 328, 330, 503(b), 506(c), 507(a), 507(b), 546(c), 726, and 1114 of the Bankruptcy Code, or otherwise (whether incurred in any of the Chapter 11 Cases or any conversion thereof to a case under chapter 7 of the Bankruptcy Code or any other proceeding related hereto or thereto), which Superpriority Claim shall be payable from and have recourse to all

16

**prepetition and postpetition property of the Debtors and all proceeds thereof (including the proceeds of any Avoidance Actions).**

10.    The Debtors shall prepare and furnish to the Prepetition Agent, the Term Lenders and Statutory Lienholders requesting the same, and the Committee, the following: (a) a weekly report of receipts, disbursements, and a reconciliation of actual expenditures and disbursements with those set forth in the Amended Budget and approved in this Order, on a line-by-line basis showing any variance (the "Budget Reconciliation"). Such Budget Reconciliation shall be provided so as actually to be received within three (3) Business Days following the end of each prior week;  (b) within four (4) business days after the end of each week, an updated rolling 4-week forecast of cash receipts and disbursements for the Debtors for the next succeeding 4 weeks, substantially in the form of the Amended Budget, and (c) within four (4) business days after the end of each week, a certificate signed by the Company's chief financial officer (the "CFO") certifying that no Termination Event has occurred.

11.    Notwithstanding anything herein to the contrary, this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the rights of the Prepetition Agent or any Prepetition Lender to seek additional protection or adequate protection at any time, including prior to a Termination Event, and for the Debtors or the Committee to oppose any such request.

12.    (a)    This Order and the Budget shall constitute valid and binding obligations of the Debtors, enforceable against the Debtors in accordance with their terms.  No obligation, payment, transfer, or grant of security under this Order shall be stayed, restrained, voidable, or recoverable under the Bankruptcy Code or any applicable nonbankruptcy law, or subject to any defense, reduction, setoff, recoupment, or counterclaim.

(b)    The failure or delay by the Prepetition Agent or any Prepetition Lender to exercise its rights and remedies under this Order shall not constitute a waiver

17

of any of the rights of the Prepetition Agent or any such Prepetition Lender hereunder or otherwise, and any single or partial exercise of such rights and remedies against any of the Debtors or the Collateral shall not be construed to limit any further exercise of such rights and remedies against any or all of the other Debtors and/or Collateral.

(c)       Notwithstanding anything herein to the contrary, the entry of this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair (i) any of the rights of any of the Prepetition Lenders or the Prepetition Agent under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right of any of the Prepetition Secured Parties to (A) request termination or modification of the automatic stay of section 362 of the Bankruptcy Code, (B) request dismissal of any of the Chapter 11 Cases, conversion of any of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, or appointment of a chapter 11 trustee or examiner (including with expanded powers), or (C) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans, (ii) any other rights, claims, or privileges (whether legal, equitable, or otherwise) of the Prepetition Agent or any Prepetition Lender, (iii) the rights of the Debtors to oppose any requests made in accordance with clauses (i)(A), (B) and (C) above, (iv) upon a Termination Event, the right of the Debtors to request approval of this Court for use of Cash Collateral, subject to the right of the Prepetition Secured Parties to object and the need for the Debtors to obtain Court approval (and meet all applicable legal standards) prior to any further use of Cash Collateral after the Termination Event, and (v) any right of any party in interest to object to the terms and conditions of any subsequent request by the Debtors for use of cash collateral, including without limitation any request to condition such future use on the granting of an Adequate Protection Lien with priority under section 364(d) of the Bankruptcy Code.

18

(d)    **The provisions of this Order shall be binding upon and inure to the benefit of each of the Prepetition Agent, the Prepetition Lenders, and the Debtors.**

(e)    The Adequate Protection Liens shall not be (i) subject or junior to any Lien that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code, or (ii) subordinated to or made *pari passu* with any other Lien, whether under section 364(d) of the Bankruptcy Code or otherwise. No Lien having a priority superior to or *pari passu* with those granted by this Order with respect to the Adequate Protection Obligations shall be granted or allowed until the indefeasible payment in full in cash and satisfaction in the manner provided in this Order of the Adequate Protection Obligations.  No claim having a priority superior to or *pari passu* with the Superpriority Claims granted by this Order with respect to the Adequate Protection Obligations shall be granted or allowed until the indefeasible payment in full in cash and satisfaction in the manner provided in this Order of the Adequate Protection Obligations.

13.    (a)    On the date of any sale, lease, transfer, license, or other disposition of property outside the ordinary course of business of any Debtor that constitutes Collateral, the Debtors shall escrow and not be permitted to use any of the gross proceeds resulting therefrom, subject to (i) subparagraph (c) of this Paragraph 13, or (ii) the entry of an order of the Bankruptcy Court authorizing such use or payment to the Prepetition Agent (or, in the absence of any Prepetition Agent, directly to the Prepetition Lenders). Upon such disposition of property, any Liens on the Collateral shall automatically attach to the gross proceeds of such Collateral and constitute valid, enforceable and perfected Liens, without the need for further order of this Court or any act to effect perfection.

