

# ORDERED in the Southern District of Florida on September 30, 2009.

                                                       **A. Jay Cristol, Judge**
                                                       **United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC, ET AL.,[1] | Case No. 09-21481-BKC-AJC |
| Debtors. | (Jointly Administered) |

**SECOND SUPPLEMENTAL ORDER (I) AUTHORIZING THE NONCONSENSUAL USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF BANKRUPTCY CODE AND (II) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO SECTIONS 361, 363, AND 364 OF THE BANKRUPTCY CODE**

THIS MATTER came before the Court for continued hearing on September 22, 2009 at 3:00 p.m. upon the *Debtors' Emergency Motion for Interim and Final Orders (i) Authorizing Use of Previously Authorized Cash Collateral; (ii) Providing Adequate*

---

[1] The last four digits of each Debtor's tax identification number are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp. [7822]. The Debtors' current mailing address is 19950 West Country Club Drive, Aventura, Florida 33180.

*Protection to Prepetition Secured Parties Pursuant to Sections 361, 363 and 364 of the Bankruptcy Code and (iii) Scheduling Final Hearing* [Dkt. No. 528] (the "Cash Collateral Motion").

The Court, having previously considered the Cash Collateral Motion at a hearing on September 16, 2009 at 3:00 p.m. (the "Initial Hearing"), entered the *First Interim Order (I) Authorizing the Nonconsensual Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (II) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 363 and 364 of the Bankruptcy Code, and (III) Scheduling Final Hearing* [Dkt. No. 565] (the "Interim Cash Collateral Order"). The Interim Cash Collateral Order, among other things, scheduled a continued hearing (the "Continued Cash Collateral Hearing") in order to further consider approval of the Debtors' payroll expenses, the interim professional fees of the Debtors' proposed investment bankers, and pass-through salary expenses of employees of Turnberry West Construction, Inc.

The Court, upon consideration of the Cash Collateral Motion and the record in these cases, and after having heard the arguments of counsel at the Initial Hearing and at the Continued Cash Collateral Hearing, finds that cause exists to immediately grant the relief requested to the extent provided herein to avoid irreparable harm to the Debtors' estates, that the terms of such use are fair, reasonable, and in the best interests of the Debtors' estates and all parties in interest in these cases and that the interests of the Prepetition Lenders[2] and Statutory Lienholders who have objected or who did not consent to the relief granted herein are adequately protected pursuant to 11 U.S.C. § 361 by the

---

[2] All capitalized terms used but not defined herein shall have the meanings set forth in the Interim Cash Collateral Order.

2

Adequate Protection Obligations provided for by the Interim Cash Collateral Order and that are incorporated herein. Accordingly, for the reasons stated upon the record in open court, it is ORDERED that:

1. Subject to all of the terms and conditions set forth in the Interim Cash Collateral Order, the Debtors are authorized, pursuant to section 363(2)(a) (as to those parties who have an interest in the Cash Collateral and who have consented to entry of this Order and the Interim Cash Collateral Order) and section 363(c)(2)(B) of the Bankruptcy Code, to use the Cash Collateral solely and exclusively in the following amounts (subject to paragraph 5(iv) of the Interim Cash Collateral Order) and for the following purposes, from the date hereof until the earliest to occur of (a) the date that the Interim Cash Collateral Order or the Final Order (when applicable) ceases to be in full force and effect, or (b) the occurrence and continuation of a Termination Event:

(a) ***Payroll and Payroll Taxes*** in the aggregate amount of $380,500, to compensate the Debtors' employees, provided, however, the parties are advised that any further requests for the non-consensual use of Cash Collateral for these purposes shall be very carefully examined by the Court.

(b) ***TWC Salary Expense*** in the aggregate amount of $113,000 for eleven remaining employees who maintain the Project and/or provide critical services. Five of the employees provide fire watch, electrical monitoring, elevator, security, and water leak monitoring at the Project and the others are responsible for maintaining permitting records, liaising with Clark County officials, subcontractors and prospective/lenders regarding completion issues and analyses, as well as construction accounting and

recordkeeping. The parties are advised that any further requests for the non-consensual use of Cash Collateral for these purposes shall be very carefully examined by the Court.

2. The Debtors' request in the Cash Collateral Motion for authority to utilize Cash Collateral in the aggregate amount of $192,500 to pay the interim professional fees of the Debtors' investment bankers Moelis & Co. and Citadel Derivatives Group are denied without prejudice.

3. Except for (i) subparagraphs 3(a), 3(f)(2), and 3(p)(1) of the Interim Cash Collateral Order, which are superseded by this Order, (ii) subparagraph 3(m) of the Interim Cash Collateral Order, which has been superseded by the *Order Supplementing First Interim Order Authorizing the Nonconsensual Use of Cash Collateral* [Dkt. No. 617], and (iii) paragraph 20 of the Interim Cash Collateral Order, which has been superseded by the *Order Granting Ex-Parte Motion to Continue October 1, 2009 Final Hearing on Debtors' Emergency Motion for Interim and Final Orders (i) Authorizing Use of Previously Authorized Cash Collateral; (ii) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 363 and 364 of the Bankruptcy Code and (iii) Scheduling Final Hearing* [Dkt. No. 582], each and every finding of fact, conclusion of law, and other provision of the Interim Cash Collateral Order is incorporated by reference as if fully set forth herein.

# # #

Submitted by:

Scott L. Baena (Florida Bar No. 186445)
Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

<u>Copies to:</u>
Scott L. Baena
*(Attorney Baena shall upon receipt cause a copy of this Order to be served upon all interested parties and a certificate of service to be filed.)*

MIAMI 1953337.2 7650831854                                    5