**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

**In Re:**

**FONTAINEBLEAU LAS VEGAS**  Case No.  09-21481-BKC-AJC
**HOLDINGS, LLC, et al.**

                                                                                  Chapter 11
     **Debtors.**                                                           (Jointly Administered)
_____/

**OBJECTION BY CONTRACTOR CLAIMANTS TO DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL; (II) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO SECTIONS 361, 362, 363, AND 364 OF THE BANKRUPTCY CODE; AND (III) SCHEDULING FINAL HEARING AND ALL SUPPLEMENTS THERETO (D.E. 12, 166, 302, 421, 528)**

Desert Fire Protection, a Nevada Limited Partnership, Bombard Mechanical, LLC, Bombard Electric, LLC, Warner Enterprises, Inc. d/b/a Sun Valley Electric Supply Co., Absocold Corporation d/b/a Econ Appliance, Austin General Contracting, and Powell Cabinet and Fixture Co., Safe Electronics, Inc, who collectively comprise the Contractor Claimants (the "Contractor Claimants"), by and through undersigned counsel, object (the "Objection") to the *Debtors' Emergency Motion for Interim and Final Orders (i) Authorizing the Debtors to Use Cash Collateral; (ii) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, 363, and 364 of the Bankruptcy Code; and (iii) Scheduling Final Hearing* (D.E. 12), as supplemented by (a) *the Debtors' Supplement to Emergency Motion for Interim and Final Orders (i) Authorizing the Debtors to Use Cash Collateral; (ii) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, 363, and 364 of the Bankruptcy Code; and (iii) Scheduling Final Hearing* (the "First Supplement") (D.E. 166); (b) the *Debtors' Second Supplement to Emergency Motion for Interim and Final Orders (i)*

*Authorizing the Debtors to Use Cash Collateral; (ii) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, 363, and 364 of the Bankruptcy Code; and (iii) Scheduling Final Hearing* (the "<u>Second Supplement</u>") (D.E. 302); (c) the *Debtors' Third Supplement to Emergency Motion for Interim and Final Orders (i) Authorizing the Debtors to Use Cash Collateral; (ii) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, 363, and 364 of the Bankruptcy Code; and (iii) Scheduling Final Hearing* (the "<u>Third Supplement</u>") (D.E. 421); and (d) the *Debtors' Emergency Motion for Interim and Final Orders (i) Authorizing the Use of Previously Authorized Cash Collateral; (ii) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, 363, and 364 of the Bankruptcy Code; and (iii) Scheduling Final Hearing* (the "<u>Final Motion</u>") (D.E. 538) (collectively, the "<u>Motion</u>"). In support of the Objection, the Contractor Claimants state as follows:

## **INTRODUCTION**

The Contractor Claimants object on a limited basis to the Motion for the reasons previously stated in their various objections to the Debtors' prior requests to use cash collateral, whether on a consensual or non-consensual basis. Specifically, the Contractor Claimants continue their standing objection to the grant of priming liens in the Project to the Term Lenders without a provision for adequate protection for senior lienholders, including the Contractor Claimants. In addition, the Contractor Claimants object to any provision that allows for payment of interest on outstanding loans, professional fees, or expenses to the Term Lender Steering Group. The Term Lenders are radically undersecured, and barred from receiving such payments during the course of the case.

**BACKGROUND AND RENEWED OBJECTION**

1.  The Debtors are currently operating under and authorized to use cash collateral pursuant to the *First Interim Order (I) Authorizing the Nonconsensual Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (II) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, and (III) Scheduling Final Hearing* (the "First Nonconsensual Order"). (D.E. 565). The First Nonconsensual Order grants the Term Lenders improper priming liens in all of the Debtors' Collateral, including the real property that encompasses the Project. Those priming liens would seek to prime the interests of mechanics' lienholders, like the Contractor Claimants, who have a perfected, first-priority, statutory lien in the Project pursuant to Nevada law.

2.  The priming liens to which the Contractor Claimants chiefly object appeared for the first time in the *Third Interim Order* and were carried over into the *Fourth Interim Order* over the objections of the Contractor Claimants and others. *See, e.g.,* D.E. 321 and 440. The Contractor Claimants renewed and restated their objection to any similar anticipated priming liens being granted to the Term Lenders on a final basis. (D.E. 526). In the First Nonconsensual Order, priming liens were again granted to the Term Lender, although they did not consent to the Debtors' continued use of cash collateral. The Contractor Claimants query why the Debtors would bother to offer the Term Lenders any protections at all over meritorious objections when the Term Lenders are not consenting to the use of cash collateral?

3.  In anticipation of the same unlawful priming liens being approved to the Term Lenders, however, the Contractor Claimants raise the same objections that such priming liens cannot be granted without senior lienholders, including the Contractor Claimants, receiving adequate protection on account of their senior liens as required by 11 U.S.C. § 364(d). In

addition, priming liens cannot be granted unless there is *actual* post-petition lending by the priming creditor. It is undisputed that the Term Lenders have made no postpetition loans despite the Debtors' attempt to characterize previous spent cash collateral as "deemed reborrowed" funds. Moreover, the priming liens that may be granted to the Term Lenders violate binding Eleventh Circuit precedent. *Shapiro v. Saybrook Mfg. Co., Inc. (In re Saybrook Mfg. Co., Inc.)*, 963 F.2d 1490, 1494-95 (11th Cir. 1992) (holding that cross-collateralization is not authorized as a method of post-petition financing under section 364 of the bankruptcy code and is "directly contrary to the fundamental priority scheme of the Bankruptcy Code").

4. In addition, in the event that the Debtors seek authorization for any payments for interest, professional fees, or expenses to the Term Lender Steering Group, the Contractor Claimants object to any such payments. Except for their security interests in the cash collateral, the Term Lenders are wholly unsecured based on the appraised value of the Project and the total of properly perfected, first-priority, mechanics' liens that come ahead of the Term Lenders pursuant to Nevada Revised Statutes §108.221 through §108.246. Because of their status as unsecured creditors, any attempt to pay the professionals fees of the Term Lenders Steering Group are redundant of those already incurred by able Committee counsel, who have been representing the unsecured creditors throughout this case, and were properly retained by Court Orders.

**WHEREFORE**, the Construction Claimants respectfully request that the Court deny the anticipated Final Order to the extent that it seeks to grant the Term Lenders priming liens, denies the Contractor Claimants adequate protection, and seeks to pay the Term Lenders interest, fees and costs, but authorize the Debtors' continued use of cash collateral consistent with the terms of the Second Interim Order, and for such other and further relief as the Court deems proper.

Dated:  October 2, 2009.

*I HEREBY CERTIFY* that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified  to practice in this Court as  set forth in Local Rule 2090-1(A).

**EHRENSTEIN CHARBONNEAU CALDERIN**
*Counsel for Contractor Claimants*
800 Brickell Avenue, Suite 902
Miami, Florida 33131
T. (305) 722-2002     F. (305) 722-2001

Respectfully submitted,

/s/ *Robert Charbonneau*_____
Robert P. Charbonneau, Esq.
Fla. Bar No. 968234
rpc@ecclegal.com
Daniel L. Gold, Esq.
Fla. Bar. No. 0761281
dg@ecclegal.com