UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-21481-BKC-AJC |
| FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC, ET AL., | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors.[1] | ) | |
| | ) | |

**RESPONSE IN OPPOSITION TO THE M&M LIENHOLDERS'
MOTION FOR MODIFICATION OF THE AUTOMATIC STAY**

Bank of America, N.A., a national banking association ("BofA"), as Administrative Agent[2] under that certain Credit Agreement dated June 6, 2007 among Fontainebleau Las Vegas, LLC, Fontainebleau Las Vegas II, LLC, BofA, as Administrative Agent, and the lenders party thereto (the "Credit Agreement") files this response in opposition to the M&M Lienholders' Motion for Modification of the Automatic Stay (the "Modification Motion;" Doc. No. 506).

As stated more fully below, BofA opposes the Modification Motion because (i) this Court will lose the ability to effectively and efficiently administer this case if the lien litigation is outsourced to a Nevada state court, (ii) the authorities cited by the M&M movants are materially distinguishable from this case, (iii) the movants'

---

[1] *In re: Fontainebleau Las Vegas Holdings, LLC* is jointly administered with *In re: Fontainebleau Las Vegas, LLC,* Case No. 09-21482-BKC-AJC, and *In re: Fontainebleau Las Vegas Capital Corp.*, Case No. 09-21483-BKC-AJC.

[2] On or about May 7, 2009, BofA provided notice of its resignation as Administrative Agent under the Credit Agreement. Although discussions have been ongoing with respect to the appointment of a successor Administrative Agent, no successor has been appointed.

proposed lien litigation procedures will not promote judicial economy and (iv) the movants will not be irreparably harmed if this Court adjudicates the validity, extent and priority of their claims.

### 1. **Procedural history.**

1. On June 9, 2009 (the "Petition Date"), Fontainebleau Las Vegas Holdings, LLC, Fontainebleau Las Vegas, LLC and Fontainebleau Las Vegas Capital Corp. (the "Debtors") filed voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida. The Debtors' jointly administered cases are referred to collectively as the "Bankruptcy Case."

2. On September 11, 2009, 20 entities purporting to hold mechanics' and materialmen's liens on the Debtors' property (the "M&M Movants")[3] filed the Modification Motion, which asks this Court to modify the automatic stay in this case and allow the M&M Movants to file actions in a Nevada state court (the "Proposed Lien Litigation") seeking a determination of the validity, extent and priority of all lien claims recorded against the Debtors' property (the "Property").

3. On September 14, 2009, Colasanti Specialty Services, Inc. filed a Response in support of the Modification Motion (Doc. No. 525) and on September

---

[3] According to the Modification Motion, the M&M Lienholders are Architectural Materials, Inc., d/b/a AMI Hospitality, Inc., and its subsidiary Peregrine Installation Co., Collings Interiors, LLC, Commercial Roofers, Inc., Door-Ko, Inc., Door & Hardware Management, Inc., Eberhard Southwest Roofing, Inc., EIDS Steel Company, LLC, Gallagher-Kaiser Corp., LA. Nevada, Inc., d/b/a G&G Systems, JS&S, Inc., LVI Environmental of Nevada, Inc., Marnell Masonry, Inc., Midwest Drywall Co., Inc., Midwest Pro Painting, Inc., Mechanical Insulation Specialists, Modernfold of Nevada, LLC, Southern Nevada Paving, Inc., Universal Piping, Inc., West Edna & Associates, d/b/a Mojave Electric, and W&W Steel LLC of Nevada.

30, 2009, Young Electric Sign Co. filed a Joinder in support of the Modification Motion (Doc. No. 645).

### 2. The Proposed Lien Litigation will interfere with this Court's ability to administer the Bankruptcy Case.

4.  The Bankruptcy Court has *in rem* jurisdiction over the Property in the Bankruptcy Case:

> A bankruptcy court's *in rem* jurisdiction permits it to determine all claims that anyone, whether named in the action or not, has to the property or thing in question. The proceeding is one against the world.
>
> *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 448 (2004).

5.  The Bankruptcy Court has personal jurisdiction over the M&M Movants (by reason of their appearance in this Court) and other potential lienholders who may be served in the Bankruptcy Case via U.S. Mail. See Rule 9014(b) and Rule 7004(b), Federal Rules of Bankruptcy Procedure.

6.  This Court has jurisdiction to determine the validity, extent and priority of the liens asserted by the M&M Movants, which determination is a "core proceeding" under 28 U.S.C. Section 157(b)(2)(K). The Bankruptcy Court should not relinquish its control over these core issues in the absence of the Debtors relinquishing their interest in the Property. See *In re: Dianna Phillis Cook*, 384 B.R. 282, 296-297 (N.D. Ala. 2008).

