UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:  Chapter 11

FONTAINEBLEAU LAS VEGAS
HOLDINGS, LLC, ET AL.,[1]  Case No.  09-21481-BKC-AJC

         Debtors.  (Jointly Administered)
_____/

**MOTION TO EXTEND THE EXCLUSIVE PERIOD
IN WHICH TO FILE A CHAPTER 11 PLAN AND TO SOLICIT VOTES THEREON**

      Fontainebleau Las Vegas Holdings, LLC ("Resort Holdings"), Fontainebleau Las Vegas, LLC ("Resort") and Fontainebleau Las Vegas Capital Corp. ("Capital"; and, together with Resort Holdings and Resort, the "Debtors"), debtors and debtors-in-possession in the above-captioned chapter 11 cases hereby file this *Motion to Extend the Exclusive Period In Which To File A Chapter 11 Plan and to Solicit Votes Thereon* (the "Motion") and state as follows:

**Jurisdiction**

    1.    The Court has jurisdiction to consider this Motion and to grant the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. § 1408.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

    2.    The statutory predicate for the relief requested herein is 11 U.S.C. § 1121(b).

---

[1] The last four digits of each Debtor's tax identification number are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp. [7822].  The Debtors' current mailing address is 19950 West Country Club Drive, Aventura, Florida  33180.

**Background**

3. On June 9, 2009 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 Cases are being administered jointly pursuant to the *Order Jointly Administering Debtors' Chapter 11 Cases* [Dkt. No. 10] pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1(B).

4. Each of the Debtors continues to operate its business and manage its financial affairs and possessions as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases. An Official Committee of Unsecured Creditors (the "Committee") was appointed on June 17, 2009 [Dkt. No. 97].

5. Until recently, the Debtors were actively engaged in ongoing construction and development of "Fontainebleau Las Vegas," conceived as a signature "Tier A" casino hotel resort with gaming, lodging, convention and entertainment amenities (the "Project"). Upon completion of construction, the Debtors anticipate that the Project will support 6,000 full-time jobs at the Project and 2,000 additional jobs elsewhere in Las Vegas.

6. The Project is situated on approximately 24.4 acres at the sites of the former El Rancho Hotel and Algiers Hotel on the north end of the Las Vegas Strip. The current plans for the Project include a 63-story glass skyscraper, featuring, among other things: (a) approximately 3,815 stylishly furnished guest rooms;[2] (b) an approximately 100,000 square-foot casino with an approximately 40-foot tall ceiling, featuring 1,700 slot machines, 125 table games, a 14-table

---

[2] Original plans for the Project included 933 luxury hotel-condominium suites. The Debtors have determined that market conditions are so highly unfavorable at the present time that the sale of hotel-condominium suites is not desirable. The Debtors may reincorporate hotel-condominiums in the Project if market conditions become more favorable in the future.

poker room and a race and sports book; (c) approximately 394,000 square feet of class "A" convention, meeting and pre-function space; (d) an approximately 60,000 square-foot state-of-the-art spa; (e) a rooftop pool; and (f) a state-of-the-art theater featuring live entertainment and shows.  At the time that construction of the Project was reduced to a stabilization effort as a result of the unjustified failure of certain of the Debtors' lenders to fulfill their loan commitments, the Project was approximately 70% complete.

### Relief Requested

7. Pursuant to 11 U.S.C. § 1121(a), the Debtors are granted the exclusive right to file their chapter 11 plan for a period of 120 days following the Petition Date.  In these cases, the Debtors' exclusive period to file a plan expires on October 7, 2009 and the Debtors exclusive right to solicit acceptances to that plan expires on December 7, 2009.

8. Accordingly, the Debtors respectfully request a 30-day extension of both the exclusive period within which only the Debtors may file a chapter 11 plan and the exclusive period for the Debtors to solicit acceptances to that plan.  The Debtors further request that such order be without prejudice to the Debtors' right to seek further extensions.

9. Pursuant to 11 U.S.C. § 1121(d), the Court may for "cause," after notice and hearing, reduce or increase the 120-day period within which only the Debtors may file a chapter 11 plan, or the 180-day exclusive period within which only the Debtors may solicit acceptances to that plan. 11 U.S.C. § 1121(d).

10. A determination of whether "cause" exists to extend such time will depend on the facts and circumstances of the case.  The decision to extend a debtor's exclusive filing period is committed to the sound discretion of the bankruptcy court, based upon the facts and

circumstances of each particular case.  See, e.g., First American Bank of New York v. Southwest Gloves and Safely Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986).

11. The Debtors respectfully submit that cause exists for the extension requested herein.  The Court is well aware of the Debtors continued efforts to forge a transaction to facilitate completion of the Project.  To that end, the Debtors are in process of negotiating the terms of debtor-in-possession financing and a stalking horse bid to purchase the Project with Penn National Gaming, Inc.  The major constituencies in these cases — the Prepetition Term Lenders and the holders of Mechanic's Liens — are also active participants in these discussions.

12. The extension sought by the Debtors by this Motion is short and is intended to allow these discussions to continue without unwarranted distraction.  These discussions represent real and good faith progress toward a viable resolution of these cases, which is alone sufficient to form a basis for the Court to find cause exists to grant the Motion.

13. In addition, the Debtors have not previously sought the relief requested herein and do not do so now for any improper purpose, to pressure creditors, or to cause delay.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) extending the exclusive period within which only the Debtors may file a chapter 11 plan for a period of 30 days, through and including November 6, 2009; (ii) extending the exclusive period for the Debtors to solicit acceptances to its chapter 11 plan for a period of 30 days, through and including January 6, 2009; and (iii) granting the Debtors such other relief as the Court deems just and proper.

Dated:  October 7, 2009.

Respectfully submitted,

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
*Counsel for the Debtors*
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

By: /s/  Scott L. Baena
      Scott L. Baena
      Fla. Bar No. 186445
      sbaena@bilzin.com
      Jay M. Sakalo
      Fla. Bar No. 0156310
      jsakalo@bilzin.com
      Jeffrey I. Snyder
      Fla. Bar No. 21281
      jsnyder@bilzin.com