

**ORDERED in the Southern District of Florida on October 07, 2009.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                              Chapter 11

FONTAINEBLEAU LAS VEGAS
HOLDINGS, LLC, ET AL.,[1]                           Case No.  09-21481-BKC-AJC

            Debtors.                                (Jointly Administered)
_____/

### ORDER GRANTING MOTION BY DEBTORS FOR AUTHORITY
### TO REJECT CERTAIN LEASES ASSOCIATED WITH STAGING SITE [DKT NO. 602]

THIS CAUSE having come before the Court for hearing on October 5, 2009 at 2:00 p.m.

upon the Motion By Debtors for Authority to Reject Certain Leases Associated With Staging

Site (the "Motion") [Dkt No. 602] pursuant to 11 U.S.C. § 365(a), Federal Rule of Bankruptcy

Procedure 6006, and Local Rule 6006-1, pursuant to which the Debtors seek authority to reject

_____

[1]  The last four digits of each Debtor's tax identification number are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp. [7822].  The Debtors' current mailing address is 19950 West Country Club Drive, Aventura, Florida  33180.

that certain Sahara LV Lease[2] and Trailer Leases associated with the Debtors' staging site, and having found that due and proper notice of the Motion was given by the Debtors in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Rules of this Court; and that no other or further notice of the Motion is necessary; and the Court having reviewed the Motion; having heard arguments of counsel; having found that the rejection of the Sahara LV Lease and each of the Trailer Leases is an exercise of the Debtors' sound business judgment and is in the best interest of the Debtors' estates and creditors; and it appearing that no parties in interest have filed any objections to the Motion; and being otherwise duly advised in the premises, it is

**ORDERED** that:

1.      The Motion is GRANTED.

2.      The Sahara LV Lease is rejected effective as of the date (a) the Debtors vacate the Premises, or (b) in the case that another lease is entered between Resort and Sahara Las Vegas Corp., the date Resort removes its materials from the section of the Premises that is not rented by Resort pursuant to such lease, whichever occurs first.

3.      Each of the Trailer Leases set forth on Exhibit A to the Motion are rejected as of the date hereof.

4.      The Court reserves jurisdiction to interpret this Order and to resolve any objection interposed to any proof of claim filed by Landlord with respect to its rejection damages or requests for payment of administrative claims.

---

[2] Any capitalized term not defined herein shall have the same meaning ascribed in the Motion.

5.        Nothing herein is intended to abridge or waive the rights, claims, or defenses of the Debtors under or in respect of the Sahara LV Lease or the Trailer Leases as a result of the rejection authorized herein or otherwise.

6.        **PURSUANT TO LOCAL RULE 6006-1, ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION EFFECTUATED BY THIS ORDER MUST BE FILED WITH THE COURT WITHIN 30 DAYS AFTER ENTRY OF THIS ORDER.**

###

Submitted by:

Jason Z. Jones (Florida Bar No. 186554)
Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

Copies to:
Jason Z. Jones
*(Attorney Baena shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*