

**ORDERED in the Southern District of Florida on January 29, 2010.**

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| FONTAINEBLEAU LAS VEGAS | ) | |
| HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 09-21481-BKC-AJC |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER PURSUANT TO SECTIONS 105, 363 AND 365 OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND**
**6006 (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE**
**DEBTORS' ASSETS; (B) AUTHORIZING THE ASSUMPTION AND**
**ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND**
**UNEXPIRED LEASES; AND (C) GRANTING RELATED RELIEF**

_____

[1] The "Resort Debtors" and the last four digits of each of the Resort Debtors' tax identification numbers are: (i) Fontainebleau Las Vegas Holdings, LLC (9337), (ii) Fontainebleau Las Vegas, LLC (9332), and (iii) Fontainebleau Las Vegas Capital Corp. (7822). The "Retail Debtors" and the last four digits of each of the Retail Debtors' tax identification numbers are: (i) Fontainebleau Las Vegas Retail Parent, LLC (9796), (ii) Fontainebleau Las Vegas Retail Mezzanine, LLC (9458), and (iii) Fontainebleau Las Vegas Retail, LLC (1045). The Resort Debtors and the Retail Debtors are referred to collectively in this Sale Order (as defined below) as the "Debtors," and each individually, a "Debtor." The Debtors' current mailing address is 19950 West Country Club Drive, Aventura, Florida 33180.

THIS MATTER came before the Court upon the motions (the "Sale Motions," Docket Nos. 993 and 1072) of the above-captioned Debtors seeking, *inter alia*:

(a)    pursuant to Sections 105, 363 and 365 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rules 2002-1, 6004-1 and 6006-1 of the Local Rules for the United States Bankruptcy Court of the Southern District of Florida (the "Local Bankruptcy Rules"), entry of this Order (the "Sale Order"):

(i)    approving the sale of substantially all of the Debtors' assets free and clear all liens, claims and encumbrances, pursuant to the terms and conditions of the Asset Purchase Agreement, dated as of November 23, 2009 (including ancillary documents, as same now exist or may hereafter be amended, modified, supplemented, ratified, extended, renewed, restated, or replaced, the "Purchase Agreement")[2] by and among the Debtors and Icahn Nevada Gaming Acquisition LLC ("Icahn Nevada");

(ii)    authorizing the assumption and assignment to Buyer (as defined below) under the Purchase Agreement of certain executory contracts and unexpired leases listed on Exhibit A to this Sale Order (the "Confirmed Agreements") (for the avoidance of doubt, all executory contracts and unexpired leases listed on Exhibit A to the Confirmation Notice (as defined below) and not listed as a Confirmed Agreement on Exhibit A to this Sale Order are and shall be Eliminated Agreements) upon payment of the cure costs provided on Exhibit A to this Sale Order and unless otherwise agreed to in writing between the non-Debtor contracting parties, the Debtors and Icahn Nevada (the "Cure Costs"); and

---

[2]    Capitalized terms utilized but not otherwise defined in this Sale Order shall have the meanings ascribed them in the Purchase Agreement unless otherwise indicated.

2

(iii)    granting related relief.

The Court having conducted a hearing on the Sale Motions on January 27, 2010 (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motions; the Court having reviewed and considered (i) the Sale Motions and the exhibits thereto, (ii) the Purchase Agreement, (iii) the withdrawal of all objections to the Sale Motions, (iv) the arguments of counsel made, the evidence proffered or adduced, and the testimony of the Examiner, Howard Karawan and the Debtors' investment bankers provided at the Bidding Procedures Hearings (as defined below) and the Sale Hearing; and it appearing that the relief requested in the Sale Motions is reasonable and in the best interests of the Debtors' bankruptcy estates, their creditors and all parties in interest; and after due deliberation and sufficient cause appearing;

THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]

A.    <u>Jurisdiction and Venue</u>.    The Court has jurisdiction over the Sale Motions pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).    Venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.    The statutory predicates for the relief sought in the Sale Motions are Sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006 and Local Bankruptcy Rules 2002-1, 6004-1 and 6006-1.

---

[3]    The findings of fact and conclusions of law set forth in this Sale Order shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.    To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed and such finding made applicable in this Sale Order, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed and such finding made applicable in this Sale Order.

B.    Bidding.    On November 24, 2009 and December 4, 2009, after conducting hearings for approval thereof (the "Bidding Procedures Hearings"), the Court entered Orders (the "Bidding Procedures Orders," Docket Nos. 1049, 1149 and 1150): (1) approving (a) bidding procedures for the sale of the Purchased Assets, (b) the form of the Purchase Agreement and (c) Icahn Nevada as the stalking horse bidder for the Purchased Assets, and (2) scheduling (a) an auction for the sale of the Purchased Assets and (b) the Sale Hearing.  The Bidding Procedures Orders are final, non-appealable Orders (as defined in the Purchase Agreement).  No Bids (as defined in the Bidding Procedures Orders) other than that of Icahn Nevada were timely submitted by Qualified Bidders (as such terms are defined in the Bidding Procedures Orders) and, pursuant to the Bidding Procedures Orders, no auction was conducted in relation to the sale of the Purchased Assets.

C.    Credit Bid.    On December 16, 2009, the Court entered the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(c), 364(d) and 364(e) and Fed. R. Bankr. P. 4001 and 9014 (I) Authorizing the Debtors to Obtain Secured Post-Petition Financing on Super-Priority Priming Lien Basis and Modifying the Automatic Stay, and (II) Authorizing the Debtors to Repay Used Cash Collateral and Unused Cash Collateral* (the "DIP Financing Order," Docket No. 1401).  Pursuant to the DIP Financing Order:

(a)    the Resort Debtors were authorized to incur indebtedness in an aggregate principal amount of up to $51,209,985.00, pursuant the Debtor-In-Possession Credit Agreement, dated as of November 23, 2009 (including ancillary documents, as same now exist or may hereafter be amended, modified, supplemented, ratified, extended, renewed, restated, or replaced, the "DIP Credit Agreement"), among the Debtors and Icahn Nevada;

(b)    the Retail Debtors were authorized to execute and deliver the Joinder Agreement (as defined in the DIP Credit Agreement) thereby becoming joint and several guarantors of the Obligations (as defined in the DIP Credit Agreement) under the DIP Credit Agreement and becoming otherwise subject to the terms and conditions thereof applicable to Guarantors (as defined in the DIP Credit Agreement); and

(c)    Icahn Nevada was authorized to "credit bid" the outstanding Obligations (the "Credit Bid") as part of the consideration provided to the Debtors for the Purchased Assets pursuant to the terms of the Purchase Agreement.  The consideration provided to the Debtors for the Purchased Assets is as set forth in Section 2.4 of the Purchase Agreement, and includes, but is not limited to: (i) the Closing Cash Payment less the Remediation Escrow Amount (if any), (ii) the release of the Debtors from any Obligations owed to the Buyer, and (iii) the Buyer's assumption of the Assumed Liabilities as of the Closing, as to each solely to the extent and in accordance with the terms of the Purchase Agreement (the "Purchase Price").

D.    Marketing. The Debtors, both before and after their respective Petition Dates, conducted a robust and open marketing and sale process and an extensive search for potential bidders for the Debtors' assets.  The Debtors retained Moelis & Company prior to the first Petition Date and commenced a process to locate additional financing or a strategic investor. Since the entry of the Bidding Procedures Orders, confidential information, including building construction, marketing and financial information was provided to eight parties that executed nondisclosure agreements.  The Debtors received indications of interest in the Purchased Assets from five potential purchasers, including an executed agreement and bid from Nevada Gaming Ventures, Inc.  The Debtors marketed the Purchased Assets in a commercially reasonable manner.

5

E.    <u>Prompt Sale</u>.  The Debtors and the Examiner have concluded that a prompt sale of the Purchased Assets pursuant to the terms of the Purchase Agreement is in the best interests of the Debtors and their creditors and estates, in light of the extensive marketing of the Purchased Assets and the effect the current economy has had on business values generally and on the gaming business in particular.

F.    <u>Highest and Best Bid</u>.  As demonstrated by the testimony and other evidence proffered at the Bidding Procedures Hearings and the Sale Hearing, and the representations of counsel made on the record at the Bidding Procedures Hearings and the Sale Hearing, the Debtors have conducted the sale process fairly and openly in a manner reasonably calculated to produce the highest and best offer for the Purchased Assets under the circumstances, and in compliance with the Bidding Procedures Orders.  The Sale Hearing was held and the highest and best offer received by the Debtors for the Purchased Assets was the Purchase Agreement proposed by Icahn Nevada.  Icahn Nevada has, to date, complied with all of the terms of, and performed all of its obligations pursuant to the Purchase Agreement, the DIP Credit Agreement and the Bidding Procedures Orders.

G.    <u>No Encumbrances</u>.  Under the Purchase Agreement, the Purchased Assets are to be conveyed to the Buyer free and clear of any and all Encumbrances of any and every kind, nature and description (other than Permitted Encumbrances[4]).  The Encumbrances which the

---

[4]  For any and all purposes of and in this Sale Order, the term "Permitted Encumbrances" shall mean: (i) the Assumed Leases; (ii) minor discrepancies, conflicts in boundary lines, shortage in area, encroachments and any other state of facts shown on any accurate survey prepared by a professionally licensed land surveyor made available to the Buyer, and any easements, rights of way, covenants, conditions, limitations and restrictions of record that are shown on Exhibit C to this Sale Order; (iii) laws, regulations, resolutions or ordinances, including building, zoning and environmental protection imposed by any Governmental Authority relating solely to the use, occupancy, subdivision, development, conversion or redevelopment of the Real Property, but only to the extent that such laws, regulations, resolutions or ordinances have not been violated in any material respect; and (iv) liens for real estate and personal property Taxes not yet due and payable.  Permitted Encumbrances shall not include or be deemed to include any Encumbrance not specifically listed in clauses (i)-(iv) above, and specifically (without

6

Purchased Assets are to be conveyed free and clear of include, but are not limited to: (i) those listed on Exhibit B to this Sale Order, (ii) liens alleged by persons or entities claiming the benefit of statutory or similar liens on any of the Debtors' assets (including, but not limited to, (A) those persons or entities served with the Notice of Completion recorded by the Debtors in the Clark County Nevada Recorder's Office on November 24, 2009 and filed with the Court (Docket No. 1640), and (B) the M&M Lienholders, the Contractor Claimants and the Lien Claimants), and (iii) warehousemen's, workmen's, mechanics', materialmen's liens and any other lien for services or materials provided in connection with the improvement of real property (collectively, the "Statutory Liens," and persons or entities holding or alleging Statutory Liens, the "Statutory Lienholders")).  Encumbrances on the Purchased Assets shall instead attach to the Closing Cash Payment (and, if applicable, to the Debtors' interests in the Remediation Escrow Fund and to the Debtors' right to any refund of real property taxes paid out of the Closing Cash Payment) (the "Sale Proceeds") in, with and to the same validity, extent and priority, if any, as they had against the Purchased Assets, which attachment provides adequate protection pursuant to Section 363(e) of the Bankruptcy Code as to each and every party alleging or holding an Encumbrance against the Purchased Assets.

H.      Disputed Liens.  Due to, *inter alia*, the findings and conclusions in paragraph 8(c) of this Sale Order, there are *bona fide* disputes as to the validity, priority and extent of liens on the Debtors' assets, including, but not limited to, those alleged by Statutory Lienholders.  On November 24, 2009, the Debtors recorded the Notice of Completion in the Clark County Nevada Recorder's Office and subsequently filed same with this Court (Docket No. 1640), of which the Court takes judicial notice.

---

limitation) shall not include or be deemed to include (x) any Encumbrance listed on Exhibit B to this Sale Order, (y) any Encumbrance released, satisfied, discharged, waived, terminated, extinguished, or invalidated at or prior to the Closing, whether pursuant to this Sale Order or otherwise, and (z) Statutory Liens.

17664405\V-18

I.     <u>Notice</u>.   Due and appropriate notice of the Sale Motions, the relief requested

therein, the material terms of this Sale Order, the assumption and assignment of the Confirmed

Agreements (as evidenced by the certificates of service (Docket Nos. 1617 and 1634) of the

*Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired*

*Leases and (II) Cure Costs Related Thereto* (the "<u>Assignment Notice</u>," Docket No. 1615) and the

*Notice of Icahn Nevada Gaming Acquisition LLC's (I) Intent to Have Assumed and Assigned*

*Certain of the Debtors' Executory Contracts and Unexpired Leases and (II) Acceptable Cure*

*Costs Related Thereto* (the "<u>Confirmation Notice</u>," Docket No. 1619)), as well as a reasonable

opportunity to object or be heard with respect to the Sale Motions, has been provided to all

parties in interest, including, without limitation: (a) the Office of the United States Trustee for

the Southern District of Florida; (b) counsel to the Official Committee of Unsecured Creditors;

(c) creditors listed as holding the 20 largest unsecured claims against all of the Debtors, as

identified in the Debtors' Chapter 11 petitions; (d) counsel to the Examiner; (e) counsel to the

Existing Credit Facility Agent (as defined in the DIP Credit Agreement); (f) counsel to the agent

(the "<u>DIP Agent</u>") and lenders (the "<u>DIP Lenders</u>") under the DIP Credit Agreement; (g) non-

Debtor counterparties to the Confirmed Agreements; (h) counsel for Aurelius Capital

Management, LP; (i) counsel for Turnberry West Construction, Inc.; (j) counsel for the steering

group of Term Lenders (as defined in the DIP Credit Agreement); (k) all parties who are known

to assert liens on assets of the Debtors, including each of the Debtors' prepetition lenders; (l) all

known creditors of the Debtors; (m) counsel for the Statutory Lienholders; (n) counsel to Fidelity

National Title Insurance Company, Lawyers Title Insurance Corporation, Commonwealth Land

Title Insurance Company, Transnation Title Insurance Company, and First American Title

Insurance Company; (o) the U.S. Treasury; (p) the Internal Revenue Service; (q) all applicable

state and local taxing authorities; (r) counsel to Lehman Brothers Holdings, Inc., in all of its capacities with respect to the Debtors ("LBHI"); (s) the entities set forth on the Master Service List established in the Debtors' Chapter 11 cases; (t) counsel to the Indenture Trustee under the Existing Mortgage Notes (as defined in the DIP Financing Order), and (u) all entities that have requested notice in the Debtors' Chapter 11 cases pursuant to Bankruptcy Rule 2002.   The foregoing notice and opportunity to object described herein was good, sufficient, proper and appropriate under the circumstances, and no other or further notice or opportunity to object to the Sale Motions, or the relief requested therein or granted in this Sale Order is required.

J.      Disclosure.  The disclosures made by the Debtors concerning the Sale Motions, and the relief requested therein and granted in this Sale Order were good, complete, proper and adequate.

K.      Omnibus Amendment.  On or about January 26, 2010, the Debtors, the Examiner and Icahn Nevada determined that it would be in the interest of Icahn Nevada and the Debtors' estates to amend the Purchase Agreement and the DIP Credit Agreement to, among other things, (1) extend the Outside Date to February 18, 2010, in order to enable this Sale Order to become a Final Order prior to the Outside Date and thereby avoid a possible termination of the Purchase Agreement and a potential Event of Default (as defined in the DIP Credit Agreement) under the DIP Credit Agreement, (2) resolve certain potential disputes between Icahn Nevada and the Debtors with respect to satisfaction of the conditions precedent to Closing as well as certain issues with respect to taxes, (3) provide for the payment of all applicable transfer taxes, and (4) provide for the payment of the Break-Up Fee, only if and when payable under the Purchase Agreement if the Break-Up Fee is not otherwise indefeasibly paid in full if and when the Break-Up Fee becomes due and payable under the Purchase Agreement (after expiration of the three-

Business-Day period in Section 8.3(a) of the Purchase Agreement), out of the funds available under the DIP Credit Agreement. The Debtors have requested that the Court approve, and authorize the Debtors to enter into, the Omnibus Amendment in the form attached to this Sale Order as Exhibit D.

L.     Best Interest of Parties in Interest.   Approval of the Purchase Agreement and the Omnibus Agreement (references to the Purchase Agreement and the DIP Credit Agreement in the balance of this Order being, unless the context otherwise requires, references to the same as amended by the Omnibus Amendment) and consummation of the transactions contemplated by the Purchase Agreement (the "Transactions") at this time, including, without limitation, the sale of the Purchased Assets to Icahn Nevada or its designee for purposes of effecting a tax-free exchange (the "Buyer"), the assumption by the Buyer of the Assumed Liabilities, and the assumption and assignment to the Buyer of the Confirmed Agreements, are in the best interests of the Debtors, their creditors and estates, and other parties in interest.

M.     Corporate Authority.   Each Debtor: (1) has full corporate power and authority to execute the Purchase Agreement and all other documents contemplated thereby, including the schedules forming a part thereof, and the sale of the Purchased Assets, and the assumption and assignment of the Confirmed Agreements by each such Debtor, (2) has all of the corporate or limited liability company power and authority necessary to consummate the Transactions, and (3) has taken all corporate or limited liability company action necessary to authorize and approve the Purchase Agreement and the consummation by such Debtor of the Transactions. No consents or approvals, other than those expressly provided for in the Purchase Agreement, are required for the Debtors to consummate the Transactions.

10

N.      <u>Good Faith</u>.  The Purchase Agreement was negotiated, proposed and entered into by the Debtors and Icahn Nevada without collusion or fraud, in good faith, and from arm's-length bargaining positions.   The terms of the Purchase Agreement are fair and reasonable.  Neither the Debtors, nor Icahn Nevada has engaged in any conduct that would cause or permit the Purchase Agreement or any part of the Transactions to be avoided, or for the imposition of costs and damages against Icahn Nevada, under Section 363(n) of the Bankruptcy Code.  Upon review of the evidence presented or proffered, the Court finds that Icahn Nevada has acted in good faith within the meaning of Section 363(m) of the Bankruptcy Code and that the Buyer will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in Closing the Transactions contemplated by the Purchase Agreement at any time after the entry of this Sale Order, unless a stay pending appeal is in effect at the time of Closing.

O.      <u>Prompt Consummation</u>.   The Transactions must be approved and consummated promptly in order to maximize the value of the Purchased Assets.

P.      <u>Free and Clear Sale</u>.   As a condition to purchasing the Purchased Assets, the Buyer requires that the Purchased Assets be sold free and clear of all Encumbrances of any kind or nature whatsoever, except those explicitly and expressly agreed to by the Buyer in the Purchase Agreement (which shall be limited to the Permitted Encumbrances).  The Debtors are the lawful owners of the Purchased Assets.  The Debtors may sell the Purchased Assets to the Buyer free and clear of all Encumbrances of any kind or nature whatsoever in accordance with Section 363(f) of the Bankruptcy Code.

Q.      <u>Section 363(f) Standards</u>.  As demonstrated by the testimony and other evidence proffered at the Bidding Procedures Hearings and the Sale Hearing, including that of the Examiner, and the representations of counsel made on the record at the Bidding Procedures

11

Hearings and the Sale Hearing, any party interested in purchasing the Purchased Assets required, as a fundamental and material condition to entry into an agreement for the purchase of the Purchased Assets and a closing thereon, that the Purchased Assets be sold free and clear of all Encumbrances of any kind or nature whatsoever, including, but not limited to, free and clear of the Encumbrances asserted by the Statutory Lienholders and those Encumbrances listed on Exhibit B to this Sale Order, on or against the Purchased Assets.  The sale of the Purchased Assets free and clear of all Encumbrances of any kind or nature whatsoever, including, but not limited to, free and clear of the Encumbrances asserted by the Statutory Lienholders and those Encumbrances listed on Exhibit B to this Sale Order, on or against the Purchased Assets also constitutes part in parcel of and a fundamental and material condition to the Buyer's purchase of the Purchased Assets, including its Closing on the Purchase Agreement.  But for the free and clear nature of the sale of the Purchased Assets, Icahn Nevada would not have executed, and the Buyer will not consummate or agree to a Closing on the Purchase Agreement, including in accordance with Section 6.1 thereof.  The free and clear nature of the sale of the Purchased Assets, therefore, is so fundamentally integrated with the sale of the Purchased Assets pursuant to the terms of the Purchase Agreement that consummation of the Purchase Agreement cannot be effected in its absence.  The Debtors may sell the Purchased Assets free and clear of all Encumbrances of any kind or nature whatsoever because, in each case, one or more of the standards set forth in Sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

R.    No Liability.  Except for the Assumed Liabilities, neither the Transactions nor the assumption and assignment by the Buyer of the Confirmed Agreements, will subject the Buyer or the Purchased Assets to any liability or claim whatsoever with respect to the ownership of the Purchased Assets on or prior to the Closing Date to the fullest extent allowed under applicable

law, including, without limitation, any liability or claim arising from any of the following: (1) any employment or labor agreements, consulting agreements, severance arrangements, change in control agreements or other similar agreements to which any Debtor is or was a party; (2) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including without limitation, any pension plan of any Debtor; (3) the cessation of any of the Debtor's operations, dismissal of employees, or termination of employment or labor agreements or pension, welfare, compensation or other employee benefit plans, agreements, practices and programs and any obligations with respect thereto that arise from the Employee Retirement Income Security Act of 1974, the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment Act of 1967, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 or the Worker Adjustment and Retraining Notification Act (or comparable state law); (4) workmen's compensation, occupational disease, or unemployment or temporary disability insurance claims; (5) environmental liabilities, debts, claims or obligations which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act or any other Environmental, Health and Safety Requirements; (6) any bulk sales or similar law; and (7) any litigation by or against any Debtor; (8) any Encumbrance, claim, right, interest, or lien of any kind or nature whatsoever of any Statutory Lienholder related to, on, or against the Debtors, any real or personal property included in the Purchased Assets, and the Buyer, and (9) the laws of the United States, any state, territory or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including without limitation, the laws of the State of Nevada pertaining to the creation, enforcement, validity, extent, or priority of mechanics' and

13

other Statutory Liens, and any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability. For the avoidance of doubt, the liabilities set forth in this paragraph are included in the defined term "Encumbrances" for all purposes in this Sale Order. Additionally, to the extent the transfer of the Purchased Assets to the Buyer may trigger any withdrawal or other liability under any multiemployer plans and/or any other liabilities associated with employee benefit, such liability shall not be assessed against the Buyer.

S.     Assignment. As found above, the Debtors have demonstrated that it is an exercise of their sound business judgment to assume and assign the Confirmed Agreements to the Buyer in connection with the consummation of the Transactions, and the assumption and assignment thereof is in the best interests of the Debtors, their estates and creditors, and other parties in interest. All Section 365 Objections (as defined in the Assignment Notice) have been resolved by the removal of the agreements that were the subject of the Section 365 Objections (which agreements are and shall be Eliminated Agreements) from the list of the Confirmed Agreements.

T.     Adequate Assurance. Pursuant to and in accordance with the Purchase Agreement, the Debtors or the Buyer, as applicable, have: (1) provided adequate assurance of cure of any default existing or occurring on or prior to the Closing Date under any of the Confirmed Agreements, including the amounts of the Cure Costs within the meaning of Section 365(b)(1)(A) of the Bankruptcy Code; and (2) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default existing or occurring on or prior to the Closing Date under any of the Confirmed Agreements within the meaning of Section 365(b)(1)(B) of the Bankruptcy Code. Pursuant to and in accordance with the Purchase Agreement, the Buyer has provided adequate assurance of

its future performance of and under the Confirmed Agreements within the meaning of Section 365 of the Bankruptcy Code.

Based upon the foregoing, and after due consideration and good cause appearing therefor:

IT IS ORDERED that:

1.    <u>Motions Granted.</u>   The Sale Motions are granted in their entireties and all objections thereto that have not been waived, withdrawn, or settled are hereby overruled. Without limiting the generality of the foregoing sentence, certain objections (and joinders thereto) to the Sale Motions or the relief granted in this Sale Order have been waived, withdrawn or settled as hereinafter provided, including that:

(a)    the "M&M Lienholders'" (as that term is utilized in Docket No. 1590) limited objection to the Sale Motions (Docket No. 1590) was withdrawn (Docket No. 1628) prior to the Sale Hearing;

(b)    the "Contractor Claimants'" (as that term is utilized in Docket No. 1592) joinder (Docket No. 1592) to the M&M Lienholders' limited objection to the Sale Motions (Docket No. 1590) was withdrawn (Docket No. 1641) prior to the Sale Hearing;

(c)    the "Lien Claimants'" (as that term is utilized in Docket No. 1600) joinder (Docket No. 1600) to the M&M Lienholders' limited objection to the Sale Motions (Docket No. 1590) was withdrawn (Docket No. 1639) prior to the Sale Hearing;

(d)    the McKeon Door of Nevada, Inc. objection to the Sale Motions (Docket No. 1580) was withdrawn prior to the Sale Hearing;

(e)    the purchase, fabrication and installation agreement by and between Fontainebleau Las Vegas, LLC and Young Electric Sign Co. ("<u>Young</u>") listed on Part II of

Schedule 1.2(a) to the filed form of the disclosure letter to the Purchase Agreement (Docket No. 994) shall not constitute a Confirmed Agreement (and is and shall be an Eliminated Agreement), shall be rejected as of the Closing, and Buyer shall not have any right to compel further performance from Young under such agreement; and

(f)     the W.L. Griffin, Inc. d/b/a Griffin Contemporary ("Griffin") objection to the Sale Motions (Docket No. 1582) was resolved as provided in paragraph 29 of this Sale Order.

2.     Approval of Purchase Agreement.    The Purchase Agreement and all other ancillary documents thereto, and all of the terms and conditions thereof (as may be amended) are hereby approved.    The Court also approves the Omnibus Amendment and all of the terms and conditions thereof including (a) the extension of the Outside Date to February 18, 2010, and (b) providing for the payment of the Break-Up Fee, only if and when payable under the Purchase Agreement, if the Break-Up Fee is not otherwise indefeasibly paid in full if and when the Break-Up Fee becomes due and payable under the Purchase Agreement (after expiration of the three-Business Day period referred to in Section 8.3(a) of the Purchase Agreement), by automatically increasing the outstanding principal amount of the DIP Obligations by an amount equal to the Break-Up Fee, which shall be deemed paid out of the proceeds of the DIP Facility and the Obligations under the DIP Credit Agreement as so increased shall be included in the Obligations under the DIP Credit Agreement and be entitled to all of the benefits of the liens securing the repayment thereof.    Upon entry of this Sale Order, the Purchase Agreement (including the Omnibus Amendment) is assumed by the Debtors and is a valid and binding agreement between the Debtors, on the one hand, and the Buyer, on the other hand.    This Sale Order, taken in its entirety, is the "Sale Order" provided for in the Purchase Agreement.

17664405\V-18

3.    <u>Consummation</u>.  Pursuant to Sections 363(b), (f) and (k) of the Bankruptcy Code, the Debtors are authorized to consummate the Transactions pursuant to and in accordance with the terms and conditions of the Purchase Agreement and this Sale Order (including, without limitation, the execution and delivery of a Remediation Escrow Agreement in accordance with and to the extent required by, the provisions of Section 2.4 of the Purchase Agreement).

