

**ORDERED in the Southern District of Florida on April 12, 2010.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC, ET AL.,[1] | Case No. 09-21481-BKC-AJC |
| Debtors._____/ | (Jointly Administered) |

**ORDER CONVERTING CASES UNDER CHAPTER 11
TO CASES UNDER CHAPTER 7**

The above-captioned debtors-in-possession (collectively, the "Debtors")[2] have filed a motion to convert these cases to cases under chapter 7 pursuant to 11 U.S.C. § 1112(a). Since

---

[1] The last four digits of each of the Debtors' tax identification numbers are: (i) Fontainebleau Las Vegas Holdings, LLC [9337]; (ii) Fontainebleau Las Vegas, LLC [9332]; and (iii) Fontainebleau Las Vegas Capital Corp. [7822]; (iv) Fontainebleau Las Vegas Retail Parent, LLC [9796], (v) Fontainebleau Las Vegas Retail Mezzanine, LLC [9458], and (vi) Fontainebleau Las Vegas Retail, LLC [1045]. The Debtors' current mailing address is 19950 West Country Club Drive, Aventura, Florida 33180.

these cases were not commenced as involuntary cases under chapter 11, nor have the cases been converted to cases under chapter 11 other than on the Debtors' request, the Court finds that the Debtors are entitled to be Debtors under chapter 7.

**While the Debtors allege that the right to convert is absolute, the Court is of the opinion that, in some instances, the right may not be absolute.  In this case, it appears that such conversion is appropriate.  However, setting a hearing on the conversion would result in the expense of as many as six dozen attorneys appearing for what seems to be an unopposed matter.  Therefore, in an effort to be frugal and save unnecessary expense, the Court will grant the conversion motion subject to negative notice.**

**If any party in interest has an objection or opposition to the conversion, they may file a motion to vacate the order of conversion within seven (7) days of the date of this order.  If no motion to vacate is filed, then the order shall become final.  If a motion to vacate is filed, it will be set for hearing on seven (7) days notice if the Court concludes the motion states a justiciable issue.  If the Court concludes the motion does not state a justiciable issue, then the Court may deny the motion without a hearing.**

The Court suggests it would be prudent for the United States Trustee to await the expiration of the negative notice period before appointing a trustee upon conversion of the case.

It is

**ORDERED AND ADJUDGED** that:

1.    These chapter 11 cases are converted to cases under chapter 7 upon this order becoming final.

---

[2] The Debtors are comprised of (i) Fontainebleau Las Vegas Holdings, LLC; (ii) Fontainebleau Las Vegas, LLC; (iii) Fontainebleau Las Vegas Capital Corp.; (iv) Fontainebleau Las Vegas Retail Parent, LLC, (v) Fontainebleau Las Vegas Retail Mezzanine, LLC, and (vi) Fontainebleau Las Vegas Retail, LLC.

2

2. If applicable, the Debtors shall immediately remit to the Clerk of Court the $15.00 trustee surcharge fee prescribed by the Judicial Conference of the United States (if not previously paid by the Debtors). Failure to pay this fee will result in dismissal of these cases.

3. The Debtors shall:

(a) Upon this Order becoming final, turnover to the chapter 7 trustee all records and property of the estate under its custody and control as required by Bankruptcy Rule 1019(4);

(b) Within 30 days of this Order becoming final, file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and

(c) File, within 14 days of this Order becoming final, a schedule of unpaid debts incurred after the commencement of the chapter 11 cases as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by Local Rule 1019-1(B). The Debtors or the Debtors' attorney are required to provide notice to those creditors pursuant to Local Rule 1019-1(B). Failure to comply may also result in sanctions being imposed by the Court. Debts not listed or noticed timely will not be discharged. A copy of this schedule shall be served on the chapter 7 trustee.

4. The Debtors shall file, within 14 days of this Order becoming final, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B);

5. Pursuant to Local Rule 2016-1(C)(2), the Debtors' attorney, any examiner appointed by the Court, or any other professional person employed under 11 U.S.C. §327 or 1103, shall file within 90 days after the date of the post-conversion meeting, an application for compensation for outstanding fees and expenses incurred during the chapter 11 administration

including an application justifying retention of any retainer received which has not been approved by a prior award. Any retainers received which are not approved will be subject to turnover to the chapter 7 trustee. The attorney for the Debtors shall notify all such professionals of this deadline by serving them with a copy of this Order.

6. The Debtors shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(F)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

7. Failure of the Debtors to comply with the provisions of this order may result in the Court taking appropriate action without further hearing or notice.

8. In no event shall any trustee be entitled to compensation based upon a percentage of the receipt of the approximate $102 million (or any portion thereof) of proceeds from the sale of the Debtors' assets to Icahn Nevada Gaming Acquisition, LLC as said funds are already in the estate and will not have been acquired by the trustee. However, the trustee and his counsel are entitled to reasonable compensation for ordinary and necessary work performed in the administration of the estate and distribution of the approximate $102 million.

9. The Debtors' banks are directed to honor the outstanding checks issued prior to entry of this order notwithstanding conversion of the cases to chapter 7.

# # #

SUBMITTED BY:
Scott L. Baena, Esq.
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
200 S. Biscayne Blvd.
Suite, 2500
Miami, Florida 33131
Tel: (305) 374-7580
Fax: (305) 374-7593

4

Copies to:

Fontainebleau Las Vegas Holdings, LLC
19950 West Country Club Drive
Aventura, Florida 33180

Scott L. Baena, Esq.
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
200 S. Biscayne Blvd.
Suite, 2500
Miami, Florida 33131

Office of the U.S. Trustee
Attn.: Johanna Armengol, Esq.
51 S.W. First Avenue, Room 1204
Miami, FL 33130