UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

FONTAINBLEAU LAS VEGAS
HOLDINGS, LLC, et al.

      Debtors.
_____/

CASE NO. 09-21481-BKC-AJC

Chapter 7

(Jointly Administered)

**TRACY & RYDER LANDSCAPE, INC.'S OBJECTIONS
TO JOINT MOTION TO (1) APPROVE COMPREHENSIVE
SETTLEMENT AGREEMENT REGARDING DISTRIBUTION
OF ICAHN SALE PROCEEDS AND RESOLUTION OF
RELATED DISPUTES AND PROCEEDINGS AND
(2) APPROVE BAR ORDERS**

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A
WRITTEN RESPONSE TO THIS MOTION WITHIN 21 DAYS AFTER
THE DATE OF SERVICE STATED IN THIS MOTION SHALL,
PURSUANT TO LOCAL RULE 9013-1(D), BE DEEMED TO HAVE
CONSENTED TO THE ENTRY OF AN ORDER IN THE FORM
ATTACHED TO THIS MOTION. ANY SCHEDULED HEARING MAY
THEN BE CANCELED.**

TRACY & RYDER LANDSCAPE, INC. ("TRACY") moves this Court for an Order

sustaining its objections to the Joint Motion to (1) Approve Comprehensive Settlement

Agreement Regarding Distribution of Icahn Sale Proceeds and Resolution of Related

Disputes and Proceedings and (2) Approve Bar Orders on grounds set forth below.

**Procedural Background**

On October 15, 2013, the Trustee filed a Joint Motion to (1) Approve Comprehensive

Settlement Agreement Regarding Distribution of Icahn Sale Proceeds and Resolution of

Related Disputes and Proceedings and (2) Approve Bar Orders (the "Joint Motion"). [ECF

No. 4129]. The Joint Motion proposes, in part, that the Court approve a bar order with

respect to claims that are asserted or may be asserted by Statutory Lienholders[1] against any

Turnberry Party[2] (the "Contractor Bar Order").

The Joint Motion proposes that the Comprehensive Settlement Agreement also

resolve claims asserted by the Trustee in *Kapila v. Soffer, et al.*, Adv. Proc. 11-02102-AJC

(Bankr. S.D. Fla. June 8, 2011) where the Trustee seeks, in part, to avoid and recover

avoidable (fraudulent) transfers and other relief against Jeffrey Soffer pursuant to 28 U.S.C.

§544 and 548, and Chapter 726 Fla. Stat. and preferential transfer pursuant to 11 U.S.C. §547

and 550. The Trustee's claims against Jeffrey Soffer allege that, "Soffer personally exercised

substantial, if not exclusive, control over the Project, including decisions regarding Project

development, financing and construction." *Id, at* 9-10. The Trustee's claims against Jeffrey

Soffer and members of the Turnberry Party include, but are not limited to allegations as

follows:

a. During and after their terms as officers, directors and/or control persons of the

Debtors prior to the Petition Date, the D&O Defendants directly and/or indirectly received,

*inter alia*, payments from the Debtors, and/or compensation from the Debtors in the form of

salaries, bonuses, stock options, severance payments and other benefits, and any and all other

transfers;

b. Alternatively, the transfers were made with actual intent by the Debtors to hinder

or delay creditors of the Debtors, and the D&O Defendants did not receive such transfers in

good faith due to their knowledge of the impaired financial condition of the Debtors;

---

[1] Tracy & Ryder Landscape, Inc. is identified in the Joint Motion as one of the Statutory
Parties that is the subject of the proposed Contractor Bar Order.
[2] Jeffrey Soffer is identified by the Joint Motion as forming part of the Turnberry Party.

  c.  All transfers made to the Turnberry Parties occurred while Fontainbleau Las Vegas Holdings, LLC, *et al.*, were insolvent; and,

  d.  The total amount paid to the Insiders[3] between June 9, 2008 to June 9, 2009 was $879,250,391.97.

**Tracy Files Suit Against Soffer**

  On or about September 9, 2010, TRACY filed a lawsuit against Jeffrey Soffer in a Nevada State Court claiming that Soffer operated and utilized Turnberry West Construction, Inc., Fountainbleau Resorts, Fountainbleau Las Vegas, LLC, and Fountainbleau Las Vegas II, LLC as his alter-egos.[4] [Exhibit 1]. In essence, the allegations against Soffer with respect to the manner in which he fraudulently conducted the affairs of the Debtors and the manner in which he used the companies as his alter-egos are also outlined by the Trustee in *Kapila*.

  The Nevada lawsuit is still pending. Should this Court grant the Joint Motion, and more specifically, overrule the objections against the Contractor Bar Order, any further action by TRACY against Soffer will be dismissed resulting in substantial harm to TRACY. The only beneficiary of the three bar orders will be Jeffrey Soffer who will have been allowed to commit wrongful acts against creditors of the Debtors by a cheap buy-out of any potential judgment against him for his wrongful acts.

---

[3] In *Kapila v. Soffer, et al.*, Adv. Proc. 11-02102-AJC (Bankr. S.D. Fla. June 8, 2011), Fountainbleau Resorts, LLC, Turnberry Residential Limited Partner, L.P., Turnberry West Construction, Inc., Turnberry Ltd., Jeffrey Soffer, Albert "Sonny" Kotite, Ray Parello, Bruce Weiner, Glenn Schaeffer, James Freeman, and Devendra "Deven" Kumar are identified as "Insiders" under the Bankruptcy Code.

[4] TRACY has filed an Amended Complaint in Nevada state court.

## Argument

### THE COMPREHENSIVE SETTLEMENT AGREEMENT WHICH CONTAINS THE CONTRACTOR BAR ORDER IS NOT FAIR AND EQUITABLE AND SHOULD NOT BE APPROVED

It is agreed that under well-settled bankruptcy law, compromises must be shown to be "fair and equitable." *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). To assure a proper compromise the bankruptcy judge must be apprised of all the necessary facts for an intelligent, objective and educated evaluation. *In re Arrow Air Inc.*, 85 B.R. 886,891 (Bankr. S.D. Fla. 1988).

It is true that the Court must consider four factors in deciding whether to approve a proposed settlement, to wit: (a) the probability of success in the litigation; (b) the difficulties to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay surrounding it; and (d) the interests of the creditors. *In re ½ Mile Lumber Company, Inc.,* 326 B.R. 876, 879 (Bankr. S.D. Fla. 2005). However, this settlement contains three bar orders that must be considered independently of the proposed settlement as to whether they, in and of themselves, are fair and equitable.

TRACY's primary issue with respect to its objection to the approval of the Comprehensive Settlement Agreement is that: (1) the procedural outline for disbursement of $85.3 million to the Statutory Lienholders is burdensome and will lead to extensive delays and additional state court litigation to recover from the Net Statutory Lienholder Proceeds rather than cure the purported litigation in bankruptcy court; and, (2) the Contractor Bar Order is not fair and equitable in that it bars any claims asserted or that may be asserted by TRACY as against the non-debtor, Jeffrey Soffer, individually, for Soffer's wrongful acts.

