UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.usgourts.gov

In re:

FONTAINEBLEAU LAS VEGAS                    CASE NO. 09-21481-BKC-AJC
HOLDINGS, LLC, *et al*.,                   CHAPTER 7
                                           (Jointly Administered)
                     Debtors.

_____/

## TERM LENDERS' OBJECTION TO CHAPTER 7 TRUSTEE'S EXPEDITED MOTION TO APPROVE DISCOVERY PROTOCOL AND PROCEDURES ORDER

The Term Lenders[1] object to the "Trustee's Expedited Motion To Approve Discovery Protocol" (ECF 4471) (the "Procedures Motion"), because the discovery protocol, procedures, and schedule proposed for consideration of the "Trustee's Motion (I) for Approval of a Settlement and Compromise of Certain Director, Officer and Manager Litigation Pursuant to Fed. R. Bankr. P. 9019, and (II) for entry of bar order related thereto" (ECF 4470), filed on June 26, 2014 (the "9019 Motion"), do not afford the Term Lenders with a sufficient opportunity to develop and present their case to this Court.

The Term Lenders will, in advance of the July 2, 2014, status conference, file a preliminary objection (the "Preliminary Objection") to the 9019 Motion, pursuant to which the Trustee seeks approval of a "Settlement Agreement" that will only become effective if this Court enters an order granting the Defendants and the Insurers complete and total relief from claims asserted by the Term Lenders against the Defendants in Nevada state court (the "Nevada Action").

---

[1] The Term Lenders are listed in Exhibit D to the Joint Motion to Approve the Comprehensive Settlement Agreements (ECF 4/29, Ex. D).

As is evident from both the 9019 Motion and the Preliminary Objection, there are numerous disputes, both factual and legal, that will need to be determined by this Court. Based on the Term Lenders review of the 9019 Motion, but without the benefit of any discovery, all of the following major issues must be addressed at the trial:

1.      <u>The value of the claims asserted by the Term Lenders in the Nevada Action and the likelihood that the Term Lenders will prevail</u>. The value of the Term Lenders claim is relevant not only to application of the second prong of the *Munford* test (the likelihood that the Term Lenders will prevail), but also the Term Lenders' entitlement to adequate protection of their interest in the claims. Resolution of this issue by the Court will require fact and expert witnesses to enable this Court to evaluate the merits of the Term Lenders' claims.

To prove the fraud and misrepresentations upon which the Term Lenders or their predecessors relied, the Term Lenders intend to call, as fact witnesses, each of the Defendants who are seeking the "Bar Order" (Jeffrey Soffer, Glenn Schaeffer, Deven Kumar, Albert Kotite and James Freeman). The Term Lenders also intend to depose each of those Defendants. They will also depose Cheryl Ross, who worked for Turnberry West Construction ("TWC") and was responsible for the budgeting process and the creation of the two sets of cost reports and other materials: the false budgets that were provided to the lenders and referred to as the "Bank Budget," and another budget that reflected the actual anticipated construction costs hidden from the lenders that was referred to as "Jeff's Budget," "Soffer's Budget," or the "Real Budget." (Ms. Ross lives in Montana. Thus, it is anticipated that her testimony will be offered by deposition ). The Term Lenders also intend to offer testimony from a construction expert and a damages expert. In addition to the above, the Term Lenders will seek discovery from the Trustee, the Insureds, and Defendants, through document requests, interrogatories, and

deposition, regarding their valuation of the Term Lenders' independent claims, and offer such evidence through exhibits or testimony obtained through discovery.

2.    The availability of $126 million in insurance coverage.  The availability of insurance is relevant to the collectability of any judgment obtained by the Term Lenders or the Trustee.  The Trustee argues that the D&O Policies are in imminent danger of depletion.  The Term Lenders will request documents, if necessary, and deposition testimony from the Insurers (under Rule 30(d) of the Federal Rules of Bankruptcy Procedures) and the Trustee regarding the amount of fees incurred to date that have been paid under the D&O Policies, the litigation matters in which such fees were incurred, and the amount of remaining coverage.  In addition, the Trustee contends in the 9019 Motion that there are questions regarding the availability of coverage under the "National Union Tower."  The Term Lenders will seek documents and deposition testimony from the relevant Insurers (pursuant to Rule 30(b)(6) of the Federal Rules of Bankruptcy Procedure) regarding the basis for their position, as well as from the Trustee regarding his prior assessment that the coverage defenses of the Insurers are "meritless."  The Term Lenders also intend to offer an expert witness who will testify as to the amount and validity of coverage available under both towers of insurance, and whether there is any meaningful risk that such coverage will be depleted in the near term.

3.    The potential existence of bad faith insurance claims.  The Trustee has filed multiple "Civil Remedy Notices of Insurer Violations" with the Florida Office of Insurance Regulation against the Insurers, asserting that they violated Florida statutes by, among other actions, "not attempting in good faith to settle claims."  The Term Lenders will seek documents and depositions under Rule 30(b)(6) from the Insurers regarding the violations alleged by the Trustee.  The Term Lenders will also seek discovery from the Trustee (including non-privileged documents in the possession of his insurance counsel) regarding the Trustee's investigation and

pursuit of "bad faith" claims before the Florida Office of Insurance Regulation and otherwise. Finally, the Term Lenders intend to offer an expert witness who will provide testimony regarding the viability of the "bad faith" claims asserted by the Trustee and that otherwise exist.

4.    The financial condition of all of the Defendants.  With respect to the collectability of any judgment, the Term Lenders will seek documents from and propound interrogatories to each of the Defendants, and based on the information disclosed therein, will seek discovery from third parties that have information regarding Defendants' financial condition.  The Term Lenders will also depose Jeffrey Soffer and, depending on the discovery obtained from other Defendants, depose one or more of them as well.  Expert testimony from accountants or financial advisors may be needed to evaluate Mr. Soffer's net worth and liquidity.

The Term Lenders will also request documents from and depose the Trustee regarding his investigation and evaluation of Defendants' financial condition..

5.    The Term Sheet.  The Term Lenders will seek discovery (including documents and deposition testimony) from the Trustee and his professionals regarding the negotiation and execution of the Term Sheet, under which the Trustee agreed that the Term Lenders would be entitled to direct payment of 57.5% of any settlement proceeds, and also share pro rata, as an unsecured creditor, in the remaining 42.5% to be paid to the Debtors' estate.   The Term Lenders will also seek documents and deposition testimony regarding the Trustee's refusal to abide by the Term Sheet.

6.    The exclusion of the Term Lenders from certain mediation sessions.  In support of their position that the Settlement Agreement is not "fair and equitable" to them, the Term Lenders will request production of documents from the Trustee, the Defendants and the Insureds regarding the exclusion of  the Term Lenders from parts of the mediation.  Depending on the information disclosed in such documents, the Term Lenders will seek to depose the individuals

(whose identity is currently unknown to the Term Lenders) who were involved in excluding them from parts of a mediation to which the Term Lenders were a party.

       7.    <u>Decision of Trustee to enter into Settlement Agreement</u>.  The Term Lenders will request production of documents and deposition testimony from the Trustee regarding his decision to enter into the Settlement Agreement and his evaluation of the factors to be considered under *Munford* and *Justice Oaks*.

      Based upon the forgoing, the depositions that have to be conducted by the Term Lenders in advance of any deadline for the production of expert reports are as follows:

      a)     Trustee:  Soneet Kapila, Jason Mazer.

      b)     Nevada Defendants:  Jeff Soffer, Glenn Schaeffer, Deven Kumar, James Freeman, and Albert Kotite.

      c)     Insurers:  Either pursuant to Rule 30(b)(6) or of client representatives who are Allan Jacobs (AIG), Tricia Melly (XL), James Winkler (Navigators), Joe Mooney (Catlin), Richard Brown (Federal Insurance Company), Eric Marlen (Great American), and John Varley (ACE Insurance).

      d)     Other:  Cheryl Ross.

      The Term Lenders do not know what discovery the Trustee intends to conduct.  Clearly that discovery will consume time as well.

