UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)
www.flsb.uscourts.gov

In re:

FONTAINEBLEAU LAS VEGAS      CASE NO. 09-21481-BKC-AJC
HOLDINGS, LLC, *et al.,*      CHAPTER 7
                              (Jointly Administered)

       Debtors.
_____/

### JEFFREY SOFFER'S BRIEF IN SUPPORT OF
### THIS COURT'S AUTHORITY TO ENTER A BAR ORDER

On July 2, 2014, the Court held a status conference (the "Status Conference") in the above captioned matter (the "Case") in connection with the *Expedited Motion to Set Status Conference* [ECF No. 4472], that was filed simultaneously with: (a) the *Motion of Chapter 7 Trustee, Soneet R. Kapila, (I) for Approval of a Settlement*[1] *and Compromise of Certain Director, Officer and Manager Litigation Pursuant to Fed. R. Bankr. P. 9019, and (II) for Entry of Bar Order Related Thereto* [ECF No. 4470] (the "9019 Motion") and (b) the *Chapter 7 Trustee's Expedited Motion To Approve Discovery Protocol with Respect to Trustee' Motion (I) For Approval of Settlement and Compromise of Certain Director, Officer, and Manager Litigation Pursuant to Fed. R. Bankr. P. 9019 and (II) for Enter of Bar Order Related Thereto* [ECF No. 4471] (the "Procedures Motion"). At the Status Conference, the Court requested briefing on the sole issue of whether it has authority to enter the bar order (the "Bar Order") contemplated by the 9019 Motion, in light of the holding in *National Heritage Foundation, Inc., v. Highbourne Foundation*, 2014 WL 2900933 *1 (4th Cir. June 27, 2014). Jeffrey Soffer ("Soffer") submits that this Court has both the Constitutional authority and jurisdiction to enter

---

[1] The term "Settlement" means the settlement agreement attached to the 9019 Motion. All terms not otherwise defined shall have the same meaning ascribed to them in the 9019 Motion.

5809560

the Bar Order, provided the Court makes findings, after review of the evidence, that the Bar Order is fair and equitable in accordance with the controlling Eleventh Circuit decisional law, *Munford v. Munford, Inc. (Matter of Munford, Inc.)*, 97 F.3d 449 (11th Cir. 1996). The *National Heritage Foundation* case is inapplicable to this Case because it dealt with a non-debtor release under a plan and not a motion under Rule 9019. The Fourth Circuit only concluded it inappropriate to approve the non-debtor release as a result of the debtor's failure of proof and not the circumstances under which it was sought.

## I. The Court has the Jurisdiction and Constitutional Authority to Enter the Bar Order

This Court, at the request of the Term Lenders and others, has already entered bar orders in the Case. The Term Lenders are estopped from now arguing that the Court lacks the jurisdiction or constitutional authority to enter the Bar Order. Moreover, there is little doubt that under controlling Eleventh Circuit precedent, this Court has the jurisdiction and authority to enter the Bar Order if, after review of the evidence, the Court determines that the Bar Order is fair and equitable.

### A. The Term Lenders are Estopped from Challenging this Court's Authority to Enter Bar Order; They Have Previously Asked This Court to Enter Bar Orders in the Case.

When it suited their purposes earlier in the Case, the Term Lenders supported approval of the Comprehensive Settlement Agreement ("CSA")[2], which contained a bar order similar to the Bar Order required by the 9019 Motion. Upon approval of the CSA and the issuance of the bar order required by it, the Term Lenders received distributions in this Case in the approximate

---

[2] The "CSA" was approved by the Court in its *Order Granting Joint Motion to Approve Comprehensive Settlement Agreement Regarding Distribution of Ichan Sale Proceeds and Resolution of Related Disputes and Proceedings* [ECF No. 4185].

