UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

In re                                                          CASE NO. 09-21481-BKC-AJC, et seq.
                                                               CHAPTER 7
FONTAINEBLEAU LAS VEGAS                                        (Jointly Administered)
HOLDINGS, LLC, et al.,

     Debtors.
_____/


**CHAPTER 7 TRUSTEE SONEET R. KAPILA'S BRIEF IN SUPPORT OF THE
BANKRUPTCY COURT'S AUTHORITY TO ENTER BAR ORDERS, INCLUDING
OVER THE OBJECTION OF THE PARTIES BEING BARRED,
<u>INCLUDING THE TERM LENDERS</u>**


**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Special Counsel for the Trustee*
100 S.E. Second Street, 44th Floor
Miami, Florida  33131
Telephone: (305) 349-2300
Facsimile:  (305) 349-2310
Email: jgenovese@gjb-law.com
Email: pbattista@gjb-law.com
Email: dcimo@gjb-law.com

By:  /s/  John H. Genovese
     John H. Genovese, Esq.
     Fla. Bar No. 280852
     Paul J. Battista, Esq.
     Fla. Bar No. 884162
     David C. Cimo, Esq.
     Fla. Bar No. 775400

**VER PLOEG & LUMPKIN, P.A.**
*Special Insurance Counsel for the Trustee*
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131-2158
Telephone:  (305) 577-3996
Facsimile:  (305) 577-3558
Email: jmazer@vpl-law.com
Email: csteklof@vpl-law.com

By:  /s/ Jason S. Mazer
     Jason S. Mazer, Esq.
     Florida Bar No. 0149871
     Cary D. Steklof, Esq.
     Florida Bar No. 86257

## TABLE OF CONTENTS

I.    INTRODUCTION.....................................................................................................1

    A.    The Proceedings...........................................................................................1

    B.    The Bankruptcy Court has Broad Jurisdiction and Authority to Enter Bar Orders, Including Over the Objection of the Party Being Barred. ...............................................2

    C.    The Bankruptcy Court is Required to Hear Evidence in Determining that the Bar Order is Fair and Equitable. ...................................................................................7

    D.    The Bankruptcy Court's Authority to Enter the Bar Order After an Evidentiary Hearing is Not Altered by the *Stern* Decision. ...........................................................8

II.   THIS COURT RECENTLY ENTERED A BAR ORDER IN THIS VERY CASE AT THE REQUEST OF THE TERM LENDERS. ....................................................................9

III.  THE ELEVENTH CIRCUIT HAS ROUTINELY AFFIRMED THE BANKRUPTCY COURT'S AUTHORITY TO ENTER BAR ORDERS....................................................11

    A.    The Bankruptcy Court's Authority and Jurisdiction to Enter the Bar Order Is Unquestioned in the Eleventh Circuit........................................................................11

    B.    Class Action Cases Cited by the Term Lenders Are Irrelevant to the Bankruptcy Court's Authority to Enter the Bar Order...................................................................14

IV.   BANKRUPTCY COURTS ROUTINELY ENTER LITIGATION BAR ORDERS IN THIS AND OTHER CIRCUITS.........................................................................17

    A.    Bankruptcy Courts in the Eleventh Circuit Routinely Enter Litigation Bar Orders Post-*Stern*. ................................................................................................17

    B.    Bankruptcy Courts in the Eleventh Circuit Routinely Entered Bar Orders or Injunctive Relief Pre-*Stern*. ........................................................................................18

    C.    Bankruptcy Courts in the Other Circuits Routinely Enter Litigation Bar Orders or Grant Similar Injunctive Relief. ............................................................................20

V.    CHAPTER 7 LITIGATION BAR ORDERS ARE NOT THIRD PARTY PLAN RELEASES. ..........................................................................................21

VI.   THE TERM LENDERS HAVE AN OPTION: THEY CAN ASSUME THE RISK AND INDEMNIFY THE ESTATE TO AVOID THE ENTRY OF THE BAR ORDER..........23

i

## **TABLE OF AUTHORITIES**

### **Cases**

*AAL High Yield Bond Fund v. Deloitte & Touche LLP,*
361 F.3d 1305 (11th Cir. 2004) ....................................................................................14, 15

*Alderwoods Grp., Inc. v. Garcia,*
682 F.3d 958 (11th Cir. 2012) ............................................................................................14

*Apps v. Morrison (In re Superior Homes & Inv., LLC),*
Case No. 6:11-CV-01575-CEH, Orlando Division, (M.D. Fla. Sep. 20, 2012)....................passim

*Berman v. Smith,* No.
13-81150, 2014 WL 1745361, at *5 (S.D. Fla. May 1, 2014)..............................................passim

*Brigade Leveraged Capital Structures Fund, Ltd, et, al. v. Fontainebleau Resorts, LLC, et, al,*
Case No.: A-11-637835-B....................................................................................................passim

*Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Chicago, R.I. & P. Ry. Co.,*
294 U.S. 648 55 S.Ct. 595, 605-06 (1935) ..........................................................................14

*Fetterhoff v. Liberty Life Assur. Co.,*
282 Fed. Appx. 740 (11th Cir. 2008) ...................................................................................10

*Fisher v. Apostolou,*
155 F. 3d 876 (7th Cir. 1998) ..............................................................................................20

*In re Ambac Financial Group, Inc.,*
No. 10-B-15973 (SCC), 2011 WL 6844533 (S.D.N.Y. Dec. 29, 2011) ..............................21

*In re Biscayne Lofts, LLC,*
Case No. 10-13020-BKC-AJC .............................................................................................19

*In re Certified HR Serv. Co.,*
Case No. 05-22912-RBR .................................................................................................10, 18

*In re Continental Airlines,*
203 F.3d 203 (3d Cir. 2000) ................................................................................................16

*In re Dreier LLP,*
2010 WL 3835179, *5 (S.D.N.Y. Sept. 10, 2010)...............................................................20

*In re Evaluation Solutions,*
2013 WL 3306216 (Bankr. M.D. Fla. June 27, 2013) ......................................................3,7,17

*In re Extended Stay, Inc.,*
2011 WL 532258, at *7 (S.D.N.Y. Nov. 10, 2011) ...............................................................8

*In re EZ Pay Services*,
389 B.R. 751 (Bankr. M.D. Fla. 2007) ...................................................................7, 18

*In re First NLC Financial Serv., LLC*, et al.,
Case No. 08-10632-PGH.........................................................................................18

*In re Franzese*,
2007 WL 2083650, \*2 (Bankr. S.D. Fla. July 19, 2007) ..............................................3

*In re Fundamental Long Term Care, Inc.*,
492 B.R. 571 (Bankr. M.D. Fla. 2013) .....................................................................17

*In re Grau*,
267 B.R. 896 (Bankr. S.D. Fla. 2001).................................................................3, 19

*In re HealthSouth Corp. Secs. Litig.*,
572 F.3d 854 (11th Cir. 2009) ...................................................................14, 15, 16

*In re Laminate Kingdom, LLC*,
07-10279-BKC-AJC, 2011 WL 6097470 (Bankr. S.D. Fla. Dec. 6, 2011) ...........................7, 19

*In re Land Resource*, LLC,
505 B.R. 571 (M.D. Fla Feb 10, 2014) ...............................................................7, 9, 17

*In re Lemco Gypsum, Inc.*
910 F.2d 784 (11th Cir. 1990) .................................................................3, 12

*In re Madoff*,
848 F. Supp. 2d 469 (S.D. N.Y. 2012)........................................................................20

*In re Okwonna-Felix*,
2011 WL 3421561, \*4 (Bankr. S.D. Tex. 2011) ......................................................8

*In re Reliance Fin. and Invs. Group, Inc.*,
Case No. 02-33249-PGH (Bankr. S.D. Fla. Sept. 19, 2006)................................................7, 18

*In re Rosenberg*,
414 B.R. 826 (Bankr. S.D. Fla. 2009).....................................................................10

*In re Rothstein Rosenfeldt Adler, P.A.*,
Case No. 09-34791-RBR, 2010 WL 3743885 (Bankr. S.D. Fla. Sep. 22, 2010) ..................passim

*In re Royal West Properties, Inc.*,
Case No. 09-20334-BKC-RAM (Bankr. S.D. Fla. April 2, 2010 at ECF No. 367) ..............19, 20