(b)    In the event of any casualty, condemnation, or similar event with respect to property that constitutes Collateral, the Debtors are authorized and directed to pay to the Prepetition Agent, for the benefit of the Prepetition Agent and the Prepetition

19

Lenders (or, in the absence of any Prepetition Agent, directly to the Prepetition Lenders), 100% of any insurance proceeds, condemnation award, or similar payment within two (2) business days of receipt thereof.

(c)     Any proceeds and payments received by the Debtors pursuant to this Paragraph 9 shall be delivered to the Prepetition Agent (or in the absence of any Prepetition Agent, directly to the Prepetition Lenders) to be applied to the Adequate Protection Obligations without any need for further order of this Court, and in no event shall the Prepetition Secured Parties be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any such collateral or otherwise.  Any proceeds or payments in excess of the Adequate Protection Obligations shall be held in escrow by the Debtors absent further order of this Court.

14.    **Pursuant to this Order, the Adequate Protection Liens are, and are deemed to be, valid, enforceable, and perfected liens, effective as of the Petition Date, and (notwithstanding any provisions of any agreement, instrument, document, the Uniform Commercial Code, or any other relevant law or regulation of any jurisdiction) no further notice, filing, possession, control, or other act shall be required to effect such perfection, and all liens on any deposit accounts or securities accounts shall, pursuant to this Order be, and they hereby are, deemed to confer "control" for purposes of sections 8-106, 9-104, and 9-106 of the New York Uniform Commercial Code as in effect as of the date hereof in favor of the Prepetition Secured Parties)**; provided, however, that the Prepetition Agent and the Prepetition Lenders are authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction, or take possession of or control over, or take any other action in order to validate and perfect the liens granted to them hereunder. The Debtors shall execute and deliver to the Prepetition Agent all such agreements, financing statements, instruments, and other documents as the Prepetition Agent may reasonably request to evidence,

20

confirm, validate, or perfect the Liens granted pursuant hereto (other than mortgages). If Prepetition Agent shall, in its sole discretion, choose to require the execution of and/or file (as applicable) such financing statements, control agreements, notices of Liens, and other similar instruments and documents, all such financing statements, control agreements, notices of Liens, or other similar instruments and documents shall be deemed to have been executed, filed and/or recorded at the time and on the date of the Petition Date. A certified copy of this Order may, in the discretion of the Prepetition Agent, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments. Each and every federal, state, and local government agency or department may accept the entry by this Court of this Order as evidence of the validity, enforceability, and perfection on the Petition Date of the Adequate Protection Liens granted herein to or for the benefit of the Prepetition Lenders and the Prepetition Agent.

15.     Based on the findings set forth in this Order and in accordance with section 364(e) of the Bankruptcy Code, which is applicable to the use of Cash Collateral contemplated by this Order, in the event that any or all of the provisions of this Order, are hereafter modified, amended, or vacated by a subsequent order of this or any other Court, no such modification, amendment, or vacation shall affect the validity, enforceability, or priority of any Adequate Protection Lien or claim authorized or created hereby or thereby or any Adequate Protection Obligations incurred hereunder or thereunder. Notwithstanding any such modification, amendment, or vacation, any Adequate Protection Obligations incurred and any claim or Adequate Protection Lien granted to the Prepetition Secured Parties hereunder arising prior to the effective date of such modification, amendment, or vacation shall be governed in all respects by the original provisions of this Order, and the Prepetition Secured Parties shall be entitled to all of the rights, remedies, privileges, and benefits, including the Liens and priorities granted herein

21

and therein, with respect to any such Adequate Protection Obligations and Adequate Protection Liens.

16.    The Debtors are authorized and directed to do and perform all acts, to make, execute, and deliver all instruments and documents (including, without limitation, the execution of additional security agreements, pledge agreements, control agreements, mortgages, and financing statements).

17.    (a)    The provisions of this Order, including the obligations of the Debtors in respect of the Adequate Protection Obligations, and the claims and Adequate Protection Liens granted to or for the benefit of the Prepetition Secured Parties pursuant to this Order, and any actions taken pursuant to this Order shall not be discharged by and shall survive the entry of an order (i) confirming a chapter 11 plan in any of the Chapter 11 Cases (and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtors waive such discharge) or (ii) converting any of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code.  Under no circumstances shall any chapter 11 plan, including, without limitation, the Plan, in any of the Chapter 11 Cases be confirmed or become effective unless such chapter 11 plan provides that the Adequate Protection Obligations shall be paid in full in cash and satisfied in the manner provided for in this Order on or before the effective date of such chapter 11 plan.

(b)    Until all of the Adequate Protection Obligations shall have been indefeasibly paid in full in cash and satisfied in the manner provided in this Order, no Debtor shall seek an order dismissing any of the Chapter 11 Cases. If an order dismissing any of the Chapter 11 Cases under section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349(b) of the Bankruptcy Code) that (i) the claims and Liens granted pursuant to this Order and any subsequent order to or for the benefit of the Prepetition Agent and/or the Prepetition Lenders shall continue in full force and effect and shall maintain their perfection and priorities as provided in this Order and subsequent orders until all obligations in respect

22

thereof shall have been indefeasibly paid in full in cash and satisfied in the manner provided in this Order (and that such claims and Liens shall, notwithstanding such dismissal, remain binding on all parties in interest) and (ii) to the extent permitted by applicable law, this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing such claims and Liens.