7.  Despite the inherent jurisdiction of this Court, the M&M Movants nevertheless request that the Court modify the automatic stay to permit litigation *to be*

3

*commenced* in a state court in Nevada to determine the extent, validity and priority of *all lien claims* against the Project:

> …the automatic stay should be modified for a <u>specified period of time</u> and for the <u>specified purpose</u> of permitting the lien claimants to institute a lawsuit to determine the extent, validity and priority of **all lien claims** against the Project in Clark County, Nevada.
>
> Modification Motion, p. 17
> (italics emphasis added)

8. The M&M Movants also propose that the state court in Nevada enter a case management order prescribing how to handle the Proposed Lien Litigation. For example, the Modification Motion proposes a lien litigation process that would consolidate all of the state court actions filed by lienors of Property and limit the pleadings to a complaint, answer, cross-claim, and counterclaim by each party. *See* Modification Motion, p. 17-18. This Court has no power to direct or assure the process that would evolve in Nevada courts. The Modification Motion's proposals are merely aspirational and are not required by the Nevada mechanic's lien statutes.

9. The authority to determine the validity, extent and priority of liens of the Debtors' creditors is an essential function of the Bankruptcy court, as evidenced by 28 U.S.C. Section 157(b)(2)(K):

> (2) Core proceedings include . . .
>
> (K) determinations of the validity, extent, or priority of liens;

4

10. This Court has the power to implement a protocol for the efficient and effective determination of lien rights, as suggested by the Debtors' motion for a special bar date and proof of claim procedure (Doc. No. 277), and as begun by this Court's Fourth Interim Cash Collateral Order (Doc. No. 454), or in some other manner agreed to by the parties or established by the Court. If this Court grants the Modification Motion, the Court will effectively cede to a Nevada state court matters which are at the heart of this Bankruptcy Case and which should be addressed by this Court.

### 3. The authorities cited in the Modification Motion are distinguishable.

11. The Modification Motion argues that "numerous courts" have found relief from the automatic stay under Section 362(d)(1) appropriate to allow a state court to determine the priority of mechanics' lien claims. *See* Modification Motion, p. 7. However, as shown in Exhibit 1 attached to this response, the cases cited in the Modification Motion are materially distinguishable because they involve state court litigation that *had already been pending for a substantial period.* The M&M Movants cite *no authority* in which a Bankruptcy court lifted the automatic stay to permit lien claimants to *commence* new cases in a distant state court.

12. If this Court were to grant the relief requested by the M&M Movants, hundreds of lien claimants will be enabled to file *new* actions against the Debtors and other lienholders in Nevada state court. Such relief is not supported by the case law and is inconsistent with affording the Debtors a breathing spell from litigation in

5

order to develop a plan of reorganization. The filing of hundreds of new actions in Nevada state court will bring any progress in this case to a standstill.

### 4. The Proposed Lien Litigation does not promise judicial economy.

13. The M&M Movants argue that "the Nevada mechanics' lien statute provides mechanisms for the greatest possible expediency in determining lien claims in Nevada." *See* Modification Motion, p. 11. However, the Modification Motion itself, and the *Venetian Casino Resort* precedent cited therein, demonstrate that the Nevada state court system does *not* provide an efficient remedy in mechanic's lien cases. The trial of the lien claim of Scott Co. of California alone lasted 33 days and involved 9 witnesses and approximately 400 exhibits.[4] The lien claim trial of Lehrer McGovern Bovis, the general contractor, consumed 130 days and involved 43 fact witnesses, 5 expert witnesses, and approximately 11,000 exhibits.[5]

14. The Bankruptcy Court has the experience and expertise to efficiently and economically deal with the subject matter and anticipated number of claims in this case. The Bankruptcy Court can apply Nevada law in this case as it does in other cases involving the law of states other than Florida. The Debtors have proposed a process that would be more efficient than the Nevada precedent cited by the M&M Movants. There is no basis to believe that the removal of the Debtors' lien claim litigation to Nevada will be any different than what happened in *Venetian Casino Resort*, and ultimately frustrating the Debtors' prospect for reorganization.

---

[4] *In re: Venetian Lien Litigation*, Case No. A397391, Individual Case No. A409223, Eighth Judicial District Court, Clark County, Nevada.