4.    <u>Actions by Debtors</u>.  The Debtors: (a) are authorized and empowered to perform under, consummate and implement the Purchase Agreement; (b) are authorized and directed to take all other actions as are necessary or appropriate to effectuate the Transactions, including, without limitation, executing and delivering all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement; and (c) shall take all further actions as may be reasonably requested by the Buyer for the purpose of transferring, assigning, conveying and delivering all right, title and interest to the Buyer or reducing to possession the Purchased Assets (including the Confirmed Agreements), or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement. The Buyer shall not be required to seek or obtain relief from the automatic stay under Section 362 of the Bankruptcy Code to enforce any of its remedies under the Purchase Agreement or any other Transactions-related document.  The automatic stay imposed by Section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence.

5.    <u>Transfer of Assets</u>.  At the Closing, the Buyer shall acquire the Purchased Assets free and clear of Encumbrances of any kind or nature whatsoever (other than Permitted Encumbrances) on or against the Purchased Assets for the consideration set forth in the Purchase Agreement.

6.      <u>Credit Bid</u>.  The Credit Bid of the outstanding Obligations was authorized by the Bidding Procedures Orders and is re-affirmed, and the forgiveness thereof shall be treated as cash for purposes of determining the Purchase Price.  Subject to satisfaction—or waiver by the Buyer—of the conditions precedent set forth in the Purchase Agreement, the Credit Bid is and shall continue to be: (a) valid, effective and enforceable pursuant to Sections 363(b), (k) and (n) of the Bankruptcy Code and other applicable law, and (b) not subject to avoidance, equitable subordination, defense, offset, counterclaim, recharacterization, or recoupment.

7.      <u>Title</u>.  The Debtors are the lawful owners of the Purchased Assets.  Upon the payment of the Purchase Price, the Purchased Assets shall be transferred, and title passed, to the Buyer free and clear of all Encumbrances of any kind or nature whatsoever (other than Permitted Encumbrances).  Notwithstanding anything in this Sale Order to the contrary, at the Closing, all Encumbrances of any kind or nature whatsoever on or against the Purchased Assets, including, but not limited to, those listed on Exhibit B to this Sale Order, shall be and for all purposes shall be deemed to be released, satisfied, discharged, waived, terminated, extinguished and invalidated solely as against the Purchased Assets and shall instead attach to the Sale Proceeds in, with and to the same validity, extent and priority, if any, as they had against the Purchased Assets. Whenever in this Sale Order reference is made to the release, satisfaction, discharge, waiver, termination, extinguishment, or invalidation (or words of like import) of Encumbrances on or against the Purchased Assets, it shall not serve to, and shall not be deemed to release, satisfy, discharge, waive, terminate, extinguish, or invalidate any Encumbrances with respect to assets and properties of the Debtors not included in the Purchased Assets (including the Sale Proceeds), or any obligations of the Debtors or guarantors of such obligations.

8.    <u>Section 363(f)</u>.  The Debtors may sell the Purchased Assets free and clear of all Encumbrances of any kind or nature whatsoever, including, without limitation, the Encumbrances asserted by the Statutory Lienholders, because, in each case, one or more of the standards set forth in Sections 363(f)(1)-(5) has been satisfied.  Without limiting the foregoing sentence, specific subsections of Section 363(f) have been satisfied as follows:

(a)    Section 363(f)(2) of the Bankruptcy Code is satisfied, *inter alios*, as to the lenders under the Existing Credit Facility, LBHI and the Retail Lenders (as defined below) due to their consents to the relief sought in the Sale Motions and the relief granted in this Sale Order, subject to paragraph 28 of this Sale Order, including, but not limited to, the assumption and assignment of the Confirmed Agreements and the sale of the Purchased Assets pursuant to the terms of the Purchase Agreement free and clear of all Encumbrances of any kind or nature whatsoever, including, without limitation, the Encumbrances asserted by the Statutory Lienholders and the Encumbrances listed on Exhibit B to this Sale Order;

(b)    Section 363(f)(3) of the Bankruptcy Code is satisfied;

(c)    Section 363(f)(4) of the Bankruptcy Code is satisfied because, *inter alia*, the Encumbrances on or against the Purchased Assets are in *bona fide* dispute by virtue of, *inter alia*, the adversary proceedings commenced by: (i) Turnberry West Construction, Inc., *Turnberry West Construction, Inc. v. Avenue Fund, Ltd.*, Adv. Pro. No. 09-01762 (AJC) (Bankr. S.D. Fla.), (ii) Desert Fire Protection, *et al.*, *Desert Fire Protection v. Fontainebleau Las Vegas, LLC*, Adv. Pro. No. 09-02179 (AJC) (Bankr. S.D. Fla.), (iii) Zetian Systems, Inc., *et al.*, *Zetian Systems, Inc. v. Fontainebleau Las Vegas, LLC*, Adv. Pro. No. 09-02187 (AJC) (Bankr. S.D. Fla.), and (iv) Wilmington Trust, FSB, as agent for the lenders under the Existing Credit Facility, *Wilmington Trust FSB v. A1 Concrete Cutting & Demolition, LLC*, Adv. Pro. No. 09-02480 (AJC) (Bankr.

19

S.D. Fla.), in which the Existing Credit Facility Agent alleges that the Statutory Lienholders failed to satisfy statutory requirements for the establishment, perfection and enforcement of their purported Encumbrances on or against the Purchased Assets, and for equitable subrogation to, and contractual and equitable subordination of, each Statutory Lienholder's position as lien claimants even assuming their alleged Encumbrances on or against the Purchased Assets, are valid.  In addition, this Court has already found on multiple occasions on the record in these proceedings that the Encumbrances on or against the Purchased Assets are in *bona fide* dispute, which findings the Court takes judicial notice of and reaffirms in this Sale Order, including the finding that: "in the face of the many *bona fide* disputes concerning the validity, priority and extent of [l]iens and claims in respect of the Debtors' assets, the alternative to the [sale of the Purchased Assets] portends protracted litigation during which such property shall go without protection, security or maintenance and be subjected to the risk of catastrophic damage and the accompanying decline in value."  (Docket No. 1401, p. 13); and

(d)      Section 363(f)(5) of the Bankruptcy Code is satisfied because, *inter alia*, (i) if a sale of the Purchased Assets free and clear of all Encumbrances of any kind or nature whatsoever on or against the Purchased Assets is not consummated pursuant to the Purchase Agreement, the DIP Agent can foreclose and all claimants with an interest in the Purchased Assets would be forced to accept monetary satisfaction for their alleged Encumbrances on or against the Purchased Assets, and (ii) each of the Statutory Lienholders could be forced to accept monetary satisfaction for their alleged Encumbrances on or against the Purchased Assets in a foreclosure proceeding, a real property tax sale, a federal tax sale, or pursuant to the "cram down" provisions of Section 1129(b) of the Bankruptcy Code under a liquidating plan.

9.      No Liability.  The Buyer does not and, except for the Assumed Liabilities, shall

not have any obligation or responsibility for any liability of any Debtor arising under or related

to the Purchased Assets.  Without limiting the generality of the foregoing, the Buyer shall not be

liable for the Excluded Liabilities and, except as set forth in the Purchase Agreement, shall not

be liable for any other liability against the Purchased Assets, the Debtors, or any of their

predecessors or affiliates including, without limitation, liabilities known or unknown, whether

now existing or hereafter arising, fixed or contingent, relating to or arising out of the business of

the Debtors, the Excluded Assets, the Purchased Assets, or otherwise, in each case other than

Assumed Liabilities.

10.     Lienholder Injunction.  Except for Permitted Encumbrances, all persons or entities

holding Encumbrances of any kind or nature whatsoever on or against the Purchased Assets

(whether legal or equitable, secured or unsecured, prepetition or postpetition, matured or

unmatured, fixed or contingent, liquidated or unliquidated, known or unknown, senior or

subordinated), arising under or out of, in connection with, or in any way relating to any Debtor,

its successors or assigns, the Purchased Assets, or the Transactions, hereby are forever barred,

estopped and permanently enjoined from asserting such Encumbrances against the Buyer, its

successors or assigns, or its property or assets (including the Purchased Assets), whether or not a

party asserting any such Encumbrances has delivered to the Buyer a release.  Except for the

Assumed Liabilities and obligations under the Confirmed Agreements, neither the Buyer, nor

any of its affiliates, nor any of its and their respective successors or assigns shall be liable for any

claims, demands, or causes of action of any kind or nature, whether legal or equitable, secured or

unsecured, prepetition or postpetition, matured or unmatured, fixed or contingent, liquidated or

unliquidated, known or unknown, senior or subordinated, against any Debtor or any of their

21

predecessors or affiliates, and the Buyer, its affiliates, its and their respective successors or assigns shall have no successor liability therefor.

11.    <u>Not a Successor</u>.  Neither the Buyer nor its affiliates, successors or assigns is or shall be deemed, by reason of any theory of law or equity, or as a result of its entry into or performance of the Purchase Agreement or any Transactions, its acquisition of the Purchased Assets, or any action taken in connection with the purchase of the Purchased Assets, to: (a) be a successor (or other such similarly situated party) to any Debtor or their affiliates; (b) have any liability for any Claims against the Debtors (other than, solely in the case of the Buyer, with respect to the Assumed Liabilities and any obligations arising under the Confirmed Agreements after the Closing, as to each as expressly stated in the Purchase Agreement); (c) have, *de facto* or otherwise, merged with or into any Debtor or their affiliates; or (d) be a continuation or substantial continuation of any Debtor or their affiliates, or any enterprise of the Debtors or their affiliates.

12.    <u>Release</u>.  Each of the Debtors' creditors, secured or otherwise, is authorized and directed to execute such documents and take all other actions as may be necessary to reflect the release, satisfaction, discharge, waiver, termination, extinguishment and invalidation of their Encumbrances on or against the Purchased Assets, if any, without further notice, action, Order, or hearing.

13.    <u>Buyer Authorization</u>  If any person or entity (including, without limitation, those persons or entities listed on Exhibit B to this Sale Order) that has filed one or more financing statements, mortgages, Statutory Liens, *lis pendens*, or other documents or agreements evidencing Encumbrances of any kind or nature whatsoever on or against the Purchased Assets shall not have delivered to the Buyer, in proper form for filing and executed by the appropriate

parties, termination statements, instruments of satisfaction, or any other forms of release or satisfaction of all Encumbrances that the person or entity has with respect to the Debtors, the Purchased Assets, or otherwise, then (a) the Buyer is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity, and (b) the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive and dispositive evidence of the release and satisfaction of all Encumbrances of any kind or nature whatsoever on or against the Purchased Assets.  All persons or entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets (collectively, the "Recording Agents") shall accept, file, register, or otherwise record a certified copy of this Sale Order as conclusive and dispositive evidence of the release and satisfaction of all Encumbrances of any kind or nature whatsoever on or against the Purchased Assets.  This Sale Order is and shall be effective as a determination, and shall constitute conclusive and dispositive evidence that all Encumbrances of any kind or nature whatsoever shall be, and are, without further action, unconditionally released, satisfied, discharged, waived, terminated, extinguished and invalidated solely with respect to the Purchased Assets as of the Closing.

14.    Assumption and Assignment to Buyer of the Confirmed Agreements.  Pursuant to Sections 105(a) and 365 of the Bankruptcy Code, and subject to and conditioned upon the

Closing, the Debtors' assumption and assignment to the Buyer of, and the Buyer's becoming bound to the terms of the Confirmed Agreements pursuant to the terms of the Purchase Agreement is hereby approved, and the requirements of Section 365(b)(1) with respect thereto are and are hereby deemed satisfied.   The Debtors are hereby authorized and directed in accordance with Sections 105(a) and 365 of the Bankruptcy Code to (a) assume and assign to the Buyer, effective upon the Closing of the Transactions, the Confirmed Agreements free and clear of all Encumbrances of any kind or nature whatsoever, and (b) execute and deliver to the Buyer such documents or other instruments as may be reasonably necessary to transfer and assign the Confirmed Agreements to the Buyer.   As of the Closing Date, the Confirmed Agreements to be assumed and assigned to the Buyer pursuant to the Purchase Agreement will have been duly assigned to the Buyer in accordance with Section 365 of the Bankruptcy Code.

15.   <u>No Termination or Restriction Transfer</u>   With respect to the Confirmed Agreements: (a) the Confirmed Agreements shall be transferred and assigned to, and following the Closing remain in full force and effect for the benefit of, the Buyer in accordance with their respective terms, notwithstanding any provision in any such Confirmed Agreement (including, without limitation, those of the type described in Sections 365(b)(2), (e)(1) and (f)(1) of the Bankruptcy Code) that prohibits, restricts, or conditions such transfer or assignment and, pursuant to Section 365(k) of the Bankruptcy Code; (b) following the Closing, the Debtors shall be relieved from any further liability with respect to the Confirmed Agreements after such transfer or assignment to, and assumption by, the Buyer; (c) each Confirmed Agreement is an executory contract or unexpired lease under Section 365 of the Bankruptcy Code; (d) the Debtors may assume each Confirmed Agreement in accordance with Section 365; (e) the Debtors may transfer and assign each Confirmed Agreement to the Buyer in accordance with Section 365, and

24

any provisions in any Confirmed Agreement that prohibit, restrict, or condition the transfer or assignment of such Confirmed Agreement or allow the counter-party to such Confirmed Agreement to terminate, recapture, impose any penalty, condition any renewal or extension, or modify any term or condition upon the assumption by the Debtors or transfer or assignment to the Buyer of such Confirmed Agreement (including, without limitation, extension or renewal options or other rights contained in the Confirmed Agreements which purport to be "personal" only to the Debtors or to be exercisable only by the Debtors), constitute unenforceable anti-assignment provisions which are void and of no force and effect; (f) all other requirements and conditions under Sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Buyer of each Confirmed Agreement have been satisfied; (g) upon the Closing, in accordance with Section 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all right, title, and interest in each Confirmed Agreement; and (h) each party to a Confirmed Agreement whose objections to assumption and assignment of any Confirmed Agreement to the Buyer were resolved or withdrawn either have or are deemed to have consented to the assumption and assignment of the Confirmed Agreements and the Cure Costs pursuant to Section 363(f)(2) of the Bankruptcy Code and each such party is forever barred, estopped and permanently enjoined from arguing otherwise.   Without limiting the foregoing, no rent accelerations, fees, costs, or expenses shall be charged to the Buyer (whether by setoff, recoupment, or otherwise) with respect to the assumption and assignment by Debtors to the Buyer of the Confirmed Agreements.  As of the Closing, each Confirmed Agreement will be in full force and effect and not subject to termination or cancellation by and party thereto based upon any act, omission, or failure that may have occurred or arisen on or prior to the Closing.

17664405\V-18

16.      <u>Assumption of Agreements</u>.   Upon the Closing, the Buyer shall assume full responsibility and liability for all Confirmed Agreements.  On or as promptly after the Closing Date as practical, such sums required to satisfy all Cure Costs in respect of the Confirmed Agreements shall be paid by the Buyer.  Subject to the prior sentence, upon the payment of Cure Costs, the Debtors shall have no further responsibility, financial or otherwise, under any Confirmed Agreement for any monetary or non-monetary defaults, breaches, or other damages associated therewith, whether arising or accruing prior to or subsequent to the Closing.

17.      <u>Non-Debtor Estoppel</u>.   Upon payment of the applicable Cure Cost (if any), each party to a Confirmed Agreement hereby is forever barred, estopped and permanently enjoined from asserting against any Debtor or the Buyer, or the property of any of them (including the Purchased Assets), any default or breach existing on or prior to the Closing and any objection to assumption and assignment of the Confirmed Agreements to the Buyer, or, as against the Buyer, any liability, cause of action, counterclaim, defense, setoff, or any other claim asserted or assertable against any Debtor.  Pursuant to and in accordance with the Purchase Agreement, the Buyer has provided adequate assurance of its future performance of and under the Confirmed Agreements within the meaning of Sections 365(b)(1) and (f)(2) of the Bankruptcy Code.

18.      <u>Effective Transfer</u>.   The Transactions constitute a legal, valid, and effective transfer of the Purchased Assets, effective to vest the Buyer with all right, title, and interest of the Debtors in and to the Purchased Assets, free and clear of all Encumbrances of any kind or nature whatsoever (other than Permitted Encumbrances), pursuant to, and to the fullest extent permitted by, Section 363(f) of the Bankruptcy Code and all other applicable laws, notwithstanding any requirement for approval or consent of any entity (as defined in Section

101(15) of the Bankruptcy Code).  Subject to paragraph 28 of this Sale Order, the Retail Real Property shall be extinguished in its entirety as of the Closing.

19.    <u>No Default</u>.  Upon assignment of the Confirmed Agreements to the Buyer at or subsequent to the Closing, no party to any Confirmed Agreement shall be permitted to declare a default by or against the Buyer under such Confirmed Agreement or otherwise take action against the Buyer or the Purchased Assets as a result of any Debtor's financial condition, bankruptcy, or failure to perform any of their obligations under a Confirmed Agreement.  Upon entry of this Sale Order and assumption and assignment of the Confirmed Agreements to the Buyer, the Buyer shall be deemed in compliance with all terms and provisions of the Confirmed Agreements.

20.    <u>No Assumption Until Closing</u>.  Notwithstanding anything to the contrary in this Sale Order, no Confirmed Agreement will be assumed and assigned to the Buyer unless and until the occurrence of the Closing.

21.    <u>No Waiver</u>.  The failure of the Debtors or the Buyer to enforce at any time one or more terms or conditions of any Confirmed Agreement shall not be a waiver of such terms or conditions, or of the Debtors' or the Buyer's rights to enforce every term and condition of the Confirmed Agreements.

22.    <u>Equivalent Value</u>.  The Transactions contemplated under the Purchase Agreement are an exchange for consideration furnished by the Buyer, and the consideration provided to the Debtors pursuant to the Purchase Agreement and the Transactions, including the Purchase Price, constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia

27

for the Purchased Assets and will produce higher value for the Debtors than could be obtained in a liquidation sale.

23.    <u>Governmental Authorities</u>.  This Sale Order shall be binding upon all Recording Agents.  Each and every Recording Agent, or federal, state, and local governmental agency, or department or office is hereby directed to and shall accept for filing this Sale Order and any and all documents and instruments necessary and appropriate to consummate the Transactions.  Each and every Recording Agent, person, or entity that insures any title or state of title in or to any of the Purchased Assets, and each and every Recording Agent, person, or entity that underwrites insurance of any title or state of title in or to any of the Purchased Assets shall be entitled to rely upon a certified copy of this Sale Order as conclusive and dispositive evidence of the release, satisfaction, discharge, waiver, termination, extinguishment and invalidation of all Encumbrances of any kind or nature whatsoever on or against the Purchased Assets.

24.    <u>Access and Possession</u>.  All persons and entities, including, but not limited to, the Statutory Lienholders and the holders of Encumbrances listed on Exhibit B, that are now or hereafter come into possession of some or all of the Purchased Assets are hereby directed to provide access to and surrender possession of the Purchased Assets to the Buyer on and after the Closing Date.

25.    <u>Stay Ineffective</u>.  Any stay, modification, reversal, or vacation of this Sale Order will not affect the validity of any obligation of the Debtors to the Buyer incurred under this Sale Order or pursuant to the Purchase Agreement.  Notwithstanding any such stay, modification, reversal, or vacation, all obligations incurred by the Debtors under this Sale Order or pursuant to the Purchase Agreement prior to the effective date of such stay, modification, reversal, or vacation will be governed in all respects by the original provisions of this Sale Order, and the

17664405\V-18

Buyer is entitled to the rights, privileges, and benefits granted by the original provisions of this Sale Order with respect to all such obligations.

26.    <u>Good Faith</u>.    The Transactions contemplated by the Purchase Agreement are undertaken by the Buyer, and its successors, assigns, affiliates and designees, without collusion and in good faith, as that term is used in Section 363(m) of the Bankruptcy Code.  The record of these proceedings as well as the evidence presented or proffered at the Bidding Procedures Hearings and the Sale Hearing has demonstrated that the Buyer (and its successors, assigns, affiliates and designees) is a good-faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.  Icahn Nevada (and its successors, assigns, affiliates and designees) has acted in good faith in negotiating and executing the Purchase Agreement, determining the Confirmed Agreements to be assumed and assigned to it pursuant to the Purchase Agreement, determining the Cure Costs acceptable to it, and at all times and in all circumstances prior to and at the Sale Hearing.  The Buyer (and its successors, assigns, affiliates and designees) will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in consummating the Transactions at any time after the entry of this Sale Order, unless a stay pending appeal is in effect at the time of any Closing.  Accordingly, the reversal or modification on appeal of the findings, conclusions, or authorizations provided in this Sale Order, including the authorization provided herein to consummate the Transactions, shall not affect the validity of the Transactions, except to the extent such authorization is duly stayed pending such appeal prior to such consummation.  Neither the Debtors, nor the Buyer (nor its successors, assigns, affiliates and designees) has engaged in any conduct that would cause or permit the Purchase Agreement or any part of the Transactions to be avoided, or for the

17664405\V-18

imposition of costs and damages against the Buyer (and its successors, assigns, affiliates and designees), under Section 363(n) of the Bankruptcy Code.

27.    <u>Binding Order</u>.   The terms and provisions of this Sale Order and the Purchase Agreement shall: (a) inure to the benefit of (i) the Debtors, their successors and assigns, if any, their estates, and their creditors, (ii) the Buyer and its affiliates, successors and assigns, and (iii) the DIP Agent and DIP Lenders and any of their affiliates, successors and assigns; and (b) be binding in all respects upon any and all persons, entities, Recording Agents, agencies and tribunals including, without limitation, (i) all creditors of the Debtors, including those creditors of the Debtors holding contingent, unliquidated, or disputed claims, (ii) all parties to the Confirmed Agreements, (iii) all successors and assigns of the Buyer, (iv) all persons or entities asserting Encumbrances of any kind or nature whatsoever on or against the Purchased Assets, (v) any subsequent trustee(s), appointed in the Debtors' Chapter 11 cases or upon a conversion to Chapter 7 under the Bankruptcy Code, or any successor trustee(s), (vi) any affiliates of the Buyer, (vii) each of the successors and assigns of the affiliates of the Buyer, (viii) any United States Bankruptcy Court (in any district), and (ix) any state court (in any state).

28.    <u>Reservation of Rights</u>.   On the Closing, all Encumbrances of any kind or nature whatsoever on or against the Purchased Assets, including, but not limited to, those listed on Exhibit B to this Sale Order, and those of the Statutory Lienholders (which includes the M&M Lienholders, the Contractor Claimants and the Lien Claimants), the lenders under the Existing Credit Facility, the Existing Credit Facility Agent, the Indenture Trustee under the Existing Mortgage Notes and the lenders (the "<u>Retail Lenders</u>") and LBHI, as agent for the Retail Lenders, under the construction loan entered into by Fontainebleau Las Vegas Retail, LLC, as borrower, shall be and for all purposes shall be deemed to be released, satisfied, discharged,

waived, terminated, extinguished and invalidated solely as against the Purchased Assets and shall attach to the Sale Proceeds in, with and to the same validity, extent and priority, if any, as they had against the Purchased Assets. This Sale Order is not intended to, nor shall it prejudice or affect, nor constitute a finding or determination with respect to the position of any party, including, without limitation, the Retail Lenders, LBHI, the lenders under the Existing Credit Facility, the Existing Credit Facility Agent, the Indenture Trustee under the Existing Mortgage Notes and the Statutory Lienholders (which includes the M&M Lienholders, the Contractor Claimants and the Lien Claimants) regarding: (a) the extent of the interests of any party in the Sale Proceeds, (b) the proper allocation of the Sale Proceeds between the Retail Debtors and Resort Debtors, (c) the value of any of the Purchased Assets or the value of any interest in any of the Purchased Assets sold pursuant to the Purchase Agreement, or (d) the priority of liens or Encumbrances of any party in interest, including without limitation, the Retail Lenders, LBHI, the lenders under the Existing Credit Facility, the Existing Credit Facility Agent, the Indenture Trustee under the Existing Mortgage Notes and the Statutory Lienholders in or with respect to the Sale Proceeds, all of which are expressly reserved for future determination by the Court. The rights of all parties in interest with respect to the issues referenced in clauses (a) through (d) of the foregoing sentence are expressly reserved for future determination by the Court, none of which shall be determined pursuant to this Sale Order or at the Sale Hearing. Notwithstanding anything in this Sale Order to the contrary, at the Closing, all Encumbrances of any kind or nature whatsoever on or against the Purchased Assets shall be and for all purposes shall be deemed to be released, satisfied, discharged, waived, terminated, extinguished and invalidated solely as against the Purchased Assets, and shall, as proper and adequate protection of such Encumbrances pursuant to Section 363(e) of the Bankruptcy Code, attach to the Sale Proceeds

17664405\V-18

in, with and to the same validity, extent and priority, if any, as they had against the Purchased Assets. The attachment of all Encumbrances of any kind or nature whatsoever to the Sale Proceeds constitutes adequate protection pursuant to Section 363(e) as to each and every party alleging or holding an Encumbrance of any kind or nature whatsoever on or against the Purchased Assets, including, without limitation, the holders of Encumbrances listed on Exhibit B to this Sale Order, the Retail Lenders, LBHI, the lenders under the Existing Credit Facility, the Existing Credit Facility Agent, the Indenture Trustee under the Existing Mortgage Notes and the Statutory Lienholders (which includes the M&M Lienholders, the Contractor Claimants and the Lien Claimants).

29. <u>Griffin</u>. Notwithstanding anything to the contrary in the Sale Motions, the Purchase Agreement, the disclosure letter to the Purchase Agreement (Docket No. 994), or other Transaction-related documents:

(a) no artwork or Equipment with respect to the invoices from Griffin on Schedule 4.1(s) to the Purchase Agreement (the "<u>Griffin Invoices</u>") will be transferred to the Buyer, or any other third party, through the Transactions; and

(b) material performance remains outstanding from each of Griffin and the Debtors with respect to Griffin Invoices Nos. PW2-104 and PW3-088 (the "<u>Outstanding Invoices</u>") and the Buyer may elect to acquire one or both Outstanding Invoices. In such case, the Buyer shall notify Griffin and its counsel with written notice of such election, which notice may be by electronic mail, and pay the remaining amount due under each such invoice ($567,180 for Invoice No. PW2-104 and $279,930 for Invoice No. PW3-088) on or before the Closing. Upon such payment(s), Griffin shall timely perform pursuant to each such acquired Outstanding Invoice.

30.     <u>No Severability, Etc</u>.  The failure specifically to include any particular provision of the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety to the extent of the jurisdiction of the Court.  All of the provisions of this Sale Order are non-severable and mutually dependent.  In the event there are any inconsistencies between this Sale Order, the Sale Motions, and/or the Purchase Agreement, the terms of this Sale Order shall control.  In the event there are any inconsistencies between the Sale Motions and the Purchase Agreement, the terms of the Purchase Agreement shall control.