The Comprehensive Settlement Agreement resolves, in part, the Statutory Lienholders' claims by the distribution of funds allocated from the Icahn Sale Proceeds. However, a court of equity must consider that to allow the non-Debtor, Jeffrey Soffer the opportunity to purchase a Bar Order for the net amount of $1 million thereby preventing litigation against him for the recovery of potentially tens of millions because of his wrongful conduct would simply not be fair and equitable.

The most compelling argument against granting the Joint Motion is the provision contained therein with respect to the Contractor Bar Order. In applying the fourth factor of the test to determine "fair and reasonable", this Court must consider whether the Comprehensive Settlement Agreement is in the best interests of the creditors, and specifically, TRACY. The Court should limit its analysis with respect to the first three factors of the four part test as outlined in *½ Mile Lumber Company, Inc.* as to whether the Comprehensive Settlement Agreement benefits the Debtors. However, the fourth factor must focus on an analysis of whether the creditors of the estate will be benefited.

It is conceded that the Comprehensive Settlement Agreement will benefit the Debtors to the extent that the Icahn Sale Proceeds can be distributed and the estate resolved at least as it applies to the Debtors. However, the fourth factor analysis will establish that approval of the Comprehensive Settlement Agreement greatly injures the group of Statutory Lienholders, and in this case, more specifically, TRACY.

In order to determine whether the fourth factor is in the best interest of creditors and therefore, fair and equitable, this Court must consider the manner in which the Contractor Bar Order benefits or injures TRACY.

**The Contractor Bar Order**

TRACY is requesting that this Court carve out from the Contractor Bar Order claims that it has pending and may have in Nevada State Court for breach of fiduciary duty and other actions against Jeffrey Soffer regarding his purported actions and wrongful activities as owner of the Debtors.[5] When determining whether to impose a bar order against non-settling defendants, the court must make a reasoned determination that the bar order is fair and equitable" **and** must consider:

1. the interrelatedness of the claims that the bar order precludes;

2. the likelihood of non-settling defendants to prevail on the barred claim;

3. the complexity of the litigation; and,

4. the likelihood of depletion of the resources of the settling defendants.

*Matter of Munford, Inc*., 97.3d 449, 455 (11th Cir. 1996).

This standard is a two-part test requiring a two part analysis by the Court, to wit: (1) is the bar order fair and equitable; and, (2) an analysis of the four-part test.

**Contractor Bar Order is Not Fair and Equitable**

The first question for this Court to consider is whether the Bar Order contained in the Comprehensive Settlement Agreement is fair and equitable. The Trustee and Jeffrey Soffer attempt to settle all Statutory Lienholders' claims by forcing the Contractor Bar Order upon them. The Trustee has advanced the argument that the only way in which the Turnberry Parties will agree to the Comprehensive Settlement Agreement is in exchange for a Bar Order preventing Wilmington and the Term Lenders and the Statutory Creditors from

---

[5] This Court may approve the Comprehensive Settlement Agreement but deny or carve out the Contractor Bar Order as proposed by the settling parties in this litigation. *See, In re Sentinel Funds, Inc*., 380 B.R. 902 (Bankr. S.D. Fla. 2008).

pursuing Jeffrey Soffer individually in state court for any claims either asserted or that may be asserted against him. However, this argument is without merit. This Court cannot consider whether the bar orders are in Jeffrey Soffer's best interest and whether Soffer will not agree to paying $1 million should the bar orders not become part of the Comprehensive Settlement Agreement. This Court must look only to whether the bar orders are "fair and equitable" as to the creditors.

In its analysis of "fair and equitable" this Court must consider the facts that lead up to the Debtor filing for bankruptcy protection. The Court need not look any further than the allegations raised by the Trustee in *Kapila*. The Trustee claimed that Soffer fraudulently transferred assets of the Debtors to himself as a *de facto* or *de jure* officer, director, manager and/or control person of the Debtors, and was an insider of the Debtors as that term is defined under the Bankruptcy Code. The Trustee alleged that the claims at issue in the adversary proceeding seek the recovery of damages for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and to avoid, and recover fraudulent transfers arising out of the Debtors' involvement with the development and construction of the multi-million dollar, multi-use Fontainebleau Resort and Casino in Las Vegas, Nevada (the "Project"). It is alleged by TRACY in the Nevada State Court action, in part, that Jeffrey Soffer by and through the various corporate entities, engaged in fraudulent billing activity designed to benefit Soffer to the determinant of contractors such as TRACY. [Exhibit 1].

In an analysis of whether a bar order is fair and equitable, the courts must consider the facts and allegations in this case. In the Joint Motion, the Trustee in essence argues that the Comprehensive Settlement Agreement positively improves the liquidity of the Debtor's bankruptcy estate. In the attempt to globally settle all claims and in exchange for a

contribution of $1 million from Soffer, the Trustee claims that without the Contractor Bar Order, Soffer will not agree to the settlement and, therefore, it is in all parties' best interest to bar any existing or future claims against Soffer. However, this Court must consider more than the liquidity of the Debtor's bankruptcy estate when determining whether a settlement agreement is fair and equitable. *In re Covington Properties, Inc.*, 255 B.R. 77, 79 (Bankr. N.D. Fla. 2000).

As in *Covington Properties*, Soffer is attempting to use the Comprehensive Settlement Agreement as a vehicle to unilaterally block TRACY's state court claims. In sustaining the objection to the settlement and disapproving the settlement agreement , the court stated , "This settlement agreement purporting to unilaterally settle a creditor's state court claims against non-debtors is not 'fair and equitable'" *See, Id.*

The Joint Motion further argues *Munford v. Munford* in an effort to advance the argument that the Comprehensive Settlement Agreement is fair and equitable and that this Court should enter the respective bar orders as proposed. 97 F.3d 449 (11th Cir. 1996). However, *Munford* is distinguishable. In *Munford* the court protected the settling defendant from a double recovery in the subsequent litigation while giving the non-settling defendants the benefit of the dollar-for-dollar credit. *See, Id*., at 455.  The court further determined that it was unlikely that the non-settling defendants would recover on their claims since the settlement would deplete the settling defendant's resources and the claims appeared to be of dubious merit. *Id*. This is not the case here. The state Court action is against Jeffrey Soffer and not the Debtors, and there has been no showing by any party that Jeffrey Soffer's resources would be depleted by the Comprehensive Settlement Agreement. *See, Covington Properties*, at 79.

Under the circumstances and facts in this case, the Court must find that the Contractor Bar Order contained in the Comprehensive Settlement Agreement does not meet the "fair and equitable test." The Court should sustain TRACY's objections to the Contractor Bar Order. By overruling TRACY's objections, this Court would bar TRACY's state court claims against Jeffrey Soffer individually for fraudulent and wrongful activities. This court of equity should not sustain Jeffrey Soffer's wrongful acts by preventing litigation against him for such acts.