* * *

      For the most part, the Term Lenders will not be in a position to begin taking depositions until production of documents by the Trustee, the Defendants and the Insureds is complete.[2] Otherwise, witnesses might have to be redeposed, leading to extension of all deadlines.

---

[2] There are some exceptions, such as the deposition of Cheryl Ross from TWC, which the Term Lenders are prepared to take in mid-July.

Moreover, the documents produced in response to initial requests for production of documents may lead to additional documents requests, from the Parties or from third parties. For example, discovery regarding Jeffrey Soffer's financial condition will initially be directed at him but will also necessarily include discovery directed to financial institutions and other entities in possession of specific information that the Term Lenders will require to verify Soffer's reported wealth. The identities of these financial institutions and other entities is currently unknown.

It will also be necessary for fact discovery to be completed or very nearly complete in advance of the preparation of certain expert reports, which will necessarily be based upon and refer to results of information generated through fact discovery. This includes expert testimony regarding the availability of insurance and any coverage defenses (such as the arguments made with respect to the National Union Tower), the claims for statutory violation asserted against the Insurers by the Trustee, and the financial condition of the Defendants.

Notwithstanding the amount of discovery and other work required to prepare for an evidentiary hearing, the Settlement Agreement requires that this Court enter a "Bar Order" by no later than August 31, 2014. That short time frame of just two months is inconsistent with the basic requirements of due process in this case (where the Defendants are seeking the enjoin the prosecution of a lawsuit that seeks more than a $1 billion in damages), and will deprive the Term Lenders of a fair opportunity to present evidence of their objections to this Court. In contrast, the parties to the Settlement Agreement will not be prejudiced if the evidentiary hearing does not occur until late September or early October. The absence of prejudice is particularly evident now that, based on the filing of the 9019 Motion, Defendants obtained a 90-day stay of the Nevada Action, which the Nevada state court indicated would be further continued until the proceeding on the 9019 Motion is completed. Under these circumstances, any refusal of the Trustee, Defendants or Insurers to agree to extend the deadline under the Settlement Agreement

would confirm their intent to deprive the Term Lenders of due process and a fair opportunity to present evidence to this Court that the Settlement Agreement and Bar Order should not be approved.

In lieu of the schedule proposed by the Trustee, the Term Lenders respectfully submit that this Court should approve the schedule in the Term Lenders' proposed form of "Procedures Order," attached as Exhibit A.[3]  The following chart compares the dates proposed by the Term Lenders and the Trustee.

| Event | Date/Deadline Under Term Lenders Procedures Order | Date/Deadline Under Trustee Procedures Order |
|---|---|---|
| Trustee Initial Identification of Fact Witnesses | No later than July 10, 2014 | N/A |
| Objectors Initial Identification of Fact Witnesses | No later than July 17, 2014 | Upon filing of Objection |
| Serve Objections | No later than July 17, 2014 | No later than July 17, 2014 |
| Deadline to provide certification of completion of production of documents, serve objections and responses to discovery requests. | 10 days after service of discovery request | 10 days after service of discovery request |
| Deadline for service of written discovery | No later than August 7, 2014 | No later than July 17, 2014 (or July 22, 2014 for written discovery responsive to 9019 Motion or Objections) |
| Fact Discovery Cutoff | August 22, 2014 | August 15, 2014 |
| Identification of Expert Witnesses and subject matter of testimony | On or before August 14, 2014 | N/A |
| Expert witness disclosures | August 25, 2014 | N/A |

---

[3] A blackline showing the Term Lenders' revisions to the Trustee's Proposed Procedures Oder is attached as Exhibit B.

| Identification of rebuttal expert witnesses, subject matter of testimony, rebuttal expert witness disclosures | September 4, 2014 | N/A |
|---|---|---|
| Expert Deposition Cutoff | September 11, 2014 | N/A |
| Pretrial Status Conference | [September 18, 2014] | N/A |
| File Exhibit Lists, Witness lists, declarations to be offered as direct testimony, deposition transcripts | 5 business days before Pretrial Status Conference | 5 days before 9019 Hearing |
| Objections to exhibits, witnesses, declarations, deposition transcripts | Two days before Pretrial Status Conference | N/A |
| Motions in Limine, other Pretrial Motions | 14 days prior to Pretrial Status Conference | N/A |
| Objections to Pretrial Motions | 7 days prior to Pretrial Status Conference | N/A. |
| Reply memorandum in support of Pretrial Motions | Three (3) days prior to Pretrial Status Conference | N/A |
| Memorandum of Law or Trial Brief (optional) | 5 days before trial | 5 days before trial |
| Submission of Trial Exhibit Books | 3 days before trial | 3 days before trial |
| Evidentiary Hearing E | Commencing on or after [September 29, 2014], for period not to exceed 10 days, with time divided evenly between objectors on the one hand and proponents on the other hand. | August 27-29, 2014 (3 days) |

The Procedures Order, as revised by the Term Lenders, includes some additional changes designed to streamline the process and ensure that both sides obtain what they need.

Parties.  One significant change to the Procedures Order relates to the identity of the "Parties" to the proceeding.  The Term Lenders propose that all of the parties to the Settlement

Agreement, including Defendants and Insurers, are to be treated as "Parties" under the Procedures Order, meaning that they can be served with discovery requests (including interrogatories) without the need to issue and serve subpoenas which would result in substantial delays and, under the tight schedule proposed by the Trustee, further preclude any meaningful opportunity for the Term Lenders to obtain the needed discovery.   Instead, such Parties can be served through counsel using the information contained in Paragraph 30 of the Settlement Agreement.

Interrogatories.  The Procedures Order proposed by the Term Lenders also expands, from ten to fifteen, the number of interrogatories that can be served on the Trustee.  Other Parties served with interrogatories are subject to a limit of ten interrogatories.

Privilege logs and certification of completion of production of documents.  The Term Lenders' Procedures Order requires that, within ten days of service  of document requests, responding parties must produce privilege indexes and a certification that production of responsive documents has been completed.  Moreover, the failure to comply with those obligations provides a basis to extend the Fact Deposition Cutoff Date.

Depositions.  Parties shall not be required to identify and premark deposition exhibits two (2) days in advance of deposition.  With respect to the proposed time limit of seven (7) business hours, the Term Lenders will be entitled to use at lease half of that time.

Testimony of Adverse Parties and Declarants.  If any Party includes an adverse Party (or any officer, director, manager or employee of an adverse Party) on its witness list, that adverse Party will make that individual available at trial without the requirement of a trial subpoena.  If direct testimony is offered by declaration in lieu of direct testimony, the Party offering such direct testimony is required to make the witness available for cross-examination unless all Parties agree in writing that such witness need not appear.

These modifications will promote fairness of the process by allowing discovery to take place in a more orderly and sequential manner, with an opportunity to serve follow up discovery requests after receiving an initial production of documents, and by removing many of the arbitrary hurdles to discovery that the Trustee is seeking to impose under the Trustee's Procedures Order.  Accordingly, the Term Lenders respectfully request that this Court enter the Term Lenders' proposed form of Procedures Order which is attached hereto as Exhibit A.

Dated:  Los Angeles, California  
       July 1, 2014

JONES DAY

By:  /s/ Sidney P. Levinson                        
    Bruce S. Bennett (admitted *pro hac vice*)  
    Sidney P. Levinson (admitted *pro hac vice*)  
    555 South Flower Street, 50th Floor  
    Los Angeles, CA  90071  
    Telephone:  (213) 489-3939  
    Facsimile:  (213) 243-2539  
    bbennett@jonesday.com  
    slevinson@jonesday.com

           -and-

    Joshua D. Morse (admission *pro hac vice* to be requested)  
    555 California Street, 26th Floor  
    San Francisco, CA  94104  
    Telephone:  (415) 626-3939  
    Facsimile:  (415) 875-5700  
    jmorse@jonesday.com

           -and-

Dated:  Miami, Florida              AKERMAN LLP (formerly known as Akerman
      July 1, 2014                   Senterfitt LLP or Akerman Senterfitt)


By: */s/ Michael I. Goldberg*
     Michael I. Goldberg (FL Bar No. 886602)
     Las Olas Centre II
     One Southeast Third Avenue, 25th Floor
     Miami, Florida  33131-1714
     Telephone:  (305) 374-5600
     Facsimile:  (305) 374-5095
     *michael.goldberg@akerman.com*

-and-

By: */s/ Joanne Gelfand*
     Joanne Gelfand (FL Bar No. 515965)
     One Southeast Third Avenue, 25th Floor
     Miami, Florida  33131-1714
     Telephone:  (305) 374-5600
     Facsimile:  (305) 982-5694
     *joanne.gelfand@akerman.com*

     *Counsel for the Term Lenders*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.usgourts.gov

In re:

FONTAINEBLEAU LAS VEGAS                    CASE NO. 09-21481-BKC-AJC
HOLDINGS, LLC, *et al.*,                       CHAPTER 7
                                           (Jointly Administered)

            Debtors.