2

amount of $88.95 million.  In connection with the CSA, in two separate pleadings filed with this Court, the Term Lenders urged this Court in plain, simple and unqualified language that:

> ➢ [B]ased on the law in this circuit as set forth in the Joint Motion, including *Munford v. Munford, Inc. (Matter of Munford, Inc.)*, 97 F.3d 449, 455 (11th Cir. 1996), this Court has the authority and discretion to approve the Contractor Bar Order, and the Settlement Parties respectfully request that this Court do so. [ECF No. 4173, page 4].
>
> ➢ In [*Munford*], the Eleventh Circuit affirmed the bankruptcy court's approval of a settlement bar order that applied to contribution and indemnity claims of nonsettling defendants. The court held that 11 U.S.C. §105(a), along with Rule 16 of the Federal Rules of Civil Procedure, **conferred the bankruptcy court authority to enter a bar order in aid of settlement**.  [ECF No. 4129 , p. 42]

The Supreme Court has held "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle[.]" *New Hampshire v. Maine*, 532 U.S. 742 (U.S. 2001). However, the Supreme Court further enumerated several factors utilized to determine the decision whether to apply the doctrine in a particular case:  (i) a party's later position must be clearly inconsistent with its earlier position; (ii) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and (iii) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id.* at 750-51.

In this Case, the Term Lenders have previously taken the position in connection with the CSA that this Court has jurisdiction and authority to enter bar orders.  The bar order entered in connection with the CSA was entered <u>over objection</u> and was actually litigated.  By now opposing the Court's jurisdiction and/or authority to enter the Bar Order, the Term Lenders seek to deprive the estate of $83.3 million that it will receive under the Settlement.  Now, apparently

3

5809560

because the consideration that would flow to creditors under the Settlement is to be shared with all creditors in this Case and would not go exclusively to the Term Lenders, they appear to challenge this Court's authority and jurisdiction to issue the Bar Order.

### B. Precedent Clearly Establishes that the Court has Authority to Enter the Bar Order.

The legal arguments advanced by the Term Lenders are self-serving, disingenuous and wrong. To the extent they try to distinguish each of the many cases in the Eleventh Circuit cited herein their "arguments" are merely fact issues which the Court can and should only consider after a final evidentiary hearing. It is clear that in the Eleventh Circuit, pursuant to *In re Munford* and its progeny, a bar order may be issued by a bankruptcy court provided that it is fair and equitable. The evidence will show that the issuance of the Bar Order in the case at bar is fair and equitable. There is absolutely no evidence before the Court now that would support a determination by the Court that the issuance of the Bar Order is inappropriate.

### II. The Court has Jurisdiction to Enter the Bar Order[3]

Pursuant to 28 U.S.C. § 1334(b) and according to an unbroken chain of decisions issued by the Eleventh Circuit over the past 17 years, the bankruptcy court possesses broad subject matter jurisdiction to enter the Bar Order to enjoin actions against the beneficiaries of the Bar Order as a part of the Bankruptcy Court's approval of the Settlement. 28 U.S.C. § 1334; *Apps v. Morrison (In re Superior Homes & Invs., LLC)*, 521 Fed. Appx. 895 (11th Cir. 2013)(per curiam); *Munford v. Munford, Inc.*, 97 F.3d at 453. The law is crystal clear that a bankruptcy

---

[3] Although no party has suggested that this Court lacks the Constitutional authority to enter the Bar Order, it is worth noting that courts considering the effect of *Stern v. Marshall*, 131 S. Ct. 2594 (2011) on approval of settlements pursuant to Fed. R. Bankr. P. 9019 have "uniformly concluded that *Stern* had little impact on bankruptcy court's authority to enter final orders and judgments on motions to approve a settlement pursuant to [Fed. R. Bankr. P. 9019], including those containing bar orders." *Realan Inv. Partners, LLLP v. Meininger (In re Land Res., LLC)*, 505 B.R. 571 (M.D. Fla. 2014).

4

5809560

court has subject matter jurisdiction over all "civil proceedings" that are "related to" a chapter 11 case.  28 U.S.C. § 1334(b); *Superior Homes*, 521 Fed. Appx., at 898; *Munford*, 97 F.3d at 453.