*In re S&I Investments*,
421 B.R. 569 at 583 (Bankr. S.D. Fla 2009) ...................................................................18, 19

*In re Safety Harbor Resort and Spa*,
456 B.R. 703 (Bankr. M.D. Fla. 2011) ................................................................................8

*In re Sentinel Funds, Inc. et al*,
Case No. 06-11822-BKC-JKO (Bankr. S.D. Fla. July 14, 2008 at ECF No. 367)................19, 20

*In re Solar Cosmetic Labs, Inc*,
2010 WL 3447268 (Bankr. S.D. Fla. 2010) .....................................................................15, 18

*In re Superior Homes and Investments, LLC*,
Case No. 6:09-bk-01955-KSJ .................................................................................passim

*In re Transit Group, Inc.*,
286 B.R. 811 (Bankr. M.D. Fla. 2002) ...........................................................................21, 22

*In re U.S. Oil & Gas Litig.*,
967 F.2d 489 (11th Cir. 1992) .....................................................................................15, 19

*In re Van Diepen*,
236 Fed. Appx. 498 (11th Cir. 2007) ..........................................................................15, 21, 22

*In re Weinraub*,
361 B.R. 586 (Bankr. S.D. Fla. 2007)(citing to *United States v. Sanford*, 979 F. 2d 1511 (11th
Cir. 1992)...............................................................................................................3

*Kapila v. Schlect*,
Case No. 12-20910, April 10, 2012 ..................................................................................8

*Miller v. Kemira, Inc.* (*In re Lemco Gypsum, Inc.*),
910 F.2d 784 (11th Cir.1990) ..................................................................................2, 12, 18

*Munford v. Munford, Inc., (In re Munford)*,
97 F.3d 449 (11th Cir. 1996) ...............................................................................passim

*Nat'l Heritage Found., Inc. v. Highbourne Found.*,
13-1608, 2014 WL 2900933 (June 27, 2014)........................................................................21

*New Hampshire v. Maine*,
532 U.S. 742 (2001)...................................................................................................10

*Pacor, Inc. v. Higgins*,
743 F. 3d 984 (3d Cir 1984) .........................................................................................12

iv

*Peterson v. Ellerbrock Family Trust, LLC (In re Lancelot Investors Fund, L.P.),*
408 B.R. 167, (Bankr. N.D. Ill. 2009) ...........................................................................16

*Picard v. Fox,*
29 B.R. 423 (Bankr. S.D.N.Y. May 23, 2010) .................................................................16

*Romagosa v. Thomas,*
2006 WL 2085461 (M.D. Fla. 2006) ...............................................................................15

*In re Lemco Gypsum, Inc.,*
910 F.2d 784, 786 (11th Cir. 1990)....................................................................................3

*Stern v. Marshall,*
131 S. Ct. 2594 (2011) ...........................................................................................passim

*Stettin v. Regent Capital Partners,*
2012 WL 882497 (S.D. Fla. March 14, 2012)...................................................................8

*United States v. Key,*
397 U.S. 322 (1970)............................................................................................................9

*Winchester Global Trust Co. v. Entrust NPL, Corp. (In re Ryan),*
276 Fed. Appx. 963, 966 (11th Cir. 2008 (citing *In re Toledo*, 170 F. 3d 1340, 1345 (11th Cir.
1999) ................................................................................................................................12

## Other Authorities

11 U.S.C. §105(a) .........................................................................................................3, 14

28 U.S.C. §1334.........................................................................................................11, 12

**MEMORANDUM OF LAW ON
THE BANKRUPTCY COURT'S AUTHORITY TO ENTER BAR ORDERS,
INCLUDING OVER THE OBJECTION OF THE PARTY BEING BARRED,
INCLUDING THE TERM LENDERS**

## I.    INTRODUCTION.

A.    The Proceedings.

On Thursday, June 26, 2014, Soneet R. Kapila, the Chapter 7 Trustee of the Debtors[1] (the

"Trustee"), filed a *Motion for (I) Approval of a Settlement and Compromise of Certain Director,*

*Officer and Manager Litigation Pursuant to Fed. R. Bankr. P. 9019, and (II) Entry of Bar Order*

*Related Thereto* [ECF No. 4470] (the "9019 Motion").  The 9019 Motion seeks approval of a

settlement agreement (the "Settlement Agreement") that provides for, among other material

benefits to these bankruptcy estates, the payment of **$83,300,000.00** to the Trustee on behalf of

the Debtors' bankruptcy estates in full and final settlement of three adversary proceedings filed

by the Trustee in this Court over three (3) years ago against the former officers, directors and

managers of the Debtors and certain related parties, namely the D&O Adversary and the

Manager Adversary.[2]   The Settlement Agreement also provides for the waiver of over

**$675,000,000.00** in claims asserted against the Debtors' bankruptcy estates.   Finally, the

Settlement Agreement requires that the Court enter a bar order (the "Bar Order") enjoining,

among other things, the commencement and/or prosecution of any and all further claims and

causes of action by third parties against the settling parties subject of the Settlement Agreement,

---

[1] The Trustee is the duly appointed and acting Chapter 7 Trustee for the bankruptcy estates of
Fontainebleau Las Vegas Holdings, LLC ("FBLV Holdings"), Fontainebleau Las Vegas, LLC ("FBLV"),
Fontainebleau Las Vegas Capital Corp. ("FBLV Capital Corp."), Fontainebleau Las Vegas Retail Parent,
LLC ("FBLV Parent"), Fontainebleau Las Vegas Retail Mezzanine, LLC ("FBLV Mezzanine"), and
Fontainebleau Las Vegas Retail, LLC ("FBLV Retail") (collectively, the "Debtors").
[2] All capitalized terms used herein and not otherwise defined shall have the meaning set forth in the 9019
Motion.

including specifically, the claims asserted by the Term Lenders against certain of the D&O Defendants in the Brigade Litigation in Nevada.

On July 2, 2014, the Court scheduled a hearing to consider discovery protocols and certain scheduling matters attendant to the 9019 Motion. At that hearing, the Court¸ *sua sponte*, ordered that the Trustee, Jeffrey Soffer and the Term Lenders file briefs concerning the Court's jurisdiction and authority to enter the Bar Order, including over the objection of the Term Lenders in respect of the Brigade Litigation.[3]

### B. The Bankruptcy Court has Broad Jurisdiction and Authority to Enter Bar Orders, Including Over the Objection of the Party Being Barred.

The bankruptcy court's jurisdiction is very broad. It extends to the consideration and resolution of "all matters connected with the bankruptcy estate." *Miller v. Kemira, Inc.* (*In re Lemco Gypsum, Inc.*), 910 F.2d. 784, 788 (11th Cir. 1990). This Court has the inherent power under the Bankruptcy Code, including Section 105(a), to issue any order necessary or appropriate to carry out the provisions of Title 11, **including a bar order**. *Munford v. Munford, Inc., (In re Munford)*, 97 F.3d 449, 454 (11th Cir. 1996) (finding bankruptcy court had authority under Section 105(a) to enter order barring claims against certain defendants); *Apps v. Morrison* (*In re Superior Homes & Invs., LLC*), 521 Fed. Appx. 895, 897 (11th Cir. 2013) (affirming bar

---

[3] On July 2, 2014, a group of creditors self-described as the "Term Lenders" filed a Preliminary Objection to the 9019 Motion [ECF No. 4479]. The Term Lenders are largely a group of opportunistic investors who purchased certain of the Debtors' construction financing debts at a discount. The Term Lenders all filed claims, or have succeeded to claims, against in the Debtors' bankruptcy estates and will receive a distribution on account of the Settlement Agreement if it is approved (subject to claim reconciliation and appropriate claims objections). On March 25, 2011, the Term Lenders, including Brigade Leveraged Capital Structures Fund, along with a number of other entities that purchased portions of the debt associated with the Project, commenced litigation in a Nevada state court against certain parties to the Settlement Agreement relating to the Fontainebleau Las Vegas Project in a case styled *Brigade Leveraged Capital Structures Fund, Ltd., et al. v. Fontainebleau Resorts, LLC et al.*, Case No.: A-11-637835-B (the "Brigade Litigation"). This Brief only responds to the Court's inquiry regarding its jurisdiction and authority to enter the Bar Order. In the course of the hearing on the 9019 Motion, the Trustee will address the Term Lenders' other inflated assertions and objections to the 9019 Motion.

order involving "suits between third parties" where cash and assets paid "would be exhausted by the non-Debtor Defendants' defense of state court cases"). It is well settled law in the Eleventh Circuit that (i) public policy favors settlements, (ii) the cost of litigation can be burdensome to a bankruptcy estate, and (iii) "bar orders pay an integral role in facilitating settlements." *Munford*, 97 F.3d at 455.[4] As such, it is clear the Bankruptcy Court's approval of the Bar Order is well within its power under section 105(a) of the Bankruptcy Code as a court sitting in equity. *Superior Homes*, 521 Fed. Appx. at 897 (noting that entry of the bar order by the bankruptcy court was "well within the bankruptcy court's power as a court sitting in equity"); *Munford*, 97 F.3d at 454 (affirming a bar order that the bankruptcy court concluded, in part, that it had authority to do so under section 105(a)).