18.    The provisions of this Order, the Superpriority Claim, the Adequate Protection Obligations, the Adequate Protection Liens, the Adequate Protection Payments, and any and all rights, remedies, privileges, and benefits in favor of the Prepetition Secured Parties provided or acknowledged in this Order, and any actions taken pursuant thereto, shall be effective immediately upon entry of this Order pursuant to Bankruptcy Rules 6004(h) and 7062.

19.    Notwithstanding anything herein to the contrary, nothing in any provision of this Order shall constitute a release, relinquishment, waiver of, or otherwise impair or affect in any manner: a) any claims, rights and remedies, including Claims and Defenses, that are held or may be asserted by any Prepetition Term Lender against any of the Prepetition Secured Parties (including claims, rights and remedies that may be asserted against any Prepetition Revolving Lender (including rights against a Prepetition Revolving Lender that may affect its interest in the Prepetition Term Loan) or against the Prepetition Agent) (the "Intra-Lender Rights"); and b) any claims, rights and remedies, including Claims and Defenses, held by the Debtors and their affiliates against any Prepetition Revolving Lender or Prepetition Agent. For greater certainty, all such claims, rights and remedies of the Prepetition Term Lenders and the Debtors and their affiliates, including Intra-Lender Rights and Claims and Defenses, are expressly preserved.

23

20.    A final hearing on the Motion shall be held on October 1, 2009 at 3:30 p.m. to consider entry of a Final Order. Objections to entry of the Final Order shall be filed with the Court no later than 4:30 p.m., two (2) business days prior to the hearing date, which objections shall be served so that the same are received by hand delivery or electronic mail on or before such date and time by:  a) Bilzin Sumberg Baena Price & Axelrod LLP, 200 South Biscayne Boulevard, Suite 2500, Miami, Florida 33131-5340, Attn: Scott L. Baena, Esq. (sbaena@bilzin.com); b) Hennigan, Bennett & Dorman, LLP, 865 S. Figueroa Avenue, Los Angeles, California 90017, Attn:  Bruce Bennett, Esq. (bennettb@hbdlawyers.com) and Sidney P. Levinson, Esq. (levinsons@hbdlawyers.com) and Akerman Senterfitt, One Southeast Third Avenue, 25th Floor, Miami, Florida 33131-1714, Attn:  Michael Goldberg, Esq. (michael.goldberg@akerman.com), Co-Counsel for certain of the Term Lenders, and (c) Quinn Emauel Urquhart Oliver & Hedges, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, Attn: Susheel Kirpilani, Esq. (skirpilani@quinnemanuel.com) and  Bast Amron LLP, SunTrust International Center, One Southeast Third Avenue, Suite 1440, Miami, FL 33131, Attn: Brett Amron, Esq., Co-Counsel for Aurelius Capital Management LP (bamron@bastamron.com ).


# # #

Submitted by:

Scott L. Baena (Florida Bar No. 186445)
Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

24

Copies to:
Scott L. Baena
*(Attorney Baena shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                              Chapter 11

FONTAINEBLEAU LAS VEGAS                             Case No. 09-21481-BKC-AJC
HOLDINGS, LLC, ET AL.,[1]

                     Debtors.                       (Jointly Administered)
_____/

## AMENDED[2] CONTRACTOR CLAIMANTS CROSS-NOTICE OF APPEAL [D.E.#592]

Desert Fire Protection, a Nevada Limited Partnership, Bombard Mechanical, LLC, Bombard Electric, LLC, Warner Enterprises, Inc. d/b/a Sun Valley Electric Supply Co., Absocold Corporation d/b/a Econ Appliance, Austin General Contracting, Powell Cabinet and Fixture Co., Safe Electronics, Inc, and Union Erectors, LLC, who collectively comprise the Contractor Claimants (the "Contractor Claimants" or "Cross-Appellants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. § 158(a), Rules 8001 and 8002 of the Federal Rules of Bankruptcy Procedure, and Rule 8001-1 of the Local Rules for the United States Bankruptcy Court of the Southern District of Florida, amend their cross-appeal [D.E. #592] to the United States District Court for the Southern District of Florida, of Term Lender Steering Group (identified Appellants below "Appellants") *Notice of Appeal* [D.E. # 576] from the ***First Interim Order (1) Authorizing the Nonconsensual Use of Cash Collateral and to (II) Provide Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 363, and 364 of the Bankruptcy Code and (III) Scheduling Final Hearing*** [D.E. # 565] (the "Order"), entered

---

[1] *In re Fontainebleau Las Vegas Holdings, LLC*, Case No. 09-21481-BKC-AJC, *In re Fontainebleau Las Vegas, LLC*, Case No. 09-21482-BKC-AJC, and *In re Fontainebleau Las Vegas Capital Corp.*, Case No. 09-21483-BKC-AJC.

[2] Amended to correct reference of Notice of Appeal to reflect the correct docket entry.

on September 18, 2009 by the Honorable A. Jay Cristol, United States Bankruptcy Judge for the Southern District of Florida.