[5] *In re: Venetian Litigation*, Case No. A397391, Individual Case No. A406590, Eighth Judicial District Court, Clark County, Nevada.

### 5. The M&M Movants will not be irreparably harmed by this Court's adjudication of liens.

15.     This Court's fourth interim cash collateral order (the "Order;" Doc. No. 454) established a mechanism and procedure for mechanics' lien claimants to assert the amount and priority of their claims. The Order (i) established a deadline of October 13, 2009 for mechanics' lienors to file a proof of claim setting forth the claimed amount of the statutory lien which that claimant asserts has priority over other liens and (ii) established a deadline of October 15, 2009 for mechanics' lienors to file a complaint with this Court to determine the validity, priority and extent of their liens. *See* Order, paragraph 19(b), p. 28-29.

16.     The M&M Movants alleged, but failed to provide any evidence, that the adjudication of the validity, existence and priority of their claims in an expedient process by this Court—as opposed to a Nevada state court—will cause them irreparable harm. Other parties may, however, be irreparably harmed if this Court does not adjudicate the mechanics' liens. Litigation in Nevada state court will affect the rights, remedies and legitimate expectations of all parties in interest in this Bankruptcy Case. For example, parties in interest in these proceedings may be entitled to relief in the form of equitable subordination pursuant to 11 U.S.C. § 510(c) because of the affiliation among the Debtors and Turnberry West Construction, Inc, the Debtors' general contractor, a remedy not available in Nevada state courts.

**Conclusion**

For the foregoing reasons, the Modification Motion should be denied.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A)

SMITH HULSEY & BUSEY


By:   *s/ James H. Post*
     Stephen D. Busey
     James H. Post
     Cynthia C. Jackson

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jpost@smithhulsey.com
cjackson@smithhulsey.com

Attorneys for Bank of America, N.A.,
  as Administrative Agent.

00672682-2

## Certificate of Service

I certify that a copy of this document has been furnished electronically to those parties entitled to notice through the Court's CM/ECF electronic notification system, this 6th day of October, 2009.

*s/ James H. Post*
Attorney

**Exhibit 1**

| Case Name | Amount of Time Litigation was Pending in State Court |
|---|---|
| In re Parkinson, 102 B.R. 141 (Bankr. C.D.Ill. 1988) | 6 Years |
| In re Mid-Atlantic Handling Systems, 304 B.R. 111 (Bankr. D.N.J. 2003) | 3 Years |
| In re Robbins, 964 F.2d 342 (4th Cir. 1992) | 3 Years |
| Barclays-American/Business Credit, Inc. v. Radio WBHP, Inc. (In re Dixie Broadcasting, Inc.), 871 F.2d 1023 (11th Cir. 1989) | 2 1/2 Years |
| Murray Ind., Inc. v. Aristech Chem. Corp. (In re Murray Industries, Inc.), 121 B.R 635 (Bankr. M.D.Fla. 1990) | 2/1/2 Years |
| Smith v. Tricare Rehabilitation Systems, Inc. (In re Tricare Rehabilitation Systems, Inc.), 181 B.R. 569 (Bankr. N.D.Ala. 1994) | 2 Years |
| In re Bison Resources, Inc., 230 B.R. 611 (Bankr. N.D.Okla. 1999) | 2 Years |
| Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139 (2d Cir. 1999) | 1 1/2 Years |
| In re Aladdin Gaming, LLC, Case No. BK-S-01-20141-RCJ, United States Bankruptcy Court, District of Nevada, [Docket No. 934], July 17, 2002 | 1 Year |
| In re Beane, 404 B.R. 942, 948 (M.D.Fla. 2008) | 1 Year |
| Matter of Holtkamp, 669 F.2d 505 (7th Cir. 1982) | 1 Year (Debtor filed a Voluntary Petition 5 days prior to the trial) |
| In re Marvin Johnson's Auto Service, Inc., 192 B.R. 1008 (Bankr.N.D.Ala.1996) | 1 Year |
| In re The Resort at Summerlin, et al., Case No. BK-S-00-18878-RCJ, United States Bankruptcy Court, District of Nevada, [Docket No. 305], February 1, 2001 | 1 Year |
| In re Sonnax Industries, Inc., 907 F.2d 1280 (2d Cir. 1990) | 10 Months |
| In re MacDonald, 755 F.2d 715 (9th Cir. 1985) | Voluntary Petition was filed 3 months after Final Judgment |
| In re Trident Associates Ltd. Partnership  52 F.3d 127 (6th Cir. 1995) | 1 Month  (Court Held BK Petition was filed in bad faith) |

672796