31.     <u>Subsequent Proceedings</u>.  Nothing contained in any Order entered with respect to any related proceeding subsequent to entry of this Sale Order (including, without limitation, any subsequent Chapter 7 cases into which these cases may be converted) shall conflict with or derogate from the provisions of the Purchase Agreement or this Sale Order, and the Purchase Agreement and this Sale Order shall control to the extent of such conflict or derogation.

32.     <u>Amendments to Purchase Agreement</u>.  The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing to be signed by all parties thereto, and in accordance with the terms thereof, without further notice, hearing, or Order of the Court, provided that any such modification, amendment, or supplement does not have a material and adverse effect on the Debtors' estates.

33.     <u>Equivalent Value</u>.  The transfer by the Debtors of the Purchased Assets under the Purchase Agreement is in exchange, in part, for principal in the amount of the Credit Bid (no portion of which constitutes or shall be deemed to constitute interest or the right to receive interest).  Accordingly, no withholding of U.S. federal income tax pursuant to Sections 1441 or

1442 of the Internal Revenue Code of 1986 is required in connection with such transfer with respect to the Purchased Assets.

34.     <u>No Bulk Sale</u>.   No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Transactions, whether under the Purchase Agreement, ancillary documents thereto, or this Sale Order.

35.     <u>Good Standing Not Required</u>.   The Transactions shall be of full force and effect regardless of any Debtor's lack of good standing in any jurisdiction in which such Debtor is formed or authorized to transact business.

36.     <u>Survival</u>.   Any covenants, obligations, or agreements to be performed after Closing, pursuant to this Sale Order or the Purchase Agreement, shall survive Closing to the extent provided in the Purchase Agreement.

37.     <u>Final Order</u>.   This Sale Order constitutes a final and appealable Order within the meaning of 28 U.S.C. § 158(a) notwithstanding Bankruptcy Rules 6004(h) and 6006(d).

38.     <u>Effectiveness</u>.   Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, or 9014, or otherwise, the terms and conditions of this Sale Order shall be immediately effective and enforceable upon its entry and the Debtors and the Buyer are authorized to close on the Purchase Agreement and consummate the Transactions immediately upon entry of this Sale Order.

39.     <u>Calculations</u>.   All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

40.     <u>Retention of Jurisdiction</u>.   The Court shall retain exclusive jurisdiction to implement and effectuate the provisions of this Sale Order and the Purchase Agreement and to resolve any issue or dispute concerning the interpretation, implementation, or enforcement of this

17664405\V-18

Sale Order as well as the Purchase Agreement and any subsequent agreement entered into between the Debtors and the Buyer pursuant to this Sale Order or the Purchase Agreement—or the rights and duties of the parties (including, without limitation, parties to Confirmed Agreements or Statutory Lienholders) under this Sale Order or the Purchase Agreement—including, without limitation, any issue or dispute concerning the transfer of the Purchased Assets free and clear of Encumbrances of any kind or nature whatsoever.

**EXHIBIT A**
**(CONFIRMED AGREEMENTS AND CURE COSTS)**

| PARTY | DESCRIPTION OF CONTRACT / LEASE | CURE COSTS | PARTY ADDRESS |
|---|---|---|---|
| Clark County Development Services Department | Quality Assurance Agency Special Inspection Agreements (See Exhibit 1) | $108,402.00 | Clark County Development Services Department<br>500 S. Grand Central Pkwy<br>Las Vegas, NV 89155<br><br>Clark County Development Services Department<br>4701 W Russell Rd.<br>Las Vegas, NV 89118 |
| County of Clark | Construction and Maintenance Easement and License | $0.00 | County of Clark<br>Ron Lynn & Denis Cederburg<br>Department of Development Services<br>500 Grand Central Pkwy<br>Las Vegas, NV 89155<br><br>County of Clark<br>Department of Comprehensive Planning<br>Lebene Aidam Ohene<br>500 Grand Central Pkwy, 1st Fl.<br>Clark County Government Ctr.<br>Las Vegas, NV 89131 |
| County of Clark | Development Agreement between County of Clark, Fontainebleau Las Vegas, LLC and Krystle Towers, LLC aka Fontainebleau Las Vegas II, LLC, dated April 24, 2007 | $508,890.00 | County of Clark<br>Attn: Director<br>Department of Comprehensive Planning<br>Clark County Government Center<br>500 South Grand Central Parkway, 3rd Floor<br>Las Vegas, NV 89155<br><br>County of Clark<br>Office of District Attorney - Civil Division<br>Clark County Government Center<br>500 South Grand Central Parkway, 5th Floor<br>Las Vegas, NV 89155 |
| County of Clark | Off-site Improvements Agreement among Fontainebleau Las Vegas, LLC and County of Clark, dated May 28, 2008 | $0.00 (plus a single bond requirement for this agreement and the agreement listed in the entry immediately below) | Phil Rosenquist (Director)<br>Department of Development Services<br>Clark County, Nevada<br>Clark County Government Center<br>500 South Grand Central Parkway<br>Las Vegas, NV 89155 |
| County of Clark | Improvements Phasing Agreement among Fontainebleau Las Vegas, LLC and County of Clark, dated October 19, 2006 | $0.00 (plus a single bond requirement for this agreement and the agreement listed in the entry immediately above) | Phil Rosenquist (Director)<br>Department of Development Services<br>Clark County, Nevada<br>Clark County Government Center<br>500 South Grand Central Parkway<br>Las Vegas, NV 89155 |

| PARTY | DESCRIPTION OF CONTRACT / LEASE | CURE COSTS | PARTY ADDRESS |
|---|---|---|---|
| County of Clark | Revocable License and Maintenance Agreement among Fontainebleau Las Vegas, LLC, Fontainebleau Las Vegas II, LLC and County of Clark, dated May 12, 2008 | $0.00 | County of Clark Attn: Ron Lynn (Director) Department of Development Services Attn: Denis Cederburg (Director) Department of Public Works Clark County Government Center 500 South Grand Central Parkway Las Vegas, NV 89155 |
| County of Clark | Revocable License and Maintenance Agreement among Fontainebleau Las Vegas, LLC, Krystle Towers, LLC and County of Clark, dated March 6, 2007 | $0.00 | County of Clark Attn: Ron Lynn (Director) Department of Development Services Attn: Denis Cederburg (Director) Department of Public Works Clark County Government Center 500 South Grand Central Parkway Las Vegas, NV 89155 |
| Energy & Environmental Solutions, Inc. | Energy and environmental solutions services agreement / LEED Consulting | $0.00 | Energy & Environmental Solutions, Inc. Christian E Klehm Leed Ap 2400 Wildwood Rd., Box 309 Wildwood, PA 15091-0309<br><br>Energy & Environmental Solutions, Inc. 817 S. Main St., Ste. 101 Las Vegas, NV 89101 |
| Fontainebleau Las Vegas, LLC | Lease, dated as of June 6, 2007, by and between Fontainebleau Las Vegas Retail, LLC and Fontainebleau Las Vegas, LLC | $0.00 | Scott L. Baena Jay M. Sakalo Bilzin Sumberg Baena Price & Axelrod LLP 200 South Biscayne Boulevard, Suite 2500 Miami, FL 33131 |
| Fontainebleau Las Vegas Retail, LLC | Master Lease Agreement, dated as of June 6, 2007, by and among Fontainebleau Las Vegas, LLC, Fontainebleau Las Vegas II, LLC, and Fontainebleau Las Vegas Retail, LLC | $0.00 | Scott L. Baena Jay M. Sakalo Bilzin Sumberg Baena Price & Axelrod LLP 200 South Biscayne Boulevard, Suite 2500 Miami, FL 33131 |
| Fontainebleau Las Vegas Retail, LLC | Construction, Operation and Reciprocal Easement Agreement, dated as of June 6, 2007, among Fontainebleau Las Vegas, LLC, Fontainebleau Las Vegas II, LLC and Fontainebleau Las Vegas Retail, LLC | $0.00 | Scott L. Baena Jay M. Sakalo Bilzin Sumberg Baena Price & Axelrod LLP 200 South Biscayne Boulevard, Suite 2500 Miami, FL 33131 |

| Party | Description of Contract / Lease | Cure Costs | Party Address |
|---|---|---|---|
| Fontainebleau Resort Properties II, LLC | License Agreement, dated as of June 6, 2007, among Fontainebleau Resort Properties II, LLC, and Fontainebleau Las Vegas Holdings, LLC, Fontainebleau Las Vegas, LLC and Fontainebleau Las Vegas II, LLC | $0.00 | Fontainebleau Las Vegas Resort Properties II, LLC c/o Jeffrey Soffer 19950 W. Country Club Drive Aventura, FL 33180<br><br>Berger Singerman c/o Paul Singerman, Esq. 200 S. Biscayne Boulevard Suite 1000 Miami, Florida 33131 singerman@bergersingerman.com |
| Fontainebleau Resort Properties II, LLC | License Agreement, dated as of June 6, 2007, between Fontainebleau Resort Properties II, LLC, and Fontainebleau Las Vegas Retail, LLC | $0.00 | Fontainebleau Las Vegas Resort Properties II, LLC c/o Jeffrey Soffer 19950 W. Country Club Drive Aventura, FL 33180<br><br>Berger Singerman c/o Paul Singerman, Esq. 200 S. Biscayne Boulevard Suite 1000 Miami, Florida 33131 singerman@bergersingerman.com |
| G and G Systems | Fire alarm testing | $0.00 | LA Nevada d/b/a G and G Systems Gregory E. Garman, Esq. Gordon Silver 3960 Howard Hughes Pkwy, Ninth Flr. Las Vegas, NV 89169 ggarman@gordonsilver.com<br><br>LA Nevada d/b/a G and G Systems Mr. Robert Lisowski (President) 4340 W. Hacienda Ave. Las Vegas, NV 89118<br><br>G and G Systems P.O. Box 27740 Las Vegas, NV 89126 |

| PARTY | DESCRIPTION OF CONTRACT / LEASE | CURE COSTS | PARTY ADDRESS |
|---|---|---|---|
| IBA Consultants West, LLC | Professional services agreement; engineering, inspection and/or planning services | $0.00 | IBA Consultants West, LLC<br>6909 SW 18th St., No. A301<br>Boca Raton, FL 33433<br><br>IBA Consultants West, LLC<br>6885 Sw. 18th St.<br>Boca Raton, FL 33433<br><br>IBA Consultants West, LLC<br>Messrs. Ben Brown & Mark Baker<br>6725 Via Austi Pkwy, No. 280<br>Las Vegas, NV 89119 |
| Javse Realty Corp. | Lease of 2020 Mendenhall Drive | $0.00 | Javse Realty Corp.<br>Janlen Investments Valley Aluminum<br>Sam Pure (President)<br>15 04 130th St.<br>College Point, NY 11356 |
| Kimley-Horn and Associates, Inc. | Services Agreement | $0.00 | Kimley-Horn and Associates, Inc.<br>7878 N. 16th St., Ste. 300<br>Phoenix, AZ 85020<br><br>Kimley-Horn and Associates, Inc.<br>c/o Morris Polich, et al.<br>3930 Howard Hughes Pkwy, Ste. 360<br>Las Vegas, NV 89169<br><br>Kimley-Horn and Associates, Inc.<br>P.O. Box 79384<br>City Of Industry, CA 91716<br>Kimley-Horn and Associates, Inc.<br>765 The City Drive<br>Orange, CA  92168-6914 |

| Party | Description of Contract / Lease | Cure Costs | Party Address |
|---|---|---|---|
| Langan Engineering & Environmental Services | Services agreement - geotechnical engineering study | $0.00 | Langan Engineering & Environmental Services<br>Ms. Samone Kaplan<br>619 River Dr., Ctr. 1, 4th Flr.<br>Elmwood Park, NJ 07407<br><br>Langan Engineering & Environmental Services<br>30 S. 17th Street, 1300<br>Philadelphia, PA  19103-4005<br><br>Langan Engineering & Environmental Services<br>c/o Josephine Binetti McPeak<br>McDonald Carano Wilson<br>2300 W. Sahara Ave., #10, Ste. 1000<br>Las Vegas, NV 89102<br><br>Langan Engineering & Environmental Services<br>Mike Mcgettigan & Roger A. Archabal<br>3900 Paradise Rd., Ste. 183<br>Las Vegas, NV 89169 |
| Las Vegas Valley Water District | Water facilities | $4,618.00 | Las Vegas Valley Water District<br>James L. Taylor<br>1001 S. Valley View Blvd., MS 480<br>Las Vegas, NV 89107<br><br>Las Vegas Valley Water District<br>1001 S. Valley View Blvd.<br>Las Vegas, NV 89153 |
| Moreno and Associates, Inc. | Agreement and Invoice, dated March 9, 2009 | $10,300.00 (total for all contracts) | Moreno and Associates, Inc.<br>300 So. 4th St., No. 1500<br>Las Vegas, NV 89101 |
| Moreno and Associates, Inc. | Agreement and Invoice, dated May 4, 2009 | See above | Moreno and Associates, Inc.<br>300 So. 4th St., No. 1500<br>Las Vegas, NV 89101 |
| Moreno and Associates, Inc. | Agreement and Invoice, dated May 18, 2009 | See above | Moreno and Associates, Inc.<br>300 So. 4th St., No. 1500<br>Las Vegas, NV 89101 |
| Moreno and Associates, Inc. | Invoice dated July 16, 2009 | See above | Moreno and Associates, Inc.<br>300 So. 4th St., No. 1500<br>Las Vegas, NV 89101 |

| PARTY | DESCRIPTION OF CONTRACT / LEASE | CURE COSTS | PARTY ADDRESS |
|---|---|---|---|
| Nevada Power Company (NV Energy) | Power service line extension contract | $568,936.00 | Nevada Power Company<br>Las Vegas District Office<br>2215 East Lone Mountain Rd.<br>North Las Vegas, NV 89081<br><br>Nevada Power Company<br>Legal Department<br>6226 West Sahara Ave., M S 3A<br>Las Vegas, NV 89146<br><br>Balch & Bingham LLP<br>Eric Ray<br>1901 Sixth Ave., North Ste. 1500<br>Birmingham, AL 35203<br>eray@balch.com |
| Owens Geotechnical, Inc. | Professional services agreement - inspection and testing services | $0.00 | Owens Geotechnical, Inc.<br>P.O. Box 749264<br>Los Angeles, CA 90074<br><br>Owens Geotechnical, Inc.<br>4480 W. Hacienda Ave., No. 104<br>Las Vegas, NV 89118<br><br>Owens Geotechnical, Inc.<br>c/o Nova Engineering & Environmental<br>13800 Nw. 14th St., Ste. 130<br>Sunrise, FL 33323<br><br>Owens Geotechnical, Inc.<br>c/o Morris Polich, et al.<br>3930 Howard Hughes Pkwy, Ste. 360<br>Las Vegas, NV 89169 |
| R.D. Weber & Associates, Inc. | Permitting Consultant | $0.00 | R.D. Weber & Associates, Inc.<br>3966 Meridian Point Ct.<br>Las Vegas, NV 89147<br>r.d.weber@cox.net |
| Sahara Las Vegas Corp. | Postpetition lease of six acres at 2601 Las Vegas Boulevard South (assignable pursuant to terms of lease) | $0.00 | Sahara Las Vegas Corp.<br>David Lowden<br>3221 S. Torrey Pines<br>Las Vegas, NV 89146 |
| SMK, Inc. | Lease of 1.32 acres at 2780 Las Vegas Blvd. South | $0.00 | SMK, Inc.<br>Paul Kosasa<br>766 Pokukaina St.<br>Honolulu, HI 96813 |

| PARTY | DESCRIPTION OF CONTRACT / LEASE | CURE COSTS | PARTY ADDRESS |
|---|---|---|---|
| Turnberry Place Community Association | Letter of Intent between Turnberry Place Community Association and Fontainebleau Las Vegas regarding access ramp, dated as of September 29, 2006 | $0.00 | Turnberry Place Community Association<br>Jerry Greenberg<br>2877 Paradise Rd., Ste. 1501<br>Las Vegas, NV 89109 |
| Veolia Energy Facilities Services, LLC f/k/a Dalkia Facilities Services, LLC | Central plant engineer support | $0.00 | Veolia Energy Facilities Services, LLC f/k/a Dalkia Facilities Services, LLC<br>P.O. Box 714584<br>Columbus, OH 43271<br><br>Veolia Energy Facilities Services, LLC f/k/a Dalkia Facilities Services, LLC<br>Tibor Tip Jozsa (Key Acct. Exec.)<br>Dalkia North America<br>1930 Village Ctr., Cir. No. 3 512<br>Las Vegas, NV 89134 |
| | Any quality assurance agency special inspection contract or other third party inspection contract relating to the Purchased Assets not listed above. | $0.00 | |

**EXHIBIT 1**
**(QUALITY ASSURANCE AGENCY AGREEMENTS)**

| Permit # | Agreement Date | Quality Assurance Agency | Inspection / Scope |
|---|---|---|---|
| 06-41514 | 1/12/2007 | Langan Engineering | 2755 S. Las Vegas Boulevard – Grading-Commercial, Soils – existing soil conditions, fill placement and load bearing requirements |
| 06-47392 | 3/14/2007 | | 2755 S. Las Vegas Boulevard – Condominium-New (Phased), |
| | | Owens Geotechnical, Inc. | Concrete construction; Permanent Dewatering System |
| | | Langan Engineering | Existing site soil conditions, fill placement and load bearing requirements |
| 06-47392 R1 | 3/15/2007 | | 2755 S. Las Vegas Boulevard – Condominium-New (Phased), |
| | | Owens Geotechnical, Inc. | Concrete construction |
| | | Langan Engineering | Existing site soil conditions, fill placement and load bearing requirements; Permanent Dewatering System |
| 06-47392 R2 | 3/16/2007 | | 2755 S. Las Vegas Boulevard – Condominium-New (Phased), |
| | | Owens Geotechnical, Inc. | Concrete construction; Steel Construction |
| | | Langan Engineering | Existing site soil conditions, fill placement and load bearing requirements; Permanent Dewatering System |
| 06-47392 R3 | 3/21/2007 | | 2755 S. Las Vegas Boulevard – Condominium-New (Phased), |
| | | Owens Geotechnical, Inc. | Concrete construction; Steel Construction |
| | | Langan Engineering | Existing site soil conditions, fill placement and load bearing requirements; Permanent Dewatering System; Pier foundations |
| 06-47392 R4 | 3/10/2009 | | 2755 S. Las Vegas Boulevard – Condominium-New (Phased), |
| | | Owens Geotechnical, Inc. | Concrete construction; Steel Construction |
| | | Langan Engineering | Existing site soil conditions, fill placement and load bearing requirements; Permanent Dewatering System; Drilled Pile & Drilled Pier & Pier foundations |
| | | Aztech Inspection Services | Masonry Construction |
| 06-48249 | 2/9/2007 | Owens Geotechnical, Inc. | 2755 S. Las Vegas Boulevard – Condominium-New (Phased), Concrete construction; Pile foundations |

| Permit # | Agreement Date | Quality Assurance Agency | Inspection / Scope |
|---|---|---|---|
| 06-48249 R1 | 2/9/2007 | | 2755 S. Las Vegas Boulevard – Condominium-New (Phased), |
| | | Owens Geotechnical, Inc. | Concrete construction |
| | | Langan Engineering | Pile foundations |
| 06-48249 R2 | 2/20/2007 | | 2755 S. Las Vegas Boulevard – Condominium-New (Phased), |
| | | Owens Geotechnical, Inc. | Concrete construction |
| | | Langan Engineering | Pier foundations |
| 07-11015 | 4/24/2007 | | 2755 S. Las Vegas Boulevard – Hotel-New (Phased), |
| | | Owens Geotechnical, Inc. | Concrete Construction; Steel Construction |
| | | Langan Engineering | Soils; Piles foundations |
| 07-11015 R1 | 2/19/2009 | Owens Geotechnical Inc. | 2777 S. Las Vegas Boulevard – Hotel-New (Phased) Steel Construction; Concrete Construction; Driven Pile foundations; Dewatering System; Soils |
| 07-38187 | 1/10/2008 | | 2755 S. Las Vegas Boulevard – Hotel-New (Phased), |
| | | Aztech Inspection Services | Steel Construction; Concrete Construction; Epoxy Anchors |
| | | Langan Engineering | Soils – existing site soil conditions, fill placement and load bearing requirements |
| 07-40154 | 1/8/2008 | | 2755 S. Las Vegas Boulevard – Hotel-New (Phased), |
| | | Aztech Inspection Services | Steel construction; Concrete construction; Masonry Construction; Sprayed Fire-Resistant materials; structural observation |
| | | Subcontractor only | Driven Pile foundations |
| 07-5172 | 4/30/2007 | Owens Geotechnical, Inc. | 2755 S. Las Vegas Boulevard – Hotel-New (Phased), Concrete Construction |
| 07-5172 R1 | 5/18/2007 | Owens Geotechnical, Inc. | 2755 S. Las Vegas Boulevard – Hotel-New (Phased), Concrete Construction, Steel Construction |
| 07-5172 R2 | 8/20/2007 | Owens Geotechnical, Inc. | 2755 S. Las Vegas Boulevard – Hotel-New (Phased), Concrete Construction, Steel Construction |
| 07-5172 R3 | 6/3/2008 | Aztech Inspection Services | 2755 S. Las Vegas Boulevard – Hotel-New (Phased), Concrete Construction, Steel Construction; Anchor Bolt Installation per Approved ES Report//TNB |
| 08-13931 | 7/7/2008 | Aztech Inspection Services | 2777 S. Las Vegas Boulevard – Concrete Construction |

| PERMIT # | AGREEMENT DATE | QUALITY ASSURANCE AGENCY | INSPECTION / SCOPE |
|---|---|---|---|
| 08-20091 | 12/18/2008 | Aztech Inspection Services | 2811 S. Las Vegas Blvd. – Sign New, Steel construction |
| 08-23297 | 9/10/2008 | JBA Consulting Engineers Inc. | 2777 S. Las Vegas Boulevard – Casino-Remodel, Smoke Control |
| 08-30819 | 1/15/2009 | Aztech Inspection Services | 2777 S. Las Vegas Boulevard – Casino Remodel, Steel construction |
| 08-31184 | 1/28/2009 | Aztech Inspection Services | 2777 S. Las Vegas Boulevard – Steel Construction; Anchorage to concrete//GXY |
| 08-31856 | 2/2/2009 | All-Star Inspections | 2777 S. Las Vegas Boulevard – Euro Pool, Simpson strong Bolts installed per ICC ESR-1771. CCR 1-27-09. |
| 08-31858 | 2/2/2009 | All-Star Inspections | 2777 S. Las Vegas Boulevard – Grand Pool, Simpson strong Bolts installed per ICC ESR-1771. CCR 1-27-09. |
| 08-31859 | 2/2/2009 | All-Star Inspections | 2777 S. Las Vegas Boulevard – Oasis Pool, Simpson strong Bolts installed per ICC ESR-1771. CCR 1-27-09. |
| 08-31860 | 2/2/2009 | All-Star Inspections | 2777 S. Las Vegas Boulevard – Serenity Pool, Simpson strong Bolts installed per ICC ESR-1771. CCR 1-27-09. |
| 08-31862 | 2/2/2009 | All-Star Inspections | 2777 S. Las Vegas Boulevard – Grand Spa, Simpson strong Bolts installed per ICC ESR-1771. CCR 1-27-09. |
| 08-31863 | 2/2/2009 | All-Star Inspections | 2777 S. Las Vegas Boulevard – Oasis Spa, Simpson strong Bolts installed per ICC ESR-1771. CCR 1-27-09. |
| 08-31864 | 2/2/2009 | All-Star Inspections | 2777 S. Las Vegas Boulevard – Serenity Spa, Simpson strong Bolts installed per ICC ESR-1771. CCR 1-27-09. |
| 08-31865 | 2/2/2009 | All-Star Inspections | 2777 S. Las Vegas Boulevard – Stage Spa, Special cases: Simpson strong Bolts installed per ICC ESR-1771. CCR 1-27-09. |
| 08-32589 | 2/17/2009 | Aztech Inspection Services | 2777 S. Las Vegas Boulevard – Restaurant-Remodel, Steel Construction; Concrete Construction; Dowels with HILTI HIT-RE 500 SD Epoxy per ICC ESR-2322 CCR 2-4-09 |
| 08-32822 | 1/9/2009 | Aztech Inspection Services | 2777 S. Las Vegas Blvd. Steel construction |
| 08-32822 | 1/9/2009 | Aztech Inspection Services | 2777 S. Las Vegas Boulevard – Sign New, Steel construction |
| 08-32956 | 1/15/2009 | Aztech Inspection Services | 2777 S. Las Vegas Boulevard – Burger Bar-5th Floor, Steel; construction and special cases: Epoxy set bolts and rebar (HILTI HIT 500) and HILTI KWIK Boltz TZ per ESR #1917 JoP. |
| 09-1994 | 3/10/2009 | Aztech Inspection Services | 2777 S. Las Vegas Boulevard – Casino-Remodel, Steel construction; Anchorage to concrete//GXT |
| 09-2511 | 4/7/2009 | Aztech Inspection Services | 2777 S. Las Vegas Boulevard – Restaurant-Remodel, Steel construction; HILTI KWIK Bolt TZ per ESR 1927 |

| PERMIT # | AGREEMENT DATE | QUALITY ASSURANCE AGENCY | INSPECTION / SCOPE |
|---|---|---|---|
| 07-17708 | 11/8/2007 | Aztech Inspection Services<br><br>JBA Consulting Engineers Inc. | 2755 S. Las Vegas Boulevard – Parking Garage-Comm/New (Phased),<br><br>Sprayed Fire-Resistant Materials<br><br>Smoke Control |
| 07-7220 | 8/7/2007 | Owens Geotechnical, Inc. | 2755 S. Las Vegas Boulevard – Parking Garage-Comm/New (Phased), Concrete Construction; Steel Construction; Sprayed Fire-Resistant Materials |
| 07-33462 | 2/20/2008 | JBA Consulting Engineers Inc. | 2755 S. Las Vegas Boulevard – Fontainebleau/Podium/Sout- Hotel-New (Phased), Smoke Control |
| 06-52272 R1 | 12/27/2007 | Aztech Inspection Services<br><br>Langan Engineering | 2857 Paradise Road – Fontainebleau Resorts (owned by Turnberry Place Condo Assn) Misc.Commercial Structure,<br><br>Concrete Construction; Steel Construction; Masonry Construction<br><br>Drilled Piles; Drilled Piers |
| 07-21582 | 8/15/2007 | Aztech Inspection Services | 2755 S. Las Vegas Boulevard – Fontainebleau/Podium/Str- Hotel-New (Phased), Concrete construction; Steel Construction; Masonry Construction; Sprayed Fire-Restraint Materials |
| 07-14186 | 8/14/2007 | Aztech Inspection Services | 2755 S. Las Vegas Boulevard – Fontainebleau Resort/Stru-Condominium-New (Phased), Steel Construction; Concrete construction |
| 07-42658 | 2/20/2008 | JBA Consulting Engineers Inc. | 2755 S. Las Vegas Boulevard – Fontainebleau/Podium/Arch- Casino-New (Phased), Smoke Control |
| 06-46993 R1 | 2/2/2007 | Owens Geotechnical, Inc.<br><br>Langan Engineering | 2755 S. Las Vegas Boulevard – Fontainebleau/Secant Wall- Misc.Commercial Structure<br><br>Concrete construction;<br><br>Pier foundations |
| 06-52272 | 2/9/2007 | Owens Geotechnical, Inc. | 2857 Paradise Road – Fontainebleau Resorts (owned by Turnberry Place Condo Assn) Misc.Commercial Structure, Concrete Construction; Steel Construction; Masonry Construction |
| 09-9517 | 1/9/2010 | Aztech Inspection Services | 2755 S. Las Vegas Boulevard – Steakhouse Restaurant, Steel Construction; Concrete Construction; Epoxy Anchors |

| **Permit #** | **Agreement Date** | **Quality Assurance Agency** | **Inspection / Scope** |
|---|---|---|---|
| 09-8504 | 1/19/2010 | Aztech Inspection Services | 2755 S. Las Vegas Boulevard – Fontainebleau-Lobby Elev, Special Case-Kwik Bolt |
| 07-38187 R1 | 7/7/2008 | | 2755 S. Las Vegas Boulevard – Fontainebleau/Pod/LV1Nrth- Hotel-New (Phased), |
| | | Langan Engineering | Driven Piles; Drilled Piles; Drilled Piers; Soil Inspection |
| | | Aztech Inspection Services | Steel Construction; Concrete Construction; Epoxy Anchors |