Certainly, the parties to the settlement cannot argue that Jeffrey Soffer is without resources to pay a subsequent judgment obtained in a Nevada State Court against him. In the Adversary Proceeding against Jeffrey Soffer, the Trustee stated that the Fountainbleau Resort Board of Directors required Soffer to provide a "comfort letter" pursuant to which Soffer agreed not to transfer or dispose of specified assets prior to the completion of the Project, including a yacht valued at $178 million, a Boeing 737 jet valued at $57 million and interests in various companies valued at $116 million.

As to the second four-part test, the court need not look further than to the unfairness and inequity of the Contractor Bar Order. However, an analysis of each factor in the four-part test also supports the sustaining of TRACY's objection to the Comprehensive Settlement Agreement.

**Interrelatedness of the Claims That the Bar Order Precludes**

Jeffrey Soffer is related to the debtor estate only in that: (1) he is the owner and shareholder of the debtors; and, (2) the Trustee filed an Adversary Proceeding against him to recover moneys Soffer fraudulently transferred from the Debtor during the course of the construction of the Project at issue in this case. Under these circumstances and in exchange

for bar orders, Soffer is interrelated with the Debtor only to the extent that he may have to return to the Debtors funds wrongfully taken by him. The extent of the interrelatedness of the Debtor and the Creditors are limited and insufficient to warrant an entry of the Contractor Bar Order.

**Probability of TRACY Prevailing on the Proposed Barred Claims**

TRACY's lawsuit against Jeffrey Soffer in state court exerts substantially the same claims as the Trustee advanced in *Kapila*. The Trustee filed a 46 page complaint containing 15 Counts and approximately 97 paragraphs of factual allegations against Jeffrey Soffer. The Trustee advances some very serious allegations of fraudulent transfers and wrongdoing against Soffer that the Trustee could not otherwise make unless he had substantial evidence to support the claims. Therefore, in filing the Adversary Proceeding against Jeffrey Soffer and others, the Trustee must have expected the likelihood of success on the merits. Surely, the Trustee would not have wasted the time, costs, and attorney's fees necessary to file the Adversary Proceeding unless there was an expectation of success.

In addition, Jeffrey Soffer's offer to settle the claims against him for fraudulent transfers, and the other 14 Counts must have presented Soffer with the possibility of the Trustee prevailing against him to the extent that in exchange for bar orders preventing other creditors from pursuing him for his wrongful acts, he bought out potential claims against him for a net of $1 million. Jeffrey Soffer must have expected that there was a likelihood of success on the merits in the case against him for him to pay that amount of money. Certainly, Soffer did not settle for the full value of the Trustee's Adversary Proceeding against him.

The claims asserted by TRACY in Nevada State Court are substantially similar to those of the Trustee's claims against Soffer. Therefore, if the Trustee believed that he had the

likelihood of success against Soffer, then the second factor of the four part test has been met. It would not be proper for the Trustee at this time to argue that he really didn't have a good claim against Jeffrey Soffer, but filed an Adversary Proceeding against him and others anyway. The Trustee who is appointed, in part, for the benefit of creditors should not be allowed to argue that pursuing Soffer for recovery of potentially millions of dollars for the benefit of creditors will take too long and cost too much. Sustaining TRACY's objections to the Contractor Bar Order will allow TRACY to perform that task of which TRACY is prepared to accept. Soffer's buy-out of litigation for his wrongful acts should not be sustained.

**Complexity of the Litigation**

The complexity of the Nevada State Court action is limited. There is one plaintiff and one defendant, Jeffrey Soffer. The only complexity involved in the Nevada action is the effort required to obtain Soffer's appearance at deposition and to obtain his documents for review and inspection. There is nothing complex about claims for Declaratory Relief, Breach of Fiduciary Duty, Breach of Contract, Breach of Implied Covenants of Good Faith & Fair Dealing, and Unjust Enrichment.

**Likelihood of Depletion of the Resources of the Settling Defendants**

Although the Comprehensive Settlement Agreement may provide the Statutory Lienholders with the maximum recovery possible from the Icahn Sale Proceeds, it does not allow for the maximum recovery possible. While the Joint Motion argues that the resolution of extensive complex litigation will allow for an immediate distribution to creditors of proceeds that have been tied up in litigation for many years, at the same time the Comprehensive Settlement Agreement proposes a format for the resolution that includes

costly mediation and potential litigation of potential disputes that will likely arise between the Statutory Lienholders for the distribution of the $85.3 million. With approximately 300 Statutory Lienholders, efforts for the distribution of the proceeds will likely result in a fractional *pro rata* distribution to smaller lienholders, such as TRACY who will not be made whole after distribution. Therefore, with respect to this argument, the Court must place great weight on the fourth factor, depletion of resources of the settling defendants. *Id*. In fact, the proposed procedure for Statutory Lienholders as outlined in the Comprehensive Settlement Agreement does not release the Trustee from potential additional litigation. In fact, it includes him.

Certainly and as previously stated, Jeffrey Soffer's assets would not be depleted. Whether the assets of the Debtors will be depleted is not at issue here. The Debtor will not be the subject of the Nevada State Court claims. The expenses incurred in that litigation will be only by TRACY and Soffer. Since Soffer is not a debtor in the bankruptcy, he should not be allowed to argue that his assets will be depleted in the state court litigation.

**Conclusion**

Sustaining TRACY's objections to the Contractor Bar Order, or allowing a carve out of TRACY's claims against Jeffrey Soffer from the Contractor Bar Order would be fair and equitable as to TRACY's interests as a creditor.  In so doing, this Court would continue advancing the principles of public policy that wrongful acts should not be tolerated and that those persons or entities that suffer damages as a result of those wrongful acts should be entitled to their constitutional right to their day in court.

The Court must consider whether the Contractor Bar Order is substantially more harmful to the barred parties. *In re GunnAllen Financial, Inc*., 443 B.R. 908, 916 (Bankr.

M.D. Fla. 2011). We analyze benefits conferred on Jeffrey Soffer with respect to the Contractor Bar Order versus the harm caused TRACY as a result of the Bar Order. Frankly, the benefit received by the Debtors of $1 million "pardon" money payable by Jeffrey Soffer is a small amount considering what that amount will benefit the injured creditors. Even assuming that only the Statutory Lienholders will receive this full amount for distribution at an equal share for all 300 of them, the total distribution to TRACY and others will total $3,333. Certainly, when considering a *pro rata* distribution, smaller creditors will receive far less. This fact in and of itself renders the Contractor Bar Order unfair and grossly inequitable.

In the Adversary Proceeding filed by the Trustee against Jeffrey Soffer, the Trustee alleges substantial facts that if proved will result in substantial recovery for the benefit of the Debtors estate. *See*, *Kapila*. In an effort to avoid this litigation, with the Comprehensive Settlement Agreement, the Trustee and the other Settling Parties will be compromising TRACY's claims and rights to assert against Jeffrey Soffer the claims against him for his wrongdoing. The Contractor Bar Order here extinguishes independent causes of actions against a non-debtor that could possibly make TRACY whole and only forces TRACY to accept only a very small fraction of what TRACY would be entitled to.  The true beneficiaries of the Comprehensive Settlement Agreement are not the creditors of the Debtors estate. It is the very party that caused the substantial losses to the claimants and the Debtors through improper conduct, Jeffrey Soffer.