_____/

**[PROPOSED] ORDER ESTABLISHING DISCOVERY AND HEARING PROCEDURES
IN CONNECTION WITH OBJECTIONS TO TRUSTEE'S 9019 MOTION**

THIS MATTER came before the Court on _____ __, 2014 at __:__ a.m./p.m. on the

*Chapter 7 Trustee's Motion for Entry of an Order Approving Discovery Protocol in Regard to*

*Evidentiary Hearing on Motion to Approve Settlement and Compromise of Officer and Director*

*Litigation* [ECF No. _____] (the "Protocol Motion"), in connection with the many issues

attendant to the *Motion of Chapter 7 Trustee, Soneet R. Kapila, (I) for Approval of a Settlement*

*and Compromise of Certain Director, Officer and Manager Litigation Pursuant to Fed. R.*

*Bankr. P. 9019, and (II) for Entry of Bar Order Related Thereto* (hereinafter, the "9019 Motion")

[Main Case ECF No. 4470], which 9019 Motion proposes a settlement that includes the entry of

a required bar order; and (b) the need to establish procedures to facilitate discovery and an

evidentiary hearing (the "9019 Hearing") in connection with any objections to the 9019 Motion.

Having considered the proposed discovery protocols submitted by the Trustee in the Protocol

Motion, the arguments made on the record by various parties at the hearing on the Protocol

-1-

Motion, and being otherwise duly advised, the Court finds good cause for the relief sought

therein in accordance with the terms of this Order. Accordingly, it is

ORDERED as follows:

1.      Any party in interest in these bankruptcy cases who has timely filed and served

any objection to the 9019 Motion (the "Objection") on or before the Objection Deadline (as

defined below) (each an "Objector and collectively, the "Objectors") shall be entitled to seek

discovery of the Trustee and of the parties to the Settlement Agreement (the Defendants and the

Insurers) related to the 9019 Motion as set forth herein. Each Objector, Defendant and Insurer,

and the Trustee, are referred to herein as a "Party" or "Parties."  With respect to the Trustee and

each Defendant and Insurer, service of any discovery requests shall be effective if made by

electronic mail, facsimile, mail, overnight delivery, or hand delivery to the counsel for those

Parties identified in Section 30 of the Settlement Agreement.  With respect to each Objector,

service of any discovery requests shall be effective if made by electronic mail, facsimile, mail,

overnight delivery, or hand delivery to counsel for those Objectors as identified in such

Objection.

2.      Any Objection shall be in writing and shall be filed so as to be actually received

by counsel for the Trustee on or before **4:00 p.m. prevailing Eastern Time on Thursday, July

17, 2014** (the "Objection Deadline").

3.      On or before July 10, 2014, the Trustee, the Defendants and the Insurers shall file

a disclosure with the Court identifying the name and address of each person or entity which it

intends to call as a witness at the 9019 Hearing.  On or before the Objection Deadline, each

Objector shall file a disclosure with the Court identifying the name and address of each person or

entity which it intends to call as a witness at the 9019 Hearing.

4.      Pursuant to Bankruptcy Rule 7034, each Party may serve upon any other Party, or

any third party, requests for production of documents relating to the issues raised by the 9019

Motion or Objection on or before August 7, 2014.  Further, pursuant to Bankruptcy Rule 7033,

each Party may serve upon any other Party no more than ten (10) interrogatories relating to any

issues raised by the 9019 Motion or Objection on or before August 7, 2014; provided, however, that: a) any Objector shall be entitled to serve no more than fifteen (15) interrogatories on the Trustee; and b) any group or committee that consists of or represents, and every entity that represents, multiple creditors that are acting in concert to advance their common interests and not composed entirely of affiliates or insiders of one another are considered to be one "Party" regarding the ten (10) interrogatory limit. Absent a court order for good cause shown, requests for production, admissions, and interrogatories (in each case "Written Discovery") served by an Objector after August 7, 2014 shall be deemed unauthorized, and the receiving Party shall be excused from responding to any untimely or improperly served discovery request without need of seeking or obtaining a protective order.

5.     Pursuant to Bankruptcy Rule 9006(c), the time within which to:  (a) respond and object to any timely served Written Discovery, (b) if claiming privilege or work product protection, provide a privilege index as required under Federal Rule of Bankruptcy Procedure 7026(b)(5); (c) produce all responsive documents and provide written certification to the Party requesting Written Discovery that such production is complete to the best of the Party's knowledge, information and belief formed after reasonable inquiry; (d) answer interrogatories or requests for admission, is shortened to 10 (ten) days after the date of service.

6.     Each Party producing documents to any other Party, whether as a voluntary disclosure or as a discovery response shall bate-stamp and duplicate all responsive documents onto a CD ROM, DVD, hard drive, or secure network "cloud" drive, in the following formats (or as the parties may otherwise agree): For documents that were originally maintained electronically and where native format is available, the producing Party will provide the documents in the following format:

a.     Single page Bates Stamped TIFF images

b.     A Summation .DII file or a .CSV file that contains the following fields, where available in the native application:

(a)     Custodian

(b)      BegBates

(c)      EndBates

(d)      BegAttach

(e)      EndAttach

(f)      To (e-mail)

(g)      From/Author

(h)      CC (e-mail)

(i)      BC (e-mail)

(j)      Subject (e-mail)

(k)      Filename (document)

(l)      Date modified/sent

c.      Image load file in either IPRO.lfp or Opticon.opt format.

d.      Extracted text in a document level .txt file for non-redacted documents that were originally kept in electronic form and where extracted text is available and OCR in a document level .txt file for non-redacted documents that do not contain extracted text or for documents that have been redacted (OCR applied after redactions).

e.      TIFFs will be provided for all documents except Excels. Excel spreadsheets and other file types that are available in native format but cannot be TIFFed in a readable format should be provided in native, where reasonably able to do so, with a TIFF placeholder.

f.      Native documents will be provided in addition to TIFFs for all non-email nonredacted documents where they can be reasonably provided. Links to the Native Documents will be provided in the load file.

7.      For documents that were originally maintained in hard copy, the producing party will produce the documents in Single Page TIFF format with a Summation .DII file, file or a .CSV with the following fields (or as the parties may otherwise agree):

    a.      Custodian

    b.      BegBates

    c.      EndPages

    d.      AttachmentBeg

    e.      AttachmentEnd

8.      To the extent any Party objects and asserts that all or any portion of a discovery response is confidential, the objecting Party shall confer with the other Party serving the discovery request on the terms of a mutually acceptable confidentiality agreement or protective order or the modification or limitation of the scope of the discovery that is subject of the disagreement. If such agreement cannot be reached, the objecting Party shall file a motion for protective order or other relief with the Court consistent with the terms of this Order, providing, that the filing of such motion shall not relieve the Party objecting to such discovery of its obligation to timely respond to such discovery absent agreement of the Parties to such dispute or an order of this Court.

9.      With respect to any motion for protective order or objection directed to Written Discovery or motion to compel served by a Party pursuant hereto, the Court shall conduct a hearing on August 6, 2014 at _____ to adjudicate the motion for protection or objection or to compel, provided, that nothing shall prevent any Party from requesting a hearing on another date prior to or after August 6, 2014.