This jurisdictional grant is extremely broad.  *Winchester Global Trust Co. v. Entrust NPL, Corp. (In re Ryan)*, 276 Fed. Appx. 963, 966 (11th Cir. 2008)(citing *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999)).  The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding "*could conceivably have an effect on the estate being administered in bankruptcy*."  *Superior Homes*, 521 Fed. Appx. at 898 (emphasis supplied); s*ee also Munford v. Munford, Inc.*, 97 F.3d at 453.  The proceeding need not necessarily be against the debtor or against the debtor's property.  "Related to" jurisdiction extends to "suits between third parties which have an effect on the bankruptcy estate." *Superior Homes*, 521 Fed. Appx. 895, 898 (quoting *Celotex*, 514 U.S. 300, 307 n.5 (1995)); *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990).  "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Lemco*, 910 F.2d at 786 (*citing Pacor, Inc. v. Higgins*, 743 F.3d 984, 986 (3d Cir. 1984)).  Stated differently, a civil proceeding is sufficiently *related to* a chapter 11 bankruptcy case if the outcome could conceivably alter the debtor's rights, liabilities, options, or freedom of action and impact the handling and administration of the bankrupt estate. *Munford*, 97 F.3d at 453 (*citing Lemco*, 910 F.2d at 788).

The Eleventh Circuit's rulings in *Munford* over 17 years ago, and in *Superior Homes* in 2013, are instructive and confirm the Eleventh Circuit's long-standing recognition of the appropriateness of bar orders in cases like this one in which continued litigation would be wasteful and would not advance the principal objectives of the Bankruptcy Code and the

5

Circuit's mandate that bankruptcy courts be respectful of, and deferential to, the business judgment of fiduciaries in their courts.

In *Munford*, the Eleventh Circuit determined that bankruptcy jurisdiction properly extended to a dispute between non-debtor third parties in an adversary proceeding and empowered the bankruptcy court to bar litigation between them pursuant to a settlement approved under Rule 9019 of the Federal Rules of Bankruptcy Procedure. *Munford*, 97 F.3d at 453-54. Similarly, in *Superior Homes*, the Eleventh Circuit had an opportunity to revisit its earlier ruling in *Munford*. In *Superior Homes*, the Eleventh Circuit again held that a bankruptcy court had jurisdiction to approve a settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure containing a bar order preventing state court cases from proceeding against non-debtor entities. In *Superior Homes*, numerous creditors had filed an involuntary chapter 11 case against the debtor, a home builder. A chapter 11 trustee was appointed and he initiated a proceeding to recover numerous transfers to its principals and affiliated entities (collectively, the "Non-Debtor Defendants") which were potentially subject to avoidance as fraudulent transfers under the Bankruptcy Code and applicable state law. Eventually, the trustee and the Non-Debtor Defendants reached a settlement whereby, in exchange for a payment to the estate from the Non-Debtor Defendants, the trustee would seek bankruptcy court approval for a bar order enjoining third parties from pursuing the Non-Debtor Defendants. The Eleventh Circuit held that the bankruptcy court had jurisdiction to enter the bar order because the state-court litigation "had a direct impact on the [e]state." *Id*., at 898. Specifically, the court found that the potential third-party lawsuits against the Non-Debtor Defendants would "directly impact" the estate because "the Trustee would not have received the $800,000 settlement in the

5809560

absence of the Bar Order." *Id.*[4]  The same analysis applies here: absent approval of the Bar Order, the debtors' estates will not receive in excess of $83 million from the settling parties.

Since the Eleventh Circuit released its decision in *Superior Homes* on June 10, 2013, at least two bankruptcy courts in Florida relying upon *Superior Homes* have approved broad bar orders. In *In re Fundamental Long Term Care, Inc.*, 492 B.R. 571 (Bankr. M.D. Fla. 2013), Judge Williamson approved a bar order, noting that "the Eleventh Circuit explained that it previously ruled in *Munford* that bankruptcy courts had jurisdiction to bar third-party lawsuits that could conceivably affect the handling and administration of the bankruptcy estate and that the entry of the bar order in that particular case was well within the bankruptcy court's power as a court sitting in equity." *Id.*, *12.[5]  Similarly, in *Evaluation Solutions, LLC*, 2013 WL 3306216 (Bankr. M.D. Fla. June 27, 2013), Judge Funk approved a bar order in favor of JP Morgan Chase Bank holding that "[t]he continuation of the [plaintiffs] action would directly impact the estate because the Trustee would not receive the $2,316,000 from Chase in the absence of the Bar Order.  Accordingly, the Court has subject matter jurisdiction to enter the Bar Order." *Id.*, n.3.