Moreover, bankruptcy courts have "core" jurisdiction to enter appropriate bar orders. *In re Evaluation Solutions, LLC,* 2013 WL 3306216, *4 (Bankr. M.D. Fla. June 27, 2013); *Berman v. Smith,* No. 13-81150, 2014 WL 1745361, at *5 (S.D. Fla. May 1, 2014) (bankruptcy court had jurisdiction to enter "final order" approving settlement including bar order). These "post-*Stern*" cases are consistent with long-standing Eleventh Circuit authority. *See In re Lemco Gypsum, Inc.*, 910 F.2d 784, 786 (11th Cir. 1990) ("Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate").

---

[4] Section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, a bankruptcy court has expansive equitable power to fashion any order or decree that serves the interest of preserving or protecting the value of a debtor's assets. *See, e.g., In re Franzese*, 2007 WL 2083650, *2 (Bankr. S.D. Fla. July 19, 2007) (Ray, B.J.) ("Section 105(a) is a grant of equitable powers); *In re Weinraub*, 361 B.R. 586, 589 (Bankr. S.D. Fla. 2007)(citing to *United States v. Sanford*, 979 F. 2d 1511, 1514 (11th Cir. 1992).");  *See also, In re Grau*, 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001) (Hyman, C.B.J.) (section 105 affords bankruptcy courts broad authority to approve settlements).

The Term Lenders have suggested in their Preliminary Objection that the Court does not have the power to enter a bar order over their objection. In doing so, however, the Term Lenders have not cited to a single case where a court has found that the consent of a barred party is a condition precedent to the entry of a bar order barring claims which are interrelated to those claims being settled by a trustee in bankruptcy. Rather than acknowledging that reality, the Term Lenders have and will continue to try to conflate and confuse two separate and distinct legal issues, namely the distinction between bar orders being issued in the context of settling litigation claims on the one hand, and third party non-debtor releases under chapter 11 plans of reorganization on the other hand. As set forth in more detail below, the law regarding the Court's authority to approve non-debtor third party releases under a chapter 11 plan of reorganization, as well as the factors to be applied in connection therewith, is separate and distinct from the law regarding the Court's authority to enter bar orders in the context of settling litigation claims.

With respect to the entry of a bar order in the context of settling litigation claims, the threshold test that is universally followed in the Eleventh Circuit and Florida Federal Courts in order to obtain such a bar order focuses on the "interrelatedness" that exists between the claims sought to be barred in a proceeding outside the bankruptcy court and the claims asserted (and being settled) by the trustee in the bankruptcy court against the same defendant parties. Specifically, such claims are "interrelated," and therefore can be barred, where the "state proceedings arise out of the same 'common nucleus of operative facts' as the proceedings integral to the administration of the bankruptcy case." *Apps v. Morrison (In re Superior Homes & Inv., LLC)*, Case No. 6:11-CV-01575-CEH, Orlando Division, (M.D. Fla. Sep. 20, 2012)

4

(citing *In re Rothstein Rosenfeldt Adler, P.A.*, 2010 Bankr. Lexis 3001, *19-20 (Bankr. S.D. Fla. 2010)) ("Superior Homes I").

Further, the different "labels" that non-bankruptcy litigants choose to attach to their causes of action are not determinative of whether such claims are interrelated or not to a trustee's claims. In *Berman v. Smith*, Judge Rosenbaum found that a bar order was appropriate in that case barring the pursuit of claims held by a judgment creditor for "unjust enrichment, money lent and promissory estoppel," while the trustee was settling, but had not yet asserted, solely avoidance claims to recover property transferred. Case No. 13–81150–CIV, 2014 WL 1745361 at *7 (S.D. Fla. May 1, 2014) (bar order is "fair and equitable" where claims are "interrelated," arise "out of the same facts," and the litigation is complex and the settling defendants resources will be depleted); *see also In re Rothstein Rosenfeldt Adler, P.A.*, Case No. 09-34791-RBR, 2010 WL 3743885, *7 (Bankr. S.D. Fla. Sep. 22, 2010) ("Given the pending and threatened litigation in state and federal court, 'nobody wins' by denying a bar order. It is the Trustee's obligation to maximize recovery in the most efficient manner").

The Trustee in this case is pursuing both breach of fiduciary duty claims and avoidance claims against the Defendants. The Term Lenders are pursuing negligent misrepresentation and fraud claims against certain of those same Defendants. The fact that the Term Lenders have labeled their claims differently than the Trustee does not change the reality that such claims are in fact interrelated with the Trustee's claims because they arise out of the same "common nucleus of operative facts." [5] Moreover, the fact that such claims are labeled differently does not

---

[5] While the Term Lenders use bold phrases such as "there is no statutory authority to bar independent claims," the Eleventh Circuit's bankruptcy jurisprudence makes no distinction between "interrelatedness" and "independent," and rarely even mentions the latter term. In fact, Judge Hyman had previously found in the bankruptcy case underlying *Berman v. Smith*, that it was appropriate to give a judgment creditor stay relief because post-judgment collection efforts were "independent direct claims asserted against a non-debtor." *Id.* at 16. However, those same "independent claims" were later barred as being

deprive the Court of its broad authority to enter bar orders barring interrelated claims under the standards set forth in *Munford* and its progeny.  In fact, the claims barred by the Court in *Superior Homes I* were for claims for fraud and negligent misrepresentation, while the trustee in that case was pursuing only avoidance claims.  Similarly, in this case, the Trustee is pursuing both types of claims and they arise "out of the same facts."[6]  Ultimately, the Court has the broad authority to enter bar orders, but is required to evaluate the evidence presented in support of such bar order to determine, among the other requirements of *Munford* and its progeny, whether the claims asserted by the Term Lenders are interrelated to the claims asserted (and being settled) by the Trustee.  There is simply no basis in to conclude, as a matter of law, that the Court does not have the authority in the first instance to enter a bar order if the standards in *Munford* and its progeny are satisfied.  The Term Lenders, in connection with their efforts to confuse the issues related to the Court's authority to enter a bar order, argue that such a bar order cannot be entered over their objection because they allegedly have "independent and direct claims" and therefore their consent is required in order to enter a bar order in respect thereof.

As is clearly debunked above, the focus of the Term Lenders on "direct and independent" claims is misguided in the context of the Court's authority to enter bar orders.  Rather, the proper focus in the Eleventh Circuit is clearly on the "interrelatedness" of such claims regardless of who

---

"interrelated" with the trustee's claims.  On appeal, Judge Rosenbaum, in fact, held that the barred party's "common-law claims **are not truly independent, and the Bar Order should not be vacated because it enjoins these claims**."  *Id*. at 21 (emphasis added).  Stated simply, claims are subject to being barred if they are "interrelated" even though such claims may be "independent" for other purposes, like stay relief.

[6] The Term Lenders have argued to this Court that the pendency of the trial in the Brigade Litigation in Nevada in 2015, as opposed to the force of the Trustee's adversary proceedings or the "burn rate of policy proceeds," have caused the Defendants and the Insurers to reach the Settlement Agreement at issue in the 9019 Motion.  However and despite such self-serving statement, the settlement discussions in this case, including numerous mediation sessions, date back to January 6, 2012, which was shortly after the Trustee made demand against the Defendants and the Insurers for a full tender of the D&O Policy proceeds.  Thus, the critical driver underlying the Settlement Agreement **has always been** the depletion of assets available to settle the Trustee's claims for the benefit of these bankruptcy estates and their creditors.