The names of all parties to the Order appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

| CROSS-APPELLANTS: | COUNSEL: |
|---|---|
| Desert Fire Protection | EHRENSTEIN CHARBONNEAU CALDERIN |
| | Robert P. Charbonneau, Esq. |
| Bombard Mechanical LLC | Fl. Bar No.: 968234 |
| | rpc@ecclegal.com |
| Bombard Electric, LLC | Daniel L. Gold, Esq. |
| | Fl. Bar No.: 761281 |
| Warner Enterprises | dg@ecclegal.com |
| | 800 Brickell Avenue, Suite 902 |
| Absocold Corporation | Miami, Florida 33131 |
| | T. 305.722.2002      F. 305.722.2001 |
| Austin General Contracting | |
| Powell Cabinet and Fixture Co. | |
| Safe Electronics, Inc. | |
| Union Erectors, LLC. | |

| APPELLANTS | |
|---|---|
| 1888 Fund, Ltd. | COUNSEL: |
| | AKERMAN SENTERFITT |
| Aberdeen Loan Funding, Ltd. | Michael I. Goldberg, Esq. |
| | James H. Fierberg, Esq. |
| Armstrong Loan Funding Ltd. | Las Olas Centre II |
| | One Southeast Third Avenue, 25th Floor |
| Battlion CLO 2007-1 Ltd. | Miami, Florida 33131-1714 |
| | T. 305.374.5600      F. 305.374.5095 |
| Brentwood CLO, Ltd. | -and- |
| | HENNIGAN, BENNETT & DORMAN LLP |
| Brigade Leveraged Capital Structures Fund, Ltd. | Bruce Bennett |
| | Sidney P. Levinson |
| | Joshua M. Mester |
| Canpartners Investments IV, LLC | 865 South Figueroa Street, Suite 2900 |

2

Canyon Special Opportunities Master Fund
(Cayman), Ltd.

Los Angeles, California 90017
T. 213.694.1200      F. 213.694.1234

Carlyle High Yield Partners 2008-1, Ltd.

Carlyle High Yield Partners IX, Ltd.

Carlyle High Yield Partners VI, Ltd.

Carlyle High Yield Partners VII, Ltd.

Carlyle High Yield Partners VIII, Ltd.

Carlyle High Yield Partners X, Ltd.

Carlyle Loan Investment, Ltd.

Copper River CLO Ltd.

Eastland CLO, Ltd.

Emerald Orchard Limited

Gleneagles CLO, Ltd.

Grayson CLO, Ltd.

Green Lane CLO Ltd.

Greenbriar CLO, Ltd.

Highland Credit Opportunities CDO, Ltd.

Highland Loan Funding V, Ltd.

Jasper CLO, Ltd.

Kennecott Funding Ltd.

LFC2 Loan Funding LLC

Liberty CLO, Ltd.

Loan Funding IV LtC

Loan Funding VII LLC

Loan Star State Trust

3

Longhorn Credit Funding, LLC

NZC Opportunities (Funding) II Limited

Orpheus Funding LLC

Orpheus Holdings LLC

Red River CLO, Ltd.

Rockwall CDO II, Ltd.

Rockwall CDO, Ltd.

Sands Point Funding Ltd.

Southfork CLO, Ltd.

Stratford CLO, Ltd,

Westchester CLO, Ltd.

| **APPELLEES** | **COUNSEL:** |
|---|---|
| Fontainebleau Las Vegas Holdings, LLC, Fontainebleau Las Vegas, LLC, Fontainebleau Las Vegas Capital Corp. | BILZIN   SUMBERG   BAENA   PRICE   & AXELROD LLP<br>Scott L. Baena, Esq.<br>Jay Sakalow, Esq.<br>Mindy Mora, Esq.<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131-5340<br>T. 305.350.2403        F. 305.351.2203 |

| **INTERESTED PARTY:** | **COUNSEL:** |
|---|---|
| Architectural Materials, Inc., d/b/a AMI Hospitality, Inc. and its subsidiary Peregrine Installation Co.<br><br>Collings Interiors, LLC<br><br>Commercial Roofers, Inc.<br><br>Door-Ko, Inc. | Philip. J. Landau, Esq.<br>Fl Bar No.: 504017<br>Plandau@sfl-pa.com<br>SHRAIBERG, FERRARA & LANDAU P.A.<br>2385 N.W. Executive Center Dr.,<br>Suite 300<br>Boca Raton, FL 33431<br>T. 561.443.0800        F. 561.998.0047 |

4

Door & Hardware Management, Inc.
Eberhard Southwest Roofing, Inc.

EIDS Steel Company, LLC

Gallagher-Kaiser Corporation

L.A. Nevada, Inc., d/b/a G&G Systems

J.S. & S., Inc.

LVI Environmental of Nevada, Inc.

Marnell Masonry, Inc.

Midwest Drywall Co., Inc.

Midwest Pro Painting, Inc.

Mechanical Insulation Specialists (MIS)

Modernfold of Nevada, LLC

Southern Nevada Paving, Inc.

Universal Piping, Inc.