EXHIBIT B

1.  Deed of Trust to secure an indebtedness of the amount stated below and any other amounts payable under the terms thereof,

    | | | |
    |---|---|---|
    | Amount | : | $315,000,000.00 |
    | Trustor/Borrower | : | Fontainebleau Las Vegas Retail, LLC |
    | Trustee | : | Nevada Title Company |
    | Beneficiary/Lender | : | Lehman Brothers Holdings, Inc. |
    | Dated | : | June 6, 2007 |
    | Recorded | : | June 7, 2007 in Book 20070607 of Official Records, Doc No. 02526 |

    The foregoing Deed of Trust encumbers the Leasehold interest

2.  .  In Connection therewith, said trustors executed an Assignment of Rents,

    | | | |
    |---|---|---|
    | Dated | : | June 6, 2007 |
    | Recorded | : | June 7, 2007 in Book 20070607 of Official Records, Doc No. 02527 |

3.  A financing statement given as additional security for the payment of the indebtedness secured by the Leasehold Deed of Trust

    | | | |
    |---|---|---|
    | Shown As | : | Book 20070607, as Document No. 02526, of Official Records |
    | Debtor | : | Fontainebleau Las Vegas Retail, LLC |
    | Secured Party | : | Lehman Brothers Holdings Inc., individually as a Co-Lender and as Agent for one or more Co-Lenders |
    | File No. | : | TPW# 16248-00758 |
    | In the Office of | : | Clark County, Nevada |
    | Recorded | : | June 7, 2007 in Book 20070607 of Official Records, Doc No. 02528 |

4.  Terms and provisions as contained in an instrument,

    | | | |
    |---|---|---|
    | Entitled | : | Memorandum of Intercreditor Agreement |
    | Executed By | : | Bank of America, N.A.; Wells Fargo Bank, National Association; Lehman Brothers Holdings Inc. and Fontainebleau Las Vegas Retail, LLC |
    | Dated | : | June 6, 2007 |
    | Recorded | : | June 7, 2007 in Book 20070607 of Official Records, Doc No. 02524 |

5.  Deed of Trust to secure an indebtedness of the amount stated below and any other amounts payable under the terms thereof,

    | | | |
    |---|---|---|
    | Amount | : | $1,850,000,000.00 |
    | Trustor/Borrower | : | Fontainebleau Las Vegas, LLC, a Nevada Limited Liability Company, and Fontainebleau Las Vegas II, LLC, a Florida limited liability company (f/k/a "Krystle Towers, LLC") |
    | Trustee | : | Nevada Title Company, a Nevada Corporation |
    | Beneficiary/Lender | : | Bank of America, N.A., in its capacity as Administrative Agent for the benefit of the Lenders |
    | Dated | : | June 6, 2007 |
    | Recorded | : | June 7, 2007 in Book 20070607 of Official Records, Doc No. 02525 |

6.  Deed of Trust to secure an indebtedness of the amount stated below and any other amounts payable under the terms thereof,

    | | | |
    |---|---|---|
    | Amount | : | $675,000,000.00 |
    | Trustor/Borrower | : | Fontainebleau Las Vegas, LLC, a Nevada limited liability company, and Fontainebleau Las Vegas II, LLC, a Florida limited liability company (f/k/a "Krystle Towers, LLC) |
    | Trustee | : | Nevada Title Company |
    | Beneficiary/Lender | : | Wells Fargo Bank, National Association, in its capacity as the Mortgage Notes Indenture Trustee |
    | Dated | : | June 6, 2007 |
    | Recorded | : | June 7, 2007 in Book 20070607 of Official Records, Doc No. 02529 |

7.  Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   Conti Electric, Inc.
    Amount              :   $16,670,526.02
    At request of or
    contract with       :   Turnberry West Construction, Inc.
    Recorded            :   May 1, 2009 in Book 20090501 of Official Records, Doc No. 04235

        An "Amended/Restated Notice of Lien" recorded November 2, 2009 in Book 20091102 as Document
        No. 02051, of Official Records.

8.  Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   Conti Electric, Inc.
    Amount              :   $10,780,271.90
    At request of or
    contract with       :   Turnberry West Construction, Inc.
    Recorded            :   May 1, 2009 in Book 20090501 as Document No. 04236, of Official Records
                            under Recorder's Serial Number

        An "Amended/Restated Notice of Lien" recorded November 2, 2009 in Book 20091102 as Document
        No. 02050, of Official Records.

9.  Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   Fisk Electric Company
    Amount              :   $19,723,822.00
    At request of or
    contract with       :   Turnberry West Construction, Inc.
    Recorded            :   May 4, 2009 in Book 20090504 of Official Records, Doc No. 01497

10. Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   Fisk Electric Company
    Amount              :   $19,723,822.00
    At request of or
    contract with       :   Turnberry West Construction, Inc.
    Recorded            :   May 4, 2009 in Book 20090504 of Official Records, Doc No. 01498

11. Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   W & W Steel, LLC
    Amount              :   $24,171,845.87
    At request of or
    contract with       :   Turnberry West Construction, Inc.
    Recorded            :   May 4, 2009 in Book 20090504 of Official Records, Doc No. 04597

12. Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   JPRA Architects
    Amount              :   $279,777.98
    At request of or
    contract with       :   Turnberry Associates
    Recorded            :   May 6, 2009 in Book 20090506 of Official Records, Doc No. 03962

        An "Amended Notice of Lien" recorded October 1, 2009 in Book 20091001 as Document No. 03954,
        of Official Records.

13.  Claim of Lien for labor materials and/or services furnished as follows:
     By                      :   Mojave Electric Inc.
     Amount                  :   $29,760.00
     At request of or
     contract with           :   MIG Nevada, LLC
     Recorded                :   May 7, 2009 in Book 20090507 of Official Records, Doc No. 03738

14.  Claim of Lien for labor materials and/or services furnished as follows:
     By                      :   Mojave Electric, Inc.
     Amount                  :   $126,627.50
     At request of or
     contract with           :   Johnson Controls
     Recorded                :   May 7, 2009 in Book 20090507 of Official Records, Doc No. 03739

15.  Claim of Lien for labor materials and/or services furnished as follows:
     By                      :   Mojave Electric, Inc.
     Amount                  :   $89,818.20
     At request of or
     contract with           :   Johnson Controls
     Recorded                :   May 7, 2009 in Book 20090507 of Official Records, Doc No. 03740

16.  Claim of Lien for labor materials and/or services furnished as follows:
     By                      :   Mojave Electric, Inc.
     Amount                  :   $460,764.69
     At request of or
     contract with           :   Johnson Controls
     Recorded                :   May 7, 2009 in Book 20090507 of Official Records, Doc No. 03741

17.  Claim of Lien for labor materials and/or services furnished as follows:
     By                      :   Technicoat Management, Inc.
     Amount                  :   $1,406,621.00
     At request of or
     contract with           :   Turnberry West Construction, inc.
     Recorded                :   May 11, 2009 in Book 20090511 of Official Records, Doc No. 02362

18.  Claim of Lien for labor materials and/or services furnished as follows:
     By                      :   Air Design Technologies
     Amount                  :   $1,885,065.97
     At request of or
     contract with           :   Gallagher-Kaiser
     Recorded                :   May 11, 2009 in Book 20090511 of Official Records, Doc No. 04069

          An "Amended Mechanics' Lien" recorded October 12, 2009 in Book 20091012 as Document No. 02907, of Official Records.

19.  Claim of Lien for labor materials and/or services furnished as follows:
     By                      :   QTS Logistics Inc. dba Quality Transportation Services and Quality
                                  Transportation Services of nevada, inc.
     Amount                  :   $1,873,843.49
     At request of or
     contract with           :   Fontainebleau Las Vegas, LLC and FF&E Purchasing Associations, LLC
     Recorded                :   May 15, 2009 in Book 20090515 of Official Records, Doc No. 02484

20.     Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | CLQTS, LLC fka Compass Logistics |
| Amount | : | $99,751.45 |
| At request of or contract with | : | Fontainbleau Las Vegas, LLC and Quality Transportation Services |
| Recorded | : | May 15, 2009 in Book 20090515 of Official Records, Doc No. 02485 |

21.     Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | Stetson Electric, Inc. |
| Amount | : | $112,016.85 |
| At request of or contract with | : | Turnberry West Construction, Inc. |
| Recorded | : | May 15, 2009 in Book 20090515 of Official Records, Doc No. 02583 |

22.     Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | Stetson Electric, Inc. |
| Amount | : | $327,300.19 |
| At request of or contract with | : | Turnberry West Construction, Inc. |
| Recorded | : | May 15, 2009 in Book 20090515 of Official Records, Doc No. 02584 |

23.     Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | QTS Logistics, Inc., and Quality Transportation Services of Nevada |
| Amount | : | $1,873,843.49 |
| At request of or contract with | : | Fontainebleau Las Vegas, LLC and FF&E Purchasing Associates, LLC |
| Recorded | : | May 18, 2009 in Book 20090518 of Official Records, Doc No. 03707 |

24.     Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | CLQTS, LLC fka Compass Logistics |
| Amount | : | $99,751.45 |
| At request of or contract with | : | Fontainebleau Las Vegas, LLC and Quality Transportation Services |
| Recorded | : | May 18, 2009 in Book 20090518 of Official Records, Doc No. 03708 |

25.     Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | Tracy & Ryder Landscape, Inc. |
| Amount | : | $1,591,307.42 |
| At request of or contract with | : | Turnberry West Construction, LLC |
| Recorded | : | May 19, 2009 in Book 20090519 of Official Records, Doc No. 04802 |

An "Amended Notice of Lien" recorded May 21, 2009 in Book 20090521 as Document No. 00919, of Official Records.

26.     Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | Tractel, LTD |
| Amount | : | $1,184,023.00 |
| At request of or contract with | : | Fontainebleau Resorts, LLC |
| Recorded | : | May 20, 2009 in 20090520 as Document No. 02394 of Official Records. |

An "Amended Notice of Lien" recorded June 24, 2009 in Book 20090624 as Document No. 03776, of Official Records.

27.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | Wells Cargo, Inc. |
| Amount | : | $112,706.09 |
| At request of or contract with | : | Turnberry West Construction, LLC |
| Recorded | : | May 20, 2009 in Book 20090520 of Official Records, Doc No. 04753 |

28.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | Peregrine Installation Co. |
| Amount | : | $2,767,061.00 |
| At request of or contract with | : | Turnberry West Construction |
| Recorded | : | May 21, 2009 in Book 20090521 as Document No. 0005584 of Official Records |

29.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | AMI Hospitality, Inc. |
| Amount | : | $75,050.00 |
| At request of or contract with | : | FF&E Inc. |
| Recorded | : | May 21, 2009 in Book 20090521 as Document No. 0005585 of Official Records |

30.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | AMI Hospitality, Inc. |
| Amount | : | $337,420.00 |
| At request of or contract with | : | Austin General Contracting |
| Recorded | : | May 21, 2009 in Book 20090521 as Document No. 0005586 of Official Records |

31.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | AMI Hospitality, Inc. |
| Amount | : | $153,634.00 |
| At request of or contract with | : | Desert Plumbing & Heating |
| Recorded | : | May 21, 2009 in Book 20090521 as Document No. 0005587 of Official Records |

32.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | AMI Hospitality, Inc. |
| Amount | : | $5,391,188.00 |
| At request of or contract with | : | Turnberry West Construction |
| Recorded | : | May 21, 2009 in Book 20090521 as Document No. 0005588 of Official Records |

33.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | Peregrine Installation Co. |
| Amount | : | $10,468,159.00 |
| At request of or contract with | : | Turnberry West Construction |
| Recorded | : | May 21, 2009 in Book 20090521 as Document No. 0005589 of Official Records |

34.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | AMI Hospitality, Inc. |
| Amount | : | $260,000.00 |
| At request of or contract with | : | Austin General Contracting |
| Recorded | : | May 21, 2009 in Book 20090521 as Document No. 0005590 of Official Records. |

35.   Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   AMI Hospitality, Inc.
      Amount                :   $613,212.00
      At request of or
      contract with         :   Austin General Contracting
      Recorded              :   May 21, 2009 in Book 20090521 as Document No. 0005591 of Official Records

36.   Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Peregrine Installation Co. & AMI Hospitality, Inc.
      Amount                :   $797,000.00
      At request of or
      contract with         :   Turnberry West Construction
      Recorded              :   May 21, 2009 in Book 20090521 as Document No. 0005592 of Official Records.

37.   Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Peregrine Installation Co. & AMI Hospitality, Inc.
      Amount                :   $1,945,124.00
      At request of or
      contract with         :   Gallagher Kaiser Corp.
      Recorded              :   May 21, 2009 in Book 20090521 as Document No. 0005593 of Official Records

38.   Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Gallagher-Kaiser Corporation
      Amount                :   $30,718,438.99
      At request of or
      contract with         :   Turnberry West Construction, Inc.
      Recorded              :   May 21, 2009 in Book 20090521 as Document No. 0005699 of Officials

39.   Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Door-Ko, Inc.
      Amount                :   $961,059.28
      At request of or
      contract with         :   Turnberry West Construction, Inc.
      Recorded              :   May 21, 2009 in Book 20090521 as Document No. 0005702 of Official Records

40.   Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Young Electric Sign Company
      Amount                :   $18,698,756.00
      At request of or
      contract with         :   Fontainebleau Las Vegas, LLC
      Recorded              :   May 22, 2009 in Book 20090522 as Document No. 0003252 of Official Records

41.   Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Universal Piping, Inc.
      Amount                :   $3,496,537.95
      At request of or
      contract with         :   Turnberry West Construction, Inc.
      Recorded              :   May 22, 2009 in Book 20090522 as Document No. 0003253 of Official Records

42.   Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Peregrine Installation Co. & AMI Hospitality Inc.
      Amount                :   $87,333.00
      At request of or
      contract with         :   Gallagher Kaiser Corp.
      Recorded              :   May 22, 2009 in Book 20090522 as Document No. 0004163 of Official Records

43. Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    McKeon Door of Nevada, Inc.
    Amount                :    $396,548.38
    At request of or
    contract with         :    Gallagher Kaiser
    Recorded              :    May 22, 2009 in Book 20090522 as Document No. 0004257 of Official Records

44. Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    Aztech Inspection Services, LLC
    Amount                :    $1,434,493.57
    At request of or
    contract with         :    Turnberry West Construction, LLC
    Recorded              :    May 22, 2009 in Book 20090522 of Official Records, Doc No. 05464

45. Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    George M. Raymond Co.
    Amount                :    $6,793,474.48
    At request of or
    contract with         :    Turnberry West Construction, Inc.
    Recorded              :    May 27, 2009 in Book 20090527 as Document No. 0000127 of Official Records

46. Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    George M. Raymond Co.
    Amount                :    $5,282,434.00
    At request of or
    contract with         :    Turnberry West Construction, Inc.
    Recorded              :    May 27, 2009 in Book 20090527 as Document No. 0000128 of Official Records.

47. Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    A Company, Inc.
    Amount                :    $195,101.53
    At request of or
    contract with         :    Fontainebleau Las Vegas LLC
    Recorded              :    May 27, 2009 in Book 20090527 as Document No. 0002909 of Official Records.

        A "Contractor's Notice to Owner-Corporation" recorded may 27, 2009 in Book 20090527 as
        Document No. 02907, of Official Records.

        A "Notice to Owner of Materials supplied of Work or Services Performed-Corporation" recorded May
        27, 2009 in book 20090527 as Document No. 02908, of Official Records.

48. Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    W & W Steel, LLC of Nevada
    Amount                :    $24,171,845.87
    At request of or
    contract with         :    Turnberry West Construction, Inc.
    Recorded              :    May 27, 2009 in Book 20090527 as Document No. 0003523 of Official Records

49. Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    EIDS Steel Company, LLC
    Amount                :    $4,954,379.31
    At request of or
    contract with         :    W & W Steel, LLC of Nevada and/or Turnberry West Construction, LLC
    Recorded              :    May 27, 2009 in Book 20090527 of Official Records, Doc No. 03524

An "Amended Notice of Lien" recorded October 2, 2009 in Book 20091002 as Document No. 04282, of Official Records.

50.   Claim of Lien for labor materials and/or services furnished as follows:
By                        :   Cadillac Stone Works
Amount                    :   $78,631.51
At request of or
contract with             :   Turnberry West Construction Inc.
Recorded                  :   May 28, 2009 in Book 20090528 as Document No. 0003988 of Official Records

51.   Claim of Lien for labor materials and/or services furnished as follows:
By                        :   Pacific Insulation Company
Amount                    :   $49,708.00
At request of or
contract with             :   Mechanical Insulation
Recorded                  :   May 28, 2009 in Book 20090528 as Document No. 0003989 of Official Records.

An "Amended Notice of Lien" recorded August 17, 2009 in Book 20090817 as Document No. 04615, of Official Records.

52.   Claim of Lien for labor materials and/or services furnished as follows:
By                        :   Quality Cabinet & Fixture Company
Amount                    :   $2,962,179.00
At request of or
contract with             :   Turnberry West Construction, Inc.
Recorded                  :   May 29, 2009 in Book 20090529 as Document No. 0004584 of Official Records.

53.   Claim of Lien for labor materials and/or services furnished as follows:
By                        :   Langan Engineering & Environmental Services
Amount                    :   $162,918.17
At request of or
contract with             :   Fontainebleau Las Vegas, LLC
Recorded                  :   May 29, 2009 in Book 20090529 as Document No. 0006274 of Official Records

54.   Claim of Lien for labor materials and/or services furnished as follows:
By                        :   Mechanical Insulation Specialists
Amount                    :   $122,934.57
At request of or
contract with             :   Conti Electric, Inc. and/or Turnberry West Construction, Inc.
Recorded                  :   June 1, 2009 in Book 20090601 as Document No. 0002216 of Official Records

55.   Claim of Lien for labor materials and/or services furnished as follows:
By                        :   Air Tek Products
Amount                    :   $184,443.38
At request of or
contract with             :   Gallagher Kaiser
Recorded                  :   June 1, 2009 in Book 20090601 as Document No. 0008142 of Official Records
                              and amended by instrument recorded October 12, 2009 in Book 20091012 as
                              Document No. 0002906 of Official Records

56. Claim of Lien for labor materials and/or services furnished as follows:
   By                  :   LVI Environmental of Nevada, Inc.
   Amount              :   $3,172,460.40
   At request of or
   contract with       :   Turnberry West Construction, Inc.
   Recorded            :   June 2, 2009 in Book 20090602 as Document No. 0004591 of Official Records.

57. Claim of Lien for labor materials and/or services furnished as follows:
   By                  :   Hampton Tedder Electric Co. Inc.
   Amount              :   $195,039.99
   At request of or
   contract with       :   Conti Electric
   Recorded            :   June 3, 2009 in Book 20090603 of Official Records, Doc No. 01372

58. Claim of Lien for labor materials and/or services furnished as follows:
   By                  :   F. Rodgers Corporation
   Amount              :   $343,435.04
   At request of or
   contract with       :   Turnberry West Construction, Inc.
   Recorded            :   June 4, 2009 in Book 20090604 as Document No. 0001205 of Official Records

59. Claim of Lien for labor materials and/or services furnished as follows:
   By                  :   F. Rodgers Corporation
   Amount              :   $343,435.04
   At request of or
   contract with       :   Turnberry West Construction, Inc.
   Recorded            :   June 4, 2009 in Book 20090604 as Document No. 0001206 of Official Records

60. Claim of Lien for labor materials and/or services furnished as follows:
   By                  :   F. Rodgers Corporation
   Amount              :   $284,008.81
   At request of or
   contract with       :   Bombard Mechanical
   Recorded            :   June 4, 2009 in Book 20090604 as Document No. 0001207 of Official Records

61. Claim of Lien for labor materials and/or services furnished as follows:
   By                  :   F. Rodgers Corporation
   Amount              :   $284,008.81
   At request of or
   contract with       :   Bombard Mechanical
   Recorded            :   June 4, 2009 in Book 20090604 as Document No. 0001208 of Official Records

62. Claim of Lien for labor materials and/or services furnished as follows:
   By                  :   F. Rodgers Corporation
   Amount              :   $1,670,675.45
   At request of or
   contract with       :   Gallagher Kaiser
   Recorded            :   June 4, 2009 in Book 20090604 as Document No. 0001209 of Official Records

63. Claim of Lien for labor materials and/or services furnished as follows:
   By                  :   F. Rodgers Corporation
   Amount              :   $1,670,675.45
   At request of or
   contract with       :   Gallagher Kaiser
   Recorded            :   June 4, 2009 in Book 20090604 as Document No. 0001210 of Official Records

64.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | F. Rodgers Corporation |
| Amount | : | $472,760.71 |
| At request of or contract with | : | Turnberry West Construction, Inc. |
| Recorded | : | June 4, 2009 in Book 20090604 as Document No. 0001211 of Official Records |

65.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | F. Rodgers Corporation |
| Amount | : | $472,760.71 |
| At request of or contract with | : | Turnberry West Construction, Inc. |
| Recorded | : | June 4, 2009 in Book 20090604 as Document No. 0001212 of Official Records |

66.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | F. Rodgers Corporation |
| Amount | : | $960,266.54 |
| At request of or contract with | : | Turnberry West Construction, Inc. |
| Recorded | : | June 4, 2009 in Book 20090604 as Document No. 0001213 of Official Records |

67.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | F. Rodgers Corporation |
| Amount | : | $960,266.54 |
| At request of or contract with | : | Turnberry West Construction, Inc. |
| Recorded | : | June 4, 2009 in Book 20090604 as Document No. 0001214 of Official Records |

68.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | Turnberry West Construction, Inc. |
| Amount | : | $668,990,933.27 |
| At request of or contract with | : | Fontainebleau Las Vegas, LLC |
| Recorded | : | June 4, 2009 in Book 20090604 as Document No. 0001772 of Official Records |

69.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | Aderholt Specialty Company, Inc. |
| Amount | : | $15,581,425.30 |
| At request of or contract with | : | Turnberry West Construction, Inc. |
| Recorded | : | June 4, 2009 in Book 20090604 as Document No. 0002833 of Official Records |

70.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | Marnell Masonry, Inc. |
| Amount | : | $2,049,168.89 |
| At request of or contract with | : | Turnberry West Construction, Inc. |
| Recorded | : | June 5, 2009 in Book 20090605 as Document No. 0000161 of Official Records |

71.    Claim of Lien for labor materials and/or services furnished as follows:

| | | |
|---|---|---|
| By | : | Steel Structures, Inc. |
| Amount | : | $231,018.00 |
| At request of or contract with | : | W & W Steel |
| Recorded | : | June 5, 2009 in Book 20090605 of Official Records, Doc No. 03407 |

72.  Claim of Lien for labor materials and/or services furnished as follows:
     By                :   DSE Construction, Inc.
     Amount            :   $32,806.09
     At request of or
     contract with     :   Water FX Aquatic Design & Construct
     Recorded          :   June 5, 2009 in Book 20090605 as Document No. 0003546 of Official Records

73.  Claim of Lien for labor materials and/or services furnished as follows:
     By                :   Reliable Steel, Inc.
     Amount            :   $2,260,163.38
     At request of or
     contract with     :   Turnberry West Construction, Inc.
     Recorded          :   June 5, 2009 in Book 20090605 as Document No. 0004559 of Official Records

74.  Claim of Lien for labor materials and/or services furnished as follows:
     By                :   Lally Steel, Inc.
     Amount            :   $675,000.00
     At request of or
     contract with     :   Turnberry West Construction
     Recorded          :   June 8, 2009 in Book 20090608 as Document No. 0002644 of Official Records

75.  Claim of Lien for labor materials and/or services furnished as follows:
     By                :   Patent Construction Systems a division of Harsco Corporation
     Amount            :   $27,830.52
     At request of or
     contract with     :   Turnberry West Construction Inc.
     Recorded          :   June 9, 2009 in Book 20090609 as Document No. 0000419 of Official Records.

          An "Amended Notice of Lien" recorded June 16, 2009 in Book 20090616 as Document No. 02738, of
          Official Records.

76.  Claim of Lien for labor materials and/or services furnished as follows:
     By                :   Cherokee Erecting Company, LLC
     Amount            :   $27,646.28
     At request of or
     contract with     :   Turnberry West Construction, Inc.
     Recorded          :   June 9, 2009 in Book 20090609 as Document No. 0000423 of Official Records

77.  Claim of Lien for labor materials and/or services furnished as follows:
     By                :   Sherwin Williams Company
     Amount            :   $48,303.18
     At request of or
     contract with     :   Midwest Pro Painting
     Recorded          :   June 9, 2009 in Book 20090609 as Document No. 0000429 of Official Records

78.  Claim of Lien for labor materials and/or services furnished as follows:
     By                :   Desert Plumbing & Heating Co., Inc.
     Amount            :   $71,025,343.00
     At request of or
     contract with     :   Turnberry West Construction, Inc.
     Recorded          :   June 9, 2009 in Book 20090609 as Document No. 0003868 of Official Records.

          An "Amended Notice of Lien" recorded October 7, 2009 in Book 20091007 as Document No. 02816,
          of Official Records.