WHEREFORE, TRACY & RYDER LANDSCAPING, INC., respectfully request that the Court enter and order sustain its objections to the Contractor Bar Order, or in the

alternative enter and Order sustaining TRACY's request to a carve-out from the Contractor

Bar Order, and for such other relief as may be just and proper.

> *I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

_____/s/ Henry E. Marinello_____
Henry E. Marinello
Fla. Bar No. 844330
Law Office of Henry Marinello, P.A.
P. O. Box 562516
Miami, Florida 33256
Telephone (305) 670-5688
Fax (305) 238-5553
Email: hmarinello@hemlegal.com
Counsel for Tracy & Ryder Landscaping, Inc.


/s/Edward A. Paez_____
Edward A. Paez, Esq.
Fla. Bar No. 676748
epaez@kgplegal.com
GARCIA PAEZ, PA
7850 NW 146 ST, Suite 406
Miami Lakes, Florida 33016
Telephone: (305) 826-3345
Facsimile: (866) 332-8231

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all parties listed on below on the electronic mail list and on the U.S. Mail list, on the 5th day of November, 2013.

_____/s/ Henry E. Marinello_____
Henry E. Marinello

## SERVICE LIST

*Served via Electronic Mail Notice:*

☐ Thomas L Abrams tabrams@tabramslaw.com,
lmillspaugh@tabramslaw.com;fcolumbo@tabramslaw.com

☐ Ido J Alexander ialexander@dvllp.com, jserna@dvllp.com

☐ Brett M Amron bamron@bastamron.com,
dquick@bastamron.com,mdesvergunat@bastamron.com,jmiranda@bastamron.com
,afiorentino@bastamron.com;hgerson@bastamron.com

☐ Johanna Armengol Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

☐ Robert C. Arnold bob@thevictorialawgroup.com,
bankruptcy@thevictorialawgroup.com

☐ Eric N Assouline ena@assoulineberlowe.com, ah@assoulineberlowe.com

☐ Kristopher Aungst kaungst@bergersingerman.com, efile@bergersingerman.com

☐ Scott L. Baena sbaena@bilzin.com, eservice@bilzin.com;lflores@bilzin.com

☐ Ann M Batchelor batchelor@clm.com

☐ Ann M Batchelor batchelor@clm.com

☐ Paul J. Battista pbattista@gjb-law.com, gjbecf@gjb-law.com

☐ Brian S Behar bsb@bgglaw.net

☐ Ira S Bergman ibergman@moundcotton.com

☐ John G. Bianco III jgb@trippscott.com, bankruptcynoticecenter@trippscott.com

☐ Russell M. Blain rblain.ecf@srbp.com, rblain@srbp.com

☐ Russell M. Blain rblain.ecf@srbp.com, rblain@srbp.com

☐ Leyza F. Blanco leyza.blanco@gray-robinson.com, jceide@grayrobinson.
com;lnegron@gray-robinson.com;Ileana.Christianson@grayrobinson.
com;Annika.Miranda@gray-robinson.com

☐ Alexandra D Blye ablye@carltonfields.com,
kdemar@carltonfields.com;wpbecf@cfdom.net

☐ Paul M Botros pmb@botroslawfirm.com

☐ Alan M Burger aburger@mcdonaldhopkins.com,
jpaul@mcdonaldhopkins.com;mrose@mcdonaldhopkins.com

☐ Stephen D Busey busey@smithhulsey.com

☐ Erik D. Buzzard ebuzzard@palumbolawyers.com, dlmann@palumbolawyers.com

☐ Jacqueline Calderin jc@ecclegal.com,
bankruptcy@ecclegal.com;nsocorro@ecclegal.com;ecala@ecclegal.com;jbetancou
rt@ecclegal.com

☐ Jacqueline Calderin jc@ecccounsel.com

☐ William E Calnan wcalnan@waldmanlawfirm.com,
Cardito@waldmanlawfirm.com

☐ Candace C Carlyon ccarlyon@sheacarlyon.com,
nrodriguez@sheacarlyon.com;rmsmith@sheacarlyon.com

☐ Francis L. Carter flc@katzbarron.com, lcf@katzbarron.com

☐ Franck D Chantayan franck@chantayan.com

☐ Robert P. Charbonneau rpc@ecccounsel.com, nsocorro@ecclegal.com;
ecala@ecclegal.com;bankruptcy@ecclegal.com;jbetancourt@ecclegal.com

☐ Jason M Chodos jchodos@moundcotton.com

☐ Ileana Espinosa Christianson ileana.christianson@gray-robinson.com, jceide@gray-robinson.com;lnegron@gray-robinson.com;ileana.christianson@grayrobinson. com
☐ David C. Cimo dcimo@gjb-law.com, gjbecf@gjb-law.com
☐ Charles I Cohen ccohen@furrcohen.com, pmouton@furrcohen.com
☐ Charles I Cohen pmouton@furrcohen.com, pmouton@furrcohen.com
☐ David A Colvin dcolvin@marquisaurbach.com, mwalters@marquisaurbach.com
☐ Marissa C Corda mcc@katzbarron.com, af@katzbarron.com
☐ Ryan E Davis rdavis@whww.com, thiggens@whww.com
☐ Adrian C. Delancy adelancy@mrthlaw.com, gruiz@mrthlaw.com, ycandia@mrthlaw.com,ecfnotices@mrthlaw.com;mrthbkc@gmail.com
☐ Patrick R Dorsey pdorsey@sfl-pa.com, vchapkin@sfl-pa.com;dwoodall@sflpa. com;scusack@sfl-pa.com
☐ Patrick R Dorsey pdorsey@sfl-pa.com, vchapkin@sfl-pa.com;dwoodall@sflpa. com;scusack@sfl-pa.com
☐ John C Dotterrer dottj@dottlaw.com, luke.bovat@akerman.com
☐ John D Eaton jeaton@shawde-eaton.com, sramirez@shawde-eaton.com
☐ Morgan B. Edelboim medelboim@bastamron.com, mdesvergunat@bastamron.com; jmiranda@bastamron.com; mgarcia@bastamron.com
☐ Manuel Farach mfarach@richmangreer.com, cfeld@richmangreer.com
☐ Thomas H. Fell bknotices@gordonsilver.com, bankruptcynotices@gordonsilver.com
☐ Jeffrey T Foreman jforeman@kennynachwalter.com, pharris@kennynachwalter.com
☐ Michael Foster mfoster@dkdr.com, cm_ecf_service@dkdr.com
☐ Robert G Fracasso Jr rfracasso@shutts.com, jgoodwin@shutts.com
☐ Thomas Joseph Francella tfrancella@wtplaw.com
☐ Carl J Gabrielse carl@holland-law.com, jessica@holland-law.com
☐ James D Gassenheimer jgassenheimer@bergersingerman.com, lmerida@bergersingerman.com;ebrown@bergersingerman.com;efile@bergersinger man.com
☐ David L Gay dgay@bergersingerman.com, jalvarez@bergersingerman.com;efile@bergersingerman.com
☐ Randall L Gilbert rgilbert@theconstructionlawyers.com
☐ Randall L Gilbert rgilbert@theconstructionlawyers.com
☐ Robert N Gilbert rgilbert@carltonfields.com, kdemar@carltonfields.com;wpbecf@cfdom.net
☐ Scott F Gilles sgilles@renonvlaw.com
☐ Daniel L. Gold dgold@ecccounsel.com, bankruptcy@ecclegal.com, nsocorro@ecclegal.com;ecala@ecclegal.com,jbetancourt@ecclegal.com
☐ Michael I Goldberg michael.goldberg@akerman.com, charlene.cerda@akerman.com
☐ Marc I Goldsand mgoldsand@mcdonaldhopkins.com, avalido@mcdonaldhopkins.com;yguerra@mcdonaldhopkins.com
☐ Alvin S. Goldstein mmitchell@furrcohen.com