10.     With respect to discovery directed to any Party seeking the production of agreements involving the Debtors that are subject to contractual confidentiality restrictions, such Party shall provide written notice to the counter-party to any such confidential agreement(s) of such Party's intent to produce the agreement(s) in response to discovery.  The counter-party to any such agreement(s) shall have five (5) days after the date of the written notice within which to

object to the proposed production by delivering written notice of its objection to counsel for such Party.  The Court shall adjudicate any such objection upon motion of any Party and a hearing.

11.    All fact depositions shall take place on or before Friday, August 22, 2014 (the "Fact Deposition Cutoff Date"), provided, that the Fact Deposition Cutoff Date shall be subject to extension based on the failure of any Party to timely comply with any Written Discovery pursuant to Paragraph 6.

12.    Regardless of the role, identity or standing of a deposition witness and how many Parties seek to depose such witness, the total deposition time for any witness is cumulatively limited to seven (7) full business hours (excluding breaks), absent further order of this Court upon a showing of good cause.  Accordingly, the Parties shall work together to split up the seven hour deposition period in a fair and equitable manner.

13.    All depositions shall be taken in accordance with the Federal Rules of Civil Procedure as applicable pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7030.  The objection of one counsel of a Party to a question shall not be repeated by another counsel to preserve that objection on behalf of any other Party.  Any objection to the form of a question shall be deemed to have been made on behalf of all other Parties. Speaking objections, continuous improper objections or other conduct that disrupts any deposition to prevent an attorney from asking questions or to slow down the deposition may subject the abusive attorney to sanctions, post-deposition, at the discretion of the Court.

14.    On or before August 14, 2014, Parties shall identify any expert witnesses that they intend to call and the subject matter of any expert testimony to be provided.  The disclosures required under Federal Rule of Bankruptcy Procedure 7026(a)(2)(B) shall be served on or before August 25, 2014.  On or before September 4, 2014, Parties shall identify any rebuttal expert witnesses and the subject matter of such rebuttal testimony, and shall serve the disclosures required under Federal Rule of Bankruptcy Procedure.  Any depositions of expert witnesses and rebuttal expert witness shall be completed on or before September 11, 2014.

15.     A pretrial status conference shall be scheduled for September [18], 2014.  Five
(5) business days prior to the Pretrial Status Conference, each Party shall produce to all other
Parties: (a) a list identifying with specificity all exhibits that the Party intends to introduce at the
9019 Hearing, other than exhibits to be used solely for impeachment or rebuttal purposes; (b) a
list identifying all witnesses that each Party intends to offer at trial, including third party and
adverse witnesses who are being called based upon discovery provided whose identity and
relevance were not known made known through discovery, provided, that Parties are not
required to list witnesses called solely for impeachment or rebuttal purposes; and (c) all
declarations of witnesses to be offered in lieu of direct testimony; and d) all deposition transcript
excerpts to be offered other than for impeachment or rebuttal purposes; All objections to any
exhibits, witnesses, declarations or deposition transcript excerpts, together with any
counterdesignations of deposition testimony, shall be filed and served no later than two (2)
business days before the commencement of the Pretrial Status Conference.  Any motions in
limine or other pretrial motions shall be served no later than fourteen (14) days prior to the
Pretrial Status Conference.  Objections to any pretrial motions shall be served no later than seven
(7) days prior to the Pretrial Status Conference and any reply memorandum shall be served no
later than three (3) days prior to the Pretrial Status Conference.

16.     In the event that any Party includes an adverse Party (or any officer, director,
manager or employee of an adverse Party) on its witness list, the adverse Party shall make such
person available at trial without any requirement of a trial subpoena.  No Party is required to
present the testimony of any witness identified on their respective witness list during the 9019
Hearing, provided, that if a Party has listed an adverse Party, such Party shall advise the adverse
Party promptly upon determining that the testimony of such witness will not be presented.
Except by order of this Court for good cause shown, any person not identified in a respective
Party's witness list or expert witness list will be precluded from testifying for that Party at the
9019 Hearing.  Notwithstanding the foregoing, any person whose testimony will be presented
solely for rebuttal or impeachment purposes need not be identified in a witness list.

17.     The evidentiary hearing on the 9019 Hearing shall take place commencing [September 29, 2014], for a period not to exceed ten (10) days of trial.  Each side (the Trustee, Defendants and Insurers on one hand and the Objectors on the other hand) shall have an equal amount of time to present their case.  At the 9019 Hearing, any Party may present the testimony of any designated fact or expert witness by declaration, direct examination or by use of their deposition transcript, subject to the requirements of the Federal Rules of Civil Procedure and the deadlines in Paragraph 15 above.  Any witness whose testimony is offered by declaration shall be made available for cross examination by the Party offering the declaration, unless all Parties agree in writing that such witness need not appear at the 9019 Hearing..

18.     Notwithstanding the production of any discovery, declaration or deposition transcript, all parties shall maintain the right to object to the use or introduction of any such potential evidence presented at the 9019 Hearing, in accordance with the Federal Rules of Evidence and other applicable law.

19.     Solely upon further order of this Court for good cause shown or agreement of the Parties at issue, any Party shall be permitted to conduct additional discovery after the Deposition Cutoff Date solely relating to any amendments or supplements to the 9019 Motion filed prior to the 9019 Hearing.

20.     Nothing contained herein shall prohibit any Objector from seeking discovery from any other Objector, nor does this Order prohibit any Party from seeking discovery from any third party, including depositions, provided that such discovery shall be solely in accordance with this Order.

21.     All provisions of the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Local Rules of this Court remain in full force except to the limited extent that they are modified by this Order.  Finally, the Parties are specifically directed to comply with Local Rule 9070-1(A) by providing this Court with all trial exhibit books three (3) days before the 9019 Hearing.  A Party may, but is not required to provide the Court with a trial brief or memorandum of law no later than five (5) days before the 9019 Hearing, addressing any issues the Party wishes

to brief for this Court, a copy of which must also contemporaneously be served upon all relevant Parties participating in the 9019 Hearing.

22.    Upon entry hereof, the Trustee shall serve a copy of this Order upon all parties who have filed and served a notice of appearance in accordance with Bankruptcy Rule 2002 prior to the date of service hereof.

# # #

Submitted by:

Michael I. Goldberg (FL Bar No. 886602)
Las Olas Centre II
One Southeast Third Avenue, 25th Floor
Miami, Florida 33131-1714
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Email: michael.goldberg@akerman.com

Copy to:

Michael Goldberg, Esq., who shall serve a
copy of this Order on all interested parties

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.usgourts.gov

In re:

FONTAINEBLEAU LAS VEGAS
HOLDINGS, LLC, *et al*.,

                  Debtors.

_____/

CASE NO. 09-21481-BKC-AJC
CHAPTER 7
(Jointly Administered)

**[PROPOSED] ORDER ESTABLISHING DISCOVERY AND HEARING PROCEDURES
IN CONNECTION WITH OBJECTIONS TO TRUSTEE'S 9019 MOTION**

THIS MATTER came before the Court on _____ __, 2014 at __:__ a.m./p.m. on the *Chapter*

*7 Trustee's Motion for Entry of an Order Approving Discovery Protocol in Regard to*

*Evidentiary Hearing on Motion to Approve Settlement and Compromise of Officer and Director*

*Litigation* [ECF No. _____] (the "Protocol Motion"). The Court is cognizant of (a) the

complexity of the, in connection with the many issues attendant to the *Motion of Chapter 7*

*Trustee, Soneet R. Kapila, (I) for Approval of a Settlement and Compromise of Certain Director,*

*Officer and Manager Litigation Pursuant to Fed. R. Bankr. P. 9019, and (II) for Entry of Bar*

*Order Related Thereto* (hereinafter, the "9019 Motion") [Main Case ECF No. 4470], which 9019

Motion proposes a settlement involving multiple parties and non-parties as well asthat includes

the entry of a required bar order; and (b) the need to establish procedures to facilitate discovery

-1-

and an evidentiary hearing (the "9019 Hearing") in connection with any objections to the 9019

Motion.  Having considered the proposed discovery protocols submitted by the Trustee in the

Protocol Motion, the arguments made on the record by various parties at the hearing on the

Protocol Motion, and being otherwise duly advised, the Court finds good cause for the relief

sought therein in accordance with the terms of this Order. Accordingly, it is

ORDERED as follows:

      1.     Any party in interest in these bankruptcy cases who has timely filed and served

anany objection to the 9019 Motion (the "Objection") on or before the Objection Deadline (as

defined below) (each an "Objector and collectively, the "Objectors") shall be entitled to seek

discovery of the Trustee and of the parties to the Settlement Agreement (the Defendants and the

Insurers) related to the 9019 Motion as set forth herein. Each Objector, Defendant and Insurer,

and the Trustee, are referred to herein as a "Party" or "Parties."  With respect to the Trustee and

each Defendant and Insurer, service of any discovery requests shall be effective if made by

electronic mail, facsimile, mail, overnight delivery, or hand delivery to the counsel for those

Parties identified in Section 30 of the Settlement Agreement.  With respect to each Objector,

service of any discovery requests shall be effective if made by electronic mail, facsimile, mail,

overnight delivery, or hand delivery to counsel for those Objectors as identified in such

Objection.