More recently, in *Realan Inv. Partners, LLLP v. Meininger (In re Land Res., LLC)*, 505 B.R. 571 (M.D. Fla. 2014), District Court Judge Honeywell explicitly affirmed the bankruptcy court's authority and jurisdiction to enter a bar order in connection with a settlement approval

---

[4] Additionally, the Eleventh Circuit opined that the bankruptcy court's approval of the settlement with the bar order "was well within the bankruptcy court's power as a court sitting in equity." *Id.* (citing 11 U.S.C. § 105; *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Chicago, R.I. & P. Ry. Co.*, 294 U.S. 648, 675 (1935)(noting that a bankruptcy court has "[t]he power to issue an injunction when necessary to prevent the defeat" of its jurisdiction); *Alderwoods Group., Inc. v. Garcia*, 682 F.3d 958, 967 n. 19 (11th Cir. 2012)(noting that a bankruptcy court may issue "any type of order, whether injunctive, compensative or punitive, as long as it is necessary or appropriate to carry out the provisions of the Bankruptcy Code" (internal quotation marks omitted)).

[5] More recently, Judge Williamson again held that "[t]here is no question that § 105 authorizes bankruptcy courts to bar actions against non-debtor third parties." *In re J.C. Householder Land Trust #1*, 501 B.R. 441 (Bankr. M.D. Fla. 2013). He did note that a bar order sought in connection with the chapter 11 plan necessarily requires analysis of 11 U.S.C. §524(e), while a bar order sought in connection with a 9019 settlement motion does not require such analysis. *Id* at 457.

motion under Fed. R. Civ. P. 9019. There Judge Honeywell held that because the defendants would not settle without a bar order, and absent the settlement the estate would not receive the settlement payment, "a sufficient nexus exists between the enjoined claims and the bankruptcy proceedings, and the bankruptcy court had subject matter jurisdiction to enter the bar order." *Land Resources,* 505 B.R. at 584.

In *Solar Cosmetic Labs, Inc.,* 2010 Bankr LEXIS 3309 (Bankr. S.D. Fla. Aug. 27, 2010), Judge Isicoff held that "[a]s far as any suggestion made by [the objecting party] that this Court does not have jurisdiction or authority over any alleged disputes between [the objecting party] and the Insurers, one need go no further than *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.*), 910 F.2d 784 (11th Cir. 1990), for confirmation of this Court's jurisdiction." *Solar Cosmetic*, 2010 Bankr. LEXIS 3309, at *10.[6]

Former District Judge Rosenbaum (now a judge on the Eleventh Circuit Court of Appeals) held in April of this year that "the Bankruptcy Code and the Federal Rules of Civil Procedure provide ample authority for a bankruptcy court to enter settlement bar orders."

---

[6] There have been multiple bar orders approved in this district in recent years, including: *In re Rothstein Rosenfeldt Adler, P.A.,* [Case No. 09-34791-RBR] *Order Granting Motion to Approve Compromise and Settlement Between the Chapter 11 Trustee and Gibraltar Private Bank & Trust Company for Entry of Bar Order*, dated October 10, 2012 [ECF No. 3500] (Ray, J.), *Bar Order Pursuant to Settlement Agreement Between Trustee Herbert Stettin and Berenfeld Spritzer Schecter & Sheer, LLP*, dated January 1, 2011 [ECF No. 1320 (and related memorandum opinion [ECF No. 1307]] (determining that the Court had jurisdiction to enter the requested bar order) (Ray, J.), *Order Granting Motion of Chapter 11 Trustee Herbert Stettin Pursuant to Fed. R. Bankr. P. 9019: (i) to Approve Settlement and Compromise with Steven and Marcy Lippman and (ii) Request for Entry of Bar Order [DE 810]*, dated August 25, 2010 [ECF No. 910] (Ray, J.), *Amended Order and Memorandum Opinion Granting Motion of Trustee Herbert Stettin to Approve Settlement with Michael Szafranski, et al.*, dated September 22, 2010 [ECF No. 1017] (Ray, J.); *In re First NLC Financial Serv., LLC, et al.*, [Case No. 08-10632-PGH] *Order Granting Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 Approving Settlement and Compromise by and Among Deborah C. Menotte as the Chapter 7 Trustee, the Debtors, NLC Holding Corp., MTG Finance LLC and Affiliates Thereof*, dated March 12, 2009 [ECF No. 865] (Hyman, J.) (broadly barring claims of third parties against settling defendants); *S&I Investments*, 421 B.R. 569 at 583 (Bankr. S.D. Fla 2009)(Ray, J.); *In re Certified HR Serv. Co.*, Case No. 05-22912-RBR, *Order (I) Granting Motion of Liquidating Trustee James S. Feltman to Approve Settlement and Compromise with Rosenberg, Rich, Baker, Berman & Company, a Professional Corporation, and Frank S. LaForgia Pursuant to Fed. R. Bankr. P. 9019 (CP# 1953); and (II) Approving Bar Order/Channeling Injunction Establishing Reserved Fund for Direct, Non-Derivative Claims of Shareholders of Certified Services, Inc.*, dated June 26, 2008 [ECF No. 2200] (Ray J.).