6

asserts them and what labels they attach.  In fact, in each of the following cases, the Court has entered a bar order barring interrelated claims or granting injunctive relief over the objection of the party against whom the bar order was sought:  *In re Reliance Fin. and Invs. Group, Inc.,* Case No. 02–33249–PGH (Bankr. S.D. Fla. Sept. 19, 2006 at ECF No. 2108) (Hyman, C.B.J.); *In re EZ Pay Services*, 389 B.R. 751 (Bankr. M.D. Fla. 2007); *S&I Investments*, *infra*; *Royal West*, *infra*; *Biscayne Lofts*, *infra*; *Solar Cosmetics*, *infra*; *In Rothstein Rosenfeldt Adler , P.A.,* Case No. 09–34791–BKC–RBR, 2010 WL 3743885 (Bankr. S.D. Fla. September 22, 2010) (Ray, B.J.); *In re Rothstein Rosenfeldt Adler, P.A.,* Case No. 09–34791–BKC–RBR (Bar Order Pursuant to Settlement Agreement Between Trustee Herbert Stettin and Berenfeld Spritzer Schecter & Sheer, LLP) (Bankr. S.D. Fla. January 10, 2011 at ECF No. 1320) (and related memorandum opinion at ECF No. 1307) (Ray, B.J.)*; In re Laminate Kingdom, LLC,* Case No. 07-10279-BKC-AJC*,* 2011 WL 6097470 (Bankr. S.D. Fla. Dec. 6, 2011); *In re Evaluation Solutions,* 2013 WL 3306216 (Bankr. M.D. Fla. June 27, 2013).

       C.  <u>The Bankruptcy Court is Required to Hear Evidence in Determining that the Bar Order is Fair and Equitable.</u>

While bankruptcy courts clearly have jurisdiction and authority to enter bar orders, they may only do so if the bar order is "fair and equitable" to parties who are enjoined.  *Munford*, 97 F. 3d at 456 (lower court "**made a reasoned determination**" that the bar order was "fair and equitable" in finding that defendant's insurance would be depleted and "judgment credit" gave to non-settling defendants was fair consideration)(emphasis added); *see also In re Land Resources, LLC* , 505 B.R. 571, 586 (M.D. Fla. 2014) ("contrary to Appellants' contentions, the Trustee has presented **overwhelming evidence** that collecting on any judgment … would be difficult…)(emphasis added); *In re Evaluation Solutions,* 2013 WL 3306216, *1 (Bankr. M.D. Fla. 2013) (bar order entered after evidentiary hearing finding that, after considering all factors,

bar order was fair and equitable).

      D.   <u>The Bankruptcy Court's Authority to Enter the Bar Order After an Evidentiary Hearing is Not Altered by the *Stern* Decision.</u>

The Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the boogey-man of bankruptcy court jurisdiction, forms no basis for objecting to the Court's entry of the Bar Order or the approval of the 9019 Motion. District Courts in the Southern District of Florida have repeatedly and consistently determined that *Stern* has little or no effect on the division of labor between bankruptcy and district courts in this District.[7] This determination is embodied in the Southern District of Florida Standing Order or Referral, Administrative Order 2012-25 (March 27, 2012), which provides that district courts may construe a bankruptcy court's final orders as proposed findings of fact and conclusions of law to the extent the District Court determines the Bankruptcy Court lacked authority to render a final order under *Stern*.

More specific to this case, nothing in *Stern's* self-described "narrow" holding impacts the Bankruptcy Court's authority to enter a final order on the 9019 Motion or the Bar Order. 131 S. Ct. at 2620; *In re Safety Harbor Resort and Spa*, 456 B.R. 703, 715 (Bankr. M.D. Fla. 2011) ("The Supreme Court plainly intended to, and in fact did, narrowly limit the scope of its holding in *Stern*"). *Stern* involved a bankruptcy court's constitutional inability to render a final judgment concerning purely state law issues. By contrast, Federal Rule of Bankruptcy Procedure 9019 governs whether the settlement agreements will be approved, and "State law has no equivalent to Bankruptcy Rule 9019." *In re Okwonna-Felix,* 2011 WL 3421561, *4 (Bankr. S.D. Tex. 2011) (finding *Stern* had no impact on bankruptcy court's ability to enter final order approving a

---

[7] *See, e.g., Kapila v. Schlect*, Case No. 12-20910, April 10, 2012 Order [ECF No. 37] (Seitz, J.) ("*Stern* does not change the legal landscape as much as [movant] suggests"); *Stettin v. Regent Capital Partners*, 2012 WL 882497 (S.D. Fla. March 14, 2012) (Marra, J.) ("Withdrawing the reference simply due to the uncertainty caused by *Stern* is a drastic remedy that would hamper judicial efficiency[.]" (*quoting In re Extended Stay, Inc.*, 2011 WL 532258, at *7 (S.D.N.Y. Nov. 10, 2011))).

8

settlement); *see also In re Land Resource, LLC*, 505 B.R. 571, 580 (M.D. Fla. 2014) (district court finding constitutional a bankruptcy court's approval of a settlement agreement and bar order despite *Stern*'s reach).

"Moreover, the factors which bankruptcy courts are required to review in making a determination of whether or not to approve a settlement have been developed entirely by the federal courts, including the Supreme Court of the United States." *Id.* (*citing United States v. Key*, 397 U.S. 322 (1970)). "[B]ecause the resolution of the [9019 Motion] is not based on state common law, but entirely on federal bankruptcy law (both the Rule and the case law instructing how to apply the Rule), the holding in *Stern* is inapplicable, and [the Bankruptcy Court] has the constitutional authority to enter a final order" on the 9019 Motion. *Id.*

Accordingly, *Stern* forms no basis for objecting to the 9019 Motion or the entry of the Bar Order.

## II. THIS COURT RECENTLY ENTERED A BAR ORDER IN THIS VERY CASE AT THE REQUEST OF THE TERM LENDERS.

On October 15, 2013, the Term Lenders jointly moved with the Trustee for the approval of three separate bar orders related to a different settlement agreement in this case**.** Specifically, the Trustee and the Term Lenders filed their *Joint Motion to (1) Approve Comprehensive Settlement Agreement Regarding Distribution of Icahn Sale Proceeds and Resolution of Related Disputes and Proceedings, and (2) Approve Bar Orders* (the "Comprehensive Settlement Motion") (Main Case, ECF No. 4129), which Comprehensive Settlement Motion was recently approved by this Court by an Order dated November 21, 2013. [ECF No. 4185]. In the Comprehensive Settlement Motion, the Term Lenders ***sought*** and ***obtained*** a bar order in their favor from any claims **"arising out of, in connection with or related to the Fontainebleau Las Vegas Project**. . . ." *See* [ECF Nos. 4129, at p. 12, and 4185, at p. 10](emphasis added). The

9

bar order sought and obtained from this Court by the Term Lenders in connection therewith extended to any claims that may be asserted against the Title Companies (as defined in the Comprehensive Settlement Motion at page 5) and the Term Lenders "**arising out of …or related to the Fontainebleau Las Vegas Project**. . . .".   The Term Lenders took the position that such bar order was appropriate even though the Trustee has neither sued nor even made demand on the Title Companies or the Term Lenders.  Rather, because the claims asserted by the Title Companies arose out of, were in connection with and were related to the Fontainebleau Las Vegas Project, they could be barred as being interrelated.  Having recently taken these positions before this Court, the Term Lenders now argue that their claims in the Brigade Litigation – which clearly arise out of, are in connection with and are related to the Fontainebleau Las Vegas Project – are actually "independent" and "remote" and therefore cannot be barred.