West Edna & Associates, d/b/a Mojave
Electric

W&W Steel, LLC of Nevada

Gregory E. Garman, Esq.
Nevada Bar No. 6654
Thomas H. Fell, Esq.
Nevada Bar No. 3717
GORDON SILVER
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
T. 702.796.5555        F. 702.369.2666
*Admitted Pro Hac Vice*

| **INTERESTED PARTY:** | **COUNSEL:** |
|---|---|
| 1888 Fund, Ltd. | AKERMAN SENTERFITT |
| | Michael I. Goldberg, Esq. |
| Aberdeen Loan Funding, Ltd. | James H. Fierberg, Esq. |
| | Las Olas Centre II |
| Armstrong Loan Funding Ltd. | One Southeast Third Avenue, 25th Floor |
| | Miami, Florida 33131-1714 |
| Battlion CLO 2007-1 Ltd. | T. 305.374.5600        F. 305.374-5095 |
| Brentwood CLO, Ltd. | -and- |
| Brigade Leveraged Capital Structures Fund, | |

5

Ltd.

Canpartners Investments IV, LLC

Canyon Special Opportunities Master Fund
(Cayman), Ltd.

Carlyle High Yield Partners 2008-1, Ltd.

Carlyle High Yield Partners IX, Ltd.

Carlyle High Yield Partners VI, Ltd.

Carlyle High Yield Partners VII, Ltd.

Carlyle High Yield Partners VIII, Ltd.

Carlyle High Yield Partners X, Ltd.

Carlyle Loan Investment, Ltd.

Copper River CLO Ltd.

Eastland CLO, Ltd.

Emerald Orchard Limited

Gleneagles CLO, Ltd.

Grayson CLO, Ltd.

Green Lane CLO Ltd.

Greenbriar CLO, Ltd.

Highland Credit Opportunities CDO, Ltd.

Highland Loan Funding V, Ltd.

Jasper CLO, Ltd.

Kennecott Funding Ltd.

LFC2 Loan Funding LLC

Liberty CLO, Ltd.

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett, Esq.
Sidney P. Levinson, Esq.
865 Figueroa Street, Suite 2900
Los Angeles, California 90017
T. 213.694.1200      F. 213.694.1234

6

Loan Funding IV LLC

Loan Funding VII LLC

Loan Star State Trust

Longhorn Credit Funding, LLC

NZC Opportunities (Funding) II Limited

Orpheus Funding LLC

Orpheus Holdings LLC

Red River CLO, Ltd.

Rockwall CDO II, Ltd.

Rockwall CDO, Ltd.

Sands Point Funding Ltd.
Southfork CLO, Ltd.
Stratford CLO, Ltd.
Westchester CLO, Ltd.

| **INTERESTED PARTY:** | **COUNSEL:** |
|---|---|
| Aurelius Capital Management, L.P. | QUINN EMANUEL URQUHART, OLIVER & HEDGES, LLP<br>Susheel Kirpalani<br>Scott C. Shelley<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>T. 212.849.7199    F. 212.849.7100<br><br>-and-<br><br>Eric Winston<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>T. 213.443.3602    F. 213.443.3100<br><br>BAST AMRON LLP<br>SunTrust International Center<br>One Southeast Third Avenue, Suite 1440<br>Miami, Florida 33131<br>T. 305.379.7904    F.305.379.7905 |

7

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| The Official Committee of Unsecured Creditors | GENOVESE JOBLOVE & BATTISTA, P.A.<br>Paul J. Battista<br>Glenn D. Moses<br>100 Southeast 2nd Street, 44th Floor<br>Miami, Florida 33131<br>Telephone: (305) 349-2300<br>Facsimile: (305) 349-2310<br><br>-and-<br><br>FOX ROTHSCHILD, LLP<br>Michael Viscount<br>Joshua T. Klein<br>Midtown Building, Suite 400<br>1301 Atlantic Avenue<br>Atlantic City, New Jersey 08401<br>Telephone: (609) 348-4515<br>Facsimile: (609) 348-6834 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Derr & Gruenewald Construction Co.<br><br>Graybar Electric Company, Inc.<br><br>Quality Cabinet and Fixture Company<br><br>Tracy & Ryder Landscape, Inc.<br><br>Z-Glass, Inc.<br><br>Zetian Systems, Inc.<br><br>Water FX, Inc. | MAY, MEACHAM & DAVELL, P.A.<br>Robert C. Meacham<br>One Financial Plaza<br>Suite 2602<br>Ft. Lauderdale, Florida 33394<br>Telephone: (954) 763-6006 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Aderholt Specialty Company, Inc.<br><br>CECO Concrete Construction, LLC | MARKOWITZ, DAVIS, RINGEL, & TRUSTY, P.A.<br>Ross R. Hartog<br>Two Datran Center, Suite 1225<br>9130 South Dadeland Boulevard<br>Miami, Florida 33156<br>T. 305.670.5000 |

8

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| QTS Logistics, Inc. | BAKER & HOSTETTLER LLP |
| | Richard J. Bernard |
| Quality Transportation Services of Nevada, Inc. | 45 Rockefeller Plaza |
| | New York, New York 10111 |
| Keenan Hopkins Suder & Stowell Contractors, Inc. | Telephone: (212) 589-4200 |
| | Facsimile: (212) 589-4201 |
| Coreslab Structures (L.A.), Inc. | -and- |
| | BAKER & HOSTETTLER LLP |
| | Eric S. Golden |
| | 200 S. Orange Avenue |
| | SunTrust Center, Suite 2300 |
| | Orlando, Florida 32801 |
| | Telephone: (407) 649-4000 |
| | Facsimile: (407) 841-0168 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| HSH Nordbank, AG, New York Branch | KAY SCHOLER, LLP |
| | Andrew A. Kress |
| | 425 Park Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 836-8781 |
| | Facsimile: (212) 836-6728 |
| | -and- |
| | RICE PUGATCH ROBINSON & SCHILLER, P.A. |
| | Arthur Halsey Rice |
| | 101 Northeast Third Avenue, Suite 1800 |
| | Ft. Lauderdale, Florida 33301 |
| | T.305.379.3121       F. 954.462.4300 |