79. Claim of Lien for labor materials and/or services furnished as follows:
    By                  :  HPG International, LLC
    Amount              :  $252,422.65
    At request of or
    contract with       :  Fontainebleau Las Vegas, LLC and Quality Transportation Services
    Recorded            :  June 9, 2009 in Book 20090609 of Official Records, Doc No. 04105

80. Claim of Lien for labor materials and/or services furnished as follows:
    By                  :  Desert Plumbing & Heating Co., Inc.
    Amount              :  $1,082,093.00
    At request of or
    contract with       :  Fontainebleau Las Vegas, LLC
    Recorded            :  June 10, 2009 in Book 20090610 as Document No. 0000141 of Official Records
                           and amended by instrument recorded October 7, 2009 in Book 20091007 as
                           Document No. 0002818 of Official Records

81. Claim of Lien for labor materials and/or services furnished as follows:
    By                  :  Desert Plumbing & Heating Co., Inc.
    Amount              :  $2,602,817.94
    At request of or
    contract with       :  Water FX Custom Pools, Spas and Fountains
    Recorded            :  June 10, 2009 in Book 20090610 as Document No. 0000142 of Official Records.

        An "Amended Notice of Lien" recorded October 7, 2009 in Book 20091007 as Document No. 02817,
        of Official Records.

82. Claim of Lien for labor materials and/or services furnished as follows:
    By                  :  Desert Plumbing & Heating Co., Inc.
    Amount              :  $62,351.45
    At request of or
    contract with       :  Tracy & Ryder Landscape, Inc.
    Recorded            :  June 10, 2009 in Book 20090610 as Document No. 0000143 of Official Records.

        An "Amended Notice of Lien" recorded October 7, 2009 in Book 20091007 as Document No. 02815,
        of Official Records.

83. Claim of Lien for labor materials and/or services furnished as follows:
    By                  :  Nedco Supply
    Amount              :  $64,155.00
    At request of or
    contract with       :  Turnberry LTD
    Recorded            :  June 10, 2009 in Book 20090610 as Document No. 0002510 of Official Records

84. Claim of Lien for labor materials and/or services furnished as follows:
    By                  :  Nedco Supply
    Amount              :  $64,155.00
    At request of or
    contract with       :  Turnberry LTD
    Recorded            :  June 10, 2009 in Book 20090610 as Document No. 0002511 of Official Records

85.    Claim of Lien for labor materials and/or services furnished as follows:
     By                       :     Nedco Supply
     Amount            :     $244,506.00
     At request of or
     contract with     :     Fisk Electric
     Recorded        :     June 10, 2009 in Book 20090610 as Document No. 0002512 of Official Records

86.    Claim of Lien for labor materials and/or services furnished as follows:
     By    :     Nedco Supply
     Amount    :     $244,506.00
     At request of or
     contract with     :     Fisk Electric
     Recorded     :     June 10, 2009 in Book 20090610 as Document No. 0002513 of Official Records

87.    Claim of Lien for labor materials and/or services furnished as follows:
     By    :     Nedco Supply
     Amount    :     $2,086,751.46
     At request of or
     contract with     :     Bombard Electric
     Recorded     :     June 10, 2009 in Book 20090610 as Document No. 0002514 of Official Records

88.    Claim of Lien for labor materials and/or services furnished as follows:
     By    :     Nedco Supply
     Amount    :     $2,086,751.46
     At request of or
     contract with     :     Bombard Electric
     Recorded     :     June 10, 2009 in Book 20090610 as Document No. 0002515 of Official Records

89.    Claim of Lien for labor materials and/or services furnished as follows:
     By    :     Nedco Supply
     Amount    :     $538,253.00
     At request of or
     contract with     :     Conti Electric
     Recorded     :     June 10, 2009 in Book 20090610 as Document No. 0002516 of Official Records

90.    Claim of Lien for labor materials and/or services furnished as follows:
     By    :     Nedco Supply
     Amount    :     $538,253.00
     At request of or
     contract with     :     Conti Electric
     Recorded     :     June 10, 2009 in Book 20090610 as Document No. 0002517 of Official Records

91.    Claim of Lien for labor materials and/or services furnished as follows:
     By    :     Giroux Glass, Inc.
     Amount    :     $3,204,480.21
     At request of or
     contract with     :     Turnberry West Construction, Inc.
     Recorded     :     June 10, 2009 in Book 20090610 as Document No. 0004269 of Official Records

92.    Claim of Lien for labor materials and/or services furnished as follows:
     By    :     Mechanical Insulation Specialists
     Amount    :     $4,479,624.21
     At request of or
     contract with     :     Desert Plumbing & Heating Co., Inc. and/or Turnberry West Construction, Inc.
     Recorded     :     June 10, 2009 in Book 20090610 as Document No. 0004749 of Official Records.

An "Amended Notice of Lien" recorded October 12, 2009 in Book 20091012 as Document No. 00520, of Official Records.

93.  Claim of Lien for labor materials and/or services furnished as follows:
| | | |
|---|---|---|
| By | : | Roncelli, Inc. |
| Amount | : | $431,594.00 |
| At request of or | | |
| contract with | : | Fontainebleau Las Vegas, LLC |
| Recorded | : | June 10, 2009 in Book 20090610 as Document No. 04750 of Official Records. |

A "Notice of Amended Mechanic's Lien" recorded June 23, 2009 in Book 20090623 as Document No. 00993, of Official Records.

94.  Claim of Lien for labor materials and/or services furnished as follows:
| | | |
|---|---|---|
| By | : | Olson Precast Company |
| Amount | : | $12,981.20 |
| At request of or | | |
| contract with | : | Fontainebleau Casino Resort |
| Recorded | : | June 11, 2009 in Book 20090611 as Document No. 03129 of Official Records. |

95.  Claim of Lien for labor materials and/or services furnished as follows:
| | | |
|---|---|---|
| By | : | KCG, Inc. dba Rew Materials |
| Amount | : | $123,414.55 |
| At request of or | | |
| contract with | : | D'Alessio Contracting, Inc. |
| Recorded | : | June 12, 2009 in Book 20090612 as Document No. 02346 of Official Records. |

96.  Claim of Lien for labor materials and/or services furnished as follows:
| | | |
|---|---|---|
| By | : | KCG, Inc. dba Rew Materials |
| Amount | : | $9,140.90 |
| At request of or | | |
| contract with | : | D'Alessio Contracting, Inc. |
| Recorded | : | June 12, 2009 in Book 20090612 as Document No. 02350 of Official Records. |

97.  Claim of Lien for labor materials and/or services furnished as follows:
| | | |
|---|---|---|
| By | : | Energy Products of NV Inc. |
| Amount | : | $30,481.00 |
| At request of or | | |
| contract with | : | Gallagher Kaiser Corp. |
| Recorded | : | June 12, 2009 in Book 20090612 as Document No. 05790 of Official Records. |

98.  Claim of Lien for labor materials and/or services furnished as follows:
| | | |
|---|---|---|
| By | : | Energy Products of NV Inc. |
| Amount | : | $6,238.00 |
| At request of or | | |
| contract with | : | Gallahger Kaiser Corp. |
| Recorded | : | June 12, 2009 in Book 20090612 as Document No. 05791 of Official Records. |

99.  Claim of Lien for labor materials and/or services furnished as follows:
| | | |
|---|---|---|
| By | : | Engineered EQ. & Systems Co. |
| Amount | : | $4,400.00 |
| At request of or | | |
| contract with | : | Gallagher Kaiser Corp. |
| Recorded | : | June 12, 2009 in Book 20090612 as Document No. 05792 of Official Records. |

100.    Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    Engineered EQ. & Systems Co.
    Amount          :    $ 131,100.00
    At request of or
    contract with    :    Desert Plumbing & Heating Inc.
    Recorded      :    June 12, 2009 in Book 20090612 as Document No. 05793 of Official Records.

101.    Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    Engineered EQ. & Systems Co.
    Amount          :    $ 36,600.00
    At request of or
    contract with    :    Bombard Mechanical
    Recorded      :    June 12, 2009 in Book 20090612 as Document No. 05794 of Official Records.

102.    Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    Engineered EQ. & Systems Co.
    Amount          :    $17,100.00
    At request of or
    contract with    :    Bombard Mechanical
    Recorded      :    June 12, 2009 in Book 20090612 as Document No. 05795 of Official Records.

103.    Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    Glenn Rieder Inc.
    Amount          :    $181,922.95
    At request of or
    contract with    :    Turnberry West Construction, Inc.
    Recorded      :    June 15, 2009 in Book 20090615 as Document No. 00578 of Official Records.

104.    Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    Cashman Equipment
    Amount          :    $84,065.38
    At request of or
    contract with    :    Turnberry West Construction, inc. - 2755
    Recorded      :    June 16, 2009 in Book 20090616 as Document No. 00590 of Official
                          Records.

105.    Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    CEMEX Construction materials Pacific LLC
    Amount          :    $ 1,152877.40
    At request of or
    contract with    :    Turnberry West Construction Inc.
    Recorded      :    June 16, 2009 in Book 20090616 as Document No. 04242 of Official Records.

106.    Claim of Lien for labor materials and/or services furnished as follows:
    By                    :    Waco Scaffolding & Equipment
    Amount          :    $923,712.00
    At request of or
    contract with    :    George M. Raymond Co.
    Recorded      :    June 16, 2009 in Book 20090616 as Document No. 04300 of Official Records.

107.  Claim of Lien for labor materials and/or services furnished as follows:
      By                   :   Waco Scaffolding & Equipment
      Amount               :   $ 691,340.00
      At request of or
      contract with        :   George M. Raymond Co.
      Recorded             :   June 16, 2009 in Book 20090616 as Document No. 04301 of Official Records.

108.  Claim of Lien for labor materials and/or services furnished as follows:
      By                   :   Waco Scaffolding & Equipment
      Amount               :   $ 933,937.00
      At request of or
      contract with        :   KHS&S Contractors
      Recorded             :   June 16, 2009 in Book 20090616 as Document No. 04302 of Official Records.

109.  Claim of Lien for labor materials and/or services furnished as follows:
      By                   :   Waco Scaffolding & Equipment
      Amount               :   $ 117,283.00
      At request of or
      contract with        :   Turnberry West Construction
      Recorded             :   June 16, 2009 in Book 20090616 as Document No. 04303 of Official Records.

110.  Claim of Lien for labor materials and/or services furnished as follows:
      By                   :   Waco Scaffolding & Equipment
      Amount               :   $ 102,370.00
      At request of or
      contract with        :   Turnberry West Construction
      Recorded             :   June 16, 2009 in Book 20090616 as Document No. 04304 of Official Records.

111.  Claim of Lien for labor materials and/or services furnished as follows:
      By                   :   W.R. Grace & Co-Conn. Grace Construction Products
      Amount               :   $329,067.74
      At request of or
      contract with        :   LVI Services, Inc.
      Recorded             :   June 17, 2009 in Book 20090617 as Document No. 03842 of Official Records.

112.  Claim of Lien for labor materials and/or services furnished as follows:
      By                   :   Communications Supply Corp.
      Amount               :   $ 39,698.63
      At request of or
      contract with        :   Fisk Electric, Inc.
      Recorded             :   June 17, 2009 in Book 20090617 as Document No. 03844 of Official Records.

113.  Claim of Lien for labor materials and/or services furnished as follows:
      By                   :   Raul Escobedo
      Amount               :   $ 5,220.00
      At request of or
      contract with        :   Turnberry West Construction Inc. and Lukz Trucking
      Recorded             :   June 17, 2009 in Book 20090617 as Document No. 04331 of Official Records.

114.  Claim of Lien for labor materials and/or services furnished as follows:
      By                   :   Desert Lumber
      Amount               :   $ 39,350.96
      At request of or
      contract with        :   Turnberry West Construction
      Recorded             :    June 18, 2009 in Book 20090618 as Document No. 00303 of Official Records.

115.   Claim of Lien for labor materials and/or services furnished as follows:
         By                          :   Grani Installation, Inc.
         Amount                   :   $ 6,123.00
         At request of or
         contract with          :   George M. Raymond Company
         Recorded               :   June 18, 2009 in Book 20090618 as Document No. 03601 of Official Records.

116.   Claim of Lien for labor materials and/or services furnished as follows:
         By                          :   Steelman Partners LLP
         Amount                   :   $ 972,193.09
         At request of or
         contract with          :   Fontainebleau Las Vegas LLC
         Recorded               :   June 18, 2009 in Book 20090618 as Document No. 05677 of Official Records.

117.   Claim of Lien for labor materials and/or services furnished as follows:
         By                          :   Steelman Partners LLP
         Amount                   :   $ 972,193.09
         At request of or
         contract with          :   Fontainebleau Las Vegas LLC
         Recorded               :   June 18, 2009 in Book 20090618 as Document No. 05678 of Official Records.

118.   Claim of Lien for labor materials and/or services furnished as follows:
         By                          :   Eugenio Painting Company
         Amount                   :   $4,696,172.33
         At request of or
         contract with          :   Turnberry West Construction, Inc.
         Recorded               :   June 22, 2009 in book 20090622 as Document No. 00293 of Official Records.

119.   Claim of Lien for labor materials and/or services furnished as follows:
         By                          :   Oldcastle Glass Wright City
         Amount                   :   $131,517.53
         At request of or
         contract with          :   Turnberry West Construction Inc.
         Recorded               :   June 22, 2009 in Book 20090622 as Document No. 01546 of Official Records.

120.   Claim of Lien for labor materials and/or services furnished as follows:
         By                          :   Olson Precast Company
         Amount                   :   $16,885.40
         At request of or
         contract with          :   Not set out
         Recorded               :   June 23, 2009 in Book 20090623 as Document No. 00993 of Official Records.

121.   Claim of Lien for labor materials and/or services furnished as follows:
         By                          :   Hammond Caulking, Inc.
         Amount                   :   $125,105.00
         At request of or
         contract with          :   Turnberry West Construction
         Recorded               :   June 23, 2009 in Book 20090623 as Document No. 02747 of Official Records.

122.   Claim of Lien for labor materials and/or services furnished as follows:
         By                          :   Performance Contracting, Inc.
         Amount                   :   $6,500.00
         At request of or
         contract with          :   Turnberry West Construction
         Recorded               :   June 23, 2009 in Book 20090623 as Document No. 03973 of Official Records.

123. Claim of Lien for labor materials and/or services furnished as follows:
     By                :    Allen Drilling Inc.
     Amount            :    $113,014.09
     At request of or
     contract with     :    Southern Nevada Paving
     Recorded          :    June 24, 2009 in Book 20090624 as Document No. 01638 of Official Records.

124. Claim of Lien for labor materials and/or services furnished as follows:
     By                :    HOTZ LLC dba DRI-DESIGN
     Amount            :    $230,121.00
     At request of or
     contract with     :    Turnberry West Construction Inc.
     Recorded          :    June 24, 2009 in Book 20090624 as Document No. 03820 of Official Records.

          An "Amended Notice of Lien" recorded August 12, 2009 in Book 20090812 as Document No. 01852,
          of Official Records.

125. Claim of Lien for labor materials and/or services furnished as follows:
     By                :    Coreslab Structures (L.A.) Inc.
     Amount            :    827,574.00
     At request of or
     contract with     :    W & W Steel
     Recorded          :    June 24, 2009 in Book 20090624 as Document No. 03990 of Official Records.

126. Claim of Lien for labor materials and/or services furnished as follows:
     By                :    Crescent Electric Supply
     Amount            :    $97,123.00
     At request of or
     contract with     :    Bombard Electric
     Recorded          :    June 24, 2009 in Book 20090624 as Document No. 03996 of Official Records.

127. Claim of Lien for labor materials and/or services furnished as follows:
     By                :    Crescent Electric Supply
     Amount            :    $9,377.92
     At request of or
     contract with     :    Bombard Electric
     Recorded          :    June 24, 2009 in Book 20090624 as Document No. 03997 of Official Records.

128. Claim of Lien for labor materials and/or services furnished as follows:
     By                :    Crescent Electric Supply
     Amount            :    $52,582.42
     At request of or
     contract with     :    Conti Electric
     Recorded          :    June 24, 2009 in Book 20090624 as Document No. 03998 of Official Records.

          An "Amended Notice and Claim of Mechanic's Lien" recorded October 19, 2009 in Book 20091019 as
          Document No. 04129, of Official Records.

129. Claim of Lien for labor materials and/or services furnished as follows:
     By                :    Cashman Equipment
     Amount            :    $7,450.92
     At request of or
     contract with     :    Fisk Electric Inc.
     Recorded          :    June 25, 2009 in Book 20090625 as Document No. 01490 of Official Records.

130.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Steel Engineers, Inc.
        Amount                  :    $13,254.47
        At request of or
        contract with           :    Turnberry West Construction, Inc.
        Recorded                :    June 25, 2009 in Book 20090625 as Document No. 03613 of Official Records.

131.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Steel Engineers, Inc.
        Amount                  :    $13,254.47
        At request of or
        contract with           :    Turnberry West Construction, Inc.
        Recorded                :    June 25, 2009 in Book 20090625 as Document No. 03614 of Official Records.

132.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Austin Hardwoods
        Amount                  :    $ 361,368.16
        At request of or
        contract with           :    Architectural Materials
        Recorded                :    June 25, 2009 in Book 20090625 as Document No. 06432 of Official Records.

133.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Inncom International Inc.
        Amount                  :    $ 526,612.24
        At request of or
        contract with           :    Fontainebleau Resorts LLC
        Recorded                :    June 25, 2009 in Book 20090625 as Document No. 06434 of Official Records.

134.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Keenan, Hopkins, Suder & Stowell
        Amount                  :    $3,878,159.00
        At request of or
        contract with           :    Turnberry West Construction, Inc.
        Recorded                :    June 25, 2009 in Book 20090625 as Document No. 06435 of Official Records.

135.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Keenan, Hopkins, Suder & Stowell
        Amount                  :    $738,973.00
        At request of or
        contract with           :    Turnberry West Construction, Inc.
        Recorded                :    June 25, 2009 in Book 20090625 as Document No. 06436 of Official Records.

136.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Keenan, Hopkins, Suder & Stowell
        Amount                  :    $589,736.00
        At request of or
        contract with           :    Turnberry West Construction, Inc.
        Recorded                :    June 25, 2009 in Book 20090625 as Document No. 06437 of Official Records.

137.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Keenan, Hopkins, Suder & Stowell
      Amount                :   $34,703.00
      At request of or
      contract with         :   Tracy & Ryder Landscape Inc. (LV)
      Recorded              :   June 25, 2009 in Book 20090625 as Document No. 06438 of Official Records.

138.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Keenan, Hopkins, Suder & Stowell
      Amount                :   $713,074.00
      At request of or
      contract with         :   Turnberry West Construction, Inc.
      Recorded              :   June 25, 2009 in Book 20090625 as Document No. 06439 of Official Records.

139.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Z-Glass, Inc.
      Amount                :   $9,599,066.13
      At request of or
      contract with         :   Turnberry West Construction, Inc.
      Recorded              :   June 26, 2009 in Book 20090626 as Document No. 00174 of Official Records.

140.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Zetian Systems, Inc.
      Amount                :   $ 7,390,004.08
      At request of or
      contract with         :   Turnberry West Construction, Inc.
      Recorded              :   June 26, 2009 in Book 20090626 as Document No. 00175 of Official Records.

141.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Insteel, LLC
      Amount                :   $341,169.00
      At request of or
      contract with         :   Water FX, LLC
      Recorded              :   June 26, 2009 in Book 20090626 as Document No. 00310 of Official Records.

142.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Bradford Products
      Amount                :   $2,519,171.77
      At request of or
      contract with         :   Water FX, LLC
      Recorded              :   June 26, 2009 in Book 20090626 as Document No. 00311 of Official Records.

143.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Steel Engineers, Inc.
      Amount                :   $167,511.01
      At request of or
      contract with         :   Lally Steel, Inc.
      Recorded              :   June 26, 2009 in Book 20090626 as Document No. 00312 of Official Records.

144.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   Steel Engineers, Inc.
      Amount              :   $167,511.01
      At request of or
      contract with       :   Lally Steel, Inc.
      Recorded            :   June 26, 2009 in Book 20090626 as Document No. 00313 of Official Records.

145.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   Dielco Crane Service, Inc.
      Amount              :   $84,355.00
      At request of or
      contract with       :   George M. Raymond Co.
      Recorded            :   June 26, 2009 in Book 20090626 as Document No. 00365 of Official Records.

          An "Amended Notice of Lien" recorded December 1, 2009 in Book 20091201 as Document No. 00121,
          of Official Records.

146.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   Dielco Crane Service, Inc.
      Amount              :   $7,670.00
      At request of or
      contract with       :   Desert Plumbing & Heating Co., Inc.
      Recorded            :   June 26, 2009 in Book 20090626 as Document No. 00366 of Official Records.

          An "Amended Notice of Lien" recorded December 1, 2009 in Book 20091201 as Document No. 00121,
          of Official Records.

147.  Claim of Lien for labor materials and/or services furnished as follows:

      By                  :   Dielco Crane Service, Inc.
      Amount              :   $237,492.44
      At request of or
      contract with       :   Turnberry West Construction, Inc.
      Recorded            :   June 26, 2009 in Book 20090626 as Document No. 00367 of Official Records.

          An "Amended Notice of Lien" recorded December 1, 2009 in Book 20091201 as Document No. 00121,
          of Official Records.

148.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   Global Services of Nevada
      Amount              :   $45,808.48
      At request of or
      contract with       :   Greg Olin / Zetian Systems Inc / Z-Glass Inc.
      Recorded            :   June 26, 2009 in Book 20090626 as Document No. 03535 of Official Records.

149.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   Kimley-Horn and Associates, Inc.
      Amount              :   $12,235.50
      At request of or
      contract with       :   Fontainebleau Las Vegas, LLC
      Recorded            :   June 26, 2009 in Book 20090626 as Document No. 04959 of Official Records.

150.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :    H & E Equipment Svcs/77
      Amount              :    $105,703.87
      At request of or
      contract with       :    Conti Electric
      Recorded            :    June 29, 2009 in Book 20090629 as Document No. 04559 of Official Records.

151.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :    H & E Equipment Svcs/77
      Amount              :    $1,593.96
      At request of or
      contract with       :    Mechanical Insulation
      Recorded            :    June 29, 2009 in Book 20090629 as Document No. 04560 of Official Records.

152.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :    United Rentals Gulf, LP
      Amount              :    $7,585.17
      At request of or
      contract with       :    Fisk Electric
      Recorded            :    June 29, 2009 in Book 20090629 as Document No. 04577 of Official Records.

153.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :    Republic Tower and hoist LLC
      Amount              :    $40,406.26
      At request of or
      contract with       :    Turnberry West Construction, Inc.
      Recorded            :    June 30, 2009 in Book 20090630 as Document No. 00221 of Official Records.

154.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :    Spider a Division of Safeworks, LLC
      Amount              :    $7,301.10
      At request of or
      contract with       :    Turnberry West Construction, Inc.
      Recorded            :    June 30, 2009 in Book 20090630 as Document No. 00222 of Official Records.

155.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :    American Crane & Hoist LLC
      Amount              :    $356,483.49
      At request of or
      contract with       :    Turnberry West Construction, Inc.
      Recorded            :    June 30, 2009 in Book 20090630 as Document No. 00223 of Official Records.

156.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :    Eberhard Southwest Roofing, Inc.
      Amount              :    $1,456,458.87
      At request of or
      contract with       :    Fontainebleau Las Vegas, LLC and/or Turnberry West Construction, Inc.
      Recorded            :    June 30, 2009 in Book 20090630 as Document No. 00251 of Official Records.

157.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :    Republic Tower and Hoist LLC
      Amount              :    $191,848.88
      At request of or
      contract with       :    Turnberry West Construction, Inc.
      Recorded            :    June 30, 2009 in Book 20090630 as Document No. 00224 of Official Records.

158. Claim of Lien for labor materials and/or services furnished as follows:
By                          :    American Crane & Hoist LLC
Amount                      :    $19,250.00
At request of or
contract with               :    Turnberry West Construction, Inc.
Recorded                    :    June 30, 2009 in Book 20090630 as Document No. 00225 of Official Records.

159. Claim of Lien for labor materials and/or services furnished as follows:
By                          :    American Crane & Hoist LLC
Amount                      :    $90,000.00
At request of or
contract with               :    Turnberry West Construction, Inc.
Recorded                    :    June 30, 2009 in Book 20090630 as Document No. 00226 of Official Records.

160. Claim of Lien for labor materials and/or services furnished as follows:
By                          :    Republic Crane Service LLC
Amount                      :    $266,765.06
At request of or
contract with               :    Turnberry West Construction, Inc.
Recorded                    :    June 30, 2009 in Book 20090630 as Document No. 00227 of Official Records.

161. Claim of Lien for labor materials and/or services furnished as follows:
By                          :    Republic Crane Service LLC
Amount                      :    $203,162.75
At request of or
contract with               :    Turnberry West Construction, Inc.
Recorded                    :    June 30, 2009 in Book 20090630 as Document No. 00228 of Official Records.

162. Claim of Lien for labor materials and/or services furnished as follows:
By                          :    VFC, Inc.
Amount                      :    $44,055.62
At request of or
contract with               :    Turnberry West Construction, Inc.
Recorded                    :    June 30, 2009 in Book 20090630 as Document No. 00229 of Official Records.

163. Claim of Lien for labor materials and/or services furnished as follows:
By                          :    Acoustical Material Services
Amount                      :    $24,203.42
At request of or
contract with               :    D'Alessio Contracting, Inc.
Recorded                    :    June 30, 2009 in Book 20090630 as Document No. 00672 of Official Records.

164. Claim of Lien for labor materials and/or services furnished as follows:
By                          :    Norman S. Wright Mechanical Equipment Corp.
Amount                      :    $113,780.50
At request of or
contract with               :    Gallagher-Kaiser Corporation
Recorded                    :    June 30, 2009 in Book 20090630 as Document No. 01310 of Official Records.

An "Amended Notice of Lien" recorded August 18, 2009 in Book 20090818 as Document No. 04294, of Official Records.

165.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Norman S. Wright Mechanical Equipment Corp.
        Amount                  :    $197,285.14
        At request of or
        contract with           :    Gallagher-Kaiser Corporation
        Recorded                :    June 30, 2009 in Book 20090630 as Document No. 01311 of Official Records.

            An "Amended Notice of Lien" recorded August 18, 2009 in Book 20090818 as Document No. 04295,
            of Official Records.

166.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Norman S. Wright Mechanical Equipment Corp.
        Amount                  :    $577,224.00
        At request of or
        contract with           :    Bombard Mechanical, Inc.
        Recorded                :    June 30, 2009 in Book 20090630 as Document No. 01312 of Official Records.

167.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    CMC Group, LLC
        Amount                  :    $56,291.00
        At request of or
        contract with           :    Lou S. Mamuad: Thomas c. Rand; Michael J. Hahn
        Recorded                :    June 30, 2009 in Book 20090630 as Document No. 04559 of Official Records.

168.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Winter Composites LLC
        Amount                  :    $ 999,388.00
        At request of or
        contract with           :    Turnberry West Construction, LLC (aka Turnberry West Const./Fontainebleau)
        Recorded                :    June 30, 2009 in Book 20090630 as Document No. 05536 of Official Records.

169.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Thyssen Krupp Safway, Inc.
        Amount                  :    $134,421.59
        At request of or
        contract with           :    Turnberry West Construction, Inc.
        Recorded                :    June 30, 2009 in Book 20090630 as Document No. 05545 of Official Records.