☐ Douglas R. Gonzales dgonzales@wsh-law.com
☐ Emily L. Grant ecottrell@heroldsagerlaw.com, chendricks@heroldsagerlaw.com
☐ Emily L. Grant egrant@heroldsagerlaw.com, chendricks@heroldsagerlaw.com
☐ Merrick L Gross mgross@carltonfields.com, ppowers@carltonfields.com
☐ Merrick L Gross mgross@carltonfields.com, ppowers@carltonfields.com
☐ Gregory S Grossman ggrossman@astidavis.com
☐ Matthew W Hamilton mhamilton@fulcruminv.com
☐ Ross R Hartog rhartog@mrthlaw.com,
ycandia@mrthlaw.com;ecfnotices@mrthlaw.com;areisino@mrthlaw.com;gruiz@m
rthlaw.com;jgarey@mrthlaw.com;mrthbkc@gmail.com
☐ Monique D Hayes mhayes@gjb-law.com, gjbecf@gjb-law.com
☐ Monique D Hayes mhayes@gjb-law.com, gjbecf@gjb-law.com
☐ Phillip M. Hudson III pmhudson@arnstein.com, jtunis@arnstein.com;
hpiloto@arnstein.com;befernandez@arnstein.com;cofalla@arnstein.com;bwilliams
@arnstein.com
☐ Jason A Imes bkfilings@s-mlaw.com
☐ Kenneth B Jacobs kjacobs@gray-robinson.com, zhosseini@gray-robinson.com
☐ Thomas E Kaaran kthomas@mcdonaldcarano.com,
mmorton@mcdonaldcarano.com
☐ Anthony Kang akang@arnstein.com
☐ Soneet Kapila trustee@kapilaco.com, FL68@ecfcbis.com
☐ Soneet Kapila trustee@kapilaco.com, FL68@ecfcbis.com
☐ Mychal J Katz mkatz@ralaw.com
☐ Mark B Kleinfeld mkleinfeld@bellsouth.net
☐ Andrew R. Kruppa Andrew.kruppa@squiresanders.com
☐ Philip J Landau plandau@sfl-pa.com, lrosetto@sfl-pa.com;blee@sflpa.
com;vchapkin@sfl-pa.com;pdorsey@sfl-pa.com
☐ Philip J Landau plandau@sfl-pa.com, lrosetto@sfl-pa.com;blee@sflpa.
com;vchapkin@sfl-pa.com;pdorsey@sfl-pa.com
☐ Elisa R Lemmer elisa.lemmer@weil.com, lori.seavey@weil.com
☐ David M. Levine dml@lkllaw.com, lv@lkllaw.com
☐ David M. Levine dml@lkllaw.com, lv@lkllaw.com
☐ Joan M Levit joan.levit@akerman.com, charlene.cerda@akerman.com
☐ Sarah J Lis slis@waldmanlawfirm.com
☐ Corali Lopez-Castro clc@kttlaw.com, rcp@kttlaw.com
☐ Laudy Luna ll@lgplaw.com, de@lgplaw.com
☐ Isaac M Marcushamer imarcushamer@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com
☐ Aleida Martinez Molina amartinez@wsh-law.com, jfuentes@wsh-law.com
☐ Jason S Mazer jmazer@vpl-law.com, kshaw@vpl-law.com;csteklof@vpllaw.
com;aHacker@vpl-law.com;mmoore@vpl-law.com;cgudaitis@vpllaw.
com;lrodriguez@vpl-law.com;receptionist@vpl-law.com
☐ Frank F McGinn ffm@bostonbusinesslaw.com
☐ Paul J McMahon pjm@pjmlawmiami.com
☐ Robert C Meacham rmeacham@mmdpa.com,
lraymond@mmdpa.com;lbobrow@mmdpa.com;deanah@mmdpa.com

- Robert C Meacham rmeacham@mmdpa.com,
lraymond@mmdpa.com;lbobrow@mmdpa.com;deanah@mmdpa.com
- Thomas M. Messana tmessana@messana-law.com, emair@messanalaw.
com;blieberman@messana-law.com;thurley@messanalaw.
com;tmessana@bellsouth.net;nbarrus@messanalaw.
com;ekates@bakerlaw.com;jmooremaley@messanalaw.
com;tzeichman@messana-law.com
- Lawrence H Meuers lmeuers@meuerslawfirm.com,
sdefalco@meuerslawfirm.com;lrogers@meuerslawfirm.com
- Harold D Moorefield Jr. hmoorefield@stearnsweaver.com,
cgraver@stearnsweaver.com;bank@stearnsweaver.com;larrazola@stearnsweaver.c
om;rross@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com
- Glenn D Moses gmoses@gjb-law.com, gjbecf@gjb-law.com
- Glenn D Moses gmoses@gjb-law.com, gjbecf@gjb-law.com
- Patrick M Mosley pmosley@hwhlaw.com, telam@hwhlaw.com
- Barry E. Mukamal bankruptcy@marcumllp.com
- Michael R. Mushkin michael@mushlaw.com,
darrell@mushlaw.com;shirley@mushlaw.com;karen@mushlaw.com;marco@mush
law.com;receptionist@mushlaw.com
- Arthur C. Neiwirth aneiwirthcourt@qpwblaw.com
- Ari Newman newmanar@gtlaw.com,
crossmann@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Ronald S. Nisonson rnisonson@warddamon.com, khushower@warddamon.com;
smccaulley@warddamon.com;ndalton@warddamon.com
- Kenneth E Noble kenneth.noble@kattenlaw.com,
NYC.BKNotices@kattenlaw.com
- Kenneth E Noble kenneth.noble@kattenlaw.com,
NYC.BKNotices@kattenlaw.com
- Timothy J Norris tjnorris@duanemorris.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- R Shawn Oliphant bankruptcy@renovlaw.com, dkent@renonvlaw.com
- Paul L. Orshan paul@orshanpa.com, maria@orshanpa.com;estone@orshanpa.com
- Paul L. Orshan paul@orshanpa.com, maria@orshanpa.com;estone@orshanpa.com
- Richard B. Parnell rparnell@parnelllaw.com, denise@parnelllaw.com
- Jimmy D. Parrish jparrish@bakerlaw.com,
OrlBakerDocket@bakerlaw.com;rmalave@bakerlaw.com
- Allen P Pegg apegg@mwbm.com
- Becky Pintar bpintar@gglts.com
- James H Post jpost@smithhulsey.com,
busey@smithhulsey.com;tcopeland@smithhulsey.com;kdaw@smithhulsey.com;cd
ix@smithhulsey.com;kstewart@smithhulsey.com
- Moumita Rahman moumita@rahmanlawpllc.com
- Craig V. Rasile craig.rasile@dlapiper.com, monica.tucker@dlapiper.com,
jacqueline.figueroa@dlapiper.com,rachel.nanes@dlapiper.com
- David H Reimer david@rrcounsel.com
- Robert F. Reynolds rreynolds@slatkinreynolds.com,