      2.     Any Objection shall be in writing and shall be filed so as to be actually received

by counsel for the Trustee on or before **4:00 p.m. prevailing Eastern Time on Thursday, July**

**17, 2014** (the "Objection Deadline").  Contemporaneously

with the filing of an3. On or before July 10, 2014, the Trustee, the Defendants and the

Insurers shall file a disclosure with the Court identifying the name and address of each person or

entity which it intends to call as a witness at the 9019 Hearing.  On or before the Objection

Deadline, each Objector shall file a disclosure with the Court identifying the name and address of

each person or entity which it intends to call as a witness at the 9019 Hearing.

3~~4~~.      Pursuant to Bankruptcy Rule 7034, each Party may serve upon any other Party, or any third party, requests for production of documents relating to the issues raised by the 9019 Motion or Objection on or before ~~the Objection Deadline~~August 7, 2014.  Further, pursuant to Bankruptcy Rule 7033, each Party may serve upon any other Party no more than ten (10) interrogatories relating to any issues raised by the 9019 Motion or Objection on or before ~~the Objection Deadline~~August 7, 2014; provided, however, that: a) any Objector shall be entitled to serve no more than fifteen (15) interrogatories on the Trustee; and b) any group or committee that consists of or represents, and every entity that represents, multiple creditors that are acting in concert to advance their common interests and not composed entirely of affiliates or insiders of one another are considered to be one "Party" regarding the ten (10) interrogatory limit. ~~Requests~~Absent a court order for good cause shown, requests for production, admissions, and interrogatories (in each case "Written Discovery") served by an Objector after ~~the Objection Deadline~~August 7, 2014 shall be deemed unauthorized, ~~the serving Party shall have waived the right to engage in such discovery~~ and the receiving Party shall be excused from responding to any untimely or improperly served discovery request without need of seeking or obtaining a protective order.

~~4.      On or before 4:00 p.m. prevailing Eastern Time on Tuesday, July 22, 2014 (the "Response Discovery Deadline"), any Party may serve upon any other Party Written Discovery relating to any issue raised by the 9019 Motion or in response to any issues raised in an Objection (in each case, "Written Responsive Discovery").  Any Written Responsive Discovery served after the Response Discovery Deadline shall be deemed unauthorized, the serving Party shall have waived the right to engage in such discovery and the receiving Party shall be excused from responding to any untimely or improperly served discovery request without need of seeking or obtaining a protective order.~~

5.      Pursuant to Bankruptcy Rule 9006(c), the time within which to: (a) respond and object to any timely served Written Discovery ~~or any timely served~~, (b) if claiming privilege or work product protection, provide a privilege index as required under Federal Rule of Bankruptcy

Procedure 7026(b)(5); (c) produce all responsive documents and provide written certification to the Party requesting Written ~~Responsive~~ Discovery that such production is complete to the best of the Party's knowledge, information and belief formed after reasonable inquiry; (d) answer interrogatories or requests for admission, is shortened to 10 (ten) days after the date of service.

      6.     Each Party producing documents to any other Party, whether as a voluntary disclosure or as a discovery response shall bate-stamp and duplicate all responsive documents onto a CD ROM, DVD, hard drive, or secure network "cloud" drive, in the following formats (or as the parties may otherwise agree): For documents that were originally maintained electronically and where native format is available, the producing Party will provide the documents in the following format:

a.     Single page Bates Stamped TIFF images

b.     A Summation .DII file or a .CSV file that contains the following fields, where available in the native application:

(a)     Custodian

(b)     BegBates

(c)     EndBates

(d)     BegAttach

(e)     EndAttach

(f)     To (e-mail)

(g)     From/Author

(h)     CC (e-mail)

(i)     BC (e-mail)

(j)     Subject (e-mail)

(k)     Filename (document)

(l)     Date modified/sent

c.      Image load file in either IPRO.lfp or Opticon.opt format.

d.      Extracted text in a document level .txt file for non-redacted documents that were

originally kept in electronic form and where extracted text is available and OCR in a document

level .txt file for non-redacted documents that do not contain extracted text or for documents that

have been redacted (OCR applied after redactions).

e.      TIFFs will be provided for all documents except Excels. Excel spreadsheets and other file

types that are available in native format but cannot be TIFFed in a readable format should be

provided in native, where reasonably able to do so, with a TIFF placeholder.

f.      Native documents will be provided in addition to TIFFs for all non-email nonredacted

documents where they can be reasonably provided. Links to the Native Documents will be

provided in the load file.


7.      For documents that were originally maintained in hard copy, the producing party

will produce the documents in Single Page TIFF format with a Summation .DII file, file or a

.CSV with the following fields (or as the parties may otherwise agree):
a.      Custodian

b.      BegBates

c.      EndPages

d.      AttachmentBeg

e.      AttachmentEnd


8.      To the extent any Party objects and asserts that all or any portion of a discovery

response is confidential, the objecting Party shall confer with the other Party serving the

discovery request on the terms of a mutually acceptable confidentiality agreement or protective

order or the modification or limitation of the scope of the discovery that is subject of the

disagreement. If such agreement cannot be reached, the objecting Party shall file a motion for

protective order or other relief with the Court consistent with the terms of this Order, providing,

that the filing of such motion shall not relieve the Party objecting to such discovery of its obligation to timely respond to such discovery absent agreement of the Parties to such dispute or an order of this Court.

9.      With respect to any motion for protective order or objection directed to Written Discovery or ~~Written Responsive Discovery timely~~motion to compel served by a Party pursuant hereto, the Court shall conduct a hearing on August 6, 2014 at _____ to adjudicate the motion for protection or objection or to compel, provided, that nothing shall prevent any Party from requesting a hearing on another date prior to or after August 6, 2014.

10.     With respect to discovery directed to any Party seeking the production of agreements involving the Debtors that are subject to contractual confidentiality restrictions, such Party shall provide written notice to the counter-party to any such confidential agreement(s) of such Party's intent to produce the agreement(s) in response to discovery.  The counter-party to any such agreement(s) shall have ~~seven~~five (~~7~~5) days after the date of the written notice within which to object to the proposed production by delivering written notice of its objection to counsel for such Party.  The Court shall adjudicate any such objection upon motion of any Party and a hearing.

11.     ~~On~~All fact depositions shall take place on or before Friday, August ~~1, 2014, the Parties shall file with the Court a notice listing the dates and times of each witness deposition in connection with the 9019 Hearing, with all such depositions to be taken between Monday, August 4, 2014 and Friday, August 15~~22, 2014 (the "Fact Deposition Cutoff Date"), provided, that the Fact Deposition Cutoff Date shall be subject to extension based on the failure of any Party to timely comply with any Written Discovery pursuant to Paragraph 6.

12.     Regardless of the role, identity or standing of a deposition witness and how many Parties seek to depose such witness, the total deposition time for any witness is cumulatively limited to seven (7) full business hours (excluding breaks), absent further order of this Court upon a showing of good cause.  Accordingly, the Parties shall work together to split up the seven hour deposition period in a fair and equitable manner.