*Berman v. Smith (In re Goldschmidt)*, 2014 U.S. Dist. LEXIS 60602 (S.D. Fla. Apr. 30, 2014). Although she held that the Bankruptcy Court had the authority to enter the bar order, she found that because the bar order failed to provide for a judgment credit for non-settling defendants, the matter needed to be remanded "for a determination about whether settlement credit should be awarded to nonsettling creditors whose claims are enjoined by the Bar Order." *Id* at 28. The Bar Order before this Court provides a mechanism that will allow for nonsettling parties to argue for a setoff under applicable non-bankruptcy law. *See Settlement* at p. 8. This feature in the Settlement cures the issue noted by Judge Rosenbaum and in any event this has no bearing on the Court's authority or jurisdiction to enter the Bar Order.

Furthermore, this Court has the authority to enter the Bar Order pursuant section 105(a) of the Bankruptcy Code, which provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, a bankruptcy court has expansive equitable power to fashion any order or decree that serves the interest of preserving or protecting the value of a debtor's assets. *In re Franzese*, 2007 WL 2083650, *2 (Bankr. S.D. Fla. July 19, 2007)(Ray J.)("Section 105(a) is a grant of equitable powers); *In re Weinraub*, 361 B.R. 586, 589 (Bankr. S.D. Fla. 2007)(citing to *United States v. Sanford*, 979 F.2d 1511, 1514 (11th Cir. 1992)); *In re Grau*, 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001)(section 105 affords bankruptcy courts broad authority to approve settlements). It is clear the Bankruptcy Court's approval of the Bar Order is well within its power under section 105(a) of the Bankruptcy Code as a court sitting in equity. *In re Superior Homes & Invs., LLC*, 521 Fed. Appx. 895, 898 (11th Cir. 2013)(noting that entry of the bar order by the bankruptcy court was "well within the bankruptcy court's power as a court sitting in equity"); *Munford*, 97 F.3d at

454 (affirming a bar order that the bankruptcy court concluded, in part, that it had authority to do so under section 105(a)).

Like the bankruptcy courts in the foregoing cases, this Court possesses broad jurisdiction to enter the Bar Order as a part of the Settlement. Soffer and the other settling parties have negotiated for the Bar Order as an integral part of the Settlement, and in return the Settlement will provide the debtors' estates with approximately $83.3 million for distribution to the creditors, including the Term Lenders.

**III.     The 4th Circuit Decision in *National Heritage Foundation, Inc. v. Highbourne Found*, is Inapplicable to this Case**

*National Heritage Foundation* involved the validity of a non-debtor release provision in a chapter 11 plan. After hearing all the evidence and applying the six factor test set forth in *Class Five Nevada Claimants v. Dow Corning Corp. (In Re Dow Corning Corp.)* 280 F.3d 648 (6th Cir. 2002), the Fourth Circuit declined to enforce the non-debtor release and emphasized that "our decision is ultimately rooted in NHF's failure of proof rather than circumstances alone." *Id*. at *19. Therefore, *National Heritage Foundation* stands for the unremarkable proposition that a proper evidentiary record must exist before a bankruptcy court may enter third party releases in connection with a chapter 11 plan.