**Yes, that's right.  This very Court, in this very case, entered three bar orders over objections, at the request of the Term Lenders and in favor of parties who the Trustee has never sued.**[8]  Significantly, the Term Lenders' counsel, as joint signatories and co-movants to the Comprehensive Settlement Motion, cited to certain of the very same legal authorities that the Trustee relies upon in seeking approval of the Settlement Agreement and the entry of the Bar Order.   *See* Comprehensive Settlement Motion at at ¶75, fn 15; citing *Munford* and *Superior Homes*, *supra*; and *Certified*, *infra*.  Only patent sophistry permits the Term Lenders, when it

---

[8] The Trustee could string cite at length to cases discussing concepts of judicial and equitable estoppel that preclude the Term Lenders from now challenging the very same jurisdiction and constitutional authority that they invoked less than a year ago in seeking approval of the Comprehensive Settlement Motion.  *See In re Rosenberg*, 414 B.R. 826, 842 (Bankr. S.D. Fla. 2009) *subsequently aff'd*, 472 F. App'x 890 (11th Cir. 2012) (explaining that judicial estoppel is specifically designed to prevent a party from asserting a claim and obtaining relief in a legal proceeding that is inconsistent with a claim taken by the party in a previous proceeding) (citing to *Fetterhoff v. Liberty Life Assur. Co.*, 282 Fed. Appx. 740 (11th Cir. 2008) and *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).  The Trustee, however, prefers to cite to the doctrines of "talking out of both sides of the mouth,"  "too cute by half" and "are you kidding me!"

suits them, to argue that potential claims against third parties can be barred if they "relate" to the Fontainebleau Las Vegas Project, yet their litigation claims in the Brigade Litigation against the same defendants arising out of the Fontainebleau Las Vegas Project are "not related" to the Trustee's litigation and therefore cannot be barred. The Court cannot and should not condone such patently inconsistent legal arguments, and obvious "double standard," in the same case.

In order to try to explain their inconsistent positions, the Term Lenders may attempt to argue that the Bar Order at issue in the Settlement Agreement advanced by the Trustee is actually different than the bar orders entered by the Court as part of the Comprehensive Settlement Motion, and, as a result, the Court should decline to enter the Bar Order requested by the Trustee on the merits. The Term Lenders, however, after seeking and obtaining approval of the bar orders in the Comprehensive Settlement Motion, cannot now question the Bankruptcy Court's authority and jurisdiction to enter bar orders in the first instance, nor can they argue that the Court cannot, if appropriate after an evidentiary hearing considering all of the *Munford* factors, bar the pursuit by the Term Lenders of claims "arising out of" or "related to" the Fontainebleau Las Vegas Project.

III.    **THE ELEVENTH CIRCUIT HAS ROUTINELY AFFIRMED THE BANKRUPTCY COURT'S AUTHORITY TO ENTER BAR ORDERS.**

    A.    The Bankruptcy Court's Authority and Jurisdiction to Enter the Bar Order Is Unquestioned in the Eleventh Circuit.

Pursuant to 28 U.S.C. § 1334(b) and consistent with an unbroken chain of decisions issued by the Eleventh Circuit over the past 18 years, the Bankruptcy Court possesses broad subject matter jurisdiction to enter the Bar Order as contemplated in the Settlement Agreement. 28 U.S.C. § 1334; *Superior Homes*, 521 Fed. Appx. at 897 ; *Munford*, 97 F.3d at 453. The law is crystal clear that a bankruptcy court has subject matter jurisdiction over all "civil proceedings"

11

that are "related to" a bankruptcy case. 28 U.S.C. § 1334(b); *Superior Homes*, 521 Fed. Appx. at 897; *Munford*, 97 F.3d at 453.

This jurisdictional grant is extremely broad. *Winchester Global Trust Co. v. Entrust NPL, Corp.* (*In re Ryan*), 276 Fed. Appx. 963, 966 (11th Cir. 2008 (citing *In re Toledo*, 170 F. 3d 1340, 1345 (11th Cir. 1999). The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding "could conceivably have an effect on the estate being administered in bankruptcy." *Superior Homes*, 521 Fed. Appx. at 897 ; *see also Munford*, 97 F.3d at 453. The proceeding need not necessarily be against the debtor or against the debtor's property. "Related to" jurisdiction extends to "suits between third parties which have an effect on the bankruptcy estate". *Superior Homes*, 521 Fed. Appx. at 897 (quoting *Celotex*, 514 U.S. 300, 307 n.5 (1995)); *Ryan*, 276 Fed. Appx. at 963; *Miller v. Kemira, Inc.* (*In re Lemco Gypsum, Inc.),* 910 F.2d 784, 788 (11th Cir. 1990).

"Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Lemco*, 910 F.2d at 786 (citing *Pacor, Inc. v. Higgins*, 743 F.3d 984, 986 (3d Cir. 1984)). Stated differently, a civil proceeding is sufficiently related to a chapter 11 bankruptcy case if the outcome could conceivably alter the debtor's rights, liabilities, options, or freedom of action and impact the handling and administration of the bankrupt estate. *Munford*, 97 F. 3d at 453 (citing *Lemco*, 910 F.2d at 788).

Rulings in both *Munford* 18 years ago and *Superior Homes*, most recently, are instructive and evidence the Eleventh Circuit's long-standing recognition of the appropriateness of bar orders in cases like this one in which continued litigation would be wasteful and would not advance the principal objectives of the Bankruptcy Code and the Circuit's mandate that

12

bankruptcy courts be respectful of, and deferential to, the business judgment of fiduciaries in their courts.

In *Munford*, the Eleventh Circuit determined that bankruptcy jurisdiction properly extended to a dispute between non-debtor third parties in an adversary proceeding and empowered the bankruptcy court to bar litigation between such non-debtor third parties pursuant to a settlement approved under Rule 9019 of the Federal Rules of Bankruptcy Procedure. *Munford*, 97 F.3d at 453-54.

Similarly, last year (i.e., after *Stern v. Marshall*), in *Superior Homes*, the Eleventh Circuit had an opportunity to revisit its earlier ruling in *Munford*. In *Superior Homes*, the Eleventh Circuit again held that a bankruptcy court had jurisdiction to approve a settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure containing a bar order preventing and barring the prosecution of state court cases by one group of non-debtors entities against another group of non-debtor entities. *Id.* In *Superior Homes*, numerous creditors had filed an involuntary chapter 11 case against the debtor, a home builder. A chapter 11 trustee was appointed and he initiated a proceeding to recover numerous transfers that were made to the debtor's principals and affiliated entities (collectively, the "Non-Debtor Defendants"), which transfers were potentially subject to avoidance as fraudulent transfers under the Bankruptcy Code and applicable state law. *Id.* Eventually, the trustee and the Non-Debtor Defendants in that case reached a settlement whereby, in exchange for a payment to the estate from the Non-Debtor Defendants, the trustee would seek a bar order from the bankruptcy court enjoining non-debtor third parties from pursuing the Non-Debtor Defendants. *Id.*

On appeal, the Eleventh Circuit held that the bankruptcy court had jurisdiction to enter the bar order because the state-court litigation "had a direct impact on the [e]state". *Id.*

Specifically, the court found that the potential third-party lawsuits (sounding, as in the case of the Term Lender's claims here, in fraud and negligent misrepresentation) against the Non-Debtor Defendants would "directly impact" the estate because "the Trustee would not have received the $800,000 settlement in the absence of the Bar Order". *Id.* The same analysis applies to the Bar Order requested by the Trustee here. Absent approval of the Settlement Agreement and the entry of the Bar Order, the Debtors' bankruptcy estates will not receive $83.3 million in cash and the waiver of over $675 million in claims.

Notably, *in Superior Homes*, the Eleventh Circuit opined that the bankruptcy court's approval of the settlement with the bar order "was well within the bankruptcy court's power as a court sitting in equity." *Id.* (*citing* 11 U.S.C. § 105; *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Chicago, R.I. & P. Ry. Co.*, 294 U.S. 648, 675, 55 S.Ct. 595, 605-06 (1935) (noting that a bankruptcy court has "[t]he power to issue an injunction when necessary to prevent the defeat" of its jurisdiction); *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 967 n. 19 (11th Cir. 2012) (noting that a bankruptcy court may issue "any type of order, whether injunctive, compensative or punitive, as long as it is necessary or appropriate to carry out the provisions of the Bankruptcy Code" (internal quotation marks omitted)).

B. <u>Class Action Cases Cited by the Term Lenders Are Irrelevant to the Bankruptcy Court's Authority to Enter the Bar Order.</u>

In the Term Lenders' Preliminary Objection, they cite to the Eleventh Circuit's decisions in *AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1311-12 (11th Cir. 2004) and *In re HealthSouth Corp. Secs. Litig.*, 572 F.3d 854 (11th Cir. 2009) in an effort to cloud and confuse the question of the Bankruptcy Court's authority to enter the Bar Order, and argue that a bar order may only bar indemnity, contribution and similar claims measured by the

non-settling party's liability to the plaintiff.[9]    This reliance is misplaced, as these non-bankruptcy, class-action securities fraud cases involve legal, practical and policy considerations totally distinct and different from those present in bankruptcy cases.