9

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Bank of Scotland | STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A. |
| | Harold D. Moorefield, Jr. |
| | Museum Tower, 2200, Suite 2200 |
| | 150 West Flagler Street |
| | Miami, Florida 33130 |
| | Telephone: (305) 789-3467 |
| | Facsimile: (305) 789-2643 |
| | |
| | -and- |
| | |
| | KATTEN MUCHIN ROSENMAN LLP |
| | Kenneth E. Noble |
| | 575 Madison Avenue |
| | New York, New York 10022-2585 |
| | Telephone: (212) 940-6419 |
| | Facsimile: (212) 894-5653 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Southern Nevada Painters Trust Funds and | CHRISTENSEN JAMES & MARTIN |
| | Kevin B. Christensen |
| Southern Nevada Glaziers' Trust Funds | Sara D. Cope |
| | 7440 W. Sahara Avenue |
| | Las Vegas, Nevada 89117 |
| | Telephone: (702) 255-1718 |
| | Facsimile: (702) 255-0871 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Ahern Rentals, Inc. | DIXON TRUMAN FISHER & CLIFFORD |
| | Robin E. Perkins |
| QED, Inc. | 221 N. Buffalo Drive, Suite A |
| | Las Vegas, Nevada 89145 |
| Superior Tile & Marble, Inc. | Telephone: (702) 821-1821 |
| | Facsimile: (702) 259-9759 |

10

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Illuminating Concepts, Ltd. | Thomas D. Lumpkin, II |
| | 6258 SW 99th Ter |
| | Pinecrest, Florida 33146-3345 |
| | Telephone: (305) 444-0005 |
| | Facsimile: (305) 444-5366 |
| | |
| | -and- |
| | |
| | MICHAEL R. MUSHKIN & ASSOCIATES |
| | Michael R. Mushkin |
| | 4475 S. Pecos Road |
| | Las Vegas, Nevada 89121 |
| | Telephone: (702) 386-3999 |
| | Facsimile: (702) 454-3333 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Insulpro Projects, Inc. | DOBBERSTEIN & ASSOCIATES |
| | Eric Dobberstein |
| | 8965 S. Eastern Avenue, Suite 280 |
| | Las Vegas, Nevada 89123 |
| | Telephone: (702) 382-4002 |
| | Facsimile: (702) 382-1661 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| Fisk Electric Company | WEISS SEROTA HELFMAN PASTORIZA COLE & BONISKE, P.L. |
| | Carla M. Barrow |
| | Mitchell A. Bierman |
| | 2525 Ponce De Leon Boulevard |
| | Suite 700 |
| | Coral Gables, Florida 33134 |
| | Telephone: (305) 854-0800 |
| | Facsimile: (305) 854-2323 |

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| ThyssenKrupp Safway, Inc. | BEHAR GUTT & GLAZER, P.A. |
| | Brian S. Behar |
| | Robert J. Edwards |
| | 2999 N.E. 191st Street, Fifth Floor |
| | Aventura, Florida 33180 |
| | T. 305.931.3771       F. 305.931-3774 |

11

| INTERESTED PARTY: | COUNSEL: |
|---|---|
| D'Alessio Contracting, Inc. | GIBBS, GIDEN, LOCHER, TURNER & SENET, LLP |
| Waco Scaffolding & Equipment | Becky A. Pintar<br>3993 Howard Hughes Parkway<br>Suite 530<br>Las Vegas, Nevada 89169<br>Telephone: (702) 836-9800<br>Facsimile: (702) 836-9802 |

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing or U.S. Mail this 24th day of September, 2009 to all persons on the attached Service List.

Respectfully Submitted,

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2090-1(A).*

**EHRENSTEIN CHARBONNEAU CALDERIN**
Attorneys for Contractor Claimants, Cross-Appellants
800 Brickell Avenue, Suite 902
Miami, Florida 33131
www.ecclegal.com
T 305.722.2002     F 305.722.2001

By:*/s/ Robert P. Charbonneau, Esq.*
       Robert P. Charbonneau
       Florida Bar Number 968234
       rpc@ecclegal.com
       Daniel L. Gold
       Florida Bar Number 0761281
       dg@ecclegal.com

12

## SERVICE LIST

**09-21481-AJC Notice will be electronically mailed to:**

Brett M Amron on behalf of Creditor Aurelius Capital Management, LP
bamron@bastamron.com, jrivera@bastamron.com,jeder@bastamron.com

Scott L Baena on behalf of Debtor Fontainebleau Las Vegas Capital Corp.
sbaena@bilzin.com, lflores@bilzin.com;eservice@bilzin.com

Carla M Barrow on behalf of Creditor Fisk Electric Company
cbarrow@wsh-law.com, mmartinez@wsh-law.com