170.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Collings Interiors
        Amount                  :    $ 640,855.63
        At request of or
        contract with           :    Turnberry West Construction, Inc.
        Recorded                :    July 1, 2009 in Book 20090701 as Document No. 02390 of Official Records.

171.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Dana Kepner Company, Inc.
        Amount                  :    $40,493.89
        At request of or
        contract with           :    Wells Cargo, Inc.

        Recorded                :    July 1, 2009 in Book 20090701 as Document No. 03989 of Official Records.

172. Claim of Lien for labor materials and/or services furnished as follows:
    By                     :    Safe Electronics, Inc.
    Amount                 :    $ 923,862.05
    At request of or
    contract with          :    Turnberry West Construction and Bombard Electric, LLC
    Recorded               :    July 2, 2009 in Book 20090702 as Document No. 00987 of Official Records.

        A "Notice and Claim of Amended Lien" recorded July 23, 2009 in Book 20090723 as Document No.
        01674, of Official Records.

173. Claim of Lien for labor materials and/or services furnished as follows:
    By                     :    Safe Electronics, Inc.
    Amount                 :    $ 669,910.10
    At request of or
    contract with          :    Turnberry West Construction, Inc.
    Recorded               :    July 2, 2009 in Book 20090702 as Document No. 00988 of Official Records.

174. Claim of Lien for labor materials and/or services furnished as follows:
    By                     :    Safe Electronics, Inc.
    Amount                 :    $ 2,907,288.29
    At request of or
    contract with          :    Turnberry West Construction Inc.
    Recorded               :    July 2, 2009 in Book 20090702 as Document No. 00989 of Official Records.

175. Claim of Lien for labor materials and/or services furnished as follows:
    By                     :    Desert Fire Protection
    Amount                 :    $1,693,407.00
    At request of or
    contract with          :    Turnberry West Construction, Inc.
    Recorded               :    July 2, 2009 in Book 20090702 as Document No. 00990 of Official Records.

176. Claim of Lien for labor materials and/or services furnished as follows:
    By                     :    Desert Fire Protection
    Amount                 :    $12,864,953.00
    At request of or
    contract with          :    Turnberry West Construction, Inc.
    Recorded               :    July 2, 2009 in Book 20090702 as Document No. 00991 of Official Records.

177. Claim of Lien for labor materials and/or services furnished as follows:
    By                     :    Desert Fire Protection
    Amount                 :    $2,528,017.00
    At request of or
    contract with          :    Turnberry West Construction, Inc.
    Recorded               :    July 2, 2009 in Book 20090702 as Document No. 00992 of Official Records.

178. Claim of Lien for labor materials and/or services furnished as follows:
    By                     :    Midwest Drywall Co., Inc.
    Amount                 :    $8,555,471.75
    At request of or
    contract with          :    Turnberry West Construction, Inc.
    Recorded               :    July 2, 2009 in Book 20090702 as Document No. 04028 of Official Records.

179.  Claim of Lien for labor materials and/or services furnished as follows:

|  |  |  |
|---|---|---|
| By | : | Colasanti Specialty Services, Inc. |
| Amount | : | $10,527,549.01 |
| At request of or | | |
| contract with | : | Turnberry West Construction, LLC |
| Recorded | : | July 6, 2009 in Book 20090706 of Official Records, Doc No. 03066 |

180.  Claim of Lien for labor materials and/or services furnished as follows:

|  |  |  |
|---|---|---|
| By | : | Ram Construction Services of Michigan, Inc. |
| Amount | : | $1,185,482.45 |
| At request of or | | |
| contract with | : | Turnberry West Construction, LLC |
| Recorded | : | July 6, 2009 in Book 20090706 of Official Records, Doc No. 03067 |

181.  Claim of Lien for labor materials and/or services furnished as follows:

|  |  |  |
|---|---|---|
| By | : | The Penta Building Group, LLC |
| Amount | : | $465,001.00 |
| At request of or | | |
| contract with | : | Turnberry West Construction, LLC |
| Recorded | : | July 6, 2009 in Book 20090706 of Official Records, Doc No. 03068 |

182.  Claim of Lien for labor materials and/or services furnished as follows:

|  |  |  |
|---|---|---|
| By | : | Ahern Rentals, Inc. |
| Amount | : | $218,886.31 |
| At request of or | | |
| contract with | : | Conti Electric, Inc. |
| Recorded | : | July 6, 2009 in Book 20090706 as Document No. 03196 of Official Records. |

An "Amended Notice of Mechanic's Lien" recorded August 6, 2009 in Book 20090806 as Document No. 02628, of Official Records.

183.  Claim of Lien for labor materials and/or services furnished as follows:

|  |  |  |
|---|---|---|
| By | : | Ahern Rentals, Inc. |
| Amount | : | $4,206.71 |
| At request of or | | |
| contract with | : | D'Alessio Contracting, Inc. |
| Recorded | : | July 6, 2009 in Book 20090706 as Document No. 03197 of Official Records. |

An "Amended Notice of Mechanic's Lien" recorded August 6, 2009 in Book 20090806 as Document No. 02637, of Official Records.

184.  Claim of Lien for labor materials and/or services furnished as follows:

|  |  |  |
|---|---|---|
| By | : | Ahern Rentals, Inc. |
| Amount | : | $189,479.10 |
| At request of or | | |
| contract with | : | Desert Plumbing & Heating Co., Inc. |
| Recorded | : | July 6, 2009 in Book 20090706 as Document No. 03198 of Official Records. |

185.  Claim of Lien for labor materials and/or services furnished as follows:

|  |  |  |
|---|---|---|
| By | : | Ahern Rentals, Inc. |
| Amount | : | $85,661.17 |
| At request of or | | |
| contract with | : | East Iowa Decks Support, Inc. |
| Recorded | : | July 6, 2009 in Book 20090706 as Document No. 03199 of Official Records. |

An "Amended Notice of Mechanic's Lien" recorded August 6, 2009 in Book 20090806 as Document No. 02638, of Official Records.

186.   Claim of Lien for labor materials and/or services furnished as follows:
By                      :    Ahern Rentals, Inc.
Amount                  :    $11,568.68
At request of or
contract with           :    Fisk Electric Company
Recorded                :    July 6, 2009 in Book 20090706 as Document No. 03200 of Official Records.

187.   Claim of Lien for labor materials and/or services furnished as follows:
By                      :    Ahern Rentals, Inc.
Amount                  :    $1,481.58
At request of or
contract with           :    G&G System Design, Inc.
Recorded                :    July 6, 2009 in Book 20090706 as Document No. 03201 of Official Records.

       An "Amended Notice of Mechanic's Lien" recorded July 15, 2009 in Book 20090715 as Document No. 04072, of Official Records.

188.   Claim of Lien for labor materials and/or services furnished as follows:
By                      :    Ahern Rentals, Inc.
Amount                  :    $102,783.11
At request of or
contract with           :    Gallagher-Kaiser Corporation
Recorded                :    July 6, 2009 in Book 20090706 as Document No. 03202 of Official Records.

189.   Claim of Lien for labor materials and/or services furnished as follows:
By                      :    Ahern Rentals, Inc.
Amount                  :    $3,022.77
At request of or
contract with           :    Giroux Glass, Inc.
Recorded                :    July 6, 2009 in Book 20090706 as Document No. 03203 of Official Records.

190.   Claim of Lien for labor materials and/or services furnished as follows:
By                      :    Ahern Rentals, Inc.
Amount                  :    $10,144.72
At request of or
contract with           :    Lally Steel, Inc.
Recorded                :    July 6, 2009 in Book 20090706 as Document No. 03204 of Official Records.

       An "Amended Notice of Mechanic's Lien" recorded August 6, 2009 in Book 20090806 as Document No. 02639, of Official Records.

191.   Claim of Lien for labor materials and/or services furnished as follows:
By                      :    Ahern Rentals, Inc.
Amount                  :    $57,061.06
At request of or
contract with           :    LVI Environmental of Nevada, Inc.
Recorded                :    July 6, 2009 in Book 20090706 as Document No. 03205 of Official Records.

192.    Claim of Lien for labor materials and/or services furnished as follows:
       By                     :    Ahern Rentals, Inc.
       Amount             :    $92,743.19
       At request of or
       contract with     :    Turnberry West Construction, Inc.
       Recorded       :    July 6, 2009 in Book 20090706 as Document No. 03206 of Official Records.

193.    Claim of Lien for labor materials and/or services furnished as follows:
       By                     :    Ahern Rentals, Inc.
       Amount             :    $2,388.62
       At request of or
       contract with     :    Water FX
       Recorded       :    July 6, 2009 in Book 20090706 as Document No. 03207 of Official Records.

            An "Amended Notice of Mechanic's Lien" recorded August 6, 2009 in Book 20090806 as Document No. 02640, of Official Records.

194.    Claim of Lien for labor materials and/or services furnished as follows:
       By                     :    Ahern Rentals, Inc.
       Amount             :    $24,711.84
       At request of or
       contract with     :    Z Glass, Inc.
       Recorded       :    July 6, 2009 in Book 20090706 as Document No. 03208 of Official Records.

195.    Claim of Lien for labor materials and/or services furnished as follows:
       By                     :    Warner Enterprises, Inc., dba Sun Valley Electric Supply Co.
       Amount             :    $ 91,315.62
       At request of or
       contract with     :    Bombard Electric, LLC
       Recorded       :    July 6, 2009 in Book 20090706 as Document No. 03371 of Official Records.

196.    Claim of Lien for labor materials and/or services furnished as follows:
       By                     :    Warner Enterprises, Inc., dba Sun Valley Electric Supply Co.
       Amount             :    $ 379,562.34
       At request of or
       contract with     :    Conti Electric, Inc.
       Recorded       :    July 6, 2009 in Book 20090706 as Document No. 03372 of Official Records.

197.    Claim of Lien for labor materials and/or services furnished as follows:
       By                     :    Warner Enterprises, Inc., dba Sun Valley Electric Supply Co.
       Amount             :    $ 80,981.56
       At request of or
       contract with     :    Conti Electric, Inc.
       Recorded       :    July 6, 2009 in Book 20090706 as Document No. 03373 of Official Records.

198.    Claim of Lien for labor materials and/or services furnished as follows:
       By                     :    Quality Transportation Services of Nevada, inc.
       Amount             :    $119,876.00
       At request of or
       contract with     :    Turnberry West Construction
       Recorded       :    July 8, 2009 in Book 20090708 of Official Records, Doc No. 00101

199.    Claim of Lien for labor materials and/or services furnished as follows:
    By                          :      A-1 Concrete Cutting & Demolition
    Amount              :      $4,238.65
    At request of or
    contract with       :      Desert Plumbing and Heating
    Recorded          :      July 8, 2009 in 20090708 as Document No. 01777 of Official Records.

200.    Claim of Lien for labor materials and/or services furnished as follows:
    By                          :      A-1 Concrete Cutting & Demolition
    Amount              :      $87,002.00
    At request of or
    contract with       :      Conti Electric
    Recorded          :      July 8, 2009 in 20090708 as Document No. 01778 of Official Records.

201.    Claim of Lien for labor materials and/or services furnished as follows:
    By                          :      A-1 Concrete Cutting & Demolition
    Amount              :      $13,415.00
    At request of or
    contract with       :      Bombard Electric
    Recorded          :      July 8, 2009 in 20090708 as Document No. 01779 of Official Records.

        A "Partial Release of Lien" recorded September 9, 2009 in Book 20090909 as Document No. 02877, of Official Records.

202.    Claim of Lien for labor materials and/or services furnished as follows:
    By                          :      A-1 Concrete Cutting & Demolition
    Amount              :      $44,395.00
    At request of or
    contract with       :      EIDS Steel Co.
    Recorded          :      July 8, 2009 in 20090708 as Document No. 01780 of Official Records.

203.    Claim of Lien for labor materials and/or services furnished as follows:
    By                          :      A-1 Concrete Cutting & Demolition
    Amount              :      $216,223.08
    At request of or
    contract with       :      Turnberry West Construction
    Recorded          :      July 8, 2009 in 20090708 as Document No. 01781 of Official Records.

204.    Claim of Lien for labor materials and/or services furnished as follows:
    By                          :      A-1 Concrete Cutting & Demolition
    Amount              :      $2,867.44
    At request of or
    contract with       :      Universal Piping, Inc.
    Recorded          :      July 8, 2009 in 20090708 as Document No. 01782 of Official Records.

205.    Claim of Lien for labor materials and/or services furnished as follows:
    By                          :      Century Steel, Inc.
    Amount              :      $4,097,971.12
    At request of or
    contract with       :      Turnberry West Construction, Inc.
    Recorded          :      July 8, 2009 in Book 20090708 as Document No. 04013 of Official Records.

206.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Owens Geotechnical, Inc.
      Amount                :    $65,624.62
      At request of or
      contract with         :    Fontainebleau Las Vegas, LLC
      Recorded              :    July 8, 2009 in Book 20090708 as Document No. 04037 of Official Records.

207.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Graybar Electric Company, Inc.
      Amount                :    $1,157,668.25
      At request of or
      contract with         :    Turnberry West Construction, Inc.
      Recorded              :    July 9, 2009 in Book 20090709 as Document No. 00483 of Official Records.

208.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Graybar Electric Company, Inc.
      Amount                :    $42,866.63
      At request of or
      contract with         :    Conti Electric, Inc.
      Recorded              :    July 9, 2009 in Book 20090709 as Document No. 00484 of Official Records.

209.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Graybar Electric Company, Inc.
      Amount                :    $347,311.11
      At request of or
      contract with         :    Bombard Electric
      Recorded              :    July 9, 2009 in Book 20090709 as Document No. 00485 of Official Records.

          An "Amended Notice of Lien" recorded September 10, 2009 in Book 20090910 as Document No.
          01198, of Official Records.

210.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Derr and Gruenwald Construction Co.
      Amount                :    $4,805,505.00
      At request of or
      contract with         :    W & W Steel, LLC
      Recorded              :    July 9, 2009 in Book 20090709 as Document No. 00486, of Official Records.

211.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Derr and Gruenwald Construction Co.
      Amount                :    $38,853.00
      At request of or
      contract with         :    Coreslab Structures, Inc.
      Recorded              :    July 9, 2009 in Book 20090709 as Document No. 00487, of Official Records.

212.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    D'Alessio Contracting, Inc.
      Amount                :    $42,782.13
      At request of or
      contract with         :    Turnberry West Construction, Inc.
      Recorded              :    July 9, 2009 in Book 20090709 of Official Records, Doc No. 00929

213.  Claim of Lien for labor materials and/or services furnished as follows:
      By                :   D'Alessio Contracting, Inc.
      Amount            :   $3,502,636.48
      At request of or
      contract with     :   Turnberry West Construction, Inc.
      Recorded          :   July 9, 2009 in Book 20090709 of Official Records, Doc No. 00930

214.  Claim of Lien for labor materials and/or services furnished as follows:
      By                :   Henri Specialties Co., Inc., of Nevada
      Amount            :   $625,528.96
      At request of or
      contract with     :   Turnberry West Construction, Inc.
      Recorded          :   July 9, 2009 in Book 20090709 as Document No. 02161, of Official Records.

215.  Claim of Lien for labor materials and/or services furnished as follows:
      By                :   Bergman, Walls & Associates, Ltd.
      Amount            :   $2,310,675.95
      At request of or
      contract with     :   Fontainebleau Las Vegas, LLC
      Recorded          :   July 9, 2009 in Book 20090709 as Document No. 04370, of Official Records.

216.  Claim of Lien for labor materials and/or services furnished as follows:
      By                :   TMCx Nevada, LLC
      Amount            :   $107,313.00
      At request of or
      contract with     :   Fontainebleau Las Vegas, LLC
      Recorded          :   July 9, 2009 in Book 20090709 as Document No. 04371, of Official Records.

217.  Claim of Lien for labor materials and/or services furnished as follows:
      By                :   QED, Inc.
      Amount            :   $190,401.55
      At request of or
      contract with     :   Conti Electric
      Recorded          :   July 9, 2009 in Book 20090709 as Document No. 04489, of Official Records.

218.  Claim of Lien for labor materials and/or services furnished as follows:
      By                :   Lance W. Pelton, General Manager
      Amount            :   $1,371,628.00
      At request of or
      contract with     :   Turnberry West Construction
      Recorded          :   July 10, 2009 in Book 20090710 as Document No. 02792, of Official Records.

      An "Amended Notice of Lien" recorded July 13, 2009 in Book 20090713 as Document No. 03980, of
      Official Records.

219.  Claim of Lien for labor materials and/or services furnished as follows:
      By                :   Lance W. Pelton, General Manager
      Amount            :   $2,994,949.00
      At request of or
      contract with     :   Turnberry West Construction
      Recorded          :   July 10, 2009 in Book 20090710 as Document No. 02793, of Official Records.

      An "Amended Notice of Lien" recorded July 13, 2009 in Book 20090713 as Document No. 03985, of
      Official Records.

220.    Claim of Lien for labor materials and/or services furnished as follows:
        By                          :    Lance W. Pelton, General Manager
        Amount                      :    $252,616.00
        At request of or
        contract with               :    Bombard Mechanical
        Recorded                    :    July 10, 2009 in Book 20090710 as Document No. 02794, of Official Records.

        An "Amended Notice of Lien" recorded July 13, 2009 in Book 20090713 as Document No. 04017, of Official Records.

221.    Claim of Lien for labor materials and/or services furnished as follows:
        By                          :    Lance W. Pelton, General Manager
        Amount                      :    $220,028.00
        At request of or
        contract with               :    Bombard Mechanical
        Recorded                    :    July 10, 2009 in Book 20090710 as Document No. 02795, of Official Records.

        An "Amended Notice of Lien" recorded July 13, 2009 in Book 20090713 as Document No. 03983, of Official Records.

222.    Claim of Lien for labor materials and/or services furnished as follows:
        By                          :    Lance W. Pelton, General Manager
        Amount                      :    $59,198.00
        At request of or
        contract with               :    Gallagher Kaiser
        Recorded                    :    July 10, 2009 in Book 20090710 as Document No. 02796, of Official Records.

        An "Amended Notice of Lien" recorded July 13, 2009 in Book 20090713 as Document No. 03981, of Official Records.

223.    Claim of Lien for labor materials and/or services furnished as follows:
        By                          :    Lance W. Pelton, General Manager
        Amount                      :    $12,087.00
        At request of or
        contract with               :    Gallagher Kaiser
        Recorded                    :    July 10, 2009 in Book 20090710 as Document No. 02797, of Official Records.

        An "Amended Notice of Lien" recorded July 13, 2009 in Book 20090713 as Document No. 03984, of Official Records.

224.    Claim of Lien for labor materials and/or services furnished as follows:
        By                          :    Lance W. Pelton, General Manager
        Amount                      :    $122,016.00
        At request of or
        contract with               :    Gallagher Kaiser
        Recorded                    :    July 10, 2009 in Book 20090710 as Document No. 02798, of Official Records.

        An "Amended Notice of Lien" recorded July 13, 2009 in Book 20090713 as Document No. 03986, of Official Records.

225.    Claim of Lien for labor materials and/or services furnished as follows:
       By                        :     Lance W. Pelton, General Manager
       Amount              :     $57,618.00
       At request of or
       contract with      :     Gallagher Kaiser
       Recorded         :     July 10, 2009 in Book 20090710 as Document No. 02799, of Official Records.

             An "Amended Notice of Lien" recorded July 13, 2009 in Book 20090713 as Document No. 03987, of Official Records.

226.    Claim of Lien for labor materials and/or services furnished as follows:
       By                        :     Lance W. Pelton, General Manager
       Amount              :     $44,553.00
       At request of or
       contract with      :     Gallagher Kaiser
       Recorded         :     July 10, 2009 in Book 20090710 as Document No. 02800, of Official Records.

             An "Amended Notice of Lien" recorded July 13, 2009 in Book 20090713 as Document No. 03998, of Official Records.

227.    Claim of Lien for labor materials and/or services furnished as follows:
       By                        :     Pacific Coast Steel
       Amount              :     $6,653,959.33
       At request of or
       contract with      :     Turnberry West Construction, Inc.
       Recorded         :     July 10, 2009 in Book 20090710 as Document No. 03273, of Official Records.

228.    Claim of Lien for labor materials and/or services furnished as follows:
       By                        :     Bombard Mechanical, LLC
       Amount              :     $9,525,710.27
       At request of or
       contract with      :     Turnberry West Construction, Inc.
       Recorded         :     July 13, 2009 in Book 20090713 as Document No. 04122, of Official Records.

229.    Claim of Lien for labor materials and/or services furnished as follows:
       By                        :     Austin General Contracting, Inc.
       Amount              :     $5,783,502.20
       At request of or
       contract with      :     Turnberry West Construction, Inc.
       Recorded         :     July 13, 2009 in Book 20090713 as Document No. 04123, of Official Records.

230.    Claim of Lien for labor materials and/or services furnished as follows:
       By                        :     Absocold Corporation dba Econ Appliance
       Amount              :     $453,554.03
       At request of or
       contract with      :     Turnberry West Construction, Inc.
       Recorded         :     July 13, 2009 in Book 20090713 as Document No. 04125, of Official Records.

231.    Claim of Lien for labor materials and/or services furnished as follows:
       By                        :     Energy Products of NV Inc.
       Amount              :     $5,350.00
       At request of or
       contract with      :     Universal Piping, Inc.
       Recorded         :     July 13, 2009 in Book 20090713 as Document No. 05283, of Official Records.

232.  Claim of Lien for labor materials and/or services furnished as follows:
     By                     :      L.A. Nevada, Inc. d/b/a/ G&G Systems
     Amount           :      $163,115.00
     At request of or
     contract with     :      Water FX, LLC and/or Turnberry West Construction, Inc.
     Recorded       :      July 15, 2009 in Book 20090715 as Document No. 00277, of Official Records.

233.  Claim of Lien for labor materials and/or services furnished as follows:
     By                     :      Concrete Coring of Nevada, Inc.
     Amount           :      $103,442.00
     At request of or
     contract with     :      Turnberry West Construction, Inc.
     Recorded       :      July 16, 2009 in Book 20090716 of Official Records, Doc No. 02062

234.  Claim of Lien for labor materials and/or services furnished as follows:
     By                     :      Commercial Roofers, Inc.
     Amount           :      $4,336,563.88
     At request of or
     contract with     :      Turnberry West Construction, Inc.
     Recorded       :      July 17, 2009 in Book 20090717 as Document No. 00238, of Official Records.

235.  Claim of Lien for labor materials and/or services furnished as follows:
     By                     :      Union Erectors, LLC
     Amount           :      $338,328.00
     At request of or
     contract with     :      George M. Raymond Co.
     Recorded       :      July 17, 2009 in Book 20090717 as Document No. 02901, of Official Records.

236.  Claim of Lien for labor materials and/or services furnished as follows:
     By                     :      Union Erectors, LLC
     Amount           :      $473,772.59
     At request of or
     contract with     :      Turnberry West Construction, Inc.
     Recorded       :      July 17, 2009 in Book 20090717 as Document No. 02902, of Official Records.

237.  Claim of Lien for labor materials and/or services furnished as follows:
     By                     :      Ward & Howes Associates
     Amount           :      $417,275.36
     At request of or
     contract with     :      Fontainebleau Resorts, LLC
     Recorded       :      July 17, 2009 in Book 20090717 of Official Records, Doc No. 03842

238.  Claim of Lien for labor materials and/or services furnished as follows:
     By                     :      West, Inc. and West of Nevada, Inc.
     Amount           :      $46,626.18
     At request of or
     contract with     :      Fontainebleau Las Vegas, LLC
     Recorded       :      July 17, 2009 in Book 20090717 as Document No. 04515, of Official Records.

239.  Claim of Lien for labor materials and/or services furnished as follows:
     By                     :      Ventura Marble, LLC
     Amount           :      $296,720.00
     At request of or
     contract with     :      Water FX
     Recorded       :      July 20, 2009 in Book 20090720 as Document No. 01695, of Official Records.

240.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   Silver State Marble, LLC
      Amount              :   $5,517,791.50
      At request of or
      contract with       :   Turnberry West Construction, Inc.
      Recorded            :   July 20, 2009 in Book 20090720 as Document No. 02941, of Official Records.

241.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   Paul Bebble & Associates
      Amount              :   $11,124.82
      Recorded            :   July 20, 2009 in Book 20090720 of Official Records, Doc No. 04631

242.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   Modernfold of Nevada, LLC
      Amount              :   $ 1,269,606.97
      At request of or
      contract with       :   Turnberry West Construction, Inc.
      Recorded            :   July 20, 2009 in Book 20090720 as Document No. 04733, of Official Records.

243.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   Republic Tower and Hoist LLC
      Amount              :   $ 358,966.18
      At request of or
      contract with       :   Turnberry West Construction, Inc.
      Recorded            :   July 21, 2009 in Book 20090721 as Document No. 00173, of Official Records.

244.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   Republic Crane Service LLC
      Amount              :   $1,360,650.93
      At request of or
      contract with       :   Turnberry West Construction, Inc.
      Recorded            :   July 21, 2009 in Book 20090721 as Document No. 00174, of Official Records.

245.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   YWS Architects, Ltd.
      Amount              :   1,652,874.92
      At request of or
      contract with       :   Fontainebleau Las Vegas, LLC
      Recorded            :   July 21, 2009 in Book 20090721 as Document No. 04718, of Official Records.

246.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   Bombard Electric, LLC
      Amount              :   $ 109,256,291.00
      At request of or
      contract with       :   Turnberry West Construction, Inc.
      Recorded            :   July 23, 2009 in Book 20090723 as Document No. 00894, of Official Records.

247.  Claim of Lien for labor materials and/or services furnished as follows:
      By                  :   Bombard Electric, LLC
      Amount              :   $ 54,647,384.66
      At request of or
      contract with       :   Turnberry West Construction, Inc.
      Recorded            :   July 23, 2009 in Book 20090723 as Document No. 00895, of Official Records.

248.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Illuminating Concepts
        Amount                  :    $6,643,214.00
        At request of or
        contract with           :    Turnberry West Construction, Inc.
        Recorded                :    July 24, 2009 in Book 20090724 of Official Records, Doc No. 04310

249.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Illuminating Concepts
        Amount                  :    $1,157,893.29
        At request of or
        contract with           :    Bombard Electric
        Recorded                :    July 24, 2009 in Book 20090724 of Official Records, Doc No. 04311

250.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Illuminating Concepts
        Amount                  :    $135,366.68
        At request of or
        contract with           :    Fontainebleau Las Vegas, LLC
        Recorded                :    July 24, 2009 in Book 20090724 of Official Records, Doc No. 04312

251.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Southern Nevada Paving, Inc.
        Amount                  :    $3,160,674.37
        At request of or
        contract with           :    Turnberry West Construction, Inc. and Desert Plumbing & Heating, Co., Inc.
        Recorded                :    July 24, 2009 in Book 20090724 as Document No. 05278 of Official Records.

252.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Hilti, Inc.
        Amount                  :    $24,052.58
        At request of or
        contract with           :    Turnberry West Construction, Inc.
        Recorded                :    July 27, 2009 in Book 20090727 as Document No. 01378, of Official Records.