imalcolm@slatkinreynolds.com
- Richard Y Rho rhorichard@hotmail.com
- Arthur H Rice arice.ecf@rprslaw.com
- Harley E. Riedel hriedel.ecf@srbp.com
- Heather L. Ries hries@foxrothschild.com, kbaker@foxrothschild.com
- Seth P Robert srobert@brownrobert.com
- Peter J Roberts proberts@shawfishman.com
- Ralf R Rodriguez rrodriguez@pecklaw.com, jfried@pecklaw.com
- Traci H Rollins traci.rollins@squiresanders.com,
linda.parsons@squiresanders.com;carol.lesnick@squiresanders.com
- Robin J. Rubens rjr@lkllaw.com, cag@lkllaw.com
- Rex E Russo rexlawyer@prodigy.net
- D Jean Ryan courtmail@ryanlawfirmpa.com
- Luis Salazar salazar@salazarjackson.com,
jackson@salazarjackson.com;aguilar@salazarjackson.com;Lee-
Sin@SalazarJackson.com
- Carlos E. Sardi csardi@gjb-law.com, gjbecf@gjb-law.com;ecastellanos@gjblaw.
com
- Lisa M Schiller lschiller.ecf@rprslaw.com
- Michael L Schuster mschuster@gjb-law.com, gjbecf@gjb-law.com
- Matthew H Scott mhs@trippscott.com, bankruptcy@trippscott.com
- Patrick S. Scott patrick.scott@gray-robinson.com
- Michael D. Seese mseese@seeselaw.com, sseward@seeselaw.com
- Susan H Sharp ssharp.ecf@srbp.com
- Zach B Shelomith zshelomith@lslawfirm.net,
apopowitz@lslawfirm.net;cderby@lslawfirm.net
- Bradley S Shraiberg bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;vchapkin@sflpa.
com;lrosetto@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com
- Michael J Shuman mshuman@dkdr.com, cmackey@dkdr.com
- Steven I Silverman ssilverman@klugerkaplan.com, clong@klugerkaplan.com
- Steven I Silverman ssilverman@klugerkaplan.com, clong@klugerkaplan.com
- Paul Steven Singerman singerman@bergersingerman.com,
mdiaz@bergersingerman.com;efile@bergersingerman.com
- Jeffrey W. Spear jwspear@duanemorris.com, camartin@duanemorris.com
- Scott A Stichter sstichter.ecf@srbp.com
- Frank Terzo frank.terzo@gray-robinson.com, lnegron@grayrobinson.
com;jennifer.phillips@gray-robinson.com
- Cheryl Thompson cthompson@anthonyandpartners.com,
efilings@anthonyandpartners.com
- Diane Noller Wells dwells@devinegoodman.com, efiling@devinegoodman.com
- David M Zack dmzack@mcalpinelawfirm.com,
dwblevins@mcalpinelawfirm.com;dajaworski@mcalpinelawfirm.com
- Warren D Zaffuto wdzaffuto@duanemorris.com,
JNRuiz@duanemorris.com;XEQuinones@duanemorris.com
- Joel C Zwemer jzwemer@deanmead.com

*Served via first class United States Mail to:*

AKFCF, Inc
10432 N Lake Vista Cr
Davie, FL 33328

Abatix Corp
2400 Skyline Dr #400
Mesquite, TX 75149

Noah G. Allison
3191 E Warm Springs Rd
Longford Plaza East, Bldg 13
Las Vegas, NV 89120

Corby D. Arnold
2965 S Jones Blvd #A
Las Vegas, NV 89146

Jean Marie L Atamian, Esquire
Mayer Brown, LLP
1675 Broadway
New York, NY 10019-5820

Edward M. Baird
505 Maitland Ave #1000
Altamonte Springs, FL 32701

Carla M Barrow
2525 Ponce de Leon Blvd #700
Coral Gables, FL 33134

Apollo Investment Fund, VII,
LP
c/o Steven Pesner
1 Bryant Park
New York, NY 10036

Christopher R Belmonte
230 Park Ave
New York, NY 10169

Bruce Bennett
865 S Figueroa Ave
Los Angeles, CA 90017

Jed I. Bergman
1633 Broadway
New York, NY 10019

Richard J Bernard, Esquire
Foley & Lardner
90 Park Avenue
New York, NY 10016-1314

Laurie R. Binder, Esquire
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004-1405

Don W. Blevin
3201 University Dr #100
Auburn Hills, MI 48326

Joel Bloom
713 Proud Eagle Ln
Las Vegas, NV 89144

Blue Creek Funding LLC
228 Park Ave. S. #8793
New York, NY 10003-1502

Herman M. Braude
1200 Potomac St NW
Washington, DC 20007

Brencourt Credit Opportunities
Master Ltd
280 Park Avenue, 30th Foor
New York, NY 10017

Brigade Leveraged Capital
Structures
Fund, Ltd.
399 Park Ave, 16 Fl
New York, NY 10022

Patrick Burrus
4643 Lost Creek Ct
Las Vegas, NV 89031-2195

Bradley J. Butwin, Esquire
O'Melveny & Myers, LLP
7 Times Square
New York, NY 10036

Daniel L. Cantor, Esquire
O'Melveny & Myers, LLP
7 Times Square
New York, NY 10036

Cantor Fitzgerald Securities
110 E 59 St
New York, NY 10022

Carlyle High Yield Partners VI
Ltd
520 Madison Ave
New York, NY 10022

Citigroup Financial Products
Inc.
c/o Citibank NA - Brian
Blessing
1615 Brett Road Ops III
New Castle, DE 19720

Kelly M. Cooper
Fox Rothschild
Midtown Building
1301 Atlantic Ave., #400
Atlantic City, NJ 08401

Max E. Corrick
9950 West Cheyenne Ave
Las Vegas, NV 89129

Craig Road Development
Corporation
1812 Luna Vista Place
North Las Vegas, NV 89084-
2084