13.    ~~Two (2) business days prior to any deposition, all counsel shall notify all Parties regarding the pre-marking of all exhibits using the offering Party's name or abbreviation on the exhibit stickers, with identification of the particular exhibit by reference to the same bate stamp tag for each document as labeled in a document, as provided to the requesting Party through the discovery process or by voluntary disclosure.~~  All depositions shall be taken in accordance with the Federal Rules of Civil Procedure as applicable pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7030.  The objection of one counsel of a Party to a question shall not be repeated by another counsel to preserve that objection on behalf of any other Party.  Any objection to the form of a question shall be deemed to have been made on behalf of all other Parties. Speaking objections, continuous improper objections or other conduct that disrupts any deposition to prevent an attorney from asking questions or to slow down the deposition may subject the abusive attorney to sanctions, post-deposition, at the discretion of the Court.

14.    On or before August 14, 2014, Parties shall identify any expert witnesses that they intend to call and the subject matter of any expert testimony to be provided.  The disclosures required under Federal Rule of Bankruptcy Procedure 7026(a)(2)(B) shall be served on or before August 25, 2014.  On or before September 4, 2014, Parties shall identify any rebuttal expert witnesses and the subject matter of such rebuttal testimony, and shall serve the disclosures required under Federal Rule of Bankruptcy Procedure.  Any depositions of expert witnesses and rebuttal expert witness shall be completed on or before September 11, 2014.

~~14~~15.    A pretrial status conference shall be scheduled for September [18], 2014.  Five (5) business days prior to the ~~9019 Hearing~~Pretrial Status Conference, each Party shall produce to all other Parties: (a) a list identifying with specificity all exhibits that the Party intends to introduce at the 9019 Hearing, other than exhibits to be used solely for impeachment or rebuttal purposes~~.~~; (b) a list identifying all witnesses that each Party intends to offer at trial, including third party and adverse witnesses who are being called based upon discovery provided whose identity and relevance were ~~not known~~ made known through discovery, provided, that Parties are not required to list witnesses called solely for impeachment or rebuttal purposes; and (c) all

-7-

declarations of witnesses to be offered in lieu of direct testimony; and d) all deposition transcript excerpts to be offered other than for impeachment or rebuttal purposes; All objections to any exhibits, witnesses, declarations or deposition transcript excerpts, together with any counterdesignations of deposition testimony, shall be filed and served no later than ~~one~~two (~~1~~2) business ~~day~~days before the commencement of the ~~9019 Hearing.~~Pretrial Status Conference. Any motions in limine or other pretrial motions shall be served no later than fourteen (14) days prior to the Pretrial Status Conference.  Objections to any pretrial motions shall be served no later than seven (7) days prior to the Pretrial Status Conference and any reply memorandum shall be served no later than three (3) days prior to the Pretrial Status Conference.

    ~~15~~16.   In the event that any Party includes an adverse Party (or any officer, director, manager or employee of an adverse Party) on its witness list, the adverse Party shall make such person available at trial without any requirement of a trial subpoena.  No Party is required to present the testimony of any witness identified on their respective witness list during the 9019 Hearing.  ~~However, except~~, provided, that if a Party has listed an adverse Party, such Party shall advise the adverse Party promptly upon determining that the testimony of such witness will not be presented.  Except by order of this Court for good cause shown ~~supported by a motion filed no later than fourteen (14) days prior to the 9019 Hearing~~, any person not identified in a respective Party's witness list or expert witness list will be precluded from testifying for that Party at the 9019 Hearing.  Notwithstanding the foregoing, any person whose testimony will be presented solely for rebuttal or impeachment purposes need not be identified in a witness list.

    ~~16~~17.   The evidentiary hearing on the 9019 Hearing shall take place commencing [September 29, 2014], for a period not to exceed ten (10) days of trial.  Each side (the Trustee, Defendants and Insurers on one hand and the Objectors on the other hand) shall have an equal amount of time to present their case.  At the 9019 Hearing, any Party may present the testimony of any designated fact or expert witness by declaration, direct examination or by use of their deposition transcript, subject to the requirements of the Federal Rules of Civil Procedure~~;~~. ~~provided, however, that any party intending to introduce a declaration or the deposition~~

~~testimony of any witness shall serve upon the opposing Party and file with Court five (5) days~~ ~~before the 9019 Hearing: (a) all declarations that a Party intends to move into evidence, and (b)~~ ~~the precise designated excerpts of all applicable deposition transcripts, along with all related~~ ~~exhibits pertinent to the deposition transcript excerpts. Any Party seeking to cross-examine such~~ ~~a declarant or~~ <u>and the deadlines in Paragraph 15 above. Any</u> witness whose <u>testimony is offered</u> <u>by</u> declaration ~~or deposition transcripts are being offered into evidence by a Party shall utilize~~ ~~appropriate legal process to ensure that such declarant or witness is present and available for~~ ~~cross-examination~~<u>shall be made available for cross examination by the Party offering the</u> <u>declaration, unless all Parties agree in writing that such witness need not appear</u> at the 9019 Hearing.~~.~~

<u>17</u><u>18</u>.    Notwithstanding the production of any discovery, declaration or deposition transcript, all parties shall maintain the right to object to the use or introduction of any such potential evidence presented at the 9019 Hearing, in accordance with the Federal Rules of Evidence and other applicable law.

<u>18</u><u>19</u>.    Solely upon further order of this Court for good cause shown or agreement of the Parties at issue, any Party shall be permitted to conduct additional discovery after the Deposition Cutoff Date solely relating to any amendments or supplements to the 9019 Motion filed prior to the 9019 Hearing.

<u>19</u><u>20</u>.    Nothing contained herein shall prohibit any Objector from seeking discovery from any other Objector, nor does this Order prohibit any Party from seeking discovery from any third party, including depositions, provided that such discovery shall be solely in accordance with this Order.

<u>20</u><u>21</u>.    All provisions of the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Local Rules of this Court remain in full force except to the limited extent that they are modified by this Order. Finally, the Parties are specifically directed to comply with Local Rule 9070-1(A) by providing this Court with all trial exhibit books three (3) days before the 9019 ~~Motion~~ Hearing. A Party may, but is not required to provide the Court with a <u>trial brief or</u>

memorandum of law ~~at that time~~no later than five (5) days before the 9019 Hearing, addressing any issues the Party wishes to brief for this Court, a copy of which must also contemporaneously be served upon all relevant Parties participating in the 9019 ~~Motion~~ Hearing.

    ~~21~~22.   Upon entry hereof, the Trustee shall serve a copy of this Order upon all parties who have filed and served a notice of appearance in accordance with Bankruptcy Rule 2002 prior to the date of service hereof.

# # #

Submitted by:

Michael I. Goldberg (FL Bar No. 886602)
Las Olas Centre II
One Southeast Third Avenue, 25th Floor
~~John H. Genovese, Esq.~~
~~GENOVESE JOBLOVE & BATTISTA, P.A.~~
~~100 S.E. 2nd Street, Suite 4400~~
Miami, ~~FL~~Florida 33131~~-1714~~
~~Tel~~Telephone: (305) ~~349374-2300~~5600
~~Fax~~Facsimile: (305) ~~349374-2310~~5095
Email: ~~jgenovese@gjb-law.com~~michael.goldberg@akerman.com

Copy to:

~~John H. Genovese~~Michael Goldberg, Esq., who shall serve a copy of this Order on all interested parties

| Summary report: | |
|---|---|
| **Litéra® Change-Pro TDC 7.5.0.96 Document comparison done on 7/1/2014 12:24:53 PM** | |
| **Style name:** JD Color | |
| **Intelligent Table Comparison:** Inactive | |
| **Original DMS:** iw://LAI/LAI/3218143/1 | |
| **Modified DMS:** iw://LAI/LAI/3218143/5 | |
| **Changes:** | |
| Add | 72 |
| Delete | 55 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |

| | |
|---|---|
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 127 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by CM/ECF to all registered users in the above-captioned jointly administered cases, as set forth in the Service List provided herein on July 1, 2014.