The analysis mandated by the Eleventh Circuit that this Court will must apply to approve the Bar Order is very different. In *In re J.C. Householder Land Trust #1*, 501 B.R. 441 (Bankr. M.D. Fla. 2013), Judge Williamson was asked to confirm a chapter 11 plan that featured third party releases. Judge Williamson explained:

> [t]here is no question that sec. 105 authorizes bankruptcy courts to bar actions against non-debtor third parties. The Eleventh Circuit has repeatedly recognized as much in *In re Munford* and, more recently, *In re Superior Homes & Investments, LLC*. And this

10

> Court [Judge Williamson] recognized the same thing in two recent cases: *In re GunnAllen Financial* and *In re Fundamental Long Term Care* all of the foregoing cases, however, dealt with bar orders as part of a motion to compromise. None of those cases dealt with whether a court could approve a bar order (or third-party injunction) as part of a confirmed plan.

*Id.* at 457 (citations omitted). Judge Williamson went on to explain that a third party release sought in connection with a chapter 11 plan must also pass muster under 11 U.S.C. § 524(e), which is inapplicable when a motion for compromise under 9019 is analyzed. For these reasons, *National Heritage Foundation* fails to provide guidance to the Court in assessing its jurisdiction and authority to enter the Bar Order.

## CONCLUSION

The cases cited herein make unmistakably clear that the Court has the jurisdictional power and Constitutional authority to enter bar orders. The evidence that the Trustee will adduce in this contested matter will clearly establish that the Bar Order is fair and equitable and that, absent the Bar Order, there is no settlement, which would deprive the estate of $83.3 million. There is no basis in law or fact for the Court to determine on the record before it now that approval of the Settlement and entry of the Bar Order is inappropriate. The Court should grant

the Procedures Motion and allow the Trustee to proceed in a manner consistent with his business judgment and to develop the record in support of the issuance of the Bar Order.

Dated:  July 10, 2014

Respectfully submitted,

BERGER SINGERMAN LLP
*Attorneys for Defendant Jeffrey Soffer*
1450 Brickell Avenue, Suite 1900
Miami, FL  33131
Telephone:  (305) 755-9500

By:   /s/ *James D. Gassenheimer*
Paul Steven Singerman
Florida Bar No. 378860
singerman@bergersingerman.com
James D. Gassenheimer
Florida Bar No. 959987
jgassenheimer@bergersingerman.com
David L. Gay
Florida Bar No. 839221
dgay@bergersingerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served as indicated on the Service List below on this 10th day of July, 2014.

   /s/ *James D. Gassenheimer*
James D. Gassenheimer

5809560

**SERVICE LIST**

**Notice will be electronically mailed to:**

William E Calnan on behalf of Defendant Fontainebleau Resorts, LLC
wcalnan@waldmanlawfirm.com, Cardito@waldmanlawfirm.com

Franck D Chantayan on behalf of Defendant Devendra Kumar
franck@chantayan.com

Franck D Chantayan on behalf of Defendant James Freeman
franck@chantayan.com

David C. Cimo, Esq on behalf of Plaintiff Soneet R. Kapila
dcimo@gjb-law.com, gjbecf@gjb-law.com

John D Eaton on behalf of Defendant Turnberry Residential Limited Partner, L.P.
jeaton@shawde-eaton.com

John D Eaton on behalf of Defendant Turnberry West Construction, Inc.
jeaton@shawde-eaton.com

John D Eaton on behalf of Defendant Turnberry, Ltd.
jeaton@shawde-eaton.com

Jeffrey T Foreman on behalf of Defendant Albert Kotite
jforeman@kennynachwalter.com, pharris@kennynachwalter.com

James D Gassenheimer, Esq. on behalf of Attorney Berger Singerman, P.A.
jgassenheimer@bergersingerman.com,
lmerida@bergersingerman.com;ebrown@bergersingerman.com;efile@bergersingerman.com

James D Gassenheimer, Esq. on behalf of Defendant Turnberry Residential Limited Partner, L.P.
jgassenheimer@bergersingerman.com,
lmerida@bergersingerman.com;ebrown@bergersingerman.com;efile@bergersingerman.com

James D Gassenheimer, Esq. on behalf of Defendant Turnberry West Construction, Inc.
jgassenheimer@bergersingerman.com,
lmerida@bergersingerman.com;ebrown@bergersingerman.com;efile@bergersingerman.com

James D Gassenheimer, Esq. on behalf of Defendant Turnberry, Ltd.
jgassenheimer@bergersingerman.com,
lmerida@bergersingerman.com;ebrown@bergersingerman.com;efile@bergersingerman.com