Instead, here the Trustee seeks to settle claims for the benefit of all creditors with third party defendants that would otherwise be facing multiple trials based on and arising out of the same conduct.  The Bar Order requested by the Trustee is intended to resolve the universe of litigation arising generally from the Defendants' liability to the bankruptcy estate to the extent such conduct caused common harm to all of the Debtors' creditors.  These goals are consistent with the underlying bankruptcy policy of ensuring an equitable, pro rata distribution centralized in a single court.  *See Peterson v. Ellerbrock Family Trust, LLC (In re Lancelot Investors Fund,*

---

[9]   At the same time, the fact that co-defendant liability may not be present does not form a basis for arguing that it is improper to rely on *Munford* as establishing bankruptcy court jurisdiction to bar third party claims such as those at issue in this case.  While *Munford* and *In re U.S. Oil & Gas Litig.*, 967 F.2d 489 (11th Cir. 1992), cited by *Munford*, both involved co-defendant liability, *Munford* has repeatedly and consistently been construed as establishing far broader injunctive authority.   *See, e.g., In re Solar Cosmetic Labs, Inc*, 2010 WL 3447268 (Bankr. S.D. Fla. 2010) (describing *Munford* conferring jurisdiction to approve a bar order that is "integral to the Settlement Agreement"); *Romagosa v. Thomas,* 2006 WL 2085461 (M.D. Fla. 2006), *aff'd sub nom. In re Van Diepen, P.A.,* 236 Fed. App'x 498 (11th Cir. 2007) (confirming that courts have "broad power to approve settlement agreements which release non-debtors" under *Munford*, and approving injunction against continued prosecution of alter ego, *de facto* corporation, and mere continuation against non-debtor entities); *In re Rothstein Rosenfeldt Adler, P.A.*, 2010 WL 3743885, *7 (Bankr. S.D. Fla. Sept. 22, 2010) (Ray, B.J.) (finding Szafranski bar order to be "consistent with the pronouncement of the Eleventh Circuit in *Munford*" and collecting numerous cases).  Further, while the Eleventh Circuit stated in *Healthsouth* that *U.S. Oil* "has been interpreted by other courts as staking out a broader scope for permissible bar orders" and cited its own opinion in *AAL High Yield Bond Fund v. Deloite & Touche LLP* (notably, another securities fraud class action case), 361 F.3d 1305 (11th Cir. 3004), as "constru[ing] *U.S. Oil* more narrowly[,]" nowhere does *Healthsouth* so much as hint that it was referring to **bankruptcy courts or bankruptcy cases**, as opposed to securities fraud class action cases, which is the context in which the Eleventh Circuit was speaking when it made these observations.  In fact, it is noteworthy that while cautioning against relying on "other courts' broad interpretation of *U.S. Oil*, the *Healthsouth* Court did not reference its own opinion in *Munford*, which supplies the standard for approval of bar orders in the bankruptcy context.  Notably, in *AAL High Yield Bond Fund*, the Eleventh Circuit cited to the lack of "findings of fact" and "expressed rationale" or "authority for barring claims without a settlement credit" or "set-off" as a basis for vacating the bar order that had been entered by the District Court.  361 F 3d at 1312.  Here, the Trustee asks and invites the Bankruptcy Court to make appropriate findings of facts that support the "fair and equitable" rationale for the Bar Order, which findings will be overwhelmingly supported by the evidence that the Trustee plans to present to the Court at the hearing on the 9019 Motion.

*L.P.)*, 408 B.R. 167, 170-71 (Bankr. N.D. Ill. 2009) (finding that enjoining a creditor's litigation against a common target "promotes the general policies of bankruptcy by allowing an orderly administration of the estate and pro rata recovery by creditors"); *Picard v. Fox*, 29 B.R. 423, 431 (Bankr. S.D.N.Y. May 23, 2010) ("while the Trustee endeavors to have this pool of funds returned the BLMIS estate for pro rata allocation among all Madoff victims, the [creditor's] litigation seeks to divert the funds for themselves … in direct contravention of the SIPA distribution scheme.").

*Healthsouth* and other securities class action cases cited and relied upon by the Term Lenders are also distinguishable because in a bankruptcy case, a creditor whose claim is barred can ultimately look to the estate for compensation, as with the Term Lenders here, in the form of a *pro rata* distribution from the estate.  Obviously, no similar ability to obtain a distribution is available **to the defendant** in a securities class action.  It only has, potentially, cross-claims against a settling defendant including indemnity and contribution.  In this way, the Bar Order in this case is consistent with the requirements expressed in *Healthsouth* and other cases analyzing bar orders that indicate a non-settling party must be compensated to the extent their claims are barred.  *See Healthsouth*, 572 F.3d at 861; *see also In re Continental Airlines*, 203 F.3d 203 (3d Cir. 2000) (collecting cases and highlighting compensation to the enjoined party as a common thread among bar orders upheld at the circuit court level); *In re Rothstein, Rosenfeldt Adler, PA,* 2010 WL 3743885, *7-8 (Bankr. S.D. Fla. 2010) (approving bar order and noting that claimant would "receive a benefit as a result of the entry of a bar order.").  The Bar Order in this case will result in a truly substantial benefit to the Debtors' bankruptcy estates that will, in turn, benefit each and every creditor -- including the Term Lenders, who may receive up to 30% of the net

settlement recovery by virtue of the claims they have asserted against the Debtors, and who will

benefit from an increased distribution by virtue of the waiver of over $675 million in claims.

## IV.  BANKRUPTCY COURTS ROUTINELY ENTER LITIGATION BAR ORDERS IN THIS AND OTHER CIRCUITS.

### A.  Bankruptcy Courts in the Eleventh Circuit Routinely Enter Litigation Bar Orders Post-*Stern.*

Since the Eleventh Circuit released its decision in *Superior Homes* last year, numerous

bankruptcy courts in Florida, citing to *Superior Homes*, have entered bar orders similar to the

one at issue in this case.

- *In re Fundamental Long Term Care, Inc.*, 492 B.R. 571, 575 (Bankr. M.D. Fla. 2013) (Judge Williamson, citing to Eleventh Circuit's *Superior Homes* decision, approved a bar order, noting that "the Eleventh Circuit explained that it previously ruled in *Munford* that bankruptcy courts had jurisdiction to bar third-party lawsuits that could conceivably affect the handling and administration of the bankruptcy estate and that the entry of the bar order in that particular case was well within the bankruptcy court's power as a court sitting in equity.")

- *In re Evaluation Solutions, LLC*, 2013 WL 3306216, n.3 (Bankr. M.D. Fla. June 27, 2013), (Judge Funk approved a bar order in favor of JP Morgan Chase Bank holding that "[t]he continuation of the [plaintiffs] action would directly impact the estate because the Trustee would not receive the $2,316,000 from Chase in the absence of the Bar Order. Accordingly, the Court has subject matter jurisdiction to enter the Bar Order.").

- *In re Land Resource*, LLC, 505 B.R. 571 (M.D. Fla Feb 10, 2014)(bankruptcy court, even as non-Article-III court, had constitutional authority to approve proposed settlement and enter bar order).

- *Berman v. Smith*, Case No. 13–81150–CIV, 2014 WL 1745361 (S.D. Fla. May 1, 2014) (bar order is "fair and equitable" where claims are "interrelated," the litigation is complex and the settling defendants resources will be depleted), then-District Court Judge Robin Rosenbaum (now a judge of the Eleventh Circuit effective June 2, 2014) overwhelming affirmance of the Bankruptcy Court's jurisdiction to enter bar-orders when she remanded a bar order to the bankruptcy court for additional consideration as to whether a settlement credit should be awarded to non-settling creditors whose claims are enjoined by the bar order).

B. Bankruptcy Courts in the Eleventh Circuit Routinely Entered Bar Orders or Injunctive Relief Pre-*Stern.*

This Court and other bankruptcy courts in the Eleventh Circuit have historically approved settlements containing bar orders in other bankruptcy cases and, when challenged, have been routinely affirmed by the Eleventh Circuit.