Paul J. Battista on behalf of Creditor Committee Creditors Committee
pbattista@gjb-law.com, ctarrant@gjb-law.com;gjbecf@gjb-law.com

Brian S Behar on behalf of Creditor ThyssenKrupp Safway Inc.
bsb@bgglaw.net

Richard J Bernard on behalf of Creditor QTS Lotigistics, Inc.
rbernard@bakerlaw.com

Mark D Bloom on behalf of Creditor Barclays Bank PLC
bloomm@gtlaw.com, phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Jacqueline Calderin on behalf of Creditor Absocold Corporation, d/b/a Econ Appliance
jc@ecccounsel.com, phornia@ecccounsel.com;nsocorro@ecccounsel.com

Candace C Carlyon on behalf of Creditor Young Electric Sign Company
ccarlyon@sheacarlyon.com,
ltreadway@sheacarlyon.com;ggianoulakis@sheacarlyon.com;ssherman@sheacarlyon.com;manthony@sheacarlyon.com;rmsmith@sheacarlyon.com

Robert P Charbonneau on behalf of Creditor Absocold Corporation, d/b/a Econ Appliance
rpc@ECCcounsel.com,
nsgm0024@aol.com;dgold@ECCcounsel.com;scunningham@ECCcounsel.com;phornia@ecccounsel.com;nsocorro@ecccounsel.com;msardinas@ecccounsel.com

David A Colvin on behalf of Creditor DANA KEPNER COMPANY
dcolvin@marquisaurbach.com

Sara D Cope on behalf of Creditor Southern Nevada Glaziers Trust Funds
saradcope@gmail.com, kbchrislaw@aol.com

Ryan E Davis on behalf of Creditor Cemex Construction Materials Florida, LLC
rdavis@whww.com, rwilliams@whww.com

13

Thomas H. Fell on behalf of Creditor M&M Lienholders
bknotices@gordonsilver.com, bankruptcynotices@gordonsilver.com

James H. Fierberg on behalf of Creditor Term Lender Steering Group
james.fierberg@akerman.com

Robert G Fracasso Jr on behalf of Defendant Sumitomo Mitsui Banking Corporation
rfracasso@shutts.com

Thomas Joseph Francella on behalf of Interested Party Minibar Systems and Minibar N.A., Inc
tfrancella@wtplaw.com

Robert C Furr on behalf of Creditor MB Financial Bank NA
bnasralla@furrcohen.com

Jay M Gamberg on behalf of Creditor Mechanical Systems West Inc.
Lbernstein@gamberglaw.com

James D Gassenheimer on behalf of Interested Party Turnberry Residential Limited Partner, L.P.
jgassenheimer@bergersingerman.com,
efile@bergersingerman.com;lmerida@bergersingerman.com;cweisz@bergersingerman.com;ebrown@bergersingerman.com

Daniel L. Gold on behalf of Creditor Absocold Corporation, d/b/a Econ Appliance
dgold@ecccounsel.com, scunningham@ecclegal.com

Michael I Goldberg on behalf of Creditor Term Lender Steering Group
michael.goldberg@akerman.com, charlene.cerda@akerman.com

Eric S Golden on behalf of Creditor Coreslab Structures (L.A.), Inc.
egolden@bakerlaw.com, smccoy@bakerlaw.com

Alvin S. Goldstein on behalf of Creditor MB Financial Bank NA
mmitchell@furrcohen.com

Ross R Hartog on behalf of Creditor Aderholt Specialty Company, Inc.
rhartog@mdrtlaw.com,
gguenechea@mdrtlaw.com;ecfnotices@mdrtlaw.com;mdrtlaw@yahoo.com

Thomas E Kaaran on behalf of Creditor Southwest Gas Corporation
kthomas@mcdonaldcarano.com, dsmith-power@mcdonaldcarano.com;mmorton@mcdonaldcarano.com

John W. Kozyak on behalf of Creditor Apollo Investment Fund, VII, LP
jk@kttlaw.com, ycc@kttlaw.com;la@kttlaw.com

**EHRENSTEIN CHARBONNEAU CALDERIN**
**800 Brickell Avenue · Suite 902 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

Philip J Landau on behalf of Creditor M&M Lienholders
plandau@sfl-pa.com, lmelton@sfl-pa.com;lrosetto@sfl-pa.com

David M Levine on behalf of Interested Party Commonwealth Land Title Insurance Company
dml@tewlaw.com, msanchez@tewlaw.com;rjr@tewlaw.com;amj@tewlaw.com

Paul J McMahon on behalf of Creditor Colasanti Specialty Services, Inc.
pjm@pjmlawmiami.com

Robert C Meacham on behalf of Creditor Derr and Gruenewald Construction Co.
rmeacham@mmdpa.com, lraymond@mmdpa.com;mdieguez@mmdpa.com

Lawrence H Meuers on behalf of Interested Party CCCS International
lmeuers@meuerslawfirm.com,
lcastle@meuerslawfirm.com;snurenberg@meuerslawfirm.com;sdefalco@meuerslawfirm.com

Harold D Moorefield Jr. on behalf of Defendant Bank of Scotland
hmoorefield@swmwas.com,
cgraver@swmwas.com;larrazola@swmwas.com;rross@swmwas.com