253.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Lally Steel, Inc.
        Amount                  :    $627,195.58
        At request of or
        contract with           :    Turnberry West Construction, Inc.
        Recorded                :    August 4, 2009 in Book 20090804 as Document No. 02044, of Official Records.

254.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    JS&S, Inc.
        Amount                  :    $921,690.65
        At request of or
        contract with           :    Fontainebleau Las Vegas, LLC
        Recorded                :    August 6, 2009 in Book 20090806 as Document No. 00378, of Official Records.

255.    Claim of Lien for labor materials and/or services furnished as follows:
        By                      :    Muije and Varricchio
        Amount                  :    $90,233.34
        At request of or
        contract with           :    Conti Electric and Bombard Electric
        Recorded                :    August 6, 2009 in Book 20090806 as Document No. 01960, of Official Records.

256.    An Amended Notice Of Mechanic's Lien for labor materials and/or services furnished as follows:
  By       : Ahern Rentals, Inc.
  Amount     : $27,969.35
  At request of or
  contract with   : Desert Plumbing & Heating Co., Inc.
  Recorded    : August 6, 2009 in Book 20090806 as Document No. 02629, of Official Records.

257.    An Amended Notice Of Mechanic's Lien for labor materials and/or services furnished as follows:
  By       : Ahern Rentals, Inc.
  Amount     : $8,215.92
  At request of or
  contract with   : Fisk Electric Company
  Recorded    : August 6, 2009 in Book 20090806 as Document No. 02630, of Official Records.

258.    An Amended Notice Of Mechanic's Lien for labor materials and/or services furnished as follows:
  By       : Ahern Rentals, Inc.
  Amount     : $27,687.46
  At request of or
  contract with   : Gallagher-Kaiser Corporation
  Recorded    : August 6, 2009 in Book 20090806 as Document No. 02632, of Official Records.

259.    An Amended Notice Of Mechanic's Lien for labor materials and/or services furnished as follows:
  By       : Ahern Rentals, Inc.
  Amount     : $8,700.67
  At request of or
  contract with   : Giroux Glass, Inc.
  Recorded    : August 6, 2009 in Book 20090806 as Document No. 02633, of Official Records.

260.    An Amended Notice Of Mechanic's Lien for labor materials and/or services furnished as follows:
  By       : Ahern Rentals, Inc.
  Amount     : $61,879.76
  At request of or
  contract with   : LVI Environmental of Nevada, Inc.
  Recorded    : August 6, 2009 in Book 20090806 as Document No. 02634, of Official Records.

261.    An Amended Notice Of Mechanic's Lien for labor materials and/or services furnished as follows:
  By       : Ahern Rentals, Inc.
  Amount     : $91,766.64
  At request of or
  contract with   : Turnberry West Construction, Inc.
  Recorded    : August 6, 2009 in Book 20090806 as Document No. 02635, of Official Records.

262.    An Amended Notice Of Mechanic's Lien for labor materials and/or services furnished as follows:
  By       : Ahern Rentals, Inc.
  Amount     : $26,769.77
  At request of or
  contract with   : Z Glass, Inc.
  Recorded    : August 6, 2009 in Book 20090806 as Document No. 02636, of Official Records.

263.    An Amended Notice Of Mechanic's Lien for labor materials and/or services furnished as follows:
  By       : Ahern Rentals, Inc.
  Amount     : $4,206.71
  At request of or
  contract with   : D'Alessio Contracting, Inc.
  Recorded    : August 6, 2009 in Book 20090806 as Document No. 02637, of Official Records.

264.    An Amended Notice Of Mechanic's Lien for labor materials and/or services furnished as follows:
       By                   :    Ahern Rentals, Inc.
       Amount            :    $85,661.17
       At request of or
       contract with     :    East Iowa Decks Support, Inc.
       Recorded        :    August 6, 2009 in Book 20090806 as Document No. 02638, of Official Records.

265.    An Amended Notice Of Mechanic's Lien for labor materials and/or services furnished as follows:
       By                   :    Ahern Rentals, Inc.
       Amount            :    $10,144.72
       At request of or
       contract with     :    Lally Steel, Inc.
       Recorded        :    August 6, 2009 in Book 20090806 as Document No. 02639, of Official Records.

266.    An Amended Notice Of Mechanic's Lien for labor materials and/or services furnished as follows:
       By                   :    Ahern Rentals, Inc.
       Amount            :    $2,388.62
       At request of or
       contract with     :    Water FX
       Recorded        :    August 6, 2009 in Book 20090806 as Document No. 02640, of Official Records.

267.    Claim of Lien for labor materials and/or services furnished as follows:
       By                   :    Trench Plate Rental Co.
       Amount            :    $14,327.12
       At request of or
       contract with     :    Turnberry West Construction, Inc.
       Recorded        :    August 7, 2009 in Book 20090807 as Document No. 02206, of Official Records.

268.    An Amended Notice of Lien for labor materials and/or services furnished as follows:
       By                   :    Ventura Marble, LLC
       Amount            :    $102,694.00
       At request of or
       contract with     :    Water FX
       Recorded        :    August 12, 2009 in Book 20090812 as Document No. 02882, of Official Records.

269.    Claim of Lien for labor materials and/or services furnished as follows:
       By                   :    United Rentals Gulf, LP
       Amount            :    $4,898.75
       At request of or
       contract with     :    Turnberry West Construction, Inc.
       Recorded        :    August 24, 2009 in Book 20090824 as Document No. 01400 of Official Records

270.    Claim of Lien for labor materials and/or services furnished as follows:
       By                   :    Elmco Ford, Inc., dba Elmco Mechanical Las Vegas
       Amount            :    $29,619.00
       At request of or
       contract with     :    Desert Plumbing & Heating Co., Inc.,
       Recorded        :    August 24, 2009 in Book 20090824 as Document No. 01401 of Official Records

271.    Claim of Lien for labor materials and/or services furnished as follows:
       By                   :    Cummins Rocky Mountain, LLC
       Amount            :    $269,450.04
       At request of or
       contract with     :    Turnberry West Construction Inc.
       Recorded        :    August 24, 2009 in Book 20090824 as Document No. 01855 of Official Records

272.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Cummins Rocky Mountain, LLC
      Amount                :    $170,200.22
      At request of or
      contract with         :    Conti Electric
      Recorded              :    August 24, 2009 in Book 20090824 as Document No. 01856 of Official Records

273.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Williams Furnace Company
      Amount                :    $93,106.04
      At request of or
      contract with         :    Bombard Mechanical LLC
      Recorded              :    August 24, 2009 in Book 20090824 as Document No. 04118 of Official Records

274.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Gale Building Products/Insulpro Projects, Inc.
      Amount                :    $279,354.05
      At request of or
      contract with         :    Turnberry West Construction, Inc.
      Recorded              :    August 24, 2009 in Book 20090824 as Document No. 04165 of Official Records

275.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Allegheny Millwork & Lumber Co.
      Amount                :    $741,676.00
      At request of or
      contract with         :    L&P Interiors, LLC
      Recorded              :    August 26, 2009 in Book 20090826 Document No. 05025 of Official Records

276.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Allegheny Millwork & Lumber Co.
      Amount                :    $741,676.00
      At request of or
      contract with         :    L&P Interiors, LLC
      Recorded              :    August 26, 2009 in Book 20090826 as Document No. 05026 of Official Records

277.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Eagle Enterprises of TN LLC
      Amount                :    $53,716.00
      At request of or
      contract with         :    RC White – Vice President of Construction and Bernie Glanister – Corporate VP
                                  of Construction and Procurement
      Recorded              :    August 26, 2009 in Book 20090826 as Document No. 05172 of Official Records

278.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :    Eagle Enterprises of TN LLC
      Amount                :    $53,716.00
      At request of or
      contract with         :    RC White – Vice President of Construction and Bernie Glanister – Corporate VP
                                  of Construction and Procurement
      Recorded              :    August 26, 2009 in Book 20090826 as Document No. 05173 of Official Records

279. Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    Syracuse Castings West, Corp.
   Amount                :    $23,905.86
   At request of or
   contract with         :    Fontainebleau Las Vegas, Inc.
   Recorded              :    August 27, 2009 in Book 20090827 as Document No. 01016 of Official Records

280. Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    CECO Concrete Construction, LLC
   Amount                :    $902,224.00
   At request of or
   contract with         :    Colasanti Specialty Services, Inc.
   Recorded              :    August 27, 2009 in Book 20090827 as Document No. 01964 of Official Records

281. Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    Design Space Modular Buildings, Inc.
   Amount                :    $23,726.43
   At request of or
   contract with         :    Keenan, Hopkins, Suder & Stowell
   Recorded              :    August 28, 2009 in Book 20090828 as Document No. 01890 of Official Records

282. Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    Atlas Construction Clean Up Inc.
   Amount                :    $338,738.00
   At request of or
   contract with         :    Turnberry West Construction
   Recorded              :    August 31, 2009 in Book 20090831 as Document No. 02897 of Official Records

283. Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    Atlas Construction Clean Up Inc.
   Amount                :    $847,145.50
   At request of or
   contract with         :    Turnberry West Construction
   Recorded              :    August 31, 2009 in Book 20090831 as Document No. 02898 of Official Records

284. Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    LVI Environmental of Nevada, Inc.
   Amount                :    $3,172,460.40
   At request of or
   contract with         :    Turnberry West Construction, Inc.
   Recorded              :    September 2, 2009 in Book 20090902 as Document No. 00928, of Official
                              Records.

285. Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    Gale Building Products/InsulPro Projects, Inc.
   Amount                :    $267,418.68
   At request of or
   contract with         :    George M. Raymond Co. and/or Fontainebleau Las Vegas
   Recorded              :    September 3, 2009 in Book 20090903 as Document No. 04111, of Official
                              Records.

286.  Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   L & P Interiors, LLC
    Amount       :   $1,312,480.91
    At request of or
    contract with    :   Turnberry West Construction, Inc.
    Recorded     :   September 8, 2009 in Book 20090908 as Document No. 02282 of Official Records.

287.  Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   L & P Interiors, LLC
    Amount       :   $1,312,480.91
    At request of or
    contract with    :   Turnberry West Construction, Inc.
    Recorded     :   September 8, 2009 in Book 20090908 as Document No. 02283 of Official Records.

288.  Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   Superior Tile & Marble, Inc.
    Amount       :   $320,265.28
    At request of or
    contract with    :   Turnberry West Construction, Inc.
    Recorded     :   September 8, 2009 in Book 20090908 as Document No. 03739, of Official Records.

289.  Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   Knorr Systems, Inc.
    Amount       :   $206,966.15
    At request of or
    contract with    :   Desert Plumbing & Heating Co., Inc.
    Recorded     :   September 10, 2009 in Book 20090910 as Document No. 01245, of Official Records.

290.  Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   Pahor  Mechanical Contractors, Inc.
    Amount       :   $10,020.84
    At request of or
    contract with    :   Turnberry West Construction, Inc.
    Recorded     :   September 15, 2009 in Book 20090915 as Document No. 01447, of Official Records.

291.  Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   Samfet
    Amount       :   $795,811.66
    At request of or
    contract with    :   Turnberry West Construction, Inc.
    Recorded     :   September 15, 2009 in Book 20090915 as Document No. 03107, of Official Records.

292.  Claim of Lien for labor materials and/or services furnished as follows:
    By                  :   Samfet
    Amount       :   $823,228.00
    At request of or
    contract with    :   Turnberry West Construction, Inc.
    Recorded     :   September 15, 2009 in Book 20090915 as Document No. 03108, of Official Records.

293.  Claim of Lien for labor materials and/or services furnished as follows:
  By                    :  Hilti, Inc.
  Amount                :  $12,494.04
  At request of or
  contract with         :  D. Alessio Contracting, Inc.
  Recorded              :  September 16, 2009 in Book 20090916 as Document No. 00050, of Official Records.

294.  Claim of Lien for labor materials and/or services furnished as follows:
  By                    :  Ital Stone, Inc.
  Amount                :  $633,453.11
  At request of or
  contract with         :  Turnberry West Construction, Inc.
  Recorded              :  September 16, 2009 in Book 20090916 as document No. 02024, of Official Records.

295.  Claim of Lien for labor materials and/or services furnished as follows:
  By                    :  Frazee Industries, Inc. dba Frazee Paint and Wall Covering
  Amount                :  $32,642.75
  At request of or
  contract with         :  Eugenio Painting Company
  Recorded              :  September 17, 2009 in Book 20090917 as Document No. 00799, of Official Records.

296.  Claim of Lien for labor materials and/or services furnished as follows:
  By                    :  Mechanical Systems West, Inc.
  Amount                :  $171,158.36
  At request of or
  contract with         :  Fontainebleau Las Vegas LLC
  Recorded              :  September 17, 2009 in Book 20090917 as Document No. 02056, of Official Records

297.  Claim of Lien for labor materials and/or services furnished as follows:
  By                    :  J & J Enterprises Services, Inc.
  Amount                :  $500.00
  At request of or
  contract with         :  Turnberry West Construction, Inc.
  Recorded              :  September 17, 2009 in Book 20090917 of Official Records, Doc No. 02948

298.  Claim of Lien for labor materials and/or services furnished as follows:
  By                    :  J & J Enterprises Services, Inc.
  Amount                :  $4,510.40
  At request of or
  contract with         :  Stetson Electric
  Recorded              :  September 17, 2009 in Book 20090917 of Official Records, Doc No. 02949

299.  Claim of Lien for labor materials and/or services furnished as follows:
  By                    :  Midwest Pro Painting, Inc.
  Amount                :  $2,883,513.03
  At request of or
  contract with         :  Turnberry West Construction, Inc.
  Recorded              :  September 22, 2009 in Book 20090922 as Document No. 03793 of Official Records

300.    Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    Paramount Scaffold Inc.
   Amount                :    $17,403.10
   At request of or
   contract with         :    Turnberry West Construction, Fontainebleau
   Recorded              :    September 23, 2009 in Book 20090923 as Document No. 02282 of Official
                              Records

301.    Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    Paramount Scaffold Inc.
   Amount                :    $19,585.21
   At request of or
   contract with         :    W & W Steel
   Recorded              :    September 23, 2009 in Book 20090923 as Document No. 02283 of Official
                              Records

302.    Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    Paramount Scaffold Inc.
   Amount                :    $5,055.00
   At request of or
   contract with         :    Desert Heating & Plumbing
   Recorded              :    September 23, 2009 in Book 20090923 as Document No. 02284 of Official
                              Records

303.    Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    Paramount Scaffold Inc.
   Amount                :    $27,937.00
   At request of or
   contract with         :    D'Alessio Contracting Inc.
   Recorded              :    September 23, 2009 in Book 20090923 as Document No. 02285 of Official
                              Records

304.    Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    Air Systems Inc.
   Amount                :    $2,012.23
   At request of or
   contract with         :    Bombard Electric
   Recorded              :    September 24, 2009 in Book 20090924 as Document No. 02649 of Official
                              Records

305.    Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    Samfet
   Amount                :    $1,607,558.40
   At request of or
   contract with         :    Turnberry West Construction, Inc.
   Recorded              :    September 24, 2009 in Book 20090924 as Document No. 02668 of Official
                              Records

306.    Claim of Lien for labor materials and/or services furnished as follows:
   By                    :    Samfet
   Amount                :    $887,523.00
   At request of or
   contract with         :    Austin General Contracting, Inc.
   Recorded              :    September 24, 2009 in Book 20090924 as Document No. 02669 of Official
                              Records

307. Claim of Lien for labor materials and/or services furnished as follows:
    By                   :    Lochsa, LLC dba Lochsa Engineering
    Amount         :    $106,210.00
    At request of or
    contract with     :    Fontainebleau Las Vegas, LLC
    Recorded      :    September 25, 2009 in Book 20090925 as Document No. 03344 of Official Records

308. Claim of Lien for labor materials and/or services furnished as follows:
    By                   :    Paramount Management Enterprises
    Amount         :    $143,103.80
    At request of or
    contract with     :    Fontainebleau Las Vegas, LLC and Turnberry West Construction
    Recorded      :    September 29, 2009 in Book 20090929 as Document No. 02943 of Official Records

309. Claim of Lien for labor materials and/or services furnished as follows:
    By                   :    JBA Consulting Engineers, Inc.
    Amount         :    $99,200.88
    At request of or
    contract with     :    Fontainebleau Las Vegas, LLC
    Recorded      :    September 29, 2009 in Book 20090929 as Document No. 03491 of Official Records

310. Claim of Lien for labor materials and/or services furnished as follows:
    By                   :    Morris-Shea Bridge Company Inc.
    Amount         :    $370,185.82
    At request of or
    contract with     :    Turnberry West Construction, Inc.
    Recorded      :    September 30, 2009 in Book 20090930 as Document No. 01429 of Official Records

311. Claim of Lien for labor materials and/or services furnished as follows:
    By                   :    Duray/J.F. Duncan Industries, Inc.
    Amount         :    $11,026,569.00
    At request of or
    contract with     :    Turnberry West Construction, Inc.
    Recorded      :    October 1, 2009 in Book 20091001 as Document No. 00731 of Official Records

312. Claim of Lien for labor materials and/or services furnished as follows:
    By                   :    Desert Plumbing & Heating Co., Inc.
    Amount         :    $62,351.00
    At request of or
    contract with     :    Tracy & Ryder Landscape, Inc.
    Recorded      :    October 7, 2009 in Book 20091007 of Official Records, Doc No. 02815

313. Claim of Lien for labor materials and/or services furnished as follows:
    By                   :    Desert Plumbing & Heating Co., Inc.
    Amount         :    $39,729,528.00
    At request of or
    contract with     :    Turnberry West Construction, Inc.
    Recorded      :    October 7, 2009 in Book 20091007 of Official Records, Doc No. 02816

314.  Claim of Lien for labor materials and/or services furnished as follows:
By                          :    Desert Plumbing & Heating Co., Inc.
Amount                      :    $1,945,932.00
At request of or
contract with               :    Water FX Custom Pools, Spas and Fountains, LLC
Recorded                    :    October 7, 2009 in Book 20091007 of Official Records, Doc No. 02817

315.  Claim of Lien for labor materials and/or services furnished as follows:
By                          :    Desert Plumbing & Heating Co., Inc.
Amount                      :    $300,751.00
At request of or
contract with               :    Fontainebleau Las Vegas LLC
Recorded                    :    October 7, 2009 in Book 20091007 of Official Records, Doc No. 02818

316.  Claim of Lien for labor materials and/or services furnished as follows:
By                          :    John A. Martin & Associates of Nevada, Inc.
Amount                      :    $206,063.59
At request of or
contract with               :    YWS Architects, LLC
Recorded                    :    October 9, 2009 in Book 20091009 as Document No. 02258 of Official Records

317.  Claim of Lien for labor materials and/or services furnished as follows:
By                          :    John A. Martin & Associates of Nevada, Inc.
Amount                      :    $462,500.00
At request of or
contract with               :    Bergman Walls & Associates, Ltd.
Recorded                    :    October 9, 2009 in Book 20091009 as Document No. 02259 of Official Records

318.  Claim of Lien for labor materials and/or services furnished as follows:
By                          :    Water FX, LLC
Amount                      :    $13,127,356.80
At request of or
contract with               :    Turnberry West Construction
Recorded                    :    October 12, 2009 in Book 20091012 as Document No. 01927 of Official Records

      An "Amended Notice of Lien" recorded October 14, 2009 in Book 20091014 as Document No. 02913, of Official Records.

319.  Claim of Lien for labor materials and/or services furnished as follows:
By                          :    Water FX, LLC
Amount                      :    $462,820.76
At request of or
contract with               :    Tracy & Ryder, LLC./Turnberry West Construction
Recorded                    :    October 12, 2009 in Book 20091012 as Document No. 01928 of Official Records

      An "Amended Notice of Lien" recorded October 14, 2009 in Book 20091014 as Document No. 02914, of Official Records.

320.  Claim of Lien for labor materials and/or services furnished as follows:
By                          :    IMG Mechanical Group
Amount                      :    $358,459.13
At request of or
contract with               :    Turnberry West Construction
Recorded                    :    October 12, 2009 in Book 20091012 as Document No. 01929 of Official Records

An "Amended Notice of Lien" recorded October 14, 2009 in Book 20091014 as Document No. 02917, of Official Records.

321.    Claim of Lien for labor materials and/or services furnished as follows:
By                          :   Sierra Glass & Mirror, Inc.
Amount                      :   $358,459.13
At request of or
contract with               :   Turnberry West Construction
Recorded                    :   October 12, 2009 in Book 20091012 as Document No. 01930 of Official Records

An "Amended Notice of Lien" recorded October 14, 2009 in Book 20091014 as Document No. 02911, of Official Records.

322.    Claim of Lien for labor materials and/or services furnished as follows:
By                          :   Quality Cabinet & Fixture
Amount                      :   $4,223,957.00
At request of or
contract with               :   Turnberry West Construction
Recorded                    :   October 12, 2009 in Book 20091012 as Document No. 01931 of Official Records

An "Amended Notice of Lien" recorded October 14, 2009 in Book 20091014 as Document No. 02912, of Official Records.

323.    Claim of Lien for labor materials and/or services furnished as follows:
By                          :   Mechanical Products Nevada Inc.
Amount                      :   $29,846.75
At request of or
contract with               :   Desert Plumbing and Heating
Recorded                    :   October 13, 2009 in Book 20091013 as Document No. 02970 of Official Records

324.    Claim of Lien for labor materials and/or services furnished as follows:
By                          :   Mechanical Products Nevada Inc.
Amount                      :   $29,846.75
At request of or
contract with               :   Desert Plumbing and Heating
Recorded                    :   October 13, 2009 in Book 20091013 as Document No. 02970 of Official Records

325.    Claim of Lien for labor materials and/or services furnished as follows:
By                          :   Mechanical Products Nevada Inc.
Amount                      :   $20,076.25
At request of or
contract with               :   Desert Plumbing and Heating
Recorded                    :   October 13, 2009 in Book 20091013 as Document No. 02971 of Official Records

326.    Claim of Lien for labor materials and/or services furnished as follows:
By                          :   Crescent Electric Supply
Amount                      :   $52,532.42
At request of or
contract with               :   Conti Electric
Recorded                    :   October 14, 2009 in Book 20091014 as Document No. 02915 of Official Records

327.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Crescent Electric Supply
      Amount                :   $47,785.29
      At request of or
      contract with         :   Bombard Electric
      Recorded              :   October 14, 2009 in Book 20091014 as Document No. 02916 of Official Records

328.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Laborers Joint Trust Funds
      Amount                :   $53,880.96
      At request of or
      contract with         :   Atlas Construction Cleanup In.
      Recorded              :   October 28, 2009 in Book 20091028 as Document No. 03761 of Official Records

329.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Dennis B. Giangiorgi, CEO for G&L Associates, Inc.
      Amount                :   $288,726.00
      At request of or
      contract with         :   George M. Raymond, Co.
      Recorded              :   November 19, 2009 in Book 20091119 as Document No. 02643 of Official
                                Records

330.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Novastone
      Amount                :   $517,997.55
      At request of or
      contract with         :   Italstone, Inc.
      Recorded              :   December 2, 2009 in Book 20091202 as Document No. 01081 of Official Records

331.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Design Space Modular Buildings, Inc.
      Amount                :   $5,000.00
      At request of or
      contract with         :   Johnson Controls
      Recorded              :   December 8, 2009 in Book 20091208 as Document No. 00740 of Official Records

332.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Tomarco Contractors Specialties, Inc.
      Amount                :   $7,443.50
      At request of or
      contract with         :   Dalesso Contracting Inc.
      Recorded              :   December 15, 2009 in Book 20091215 as Document No. 00336 of Official
                                Records

333.  Claim of Lien for labor materials and/or services furnished as follows:
      By                    :   Tomarco Contractors Specialties, Inc.
      Amount                :   $24,650.71
      At request of or
      contract with         :   Keenan Hopkins Suder & Stowell
      Recorded              :   December 15, 2009 in Book 20091215 as Document No. 00337 of Official
                                Records

334.   Claim of Lien for labor materials and/or services furnished as follows:
   By                   :   Tomarco Contractors Specialties, Inc.
   Amount               :   $2,500.00
   At request of or
   contract with        :   Bombard Mechanical
   Recorded             :   December 15, 2009 in Book 20091215 as Document No. 00338 of Official
                            Records

335.   Claim of Lien for labor materials and/or services furnished as follows:
   By                   :   Tomarco Contractors Specialties, Inc.
   Amount               :   $118,897.18
   At request of or
   contract with        :   Gallagher – Kaiser Corp
   Recorded             :   December 15, 2009 in Book 20091215 as Document No. 00339 of Official
                            Records

336.   Claim of Lien for labor materials and/or services furnished as follows:
   By                   :   Tomarco Contractors Specialties, Inc.
   Amount               :   $4,837.50
   At request of or
   contract with        :   Conti Electric
   Recorded             :   December 15, 2009 in Book 20091215 as Document No. 00340 of Official
                            Records

337.   Claim of Lien for labor materials and/or services furnished as follows:
   By                   :   Coreslab Structures (L.A.) Inc.
   Amount               :   $827,574.00
   At request of or
   contract with        :   W & W Steel
   Recorded             :   December 18, 2009 in Book 20091218 as Document No. 02438, of Official
                            Records.

338.   Any claims of lien that may be recorded against said land by reason of an improvement thereon or design services provided, as disclosed by Notice of Completion

   Recorded                     :   November 24, 2009 in Book 20091124 of Official Records, Doc No. 04046

   Foregoing Notice of Completion identifies the filing of this document due to the cessation of all work as of October 9, 2009.

EXHIBIT C

# PERMITTED ENCUMBRANCES

1.    Reservations and provisions as contained in the Patent from the State of Nevada, recorded October 17, 1910, in Book 1 of Deeds, Page 330, as Instrument No. 01976.

2.    Reservations and provisions as contained in the Patent from the State of Nevada, recorded October 17, 1910, in Book 1 of Deeds, Page 330, as Instrument No. 01977.

3.    Reservations and provisions as contained in the Patent from the State of Nevada, recorded October 17, 1910, in Book 1 of Deeds, Page 331, as Instrument No. 01978.

4.    Reservations and provisions as contained in the Patent from the State of Nevada, recorded November 5, 1910, in Book 1 of Deeds, Page 339, as Instrument No. 02008.

5.    An easement for pipelines that may result from the use of certain wells located in Section 9, servicing the property in question, said wells are disclosed by Certificates of Appropriation of Water and incidental purposes in the document recorded August 6, 1953 in Book 3 of Water Appropriations, Page 155 through 160 inclusive as Instrument Nos. 416997, 416998 and 416999 of Official Records.

6.    An easement for public utilities and incidental purposes in the document recorded May 2, 1951 in Book 64, Page 157 as Instrument No. 370153 of Official Records.