Debello Investors LLC
c/o Dante Domenichelli
411 West Putnam Ave
Greenwich, CT 06824

Jeffrey M. Dine, Esquire
Seward & Kissel LLP
1 Battery Park Plaza
New York, NY 10004-1405

Eric Dobberstein
8965 S Eastern Ave #280
Las Vegas, NV 89123

Lars Evensen, Esquire
Holland & Hart
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

Howard C. Karawan
19950 West Country Club Drive
Aventura, FL 33180

Marina Fineman
1901 Avenue of the Stars 12th
FL
Los Angeles, CA 90067

Andrew Finn
3748 Sunridge Dr
Park City, UT 84098

Jason Fjare
5208 Frank Borman
Las Vegas, NV 89145

Steven R. Fox
17835 Ventura Blvd #306
Encino, CA 91316

Frazee Industries, Inc.
Baird Williams & Greer, LLP
c/o James B. Reed,
6225 N. 24th Street, Suite 125
Phoenix, AZ 85016

David M. Friedman
1633 Broadway
New York, NY 10019

Jeff J. Friedman
575 Madison Ave
New York, NY 10022-2585

Garces Restaurant Group LLC
c/o Robert W Keddie III, Esq
502 Carnegie Center #103
Princeton, NJ 08540

Gregory E Garman
3960 Howard Hughes Pkwy 9 Fl
Las Vegas, NV 89109

Phillip A. Geraci
425 Park Ave
New York, NY 10022

Robert W. Glantz
321 North Clark St #800
Chicago, IL 60654

Glenn Rieder, Inc.
3420 West Capitol Dr
Milwaukee, WI 53216

Eric D. Goldberg
1901 Ave of the Stars 12th FL
Los Angeles, CA 90067

Eric S. Golden
200 S. Orange Ave #2300
POB 112
Orlando, FL 32802

HSH Nordbank AG, New York
Branch
c/o Aaron Rubinstein, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

HSH Nordbank AG, New York
Branch
c/o Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Gabrielle A. Hamm
3960 Howard Hughes Pkwy
9th Floor
Las Vegas, NV 89169

Ronald P Hanes
707 N Franklin St, Fl 10
Tampa, FL 33062

Dennis R. Haney
400 S Fourth St 3rd FL
Las Vegas, NV 89101

Lance A. Harke, Esquire
Harke Clasby & Bushman LLP
9699 NE 2nd Avenue
Miami Shores, FL 33138-2721

James F. Harrington
201 Alhambra Circle #1102
Coral Gables, FL 33134

Leslie R Horowitz
800 Wilshire Blvd 12fl
Los Angeles, CA 90017

Mark J. Hyland
1 Battery Park Plaza
New York, NY 10044

Frederick D. Hyman, Esquire
Mayer Brown, LLP
1675 Broadway
New York, NY 10019-5820

IKON Financial Services
1738 Bass Rd
POB 13708
Macon, GA 31208

International Bedding Corp
c/o Michele Scheppmann
1000 NW 65 St #103
Ft Lauderdale, FL 33309

Todd Kaplan
Citadel Derivatives Group LLC
131 Dearborn St
Chicago, IL 60603

Eve H. Karasik
1901 Ave of the Stars 12th FL
Los Angeles, CA 90067

Marc E. Kasowitz
1633 Broadway
New York, NY 10019

Lynn T. Katz
6502 W Mesa Vista Ave
Las Vegas, NV 89118

Kelt, LLC
c/o Harry Pool / Matthew
Rosencrans
The Royal Bank of Scotland plc
600 Washington Boulevard
Stamford, CT 06901

Jack J. Kessler
19950 AW Country Club Dr
#101
Aventura, FL 33180

Jason I. Kirschner, Esquire
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820

Lockwood FB I, LLC
600 Madison Avenue, 20th Floor
New York, NY 10022

Dean J. Kitchens
333 S Grand Ave
Los Angeles, CA 90071

Joshua T. Klein
2000 Market St - 10th Floor
Philadelphia, PA 19103

Frances Kneisc
2443 Granada Bluff Ct
Las Vegas, NV 89135

John Koch
1313 Stacey Ln
Boulder City, NV 89005

Kozyak Tropin & Throckmorton
c/o David L. Rosendorf
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134

Eve H. Karasik
1901 Ave of the Stars 12th FL
Los Angeles, CA 90067

Marc E. Kasowitz
1633 Broadway
New York, NY 10019

Lynn T. Katz
6502 W Mesa Vista Ave
Las Vegas, NV 89118

Matthew G. Krause
8751 W Broward Blvd #100
Plantation, FL 33324

Andrew A. Kress
425 Park Ave
New York, NY 10022

Robert O. Kurth
3420 N Buffalo Dr
Las Vegas, NV 89129

Kurtzman Carson Consultants
LLC
2335 Alaska Avenue
El Segundo, CA 90245

Mark Lefever
9433 Queen Charlotte Dr
Las Vegas, NV 89145

Arthur S. Linker
575 Madison Ave
New York, NY 10022-2585

Jennifer R. Lloyd-Robinson
6750 Via Austi Parkway #170
Las Vegas, NV 89119

Thomas D. Lumpkin
6258 SW 99 Ter
Pinecrest, FL 33146

Alan H Martin
650 Town Center Dr, 4 Fl
Costa Mesa, CA 92626

Richard G. Mason
51 W 52 St
New York, NY 10019

Kyle Mathews
333 S Hope St, 48 Fl
Los Angeles, CA 90071

Josefina Fernandez McEvoy
1800 Century Park East #300
Los Angeles, CA 90067-1506

Mechanical Systems West Inc.
15800 SW Nighthawk Drive
Beaverton, OR 97007

Sharon Merrill
Adorno & Yoss LLP
350 East Las Olas Blvd, Ste
1700
Fort Lauderdale, FL 33301

Joshua M. Mester
865 S Figueroa Ave
Los Angeles, CA 90017

Jaclyn Miller
1282 Imperia Dr
Henderson, NV 89052

Harold W. Mitts
10955 Lowell #350
Overland Park, KS 66210

Robert W. Mockler
865 South Figuero St #2900
Los Angeles, CA 90017

Mindy A. Mora
200 S Biscayne Blvd #2500
Miami, FL 33131

Morgan Stanley Senior Funding,
Inc.
c/o Vanessa Marling
1 Pierrepont Plaza 7th Fl
Brooklyn, NY 11201

Seth A. Moskowitz
1633 Broadway
New York, NY 10019

Barry E Mukamal
1 SE 3rd Ave 9th Floor
Miami, FL 33131

Victoria L. Nelson
400 South 4 St, 3 Fl
Las Vegas, NV 89101

Matthew D. Novello
3201 University Dr #100
Auburn Hills, MI 48326

Christopher A. Nowlin, Esquire
Gibson Dunn
333 S Grand Ave
Los Angeles, CA 90071-3197