  /s/ Michael I. Goldberg
Email:  michael.goldberg@akerman.com

***In re Fontainebleau Law Vegas, Holdings, LLC, et al.***
***09-21481-AJC Notice will be electronically mailed to:***

*Thomas L Abrams, Esq. tabrams@tabramslaw.com,*
*fcolumbo@tabramslaw.com;dabrams@tabramslaw.com*

*Ido J Alexander, Esq. ialexander@aslawpllc.com, info@aslawpllc.com;csomodevilla@aslawpllc.com*

*Andrew K Alper aalper@frandzel.com, efiling@frandzel.com,ekidder@frandzel.com*

*Brett M Amron, Esq.  bamron@bastamron.com,*
*mdesvergunat@bastamron.com,jmiranda@bastamron.com,dtimpone@bastamron.com*

*Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee  Johanna.Armengol@usdoj.gov,*
*johanna.armengol@usdoj.gov*

*Robert C. Arnold, Esq. bob@thevictorialawgroup.com, bankruptcy@thevictorialawgroup.com*

*Eric N Assouline, Esq ena@assoulineberlowe.com, ah@assoulineberlowe.com*

*Kristopher Aungst, Esq. kea@trippscott.com, dbg@trippscott.com*

*Scott L. Baena, Esq. sbaena@bilzin.com, eservice@bilzin.com;lflores@bilzin.com*

*Ann M Batchelor batchelor@clm.com*

*Paul J. Battista, Esq pbattista@gjb-law.com, gjbecf@gjb-law.com*

*Brian S Behar, Esq bsb@bgglaw.net*

*Ira S Bergman ibergman@moundcotton.com*

*John G. Bianco III, Esq jgb@trippscott.com, bankruptcynoticecenter@trippscott.com*

*Russell M. Blain rblain.ecf@srbp.com, rblain@srbp.com*

*Leyza F. Blanco, Esq. leyza.blanco@gray-robinson.com, jceide@gray-robinson.com;lnegron@gray-*
*robinson.com;Ileana.Christianson@gray-robinson.com;Annika.Miranda@gray-robinson.com*

*Alexandra D Blye ablye@cfjblaw.com, kdemar@cfjblaw.com;wpbecf@cfdom.net*

Paul M Botros pmb@botroslawfirm.com

Alan M Burger aburger@mcdonaldhopkins.com,
jpaul@mcdonaldhopkins.com;mrose@mcdonaldhopkins.com

Stephen D Busey busey@smithhulsey.com, khettinger@smithhulsey.com

Jacqueline Calderin, Esq. jc@ecccounsel.com

William E Calnan wcalnan@waldmanlawfirm.com, Cardito@waldmanlawfirm.com

Candace C Carlyon ccarlyon@sheacarlyon.com,
nrodriguez@sheacarlyon.com;rmsmith@sheacarlyon.com

Francis L. Carter, Esq. flc@katzbarron.com, lcf@katzbarron.com

Franck D Chantayan franck@chantayan.com

Robert P. Charbonneau, Esq. rpc@ecccounsel.com, nsocorro@ecclegal.com;bankruptcy@ecclegal.com

Jason M Chodos jchodos@moundcotton.com

Ileana Espinosa Christianson, Esq. ileana.christianson@gray-robinson.com, jceide@gray-
robinson.com;lnegron@gray-robinson.com;ileana.christianson@gray-robinson.com

David C. Cimo, Esq dcimo@gjb-law.com, gjbecf@gjb-law.com

Charles I Cohen, Esq pmouton@furrcohen.com,
pmouton@furrcohen.com;atty_furrcohen@bluestylus.com

David A Colvin dcolvin@marquisaurbach.com, mwalters@marquisaurbach.com

Marissa C Corda mcc@katzbarron.com, af@katzbarron.com

John K Cunningham, Esq, avenes@whitecase.com

Ryan E Davis rdavis@whww.com, thiggens@whww.com

Adrian C. Delancy adelancy@mrthlaw.com,
ycandia@mrthlaw.com,gruiz@mrthlaw.com,ecfnotices@mrthlaw.com;mrthbkc@gmail.com

Patrick R Dorsey pdorsey@sfl-pa.com, vchapkin@sfl-pa.com;dwoodall@sfl-pa.com;scusack@sfl-pa.com

John C Dotterrer, Esq dottj@dottlaw.com, luke.bovat@akerman.com

John D Eaton jeaton@shawde-eaton.com, sramirez@shawde-eaton.com

Morgan B. Edelboim, Esq. medelboim@bastamron.com,
mdesvergunat@bastamron.com;jmiranda@bastamron.com;dtimpone@bastamron.com

Manuel Farach, Esq. mfarach@richmangreer.com, cfeld@richmangreer.com

{29124078;1}

*Thomas H. Fell bknotices@gordonsilver.com, bankruptcynotices@gordonsilver.com*

*Jeffrey T Foreman jforeman@kennynachwalter.com, pharris@kennynachwalter.com*

*Michael Foster mcf@trippscott.com*

*Robert G Fracasso Jr, Esq rfracasso@shutts.com, jgoodwin@shutts.com*

*Thomas Joseph Francella, Jr tfrancella@wtplaw.com*

*Carl J Gabrielse on carl@holland-law.com, jessica@holland-law.com*

*James D Gassenheimer, Esq. jgassenheimer@bergersingerman.com,
lmerida@bergersingerman.com;ebrown@bergersingerman.com;efile@ecf.inforuptcy.com;efile@bergers
ingerman.com*

*David L Gay, Esq. dgay@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com*

*John H Genovese, Esq jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com*

*Randall L Gilbert, Esqrgilbert@theconstructionlawyers.com*

*Scott F Gilles sgilles@renonvlaw.com*

*Daniel L. Gold, Esq. dgold@ecccounsel.com, bankruptcy@ecclegal.com,nsocorro@ecclegal.com*

*Michael I Goldberg, Esq michael.goldberg@akerman.com, charlene.cerda@akerman.com*

*Marc I Goldsand, Esq. mgoldsand@mcdonaldhopkins.com,
epeyton@mcdonaldhopkins.com;yguerra@mcdonaldhopkins.com;jbloor@mcdonaldhopkins.com*

*Alvin S. Goldstein, Esq mmitchell@furrcohen.com, atty_furrcohen@bluestylus.com*

*Douglas R. Gonzales dgonzales@wsh-law.com*

*Patricia A Gorham, Esq. patricia.gorham@sutherland.com,
michelle.williams@sutherland.com,daniel.kent@sutherland.com*

*Emily L. Grant ecottrell@heroldsagerlaw.com, chendricks@heroldsagerlaw.com*

*Merrick L Gross mgross@cfjblaw.com, ppowers@cfjblaw.com;tjones@cfjblaw.com*

*Gregory S Grossman, Esq ggrossman@astidavis.com, ngonzalez@astidavis.com*

*Matthew W Hamilton, Esq e-notice@fulcruminv.com*

*Ross R Hartog rhartog@mrthlaw.com,
ecfnotices@mrthlaw.com;ycandia@mrthlaw.com;gruiz@mrthlaw.com;jgarey@mrthlaw.com;mrthbkc@g
mail.com;acastro@mrthlaw.com*

*Monique D Hayes mhayes@gjb-law.com, gjbecf@gjb-law.com*

*Phillip M. Hudson III pmhudson@arnstein.com,
jtunis@arnstein.com;hpiloto@arnstein.com;befernandez@arnstein.com;cofalla@arnstein.com;bwilliams
@arnstein.com*

*Jason A Imes bkfilings@s-mlaw.com*

*Kenneth B Jacobs kjacobs@gray-robinson.com, zhosseini@gray-robinson.com*

*Thomas E Kaaran kthomas@mcdonaldcarano.com, mmorton@mcdonaldcarano.com*

*Anthony Kang, Esq. akang@arnstein.com*

*Soneet Kapila trustee@kapilaco.com, FL68@ecfcbis.com*

*Mychal J Katz mkatz@ralaw.com*

*Mark B Kleinfeld mkleinfeld@bellsouth.net*

*Andrew R. Kruppa Andrew.kruppa@squiresanders.com*

*Philip J Landau plandau@sfl-pa.com, lrosetto@sfl-pa.com;blee@sfl-pa.com;vchapkin@sfl-
pa.com;pdorsey@sfl-pa.com*