James D Gassenheimer, Esq. on behalf of Defendant Jeffrey Soffer
jgassenheimer@bergersingerman.com,
lmerida@bergersingerman.com;ebrown@bergersingerman.com;efile@bergersingerman.com

David L Gay, Esq. on behalf of Defendant Turnberry Residential Limited Partner, L.P.
dgay@bergersingerman.com, jalvarez@bergersingerman.com;efile@bergersingerman.com

5809560

David L Gay, Esq. on behalf of Defendant Turnberry West Construction, Inc.
dgay@bergersingerman.com, jalvarez@bergersingerman.com;efile@bergersingerman.com

David L Gay, Esq. on behalf of Defendant Turnberry, Ltd.
dgay@bergersingerman.com, jalvarez@bergersingerman.com;efile@bergersingerman.com

David L Gay, Esq. on behalf of Defendant Jeffrey Soffer
dgay@bergersingerman.com, jalvarez@bergersingerman.com;efile@bergersingerman.com

Merrick L Gross on behalf of Defendant Albert Kotite
mgross@carltonfields.com, ppowers@carltonfields.com;akaufman@carltonfields.com

Merrick L Gross on behalf of Defendant Devendra Kumar
mgross@carltonfields.com, ppowers@carltonfields.com;akaufman@carltonfields.com

Merrick L Gross on behalf of Defendant Glenn Schaeffer
mgross@carltonfields.com, ppowers@carltonfields.com;akaufman@carltonfields.com

Merrick L Gross on behalf of Defendant James Freeman
mgross@carltonfields.com, ppowers@carltonfields.com;akaufman@carltonfields.com

Monique D Hayes on behalf of Plaintiff Soneet R. Kapila
mhayes@gjb-law.com, gjbecf@gjb-law.com

Sarah J Lis on behalf of Defendant Fontainebleau Resorts, LLC
slis@waldmanlawfirm.com

Jason S Mazer on behalf of Plaintiff Soneet R. Kapila
jmazer@vpl-law.com, kshaw@vpl-law.com;csteklof@vpl-law.com;aHacker@vpl-law.com;mmoore@vpl-law.com;cgudaitis@vpl-law.com;lrodriguez@vpl-law.com;receptionist@vpl-law.com

Arthur C. Neiwirth, Esq. on behalf of Defendant Glenn Schaeffer
aneiwirthcourt@qpwblaw.com

Timothy J Norris, Esq on behalf of Defendant Ray Parello
tjnorris@duanemorris.com

Paul L. Orshan, Esq. on behalf of Respondent Wilmington Trust, NA Wilmington Trust
paul@orshanpa.com, maria@orshanpa.com;estone@orshanpa.com

Michael J Shuman on behalf of Witness FONTAINEBLEAU MIAMI JV, LLC
mshuman@dkdr.com, cmackey@dkdr.com

Steven I Silverman on behalf of Defendant Bruce Weiner
ssilverman@klugerkaplan.com, clong@klugerkaplan.com

Paul Steven Singerman, Esq on behalf of Defendant Jeffrey Soffer
singerman@bergersingerman.com, mdiaz@bergersingerman.com;efile@bergersingerman.com

2

5809560

**Notice will not be electronically mailed to:**

Peter W. Bellas on behalf of Plaintiff Soneet R. Kapila
Genovese Joblove & Battista
100 S.E. Second Street
44th Floor
Miami, FL 33131

Manuel L. Dobrinksy
2 S Biscayne Blvd #3100
Miami, FL 33131

Ronald P Hanes on behalf of Defendant Glenn Schaeffer
707 N Franklin St, Fl 10
Tampa, FL 33062

T.Barry Kingham
101 Park Ave
New York, NY 10178

Dean J. Kitchens on behalf of Defendant Devendra Kumar
333 S Grand Ave
Los Angeles, CA 90071

Dean J. Kitchens on behalf of Defendant James Freeman
333 S Grand Ave
Los Angeles, CA 90071

Christopher Nowlin on behalf of Defendant Devendra Kumar
333 S Grand Ave
Los Angeles, CA 90071

Christopher Nowlin on behalf of Defendant James Freeman
333 S Grand Ave
Los Angeles, CA 90071

Andrew B Zinman
101 Park Ave
New York, NY 10178

5809560