- *In re Solar Cosmetic Labs, Inc.*, 2010 WL 3447268, * 4 (Bankr. S.D. Fla. Aug. 27, 2010) (Isicoff, B.J.)("As far as any suggestion made by [party objecting to bar order] that [the Bankruptcy] Court does not have jurisdiction or authority [to enter a bar order]… one need go no further than *Miller v. Kemira, Inc.* (*In re Lemco Gypsum, Inc.*), 910 F.2d 784 (11th Cir.1990), for confirmation of this Court's jurisdiction.").

- *In re First NLC Financial Serv., LLC*, et al., Case No. 08-10632-PGH, *Order Granting Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 Approving Settlement and Compromise by and Among Deborah C. Menotte as the Chapter 7 Trustee, the Debtors, NLC Holding Corp., MTG Finance LLC and Affiliates Thereof*, dated March 12, 2009 [ECF No. 865] (Hyman, C.B.J.) (broadly barring claims of third parties against settling defendants).

- *In re S&I Investments*, 421 B.R. 569 at 583 (Bankr. S.D. Fla 2009) (Ray, B.J.)(Bankruptcy court, in approving a proposed settlement between trustee of Chapter 11 estate of debtor-sublessor and sublessee, had jurisdiction to enter bar order against partner in debtor-partnership who was not contributing to settlement payment).

- *In re Certified HR Serv. Co.*, Case No. 05-22912-RBR, *Order (I) Granting Motion of Liquidating Trustee James S. Feltman to Approve Settlement and Compromise with Rosenberg, Rich, Baker, Berman & Company, a Professional Corporation, and Frank S. LaForgia Pursuant to Fed. R. Bankr. P. 9019 (ECF No. 1953); and (II) Approving Bar Order/Channeling Injunction Establishing Reserved Fund for Direct, Non-Derivative Claims of Shareholders of Certified Services, Inc.*, dated June 26, 2008 [ECF No. 2200] (Ray, B.J.).

- *In re EZ Pay Services*, 389 B.R. 751, 760 (Bankr. M.D. Fla. 2007) (Glenn, B.J.)(citing *Apostolou*, involving a singular creditor's pursuit of litigation against a Trustee's litigation target arising from the same transactions: "In reaching this decision, the Court is persuaded that a Chapter 7 Trustee's statutory duty to recover assets for the benefit of an estate may outweigh the harm suffered by an individual creditor who is required to pursue his claims though the bankruptcy process.").

- *In re Reliance Fin. and Invs. Group, Inc.,* Case No. 02–33249–PGH)(Hyman, C.B.J.) (Bankr. S.D. Fla. Sept. 19, 2006 at ECF No. 2108).

18

- *In re Biscayne Lofts, LLC,* Case No. 10–13020–BKC–AJC (Cristol, B.J.) (Bankr. S.D. Fla. Aug. 23, 2010 at ECF No. 132) ("Bar Orders and Channeling Injunction are frequently used tools to assure the efforts of the parties who are undertaking important tasks to carry out the purposes of a bankruptcy case are properly protected from having to divert their attention from the important task at hand to expend the time and expense needed to defend such actions").[10]

- *In re Laminate Kingdom, LLC, 07-10279-BKC-AJC,* 2011 WL 6097470 (Bankr. S.D. Fla. Dec. 6, 2011 at ECF No. 1136)(While holding that a bar order expressly excluded guaranty claims, the court barred "any and all direct, indirect and derivative claims [that] relate to or arise from the Hodes' duties of care and loyalty or any other common law or statutory duty arising from their positions as directors or officers of Laminate.").

- *In Rothstein Rosenfeldt Adler , P.A.,* Case No. 09–34791–BKC–RBR (Ray, B.J.) (Bankr. S.D. Fla. Aug. 25, 2010 at ECF No. 911) (bankruptcy court approved settlement and entered bar order in favor of Steven and Marcy Lippman, a former partner of the debtor law firm and his spouse, in exchange for payment of $700,000 and waiver of claims against the bankruptcy estate).

- *In Rothstein Rosenfeldt Adler , P.A.,* Case No. 09–34791–BKC–RBR (Ray, B.J.) 2010 WL 3743885 (Bankr. S.D. Fla. September 22, 2010), (bankruptcy court approved settlement and entered bar order, over objections, with alleged Ponzi-scheme co-conspirator and his spouse in exchange for payment of over $6 million and waiver of claims against bankruptcy estate).

- *In re Rothstein Rosenfeldt Adler, P.A.,* Case No. 09–34791–BKC–RBR (Ray, B.J.)(Bar Order Pursuant to Settlement Agreement Between Trustee Herbert Stettin and Berenfeld Spritzer Schecter & Sheer, LLP) (Bankr. S.D. Fla. January 10, 2011 at ECF No. 1320)(and related memorandum opinion at ECF No. 1307) (bankruptcy court approved settlement between trustee and debtors former accountants and entered bar order over objections of non-debtor third parties that did not file claims in the estate).

- *In re Rothstein Rosenfeldt Adler, P.A.,* Case No. 09–34791–BKC–RBR (Ray, B.J.) (Bar Order Pursuant to Settlement Agreement Between Trustee Herbert Stettin and Gibraltar Private and Trust) (Bankr. S..D. Fla. October 10, 2012 at ECF No. 3501) (bankruptcy court approved settlement and entered bar order enjoining litigation among third party non-debtors and in favor of financial institution that received avoidable transfers and was alleged to have aided and abetted Ponzi scheme).

---

[10] The Court previously eliminated any doubt about the Court's ability to enter bar orders, having described them as "frequently used tools" while citing both Eleventh Circuit authority such as *Munford* and *In re U.S. Oil & Gas Litigation,* 967 F.2d 489 (1992), as well as bar orders entered by four of this Court's Southern District colleagues. *Biscayne Lofts, supra;* citing *In re Grau,* 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001)(Hyman, C.B.J.); *S&I Investments, supra* (Ray, B.J.); *Sentinel Funds, supra* (Olson, B.J.); *Royal West, supra* (Mark, B.J.).

- *In re Rothstein Rosenfeldt Adler, P.A.,* Case No. 09–34791–BKC–RBR (Ray, B.J) (Bar Order Pursuant to Settlement Agreement Between Trustee Herbert Stettin and Gibraltar Private and Trust) (Bankr. S..D. Fla. October 10, 2012 at ECF No. 3501) (bankruptcy court approved settlement and entered bar order enjoining litigation among third party non-debtors and in favor of financial institution that received avoidable transfers and was alleged to have aided and abetted Ponzi scheme).

- *In re Rothstein Rosenfeldt Adler, P.A.,* Case No. 09–34791–BKC–RBR (Ray, B.J.) (Bar Order Pursuant to Settlement Agreement Between Trustee Herbert Stettin and Gibraltar Directors and Officers) (Bankr. S..D. Fla. October 16, 2012 at ECF No. 3521)(bankruptcy court approved settlement and entered bar order in favor of directors and officers of financial institution that were alleged to have aided and abetted Ponzi scheme, notably the contribution of settling parties directors and officers was limited to the tender of insurance proceeds).

- *In re Sentinel Funds, Inc. et al,* Case No. 06-11822-BKC-JKO (Bankr. S.D. Fla. July 14, 2008 at ECF No. 367) (Olson, J.) (unpublished)(bankruptcy court approved settlement and entered bar order after previously declining to enter bar order); *see also In re Sentinel Funds, Inc*., 380 B.R. 902 (Bankr. S.D. Fla. 2008) (finding jurisdiction to enter bar orders but finding that a bar order was not integral to the settlement in question).

- *In re Royal West Properties, Inc.*, Case No. 09-20334-BKC-RAM (Bankr. S.D. Fla. April 2, 2010 at ECF No. 367) (Mark, B.J.)(bankruptcy court approved bar order and channeling injunction in favor of children of Ponzi principal)(unpublished).

C. Bankruptcy Courts in the Other Circuits Routinely Enter Litigation Bar Orders or Grant Similar Injunctive Relief.

Bankruptcy courts in other circuits also routinely enter litigation bar orders or injunctions enjoining litigation between non-debtors. By way of example:

- *In Fisher v. Apostolou*, 155 F. 3d 876 (7th Cir. 1998)(the Seventh Circuit affirmed the bankruptcy court (and reversed the district court), in its grant of an injunction pursuant to section 105(a) of the Bankruptcy Code, concluding that lawsuits brought by 244 separate Ponzi victims for securities, commodities and common law fraud against a corporate debtor's "accomplices" were properly enjoined.)