Mindy A. Mora on behalf of Debtor Fontainebleau Las Vegas Holdings, LLC
mmora@bilzin.com, eservice@bilzin.com;lflores@bilzin.com;laparicio@bilzin.com

Glenn D Moses on behalf of Creditor Committee Creditors Committee
gmoses@gjb-law.com, ctarrant@gjb-law.com;gjbecf@gjb-law.com

Kenneth E Noble on behalf of Defendant Bank of Scotland
kenneth.noble@kattenlaw.com, NYC.BKNotices@kattenlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Becky Pintar on behalf of Creditor D'Alessio Contracting, Inc.
bpintar@gglts.com

Craig V Rasile on behalf of Creditor Bank of America, N.A.
crasile@hunton.com,
mtucker@hunton.com,mmannering@hunton.com,keckhardt@hunton.com,adeboer@hunton.com

Robert F. Reynolds on behalf of Creditor American Crane & Hoist, LLC
rreynolds@slatkinreynolds.com, imalcolm@slatkinreynolds.com

Arthur H Rice on behalf of Defendant HSH Nordbank AG, New York Branch
arice.ecf@rprslaw.com

Peter J Roberts on behalf of Creditor MB Financial Bank NA

EHRENSTEIN CHARBONNEAU CALDERIN
800 Brickell Avenue · Suite 902 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

proberts@shawgussis.com

Ralf R Rodriguez on behalf of Creditor Colasanti Specialty Services, Inc.
rrodriguez@pecklaw.com, sdumbar@pecklaw.com;jfried@pecklaw.com

Rex E Russo on behalf of Creditor Bradford Products, LLc
rexlawyer@prodigy.net

Michael L Schuster on behalf of Creditor Committee Creditors Committee
mschuster@gjb-law.com, ctarrant@gjb-law.com;gjbecf@gjb-law.com;mpacheco@gjb-law.com

Shlomo S. Sherman on behalf of Creditor Young Electric Sign Company
ssherman@sheacarlyon.com

Paul Steven Singerman on behalf of Interested Party Turnberry Residential Limited Partner, L.P.
singerman@bergersingerman.com, efile@bergersingerman.com

Tina M. Talarchyk on behalf of Creditor U.S. Bank National Association
TTalarchyk@ssd.com, amazzini@ssd.com;dfoley@ssd.com

Charles M Tatelbaum on behalf of Creditor Johnson Controls, Inc.
ctatelbaum@adorno.com, smerrill@adorno.com

Diane Noller Wells on behalf of Creditor Young Electric Sign Company
dwells@devinegoodman.com, efiling@devinegoodman.com

**09-21481-AJC Notice will not be electronically mailed to:**

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via

Notice of Electronic Filing or U.S. Mail this 25th day of September, 2009 to all persons on the

attached Service List.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**800 Brickell Avenue · Suite 902 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

Bruce Bennett On behalf of Creditor Term Lender
Steering Group
865 S. Figueroa Ave.
Los Angeles, CA 90017

Candace Carlyon
701 Bridger #850
Las Vegas, NV 89101

Jeff J. Friedman
On behalf of Interested Party Bank of
Scotland plc
575 Madison Avenue
New York, NY 1022-2585

Phillip A. Geraci
On behalf of Interested Party HSH
425 Park Avenue
New York, NY

HSH Nordbank AG, New York Branch
c/o Aaron Rubenstein, Esq.
425 Park Avenue
New York, NY 10022

HSH Nordbank AG, New York Branch
c/o Andrew W. Kress, Esq.
425 Park Avenue
New York, NY 10022

Todd Kaplan
Citadel Derivatives Group, LLC
131 Dearborn St
Chicago, IL 60603

Andrew A. Cress
On behalf of Interested Party HSH
425 Park Avenue
New York, NY 10022

Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

Arthur S. Linker
On behalf of Interested Party Bank of
Scotland PLC
575 Madison Avenue
New York, NY 1022-2585

Alan H. Martin
On behalf of Creditor Bank of America
650 Town Center Dr., 4th Floor
Costa Mesa, CA 92626

Kyle Mathews On behalf of Creditor Bank of America
333 S. Hope St., 48th Floor
Los Angeles, CA 90071

Joshua M. Mester
On behalf of Creditor Term Lender
Steering Group
865 S. Figueroa Avenue
Los Angeles, CA 90017

Kenneth E. Noble
On Behalf of Interested Party Bank of
Scotland, plc
575 Madison Avenue
New York, NY 10022

Anthony L. Paccione
On behalf of Interested party Bank of
Scotland, plc
575 Madison Avenue
New York, NY 10022

Matthew D. Parrot
On behalf of Interested party Bank of
Scotland, plc
575 Madison Avenue
New York, NY 10022

Thomas C. Rice
On behalf of Creditor Barclays Bank
PLC
425 Lexington Avenue
New York, NY 10017

Aaron Rubinstein
On behalf of Interested Party HSH
Nordbank AG
425 Park Avenue
New York, NY 10017

Justin S. Stern
On behalf of Creditor Barclays Bank
PLC
425 Lexington Avenue
New York, NY 10017

David J. Woll
On behalf of Creditor Barclays Bank
PLC
425 Lexington Avenue
New York, NY 10017

17