    The effect of a document, dated May 21, 1974, executed by Nevada Power Company to Mr. Richard D. Unrue, P.E., Project Engineer, URS/John A. Blume & Associates, Engineers, research Division recorded June 11, 1974 in Book 433 of Official Records, Clark County, Nevada records as Instrument No. 392393 which recites Nevada Power Company does not object to the construction of the sewer line which is to be installed within an easement adjacent to that 10 foot easement owned by Nevada Power Company (Book 64 of Deeds, Page 157; Instrument No. 370153).  In addition, Nevada Power Company does not object to the installation of that portion of the sewer line which angles across the Nevada Power Company easement as approximately a 45 degree angle, provided the edge of the pipe will not be closer than 20 feet from either pole in the crossing span.

7.    An easement for public utilities and incidental purposes in the document recorded July 16, 1965 in Book 643 as Instrument No. 517017 of Official Records.

•    A document entitled "Release of Telecommunications Right-of-Way" recorded July 9, 2007 in Book 20070709 as Instrument No. 05176 of Official Records.

•    A document entitled "Release of Right of Way Grant" recorded August 28, 2009 in Book 20090828 as Instrument No. 00799 of Official Records.

8.    An easement for public utilities and incidental purposes in the document recorded July 16, 1965 in Book 643 as Instrument No. 517018 of Official Records.

9.  An Easement for perpetual avigation for right of flight, for the passage of aircraft in the air space above the surface of the said premises, together with the right to cause in said air space such noise as may be inherent in the operation of aircraft, now known or hereafter used for navigation of or flight in the air, as conveyed to the County of Clark, recorded December 11, 1973, in Book 386 as Instrument No. 345979 of Official Records.

10. An easement for public utilities and incidental purposes in the document recorded December 18, 1974 in Book 482 as Instrument No. 441057 of Official Records.

11. An easement for public utilities and incidental purposes in the document recorded July 15, 1976 in Book 640 as Instrument No. 599764 of Official Records.

12. An Easement for perpetual avigation for right of flight, for the passage of aircraft in the air space above the surface of the said premises, together with the right to cause in said air space such noise as may be inherent in the operation of aircraft, now known or hereafter used for navigation of or flight in the air, as conveyed to the County of Clark, recorded December 29, 1981, in Book 1504 as Instrument No. 1463023 of Official Records.

13. Provisions, recited on the Dedication Statement on the parcel map recorded March 22, 1982 in Book 1538 as Instrument No. 1497782 of Official Records, in File 37, Page 44 of Parcel Maps.

14. Easements as shown and/or dedicated upon the parcel map, recorded in File 37, Page 44 of Parcel Maps.

15. An Easement for perpetual avigation for right of flight, for the passage of aircraft in the air space above the surface of the said premises, together with the right to cause in said air space such noise as may be inherent in the operation of aircraft, now known or hereafter used for navigation of or flight in the air, as conveyed to the County of Clark, recorded June 23, 1982, in Book 1584 as Instrument No. 1543852 of Official Records.

16. An Easement and right-of-way for the construction, operation, maintenance, repair, renewal, reconstruction, and removal of pipelines for conducting water with the right of ingress and egress, as conveyed to Las Vegas Valley Water District, a quasi-municipal corporation, by an instrument recorded August 11, 1982, in Book 1607 as Instrument No. 1566400 of Official Records, over a portion of the land.

•   A document entitled "Las Vegas Valley Water District Partial Relinquishment of Real Property Easement and Rights-of-Way" recorded August 14, 2007 in Book 20070814 as Instrument No. 02434 of Official Records.

17. The effect of a map purporting to show the land and other property, filed in File 46, Page 69 of Record of Surveys.

    Said Survey discloses an encroachment.

18. An Easement for perpetual avigation for right of flight, for the passage of aircraft in the air space above the surface of the said premises, together with the right to cause in said

- 2 -

air space such noise as may be inherent in the operation of aircraft, now known or hereafter used for navigation of or flight in the air, as conveyed to the County of Clark, recorded June 24, 1994, in Book 940624 as Instrument No. 01968 of Official Records.

19.    An easement for public utilities and incidental purposes in the document recorded August 28, 2001 in Book 20010828 as Instrument No. 01839 of Official Records.

20.    An easement for public utilities and incidental purposes in the document recorded August 28, 2001 in Book 20010828 as Instrument No. 01841 of Official Records.

21.    An easement for public utilities and incidental purposes in the document recorded May 20, 2003 in Book 20030520 as Instrument No. 00107 of Official Records.

22.    Exceptions and conditions constituting "Permitted Exceptions" referred to in the Grant, Bargain and Sale Deed from The Algiers, Inc., recorded July 16, 2004 in Book 20040716 as Instrument No. 04857.

23.    A document entitled "Ordinance No. 5830" recorded June 2, 2006 in Book 20060602 as Instrument No. 01395 of Official Records.

24.    An easement for public utilities and incidental purposes in the document recorded November 15, 2006 in Book 20061115 as Instrument No. 01222 of Official Records.

25.    A document entitled "Improvement Phasing Agreement", executed by and between County of Clark, a political subdivision of the State of Nevada and Fontainebleau Las Vegas, a limited liability company recorded November 27, 2006 in Book 20061127, as Instrument No. 02398 of Official Records.

26.    An easement for public utilities and incidental purposes in the document recorded March 12, 2007 in Book 20070312 as Instrument No. 02040 of Official Records.

27.    An easement for public utilities and incidental purposes in the document recorded March 12, 2007 in Book 20070312 as Instrument No. 02041 of Official Records.

28.    A document entitled "Revocable License and Maintenance Agreement", executed by and between County of Clark, a political subdivision of the State of Nevada and Fontainebleau Las Vegas, LLC, a Nevada limited liability company ("Fontainebleau") and Krystle Towers, LLC, a Florida limited liability company ("Krystle"); and together with Fontainebleau, ("Licensee") recorded March 9, 2007 in Book 20070309, as Instrument No. 03896 of Official Records.

29.    An Easement and right-of-way for the construction, operation, maintenance, repair, renewal, reconstruction, and removal of pipelines for conducting water with the right of ingress and egress, as conveyed to Las Vegas Valley Water District, a quasi-municipal corporation, by an instrument recorded May 16, 2007, in Book 20070516 as Instrument No. 01406 of Official Records, over a portion of the land.

30.    A document entitled "Development Agreement", executed by and between County of Clark and Fontainebleau Las Vegas, LLC, a Nevada limited liability company, and

- 3 -

10330819

Krystle Towers, LLC aka Fontainebleau Las Vegas II, LLC, a Florida limited liability company recorded May 23, 2007 in Book 20070523, as Instrument No. 00485 of Official Records.

31.     A document entitled "Development Agreement", executed by and between County of Clark and Fontainebleau Las Vegas, LLC, a Nevada limited liability company, and Krystle Towers, LLC aka Fontainebleau Las Vegas II, LLC, a Florida limited liability company recorded May 23, 2007 in Book 20070523, as Instrument No. 00486 of Official Records.

32.     A document entitled "Development Agreement", executed by and between County of Clark and Fontainebleau Las Vegas, LLC, a Nevada limited liability company, and Krystle Towers, LLC aka Fontainebleau Las Vegas II, LLC, a Florida limited liability company recorded May 23, 2007 in Book 20070523, as Instrument No. 00487 of Official Records.

Document(s) declaring modifications thereof recorded October 4, 2007 in Book 20071004 as Instrument No. 00691 of Official Records.

Document(s) declaring modifications thereof recorded November 19, 2008 in Book 20081119 as Instrument No. 03782 of Official Records.

33.     A document entitled "Ordinance No. 3517" recorded May 24, 2007 in Book 20070524 as Instrument No. 00757 of Official Records.

34.     An Easement and right-of-way for the construction, operation, maintenance, repair, renewal, reconstruction, and removal of pipelines for conducting water with the right of ingress and egress, as conveyed to Las Vegas Valley Water District, a quasi-municipal corporation, by an instrument recorded May 29, 2007, in Book 20070529 as Instrument No. 01392 of Official Records, over a portion of the land.

35.     An Easement and right-of-way for the construction, operation, maintenance, repair, renewal, reconstruction, and removal of pipelines for conducting water with the right of ingress and egress, as conveyed to Las Vegas Valley Water District, a quasi-municipal corporation, by an instrument recorded May 29, 2007, in Book 20070529 as Instrument No. 01393 of Official Records, over a portion of the land.

36.     An Easement and right-of-way for the construction, operation, maintenance, repair, renewal, reconstruction, and removal of pipelines for conducting water with the right of ingress and egress, as conveyed to Las Vegas Valley Water District, a quasi-municipal corporation, by an Instrument recorded May 29, 2007, in Book 20070529 as Instrument No. 01394 of Official Records, over a portion of the land.

37.     An Easement and right-of-way for the construction, operation, maintenance, repair, renewal, reconstruction, and removal of pipelines for conducting water with the right of ingress and egress, as conveyed to Las Vegas Valley Water District, a quasi-municipal corporation, by an Instrument recorded May 29, 2007, in Book 20070529 as Instrument No. 01395 of Official Records, over a portion of the land.

38. An Easement and right-of-way for the construction, operation, maintenance, repair, renewal, reconstruction, and removal of pipelines for conducting water with the right of ingress and egress, as conveyed to Las Vegas Valley Water District, a quasi-municipal corporation, by an Instrument recorded May 29, 2007, in Book 20070529 as Instrument No. 01396 of Official Records, over a portion of the land.

39. Covenants, conditions, easements and restrictions in a Construction, Operation and Reciprocal Easement Agreement recorded June 7, 2007, in Book 20070607 as Instrument No. 02522 of Official Records.

40. Terms and provisions of an unrecorded lease dated June 6, 2007, by and between Fontainebleau Las Vegas, LLC, a Nevada limited liability company and Fontainebleau Las Vegas II, LLC, a Florida limited liability company as lessor and Fontainebleau Las Vegas Retail, LLC, a Delaware limited liability company as lessee, as disclosed by a Memorandum of Master Lease Agreement recorded June 7, 2007 in Book 20070607 as Instrument No. 02523 of Official Records.

41. Terms and provisions of an unrecorded lease dated June 6, 2007, by and between Fontainebleau Las Vegas Retail, LLC, a Delaware limited liability company as lessor and Fontainebleau Las Vegas, LLC, a Nevada limited liability company as lessee, as disclosed by a Memorandum of Lease recorded June 7, 2007 in Book 20070607 as Instrument No. 02530 of Official Records.

42. A document entitled "Ordinance No. 3551" recorded October 4, 2007 in Book 20071004 as Instrument No. 00692 of Official Records.

43. An easement for trenching, laying, constructing, inspecting, maintaining and repairing sewage lines and appurtenant underground structures and incidental purposes in the document recorded October 22, 2007 in Book 20071022 as Instrument No. 02501 of Official Records.

44. An easement for trenching, laying, constructing, inspecting, maintaining and repairing sewage lines and appurtenant underground structures and incidental purposes in the document recorded October 22, 2007 in Book 20071022 as Instrument No. 02502 of Official Records.

45. An easement for installing certain electric infrastructure and related appurtenances and incidental purposes in the document recorded October 30, 2007 in Book 20071030 as Instrument No. 02523 of Official Records.

46. An Easement and right-of-way for the construction, operating, maintenance, repair, renewal, reconstruction, and removal of pipelines for conducting water with the right of ingress and egress, as conveyed to Las Vegas Valley Water District, a quasi-municipal corporation, by an instrument recorded March 11, 2008, in Book 20080311 as Instrument No. 02729 of Official Records, over a portion of the land.

47. A document entitled "Access Ramp Agreement" recorded March 27, 2008 in Book 20080327 as Instrument No. 03939 of Official Records.

48.	Covenants, conditions, easements and restrictions in a Construction and Maintenance Easement and License recorded May 16, 2008, in Book 20080516 as Instrument No. 04039 of Official Records.

49.	An easement for pedestrian access and passage, and for placement, operation, use, maintenance, construction, reconstruction, repair, modification and installation of the Pedestrian Bridge System and incidental purposes in the document recorded May 16, 2008 in Book 20080516 as Instrument No. 04040 of Official Records.

50.	Covenants, conditions, and restrictions in an Off-Site Improvements Agreement recorded June 13, 2008, in Book 20080613 as Instrument No. 00010 of Official Records.

51.	An Easement and right-of-way for the construction, operation, maintenance, repair, renewal, reconstruction, and removal of pipelines for conducting water with the right of ingress and egress, as conveyed to Las Vegas Valley Water District, a quasi-municipal corporation, by an instrument recorded August 1, 2008, in Book 20080801 as Instrument No. 01275 of Official Records, over a portion of the land.

52.	A document entitled "Ordinance No. 3712" recorded November 19, 2008 in Book 20081119 as Instrument No. 03783 of Official Records.

53.	Easements as shown and/or dedicated upon the final map of Fontainebleau, on file in Book 141 of plats, Page 76, of Official Records.

54.	A document entitled "Revocable License and Maintenance Agreement" recorded May 11, 2009 in Book 20090511 as Instrument No. 03970 of Official Records.

10330819

EXHIBIT D
(OMNIBUS AMENDMENT)

**OMNIBUS AMENDMENT NO. 1**

**OMNIBUS AMENDMENT,** dated as of January 27, 2010, by and among FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC, a Nevada limited liability company, FONTAINEBLEAU LAS VEGAS, LLC, a Nevada limited liability company, FONTAINEBLEAU LAS VEGAS CAPITAL CORP., a Delaware corporation, FONTAINEBLEAU LAS VEGAS RETAIL PARENT, LLC, a Delaware limited liability company, FONTAINEBLEAU LAS VEGAS RETAIL MEZZANINE, LLC, a Delaware limited liability company, FONTAINEBLEAU LAS VEGAS RETAIL, LLC, a Delaware limited liability company (collectively, *"Debtors"*) and ICAHN NEVADA GAMING ACQUISITION LLC, a Delaware limited liability company (*"Icahn Nevada"*) (collectively, the *"Parties"*).

In consideration of the mutual representations, warranties and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties hereby agree as follows:

**1. DEFINED TERMS.**   All terms used herein, unless otherwise defined, shall have the meanings ascribed thereto in  the Asset Purchase Agreement, dated as of November 23, 2009 (the *"Purchase Agreement"*), by and  among Debtors and Icahn Nevada.

**2. AMENDMENTS, *ETC.***

**2.1 PURCHASE AGREEMENT**.  The Purchase Agreement is hereby amended as follows:

(a) *Transfer Costs.*   The definition of the term *"Closing Cash Payment"* is hereby deleted and the following is hereby inserted in its place:

"Closing Cash Payment" shall mean an amount equal to (i) $105,000,000, *less* (ii) the Cure Costs, provided that the Closing Cash Payment shall not be reduced pursuant to this clause (ii) by an amount in excess of $1,000,000, *less* (iii) an amount equal to 100% of the Transfer Taxes, to be paid by the Purchaser pursuant to Section 7.4, *less* (iv) an amount equal to 50% of the Transfer Costs to be paid by the Purchaser pursuant to Section 7.4(a)(ii), *less* (v) the Auction Deposit, *plus* (vi) an amount equal to the amount of any cash that the Sellers have used to prepay any "Loans" (as defined in the DIP Facility) pursuant to Section 2.07 of the DIP Facility, provided that (A) such cash constitutes proceeds in respect of an Excluded Asset and (B) the Sellers have notified the Purchaser in writing on or prior to the date of such prepayment that such cash constitutes proceeds in respect of an Excluded Asset, *plus* (vii) in the event that the Sellers repay all of the Obligations and terminate all Commitments in connection with the entry into a Replacement DIP Facility, an amount equal to (A) the DIP Facility Amount, *less* (B) the amount, if any, by which (1) the amount that was contemplated to be spent on Stabilization pursuant the Stabilization Plan from and after such repayment

exceeds (2) the amount contemplated to be spent on Stabilization pursuant to such Replacement DIP Facility from and after such repayment."

Section 2.6(a)(iii) is hereby amended to read in its entirety as follows:

"(iii) all Cure Costs, Transfer Costs and Transfer Taxes; and"

Section 7.4(a) is hereby amended to read in its entirety as follows:

"(a)    (i) Solely to the extent not exempt in accordance with Section 1146 of the Bankruptcy Code, the Purchaser shall pay and shall be responsible for all state and local Transfer Taxes, if any, occasioned by the conveyance of the Real Property and the Purchased Assets from the Sellers to the Purchaser and the assumption of the Assumed Liabilities by the Purchaser, including those payable in connection with the recording of the Deed, as well as any notarial fees incurred in connection therewith and (ii) the Purchaser shall pay and shall be responsible for all other costs, fees and expenses (other than attorneys' fees) associated with the recordings of the Deeds (such other costs, fees and expenses described in this clause (ii) "Transfer Costs").  The Purchaser shall be responsible for the preparation and filing of all Tax Returns relating to Transfer Taxes."

(b)  *Outside Date.*  Section 1.5 is hereby amended by inserting the following immediately after the first sentence of Section 1.5:

"Without limiting the generality of the foregoing, the Parties agree that the definition of the term *"Outside Date"* shall be strictly construed and it shall not be a defense to the exercise by the Purchaser of any remedy based upon the failure of the Closing to occur on the Outside Date that the Closing could have occurred on the day following the Outside Date or shortly thereafter."

Section 8.1(b) is hereby amended to read in its entirety as follows:

"(b) by the Purchaser, if the Closing has not occurred on or prior to February 18, 2010, which date is of the essence (the "Outside Date"); provided, that if, on February 18, 2010, all of the conditions set forth in Section 6.1 other than the condition set forth in Section 6.1(g)(ii) shall have been satisfied, the "Outside Date" shall be the later of (i) February 18, 2010 and (ii) the date that is 10 days after the Remedies Exercise Date;"

(c)  *Break-Up Fee.*  Section 8.3(b) is hereby amended to read in its entirety as follows:

"(b)   The Sellers' obligation to make any payment on account of the Break-Up Fee shall have super-priority administrative expense status, senior to all other administrative expense claims (other than Sellers' obligations pursuant to the DIP Facility and the DIP Order, which obligations shall be pari passu with the Sellers' obligation to pay the Break-Up Fee), under Section 364(c)(1) of the Bankruptcy Code, until the Sellers make full and indefeasible

- 2-

payment of the Break-Up Fee and no claim (secured or unsecured) against any Debtor, or lien against the Purchased Assets, having a priority superior to or pari passu with the Break-Up Fee (other than Sellers' obligations pursuant to the DIP Facility and the DIP Order) shall be created or allowed until the Sellers make full and indefeasible payment of the Break-Up Fee; provided that, if the Sellers fail to make full and indefeasible payment of the Break-Up Fee on or before the conclusion of the three-Business-Day period referred to in Section 8.3(a), then the Break-Up Fee shall be paid by an automatic increase in the principal amount of the Obligations in accordance with the provisions of Section 2.08(f) of the DIP Facility."

(d) *Assignment.* Section 9.11 is hereby amended to provide that an assignment to a nominee in furtherance of a tax-free exchange under Section 7.4(e) shall be treated in the same manner as an assignment to an Affiliate of the Purchaser.

2.2 **DIP FACILITY**. The DIP Facility is hereby amended as follows:

(a) *Stated Maturity Date.* The definition of the term *"Stated Maturity Date"* is hereby deleted and a new definition is inserted in its place to read in its entirety as follows:

"Stated Maturity Date" shall mean February 18, 2010."

Section 7.01(s)(iv) is hereby amended to read in its entirety as follows:

"(iv) on or prior to February 18, 2010, which date is of the essence, the Obligors shall have consummated the sale of all or substantially all of the Purchased Assets."

(b) *Break-Up Fee.* Section 2.08 of the DIP Facility is hereby amended by adding a new section 2.08(f) thereto, to read in its entirety as follows:

"(f)    An amount equal to the amount of Break-Up Fee (as defined in the Asset Purchase Agreement) shall be automatically added, without any further action of any Person, to the outstanding principal amount of the Loans only if and when the Break-Up Fee becomes due and payable under the Asset Purchase Agreement if the Break-Up Fee is not otherwise indefeasibly paid in full if and when the Break-Up Fee becomes due and payable under the Asset Purchase Agreement (after expiration of the three-Business-Day period in Section 8.3(a) of the Asset Purchase Agreement). Each of the Loan Parties agrees that the Agreed Budget (and the books of the Loan Parties) shall at all times reflect sufficient reserves so as to enable the payment of the Break-Up Fee in accordance with this Section 2.08(f)."

2.3 **EFFECTIVENESS**. This Omnibus Amendment shall become effective and binding upon the parties upon the entry of an order, in form and substance satisfactory to Icahn Nevada of the Bankruptcy Court approving this Omnibus Amendment and authorizing the assumption by the Debtors of their respective obligations hereunder. From and after the entry of such order: (a) all references to the Purchase Agreement or the DIP Facility in the Purchase Agreement, any

- 3 -

Transaction Document, the DIP Facility or any Loan Document (as defined in the DIP Facility) shall be references to the Purchase Agreement or DIP Facility, as applicable, as the same have been amended and supplemented by this Omnibus Amendment, and (b) to the extent necessary to give effect to the amendments and supplements set forth herein, any relevant provisions of the Purchase Agreement or the DIP Facility shall be adjusted, *mutatis mutandis,* as may be appropriate.

## 3. SUPPLEMENTAL AGREEMENTS

**3.1 LOCAL TAX COUNSEL**. Debtors hereby consent to the retention by Icahn Nevada of the law firm of Brownstein Hyatt Farber Schreck, LLP (Debtors' Nevada counsel) and any consultant designated by such law firm to assist Icahn Nevada in connection with tax certiorari or similar proceedings relating to the Purchased Assets and agree to cause such law firm to make available to Icahn Nevada and its representatives and agree that they may make use of all relevant records and documents of Debtors in such law firm's possession solely in connection with such proceeding.

**3.2 WAIVER**. Icahn Nevada waives any Event of Default under the DIP Facility that might arise as a result of the Debtors' failure to pay on or prior to the Closing Date approximately $1,400,000 of property Taxes ("Disputed Property Taxes") that were due on or prior to the Closing Date with respect to the fiscal year ending June 30, 2010, which are the subject of a pending appeal (as may be modified or amended, the "9/10 Appeal").

**3.3 PROPERTY TAXES**. Notwithstanding any other provision in the Purchase Agreement, the Debtors shall pay, under protest at Closing, the Disputed Property Taxes (and any interest, penalties, additions and other charges thereon) (together, the "Disputed Tax Amount") to the applicable Governmental Authority by making payment thereof out of the Closing Cash Payment; provided, however, that if the payment of any portion of such Disputed Tax Amount is determined by the applicable Governmental Authority not to have been due or payable as a result of the Debtors' pending 9/10 Appeal, which results in a refund or credit (in either case, a "Refund"), the Debtors shall be entitled to an amount equal to the portion of the Refund that relates to any period ending on or prior to March 31, 2010 (the "Refundable Portion"). To the extent that Icahn Nevada receives the Refund in cash, Icahn Nevada shall pay such cash to the Debtors in an amount equal to the Refundable Portion received by Icahn Nevada in cash within five Business Days of receipt thereof by Icahn Nevada. In the event that the Debtors receive the Refund in cash, the Debtors shall pay to Icahn Nevada an amount equal to the portion of the Refund that relates to any period ending on or after to April 1, 2010 so received by the Debtors within five Business Days of receipt thereof by the Debtors. To the extent that Icahn Nevada receives the Refund in the form of a credit, Icahn Nevada shall pay the amount of the credit to the Debtors in cash in an amount equal to such credit when taken together with any cash payments made by Icahn Nevada above in an amount equal to such Refundable Portion when applied to property Taxes due by Icahn Nevada, and Icahn Nevada shall have the further obligation to apply such Refund at the earliest opportunity. For the avoidance of doubt, in no event shall the Debtors be entitled to receive any more than the aggregate total of the Refundable Portion. The Parties agree that, notwithstanding anything herein to the contrary, in no event shall Icahn Nevada be liable for any of the Disputed Property Taxes (or any interest, penalties, additional and other charges thereon) or any other property Taxes (or any interest, penalties,

- 4 -

additions and other charges thereon) on the Purchased Assets attributable to a period on or prior to the Closing Date (together with the Disputed Property Taxes and any interest, penalties, additions and other charges thereon, the "Excluded Property Taxes") and the Excluded Property Taxes shall be deemed to be an Excluded Liability for all purposes of this Purchase Agreement. The Debtors shall at Closing pay any Excluded Property Taxes that are an Encumbrance on the Real Property. The Debtors shall have the right to control the 9/10 Appeal and Icahn Nevada shall have the right to control any appeal related to subsequent fiscal years; provided, that the 9/10 Appeal shall be resolved not later than the date of resolution of any property Tax appeal related to the fiscal year ending June 30, 2011 (the "10/11 Appeal"), except that notwithstanding such resolution of the 10/11 Appeal, the 9/10 Appeal may be pursued through a final determination from the Nevada State Board of Equalization. In the event that the applicable Governmental Authority appeals the final determination of the Nevada State Board of Equalization with respect to the 9/10 Appeal, the Debtors shall have the right to defend any such appeal only with prior written consent of Icahn Nevada not to be unreasonably withheld or delayed; however, it shall not be unreasonable for Icahn Nevada to withhold such consent if Icahn Nevada reasonably believes that such appeal is likely to adversely affect the 10/11 Appeal.

**3.4 COMPLIANCE.** Debtors confirm that, at the date hereof, Icahn Nevada has complied with, and timely discharged its obligations under, the Purchase Agreement, the DIP Facility, the Final Order (as defined in the DIP Facility) and the Bidding Procedures Order and the Debtors are not aware of any outstanding defaults thereunder. Icahn Nevada confirms that, at the date hereof, the Debtors have complied with, and timely discharged their obligations under, the Purchase Agreement, the DIP Facility, the Final Order and the Bidding Procedures Order and Icahn Nevada is not aware of any outstanding defaults thereunder.

**4. MISCELLANEOUS**

**4.1 CONTINUING AGREEMENTS.** Except as expressly amended and supplemented hereby, the provisions of the Purchase Agreement and the DIP Facility shall continue in full force and effect.

**4.2 CAPTIONS.** Captions and descriptive headings are for convenience of reference only and shall not control or affect the meaning or construction of any provisions of this Omnibus Amendment.

**4.3 COUNTERPARTS.** This Omnibus Amendment may be executed in any number of counterpart copies, including telecopied transmission and electronic (PDF) transmission copies, each of which shall be deemed an original, but which together shall constitute a single instrument.

[Signature Page Follows]

**I**N **WITNESS WHEREOF,** the parties have caused this Omnibus Amendment to be duly executed as of the date first above written.

FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC

By:_____
     Title:

FONTAINEBLEAU LAS VEGAS, LLC

By:_____
     Title:

FONTAINEBLEAU LAS VEGAS CAPITAL CORP.

By:_____
     Title:

FONTAINEBLEAU LAS VEGAS RETAIL PARENT, LLC

By:_____
     Title:

FONTAINEBLEAU LAS VEGAS RETAIL MEZZANINE, LLC

By:_____
     Title:

FONTAINEBLEAU LAS VEGAS RETAIL, LLC

By:_____
     Title:

ICAHN NEVADA GAMING ACQUISITION LLC,

By:_____
     Title:

10330600/V-15