Stephen Olson
7131 S Durango Dr Unit #207
Las Vegas, NV 89113

Audrey Oswell
405 Royalton Dr
Las Vegas, NV 89144

Anthony L. Paccione
575 Madison Ave
New York, NY 10022-2585

Christine M. Pajak
1901 Avenue of the Stars 12th
FL
Los Angeles, CA 90067

Matthew D. Parrott
575 Madison Ave
New York, NY 10022-2585

Robin E. Perkins
221 N. Buffalo Dr #A
Las Vegas, NV 89145

Andre R. Perron
2816 Manatee Ave West
Bradenton, FL 34205

Gregory E. Pessin
51 W 52 St
New York, NY 10019

Bryan J. Pezzillo
6750 Via Austi Parkway #170
Las Vegas, NV 89119

Gregory Pierce
8574 Coyote Peak Cir
Las Vegas, NV 89147

Oscar N. Pinkas, Managing
Assoc.
SNR Denton US LLP
1221 Avenue of the Americas,
24th Fl
New York, NY 10020-1001

Katherine C. Piper
2121 Ave of the Stars #2800
Los Angeles, CA 90067

Daniel Preuss
POB 30370
Las Vegas, NV 89173-0370

Amelia Toy Rudolph on behalf
of Creditor
Deloitte & Touche, LLP
999 Peachtree St NE
Atlanta, GA 30309

Thomas C. Rice
425 Lexington Ave
New York, NY 10017

Mark S. Roher, Esquire
Rosenthal Rosenthal Rasco
Kaplan,
LLC
20900 NE 30th Avenue, Suite
600
Aventure, FL 33180-2164

Jason A. Rose
327 California Ave
Reno, NV 89502

Jonathan Rosenberg, Esquire
O'Melveny & Myers, LLP
7 Times Square
New York, NY 10036

A. Robert Rosin
777 Cuesta Dr #200
Mountain View, CA 94040

Fox Rothschild
1800 Century Park E #300
Los Angeles, CA 90067

Alan Rubin
100 Second St 34th Fl
Miami, FL 33131

Aaron Rubinstein
425 Park Ave
New York, NY 10022

SAMFET
57 Rue Grimaldi
Le Panorama Block CD
Monaco, 98000

SOLA Ltd
c/o Solus Alternative Asset
Management
410 Park Avenue 9th Fl
New York, NY 10022

Linda L. Sager
550 Second St #200
Encinitas, CA 92024

Milo Sager
1013 Gunman Way
Henderson, NV 89002

Jay Sakalo
200 S Biscayne Blvd # 2500
Miami, FL 33131

Beverly Salhanick
2001 S Jones #I
Las Vegas, NV 89146

Lenard E. Schwartz
2850 S Jones Blvd #1
Las Vegas, NV 89146

Shlomo S. Sherman
701 Bridger Ave #850
Las Vegas, NV 89101

Adam M Shonson
1441 Brickell Ave # 1200
Miami, FL 33131

Mark T. Snelson
505 Maitland Ave #1000
Altamonte Springs, FL 32701

Tanis Snyder
3014 Atwater Dr
North Las Vegas, NV 89032

Patricia Sorensen
1438 E Rashide St
Las Vegas, NV 89119

Southwest Energy Systems
2231 E Jones Ave #A
Phoenix, AZ 85040

David N. Stern
401 E Las Olas Blvd. #1400
Ft Lauderdale, FL 33301

Justin S. Stern
425 Lexington Ave
New York, NY 10017

John R. Stevenson
151 S Old Woodward Ave #200
Birmingham, MI 48009

Alek Strygin
865 S Figueroa Ave #2900
Los Angeles, CA 90017

William Sushon, Esquire
O'Melveny & Myers, LLP
7 Times Square
New York, NY 10036

Amy J Swedberg
90 S 7 St #3300
Minneapolis, MN 55402

Symphony CLO II Ltd
601 Travis St
Houston, TX 77002

Tina M Talarchyk
505 South Flagler Dr #300
West Palm Beach, FL 33401

Kesha Tanabe
90 South Seventh St
3300 Wells Fargo Center
Minneapolis, MN 55402

Charles M. Tatelbaum, Esquire
Hinshaw & Culbertson LLP
1 E. Broward Blvd., Suite 1010
Ft. Lauderdale, FL 33301-1866

Whitney Thier
1413 Splendido Dr
Las Vegas, NV 89117

Thomas Kaaran
100 West Liberty St 10th Fl
Reno, NV 89150

Jenny Torres
125 Worth Ave. # 310
Palm Bch, FL 33480

Michael A. Urban
4270 Decatur Blvd #A-9
Las Vegas, NV 89103

Andrea Yassemedis on behalf of
Plaintiff
Bank of America, N.A.
10 S Wacker Dr 40 Fl
Chicago, IL 60606

Philip T. Varricchio
1320 S Casino Ctr Blvd
Las Vegas, NV 89104

Gary S. Vicchairelli
528 Tabasco Cat Ct
Henderson, NV 89015

Michael J. Viscount
1301 Atlantic Ave
Atlantic City, NJ 08401-7212

Wahid Vizcaino
3191 Coral Way #401
Miami, FL 33145

Glenn J Waldman
2200 N Commerce Pkwy #202
Weston, FL 33326

Aviva L Wernick
201 S Biscayne Blvd #2500
Miami, FL 33131
West Publishing Company
POB 64833
St. Paul, MN 55164

Wexford Spectrum Investors
LLC
c/o Wexford Capital LP
411 W Putnam Ave
Greenwich, CT 06824

Clark T Whitmore
90 S 7 St #3300
Minneapolis, MN 55402

Donald H. Williams
612 South 10th St
Las Vegas, NV 89101

Eric D. Winston
865 S. Figueroa St 10th Fl
Los Angeles, CA 90017

Peter D. Wolfson, Esquire
SNR Denton
1221 Avenue of the Americas
New York, NY 10020-1001

David J Woll
425 Lexington Ave
New York, NY 10017

David Y Wolnerman, Esquire
White & Wolnerman, PLLC
469 7th Avenue, Suite 257
New York, NY 10018

D. Farrington Yates, Partner
SNR Denton
1221 Ave of the Americas, 24th
Floor
New York, NY 10020-1001

Jill Nicole Averett
599 Lexington Ave
New York, NY 10022

Candace Carlyon
701 Bridger #850
Las Vegas, NV 89101

Crown Equipment Corporation
c/o Peter J Donahue
1900 Kettering Tower
40 N Main Street
Dayton, OH 45423-1013

Mandy DeRoche on behalf of
Defendant
Wilmington Trust FSB
1 Battery Park Plaza
New York, NY 10004

Patricia A Gorham, Esq.
999 Peachtree St NE
Atlanta, GA 30309

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

Nathan A. Cazier
4 Park Plaza, Suite 1100
Irvine, CA 92614

James H. Fierberg, Esq. on
behalf of
Creditor Term Lender Steering
Group
1 S.E. 3 Ave 25th Fl
Miami, FL 33131