*Elisa R Lemmer, Esq elisa.lemmer@weil.com, lori.seavey@weil.com*

*Stephen R Leslie, Esq sleslie.ecf@srbp.com*

*David M. Levine, Esqdml@lkllaw.com, lv@lkllaw.com*

*Joan M Levit, Esq joan.levit@akerman.com, charlene.cerda@akerman.com*

*Sarah J Lis slis@waldmanlawfirm.com*

*Corali Lopez-Castro, Esq clc@kttlaw.com, rcp@kttlaw.com*

*Laudy Luna, Esq. ll@lgplaw.com, de@lgplaw.com*

*Isaac M Marcushamer, Esq. imarcushamer@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com*

*Aleida Martinez Molina amartinez@wsh-law.com, jfuentes@wsh-law.com*

*Jason S Mazer jmazer@vpl-law.com, kshaw@vpl-law.com;csteklof@vpl-law.com;aHacker@vpl-
law.com;mmoore@vpl-law.com;cgudaitis@vpl-law.com;lrodriguez@vpl-law.com;receptionist@vpl-
law.com*

*Frank F McGinn, Esq ffm@bostonbusinesslaw.com*

*Paul J McMahon, Esq pjm@pjmlawmiami.com*

{29124078;1}

Robert C Meacham, Esq rmeacham@mmdpa.com,
lraymond@mmdpa.com;lbobrow@mmdpa.com;deanah@mmdpa.com

Thomas M. Messana, Esq. tmessana@messana-law.com, emair@messana-
law.com;blieberman@messana-law.com;thurley@messana-
law.com;tmessana@bellsouth.net;nbarrus@messana-
law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Lawrence H Meuers, Esq lmeuers@meuerslawfirm.com,
sdefalco@meuerslawfirm.com;lrogers@meuerslawfirm.com

Harold D Moorefield Jr. hmoorefield@stearnsweaver.com,
cgraver@stearnsweaver.com;bank@stearnsweaver.com;larrazola@stearnsweaver.com;rross@stearnsw
eaver.com;dillworthcdp@ecf.epiqsystems.com

Glenn D Moses, Esq gmoses@gjb-law.com, gjbecf@gjb-law.com

Patrick M Mosley, Esq. pmosley@hwhlaw.com, telam@hwhlaw.com

Barry E. Mukamal bemtrustee@kapilamukamal.com

Michael R. Mushkin michael@mushlaw.com,
darrell@mushlaw.com;karen@mushlaw.com;marco@mushlaw.com;receptionist@mushlaw.com

Arthur C. Neiwirth, Esq. aneiwirthcourt@qpwblaw.com

Ari Newman, Esq. newmanar@gtlaw.com,
crossmann@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Ronald S. Nisonson rnisonson@warddamon.com,
khushower@warddamon.com;smccaulley@warddamon.com;ndalton@warddamon.com

Kenneth E Noble kenneth.noble@kattenlaw.com, NYC.BKNotices@kattenlaw.com

Timothy J Norris, Esq tjnorris@duanemorris.com

Office of the US Trustee  USTPRegion21.MM.ECF@usdoj.gov

R Shawn Oliphant bankruptcy@renovlaw.com, dkent@renonvlaw.com

Paul L. Orshan, Esq. paul@orshanpa.com, maria@orshanpa.com

Edward A. Paez, Esq. epaez@kgplegal.com

Richard B. Parnell rparnell@parnelllaw.com, denise@parnelllaw.com

Jimmy D. Parrish jparrish@bakerlaw.com, OrlBakerDocket@bakerlaw.com;genriquez@bakerlaw.com

Allen P Pegg apegg@mwbm.com

{29124078;1}

Becky Pintar bpintar@gglts.com

James H Post, Esq jpost@smithhulsey.com,
busey@smithhulsey.com;tcopeland@smithhulsey.com;kdaw@smithhulsey.com;cdix@smithhulsey.com;ks
tewart@smithhulsey.com

Moumita Rahman moumita@rahmanlawpllc.com

Craig V. Rasile, Esq. craig.rasile@dlapiper.com,
monica.tucker@dlapiper.com,jacqueline.figueroa@dlapiper.com,rachel.nanes@dlapiper.com,yohami.la
mguerra@dlapiper.com

David H Reimer, Esq david@rrcounsel.com

Robert F. Reynolds rreynolds@slatkinreynolds.com, imalcolm@slatkinreynolds.com

Richard Y Rho rhorichard@hotmail.com

Arthur H Rice, Esq arice.ecf@rprslaw.com

Harley E. Riedel, Esq hriedel.ecf@srbp.com

Heather L. Ries, Esq. hries@foxrothschild.com, ralbert@foxrothschild.com

Seth P Robert srobert@brownrobert.com

Peter J Roberts proberts@shawfishman.com

Ralf R Rodriguez, Esq rrodriguez@pecklaw.com, jfried@pecklaw.com

Traci H Rollins traci.rollins@squiresanders.com,
linda.parsons@squiresanders.com;carol.lesnick@squiresanders.com;shannon.munsell@squirepb.com

Robin J. Rubens, Esq. rjr@lklsg.com, esf@lklsg.com

Amelia Toy Rudolph amelia.rudolph@sutherland.com,
michelle.williams@sutherland.com,daniel.kent@sutherland.com

Rex E Russo, Esq rexlawyer@prodigy.net

D Jean Ryan, Esq. courtmail@ryanlawfirmpa.com

Luis Salazar, Esq. salazar@salazarjackson.com,
jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;Lee-
Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com

Carlos E. Sardi, Esq csardi@gjb-law.com, gjbecf@gjb-law.com;ecastellanos@gjb-law.com

Lisa M Schiller, Esq lschiller.ecf@rprslaw.com

Michael L Schuster mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com

*Samuel aaron Schwartz sam@schwartzlawyers.com, ecf@schwartzlawyers.com;schwartzecf@gmail.com*

*Matthew H Scott mhs@trippscott.com, bankruptcy@trippscott.com*

*Patrick S. Scott, Esq. patrick.scott@gray-robinson.com*

*Michael D. Seese, Esq. mseese@seeselaw.com, sseward@seeselaw.com*

*Susan H Sharp ssharp.ecf@srbp.com*

*Zach B Shelomith zshelomith@lslawfirm.net,*
*jleiderman@lslawfirm.net;apopowitz@lslawfirm.net;dverde@lslawfirm.net*

*Bradley S Shraiberg bshraiberg@sfl-pa.com, dwoodall@sfl-pa.com;vchapkin@sfl-pa.com;lrosetto@sfl-pa.com;scusack@sfl-pa.com;blee@sfl-pa.com*

*Steven I Silverman ssilverman@klugerkaplan.com, clong@klugerkaplan.com*

*Paul Steven Singerman, Esq singerman@bergersingerman.com,*
*mdiaz@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com*

*Jeffrey W. Spear jwspear@duanemorris.com, camartin@duanemorris.com*

*Scott A Stichter sstichter.ecf@srbp.com*

*Frank Terzo, Esq. frank.terzo@gray-robinson.com, lnegron@gray-robinson.com;jennifer.phillips@gray-robinson.com*

*Cheryl Thompson cthompson@anthonyandpartners.com, efiling@thompsonlawpractice.com*

*Howard S Toland htoland@mitrani.com*

*Diane Noller Wells, Esq dwells@devinegoodman.com, efiling@devinegoodman.com*

*David M Zack dmzack@mcalpinelawfirm.com,*
*dwblevins@mcalpinelawfirm.com;dajaworski@mcalpinelawfirm.com*

*Warren D Zaffuto wzaffuto@phillipslawyers.com, crivera@phillipslawyers.com*

*Joel C Zwemer, Esq jzwemer@deanmead.com*