- *In re Dreier LLP*, 2010 WL 3835179, *5 (S.D.N.Y. Sept. 10, 2010) (affirming entry of bar order in favor of GSO Capital Partners, LP, a solvent subsidiary of Blackstone, in the Drier Ponzi scheme).

- *In re Madoff*, 848 F. Supp. 2d 469, 475 (S.D. N.Y. 2012)(the district court approved a settlement between alleged Madoff co-conspirators (the Picower defendants) and the trustee despite the pursuit of those same defendants in district court by the Fox plaintiffs

20

in a Florida class action asserting "conversion, unjust enrichment, conspiracy and state RICO violations."

- *In re Ambac Financial Group, Inc.,* No. 10–B–15973 (SCC), 2011 WL 6844533 (S.D.N.Y. Dec. 29, 2011), aff'd, 487 Fed.Appx. 663 (2d Cir.2012)(On appeal, the district court affirmed bankruptcy court's approval of a settlement and bar order, rejecting the argument that the bankruptcy court lacked constitutional authority to approve the settlement and enter the bar order).

## V.    CHAPTER 7 LITIGATION BAR ORDERS ARE NOT THIRD PARTY PLAN RELEASES.

In their Preliminary Objection, the Term Lenders also attempt to improperly conflate the separate standards for entering litigation bar orders with the standards for approving third party releases in a chapter 11 plan.  Unquestionably, there is a fundamental difference between releases and injunctions in favor of non-debtors in chapter 11 confirmation orders on the one hand and litigation bar orders, particularly in a chapter 7 context.[11]  The Eleventh Circuit has spoken clearly on the subject by distinguishing the case of *In re Transit Group, Inc.*, 286 B.R. 811, 817 (Bankr. M.D. Fla. 2002), which is an opinion by United States Bankruptcy Judge Karen S. Jenneman setting forth the requirements necessary to obtain third party releases and injunctions in the context of a chapter 11 plan.  *See In re Van Diepen,* 236 Fed. Appx. 498 (11th Cir. 2007).  In *Van Diepen*, the Eleventh Circuit held:

> "[Appellant] cites *In re Transit Group*…for the proposition that the release of third party non-debtors in bankruptcy cases is the exception and should be done only under "unusual circumstances. However, as the district court correctly noted, *In re Transit* is inapplicable to this case. *In re Transit* dealt with a

---

[11] On July 2, 2014, this Court held a hearing to consider the entry of discovery protocols in connection with the 9019 Motion.  At that time, the Court directed the parties to address the Court's jurisdiction to enter bar orders and cited the Fourth Circuit's recent decision in *Nat'l Heritage Found., Inc. v. Highbourne Found.*, 13-1608, 2014 WL 2900933 (June 27, 2014), in which the appellate court overturned the granting of chapter 11 plan releases by the bankruptcy court for failure to make findings related to six considerations governing chapter 11 plan releases, including the "injunctive relief being essential to reorganization" and "the opportunity for those claimants who choose not to settle to recover in full. *Id.* at *3.  But, as the Court observed in its remarks, *National Heritage* involved chapter 11 plan release issues – not chapter 7 litigation bar orders.  Therefore, it is not applicable to the Trustee's request for a Bar Order in this case.

21

confirmation of a reorganization plan under Chapter 11, not a liquidation under Chapter 7."

*Id.* at 503.  In affirming the bar order in *Van Diepen*, the Eleventh Circuit held that, unlike chapter 11 plan injunctions and releases, a settlement agreement and bar order in the litigation context "supplies the bankrupt estate with additional funds to pay [its] creditors" and the *Transit Group* requirements "are not applicable" to a determination respecting the entry of a chapter 7 litigation bar order.  *Id.*

It is abundantly clear that Judge Jenneman, the author of the *Transit Group* opinion that set forth the chapter 11 plan injunction requirements, understands the distinction between chapter 11 plan releases and injunctions and litigation settlements and bar orders.  Specifically, Judge Jenneman, several years after authoring *Transit Group*, approved the settlement and entered the bar order in *Superior Homes,* which was ultimately affirmed by both the District Court and the Eleventh Circuit.  *See In re Superior Homes and Investments, LLC*, Case No. 6:09-bk-01955-KSJ, Order Granting Motion to Approve Compromise and Settlement, Establishing Bar Order and Injunctive Relief [September 1, 2011, ECF No. 232] (bar order granted against any person or entity seeking to recover from the settling defendants on a claim that has "**any connection with the Defendants' involvement in transactions, acts or occurrences in any way related to the Debtor**").  *Id* at p. 3 (emphasis added).  Moreover, under *Superior Homes*, in the bar order context, the fact that future litigation "would have been more beneficial" to certain creditors, "allowing the state court litigation to continue would have drained the Non-Debtor Defendants' resources" and allowed the objecting parties to the objectors "an end-run around the normal bankruptcy procedure for distribution of the Estate."  *Superior Homes,* 521 Fed. Appx. at 899. 884.

## VI.    THE TERM LENDERS HAVE AN OPTION:  THEY CAN ASSUME THE RISK AND INDEMNIFY THE ESTATE TO AVOID THE ENTRY OF THE BAR ORDER.

The Term Lenders challenge the Bankruptcy Court's authority to enter the Bar Order in order to stop approval of the Settlement Agreement.  However, the Term Lenders will receive, along with other creditors of the estate, a significant distribution on account of the Settlement Agreement which provides for the payment of $83.3 million and the waiver of over $675 million in claims. The Term Lenders apparently prefer foregoing the economic benefit of the Settlement Agreement, and instead want to proceed to trial in Las Vegas in the Brigade Litigation in order to gamble on a better economic result for them against the very same Defendants that the Trustee is seeking to settle with.  If the Term Lenders want to place that bet, then they should, at a minimum, be required to pay the Debtors' bankruptcy estates the economic value of the Settlement Agreement and otherwise hold all of the other creditors harmless while they gamble.

## CONCLUSION

The Bankruptcy Court clearly has broad authority to enter the Bar Order.  The Eleventh Circuit, both prior to and after *Stern*, has expressly and unambiguously affirmed that authority. The District Court, sitting in appellate review of the Bankruptcy Court, has also resoundingly endorsed the Bankruptcy Court's authority to enter bar orders.  The bankruptcy courts in this District (including this Court) have routinely entered bar orders, when appropriate, to maximize creditor recoveries and avoid races to judgment that decimate the orderly priority scheme that underpin the purposes of the Bankruptcy Code.  Finally, the Term Lenders and their counsel have invoked this Court's jurisdiction to enter bar orders in this very case, and now seek to take a different position here.  There is simply no credible argument, given the present state of decisional authorities cited in this brief, to even suggest that this Court does not have the

authority to enter the Bar Order upon the appropriate findings under the standards set forth in *Munford* and its progeny.

Dated this 10th day of July, 2014.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
Special Counsel for the Trustee
100 S.E. Second Street, 44th Floor
Miami, Florida  33131
Telephone: (305) 349-2300
Facsimile:  (305) 349-2310
Email: jgenovese@gjb-law.com
Email: pbattista@gjb-law.com
Email: dcimo@gjb-law.com


By: /s/  John H. Genovese
     John H. Genovese, Esq.
     Fla. Bar No. 280852
     Paul J. Battista, Esq.
     Fla. Bar No. 884162
     David C. Cimo, Esq.
     Fla. Bar No. 775400

     -and-

**VER PLOEG & LUMPKIN, P.A.**
Special Insurance Counsel for the Trustee
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131-2158
Telephone:  (305) 577-3996
Facsimile:  (305) 577-3558
Email: jmazer@vpl-law.com
Email: csteklof@vpl-law.com

By: /s/ Jason S. Mazer
     Jason S. Mazer, Esq.
     Florida Bar No. 0149871
     Cary D. Steklof, Esq.
     Florida Bar No. 86257

24

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served via electronic mail on all parties registered to receive notice via CM/ECF Notification on this 10th day of July, 2014.

By: /s/  John H. Genovese
        John H. Genovese, Esq.
        Fla. Bar No. 280852